

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SYNTEL STERLING BEST SHORES MAURITIUS
LIMITED,

         Plaintiff,

   -against-

THE TRIZETTO GROUP, INC.
and COGNIZANT TECHNOLOGY SOLUTIONS CORP.,

         Defendants.

___ CIV _____

**COMPLAINT**

  Plaintiff Syntel Sterling Best Shores Mauritius Limited (Syntel), by its attorneys, for its complaint against defendants The TriZetto Group, Inc. (TriZetto) and Cognizant Technology Solutions Corp. (Cognizant), states on personal knowledge as to matters relating to itself and on information and belief as to all other matters, as follows:

### GENERAL ALLEGATIONS

  1. Syntel is a Mauritius corporation with its principal place of business in Mauritius.

  2. TriZetto is a Delaware corporation with its principal place of business in Colorado.

  3. Cognizant is a Delaware corporation with its principal place of business in New Jersey.

  4. The amount in controversy in this matter exceeds $75,000, exclusive of costs and interest. Because there is diversity of citizenship and because the amount in

controversy exceeds minimum statutory requirements, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5. This Court has personal jurisdiction over TriZetto and Cognizant, and venue is proper in this District. TriZetto, in particular agreed in its governing Master Services Agreement (MSA), described more fully herein, that "any legal action, suit or proceeding brought by it in any way arising out of this Agreement must be brought solely and exclusively in the United States District Court for the State of New York or in the state courts of the State of New York, in each case as located in New York County. . . ."

6. Syntel and TriZetto executed a MSA effective June 30, 2010. A copy of the agreement is in the possession of TriZetto. Thereafter, Syntel and TriZetto executed Amendment No. 1 to the MSA, with an effective date of August 17, 2012. Pursuant to the MSA and the amendment thereto, Syntel provided TriZetto with software application development and support services, product development and support services, infrastructure services, consulting services, customer support services, business process outsourcing and other services and deliverables.

7. Syntel and TriZetto negotiated detailed termination provisions. One of those provisions (Section 23.02(3)) entitled Syntel to terminate the MSA in the event that TriZetto was acquired by a competitor of Syntel.

8. On or about September 15, 2014, TriZetto and Cognizant, a Syntel competitor, announced that Cognizant was acquiring TriZetto in a $2.7 billion cash deal.

9. On November 20, 2014, Syntel exercised its right to terminate the MSA on 90 days' notice following Cognizant's announcement of its acquisition of TriZetto. Syntel's issuance of its notice of termination entitled Syntel to receive approximately $3.4 million in transition rebates from TriZetto on or before February 18, 2015.

10. Following Syntel's issuance of its 90-day notice of termination on November 20, 2014, TriZetto and Cognizant began engaging in a series of actions which were designed to deprive Syntel of the benefits of the MSA and to interfere with Syntel's performance of its obligation hereunder. These actions were designed intentionally to breach, and intentionally breached, the MSA. On information and belief, Cognizant instigated the breach, and did so intentionally in order to deprive its competitor Syntel of the expected benefits of the bargain arising from the MSA's termination. Among other breaches:

a. Despite due demand, TriZetto has refused to pay the $3.4 million in transition rebates to which the MSA entitles Syntel, and has announced unequivocally that it will not pay Syntel the $3.4 million, or any other sum of money, at any time.

b. TriZetto has unabashedly and admittedly violated the non-solicitation and non-hiring provision of Section 25.03 of the MSA.

c. TriZetto has purported to insist, without authority under the MSA, that it is entitled under the terms of the transition plan which is mandated by the MSA in the event of a termination to the retention of specific Syntel personnel to perform services under that transition plan.

d. TriZetto has breached the confidentiality provisions of Section 19.01 of the MSA by providing the names of the agents used by Syntel to perform services under the MSA to Cognizant, which in turn used the information to solicit those personnel.

11.     Syntel has satisfied any and all conditions precedent to entitle it to the relief requested herein.

12.     As a proximate result of TriZetto's and Cognizant's wrongful conduct, Syntel has suffered damages substantially in excess of $75,000, exclusive of costs and interest.

