UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SYNTEL STERLING BEST SHORES MAURITIUS
LIMITED, and SYNTEL, INC.,

                              Plaintiffs,


                    -against-

THE TRIZETTO GROUP, INC.
and COGNIZANT TECHNOLOGY SOLUTIONS CORP.,

                              Defendants.

Case No. 15 CV 00211

Hon. Lorna G. Schofield

**AMENDED COMPLAINT**

          Plaintiffs Syntel Sterling Best Shores Mauritius Limited (Syntel Mauritius) and Syntel,

Inc. (Syntel), by their attorneys, for their amended complaint against defendants The TriZetto

Group, Inc. (TriZetto) and Cognizant Technology Solutions Corp. (Cognizant), state on personal

knowledge as to matters relating to themselves and on information and belief as to all other

matters, as follows:

**GENERAL ALLEGATIONS**

          1.          Syntel Mauritius is a Mauritius corporation with its principal place of business in

Mauritius.

          2.          Syntel, Inc. is a Michigan corporation with its principal place of business in

Michigan.

          3.          TriZetto is a Delaware corporation with its principal place of business in

California.

4.      Cognizant is a Delaware corporation with its principal place of business in New Jersey.

5.      The amount in controversy in this matter exceeds $75,000, exclusive of costs and interest.  Because there is diversity of citizenship and because the amount in controversy exceeds minimum statutory requirements, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6.      This Court has personal jurisdiction over TriZetto and Cognizant, and venue is proper in this District.  TriZetto, in particular agreed in its governing Master Services Agreement (MSA), described more fully herein, that "any legal action, suit or proceeding brought by it in any way arising out of this Agreement must be brought solely and exclusively in the United States District Court for the State of New York or in the state courts of the State of New York, in each case as located in New York County. . . ."

7.      Syntel Mauritius and TriZetto executed a MSA effective June 30, 2010.  A copy of the agreement is in the possession of TriZetto.  Thereafter, Syntel Mauritius and TriZetto executed Amendment No. 1 to the MSA, with an effective date of August 17, 2012.  Pursuant to the MSA and the amendment thereto, Syntel Mauritius provided TriZetto with software application development  and support services, product development and support services, infrastructure services, consulting services, customer support services, business process outsourcing and other services and deliverables.

8.      Syntel Mauritius and TriZetto negotiated detailed termination provisions.  One of those provisions (Section 23.02(3)) entitled Syntel Mauritius to terminate the MSA in the event that TriZetto was acquired by a competitor of Syntel Mauritius.

9.      On or about September 15, 2014, TriZetto and Cognizant, a Syntel Mauritius competitor, announced that Cognizant was acquiring TriZetto in a $2.7 billion cash deal.

10.      On November 20, 2014, Syntel Mauritius exercised its right to terminate the MSA on 90 days' notice following Cognizant's announcement of its acquisition of TriZetto.  Syntel Mauritius's issuance of its notice of termination entitled Syntel Mauritius to receive approximately $3.4 million in transition rebates from TriZetto on or before February 18, 2015.

11.      Following Syntel Mauritius's issuance of its 90-day notice of termination on November 20, 2014, TriZetto and Cognizant began engaging in a series of actions which were designed to deprive Syntel Mauritius of the benefits of the MSA and to interfere with Syntel Mauritius's performance of its obligation hereunder.  These actions were designed intentionally to breach, and intentionally breached, the MSA.  On information and belief, Cognizant instigated the breach, and did so intentionally in order to deprive its competitor Syntel Mauritius of the expected benefits of the bargain arising from the MSA's termination.  Among other breaches:

a.      Despite due demand, TriZetto has refused to pay the $3.4 million in transition rebates to which the MSA entitles Syntel Mauritius, and has announced unequivocally that it will not pay Syntel Mauritius the $3.4 million, or any other sum of money, at any time.

b.      TriZetto has unabashedly and admittedly violated the non-solicitation and non-hiring provision of Section 25.03 of the MSA.

c.      TriZetto has purported to insist, without authority under the MSA, that it is entitled under the terms of the transition plan which is mandated by the MSA in the event of a termination to the retention of specific Syntel Mauritius personnel to perform services under that transition plan.

d.      TriZetto has breached the confidentiality provisions of Section 19.01 of the MSA by providing the names of the agents used by Syntel Mauritius to perform services under the MSA to Cognizant, which in turn used the information to solicit those personnel.

12.     Each of TriZetto and Cognizant has solicited Syntel employees, who have contracts with Syntel which preclude them from competing with Syntel for two years following the termination of their employment, to perform services for them.

13.     Syntel Mauritius has satisfied any and all conditions precedent under the MSA to entitle it to the relief requested herein.

14.     As a proximate result of TriZetto's and Cognizant's wrongful conduct, Syntel and Syntel Mauritius have suffered damages substantially in excess of $75,000, exclusive of costs and interest.

## COUNT I – BREACH OF CONTRACT
## (SYNTEL MAURITIUS AGAINST TRIZETTO)

15.     Plaintiffs incorporate by reference the allegations of paragraphs 1-14 of its complaint.

16.     TriZetto has breached the MSA (as amended) by engaging in the conduct described in this complaint.

17.     As a proximate result of TriZetto's breach of contract, Syntel Mauritius has suffered damages substantially in excess of $75,000, exclusive of costs and interest.  In addition, because of the willful nature of TriZetto's action, Syntel Mauritius is entitled to punitive damages in an amount of a multiple of TriZetto's net worth.  In addition, Syntel Mauritius is being irreparably harmed by TriZetto's repeated and unabashed violation of Section 19.01 and Section 25.03 of the MSA.