### COUNT I – BREACH OF CONTRACT

13.     Syntel incorporates by reference the allegations of paragraphs 1-12 of its complaint.

14.     TriZetto has breached the MSA (as amended) by engaging in the conduct described in this complaint.

15.     As a proximate result of TriZetto's breach of contract, Syntel has suffered damages substantially in excess of $75,000, exclusive of costs and interest. In addition, because of the willful nature of TriZetto's action, Syntel is entitled to punitive damages in an amount of a multiple of TriZetto's net worth. In addition, Syntel is being irreparably harmed by TriZetto's repeated and unabashed violation of Section 19.01 and Section 25.03 of the MSA.

### COUNT II – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS AND INDUCEMENT TO BREACH (AGAINST TRIZETTO)

16.     Syntel incorporates by reference the allegations of paragraphs 1-15 of its complaint.

17.     TriZetto has induced, and continues to induce, Syntel agents to breach their contractual undertakings with Syntel by recruiting and hiring them to fill positions for TriZetto and Cognizant and to cease performing services for Syntel.

USActive 31955206.1

-4-

18. TriZetto's actions in inducing these breaches of contract were and are intentional, illegal and fraudulent, and have been engaged in for the specific purpose of inducing Syntel's service providers to breach their agreements with Syntel.

19. As a proximate result of TriZetto's intentional interference with contractual relations, Syntel has suffered damages substantially in excess of $75,000, exclusive of costs and interest. In addition, because of the willful nature of TriZetto's action, Syntel is entitled to punitive damages in an amount of a multiple of TriZetto's net worth. In addition, Syntel is being irreparably harmed by TriZetto's intentional interference in Syntel's contractual relations with Syntel's service providers.

## COUNT III – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS AND INDUCEMENT TO BREACH (AGAINST COGNIZANT)

20. Syntel incorporates by reference the allegations of paragraphs 1-19 of its complaint.

21. Cognizant has intentionally induced TriZetto to breach the MSA as set forth in this complaint. It has done so for the ulterior purpose of harming Syntel, because it is a competitor of Syntel.

22. As a proximate result of Cognizant's intentional interference with contractual relations, Syntel has suffered damages in excess of $75,000, exclusive of costs and interest. In addition, because of the willful nature of Cognizant's conduct, Syntel is entitled to punitive damages in an amount of a multiple of Cognizant's net worth, listed as $6,135,791,000 in Cognizant's most recent public financial statement.

## COUNT IV – MISAPPROPRIATION OF CONFIDENTIAL INFORMATION
## (AGAINST TRIZETTO AND COGNIZANT)

23. Syntel incorporates by reference the allegations of paragraphs 1-21 of its complaint.

24. TriZetto and Cognizant have misappropriated confidential information of Syntel in the form of the names of the Syntel agents who have performed services for TriZetto under the agreement. TriZetto has provided this information to Cognizant for the purpose of allowing Cognizant to solicit Syntel agents to cease performing services for Syntel and instead to perform them for Cognizant. In addition, because of the willful nature of Cognizant's conduct, Syntel is entitled to punitive damages in an amount of a multiple of Cognizant's net worth, listed as $6,135,791,000 in Cognizant's most recent public financial statement.

WHEREFORE, Syntel requests that this Court:

a. award it such damages in excess of $75,000, exclusive of costs and interest, as are just, against each of TriZetto and Cognizant, including, but not limited to, an award of $3.4 million against TriZetto for transition rebates to which Syntel is entitled under the MSA;

b. award Syntel pre-complaint interest;

c. award Syntel post-complaint, prejudgment interest;

d. award Syntel postjudgment interest;

e. award Syntel punitive damages of $6,135,791,000, or such other amount as may be just and proper;

    f.    preliminarily and permanently enjoin TriZetto from directly or indirectly soliciting and hiring Syntel personnel and disseminating confidential information of Syntel;

    g.    declare that TriZetto is not entitled to insist upon having specific named persons from Syntel perform transition services; and

    h.    grant any other appropriate relief.

Dated: January 12, 2012

CADWALADER, WICKERSHAM & TAFT LLP

By: _____
Louis M. Solomon (LS-7906)
200 Liberty Street
New York, NY 10281
Tel: (212) 504-6006
Fax: (212) 504-6666
louis.solomon@cwt.com

Attorneys for Plaintiff
Syntel Sterling Best Shores Mauritius Limited

Of Counsel:

Norman C. Ankers
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
Tel: (313) 465-7306
nakers@honigman.com
P30533
(Pro Hac Vice Application In Process)