## COUNT II – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
### (SYNTEL MAURITIUS AND SYNTEL AGAINST TRIZETTO)

18.     Plaintiffs incorporate by reference the allegations of paragraphs 1-17 of its complaint.

19.     TriZetto has induced, and continues to induce, Syntel's and Syntel Mauritius's agents to breach their contractual undertakings with Syntel by recruiting and hiring them to fill positions for TriZetto and Cognizant and to cease performing services for Syntel and Syntel Mauritius.

20.     TriZetto's actions in inducing these breaches of contract were and are intentional, illegal and fraudulent, and have been engaged in for the specific purpose of inducing Syntel and Syntel Mauritius's service providers to breach their agreements with Syntel.

21.     As a proximate result of TriZetto's intentional interference with contractual relations, Plaintiffs have suffered damages substantially in excess of $75,000, exclusive of costs and interest.  In addition, because of the willful nature of TriZetto's action, Plaintiffs are entitled to punitive damages in an amount of a multiple of TriZetto's net worth.  In addition, Plaintiffs are being irreparably harmed by TriZetto's intentional interference in Syntel and Syntel Mauritius's contractual relations with their service providers.

## COUNT III – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
### (SYNTEL MAURITIUS AND SYNTEL AGAINST COGNIZANT)

22.     Plaintiffs incorporate by reference the allegations of paragraphs 1-21 of its complaint.

23.     Cognizant has intentionally induced TriZetto to breach the MSA as set forth in this complaint.  It has done so for the ulterior purpose of harming Syntel Mauritius, because it is a competitor of Syntel Mauritius.

24.     Cognizant has also induced, and continues to induce, Syntel's and Syntel Mauritius's agents to breach their contractual undertakings with Syntel by recruiting and hiring them to fill positions for TriZetto and Cognizant and to cease performing services for Syntel and Syntel Mauritius.

25.     Cognizant's actions in inducing these breaches of contract were and are intentional, illegal and fraudulent, and have been engaged in for the specific purpose of inducing Syntel's and Syntel Mauritius's service providers to breach their agreements with Syntel.

26.     As a proximate result of Cognizant's intentional interference with contractual relations, Plaintiffs have suffered damages in excess of $75,000, exclusive of costs and interest. In addition, because of the willful nature of Cognizant's conduct, Plaintiffs are entitled to punitive damages in an amount of a multiple of Cognizant's net worth, listed as $6,135,791,000 in Cognizant's most recent public financial statement.   In addition, Plaintiffs are being irreparably harmed by TriZetto's intentional interference in Plaintiffs' contractual relations with their service providers.

## COUNT IV – MISAPPROPRIATION OF CONFIDENTIAL INFORMATION
### (SYNTEL MAURITIUS AGAINST TRIZETTO AND COGNIZANT)

27.     Plaintiffs incorporate by reference the allegations of paragraphs 1-26 of its complaint.

28.     TriZetto and Cognizant have misappropriated confidential information of Syntel Mauritius in the form of the names of the Syntel Mauritius agents who have performed services

for TriZetto under the agreement.  TriZetto has provided this information to Cognizant for the purpose of allowing Cognizant to solicit Plaintiffs' agents to cease performing services for Plaintiffs and instead to perform them for Cognizant.  In addition, because of the willful nature of Cognizant's conduct, Syntel Mauritius is entitled to punitive damages in an amount of a multiple of Cognizant's net worth, listed as $6,135,791,000 in Cognizant's most recent public financial statement.

WHEREFORE, Plaintiffs request that this Court:

a.      award them such damages in excess of $75,000, exclusive of costs and interest, as are just, against each of TriZetto and Cognizant, including, but not limited to, an award of $3.4 million against TriZetto for transition rebates to which Syntel Mauritius is entitled under the MSA;

b.      award Plaintiffs pre-complaint interest;

c.      award Plaintiffs post-complaint, prejudgment interest;

d.      award Plaintiffs postjudgment interest;

e.      award Plaintiffs punitive damages of $6,135,791,000, or such other amount as may be just and proper;

f.      preliminarily and permanently enjoin TriZetto from directly or indirectly soliciting and hiring Syntel or Syntel Mauritius personnel and disseminating confidential information of Plaintiffs;

g.      declare that TriZetto is not entitled to insist upon having specific named persons from Syntel perform transition services; and

h.      grant any other appropriate relief.

Dated:  March 4, 2015

                              HONIGMAN MILLER SCHWARTZ AND COHN LLP

                              s/ Norman C. Ankers
                              Norman C. Ankers (admitted *pro hac vice*)
                              2290 First National Building
                              660 Woodward Avenue
                              Detroit, Michigan  48226-3506
                              (313) 465-7306
                              nankers@honigman.com

                              CADWALADER, WICKERSHAM & TAFT LLP

                              /s/ Louis M. Solomon
                              Louis M. Solomon (LS-7906)
                              200 Liberty Street
                              New York, NY 10281
                              Tel: (212) 504-6000
                              louis.solomon@cwt.com

                              Attorneys for Plaintiffs Syntel, Inc. and
                              Syntel Sterling Best Shores Mauritius Limited