UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYNTEL STERLING BEST SHORES MAURITIUS LTD. and SYNTEL, INC., <br><br> Plaintiffs-Counterdefendants, <br><br> v. <br><br> THE TRIZETTO GROUP, INC. and COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, <br><br> Defendants-Counterclaimants. | 1:15-cv-00211(LGS)(RLE) <br><br> **DECLARATION OF GIANNI CUTRI IN SUPPORT OF DEFENDANTS-COUNTERCLAIMANTS TRIZETTO CORPORATION AND COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS** |

I, Gianni Cutri, hereby declare as follows:

1. I am a partner with the law firm of Kirkland & Ellis LLP, counsel to Defendants and Counterclaimants The TriZetto Group, Inc., now known as TriZetto Corporation ("TriZetto"), and Cognizant Technology Solutions Corporation ("Cognizant") (collectively, "Defendants") in this matter. I am familiar with the files, documents, and correspondence in this case and submit this declaration concurrently with, and in support of, Defendants' motion for leave to amend counterclaims. I have personal knowledge of the matters stated in this declaration, and if called upon to testify, could and would do so competently.

2. Plaintiffs-Counterdefendants Syntel Sterling Best Shores Mauritius Ltd. ("Syntel Mauritius") and Syntel, Inc. (collectively, "Syntel") made their first production on June 30, 2015, which consisted of 64 documents.

3. Syntel made its second production on August 4, 2015, consisting of 165 documents.

4. Syntel made its third production on October 2, 2015, consisting of 4,447 documents, totaling 10,525 pages.

5. While litigating Syntel's motion practice concerning the scope of document discovery, Syntel made additional productions on November 13, 2015, December 31, 2015 and January 22, 2016, which totaled 22,533 documents and 77,472 pages.

6. On February 10, 2016, the day before Syntel's Court-ordered production deadline, Syntel produced 23,780 documents, which consisted of 75,512 pages.

7. From the start of this litigation until February 10, 2016, Syntel had produced 27,209 documents, consisting of 90,423 pages.

8. Syntel made an additional production on February 18, 2016, which consisted of 1,772 documents, totaling 11,146 pages.

9. On April 6, 2016, I contacted Syntel's counsel in an attempt to resolve issues arising from Syntel's recent productions.

10. Despite multiple meet-and-confers and a conference before the Court on April 18, 2016, Syntel still did not agree to remedy its deficiencies.

11. Pursuant to the Court's instruction, the parties worked together to file a joint letter with cross-motions to compel and submitted it on May 12, 2016. Specifically, Defendants sought to compel, among other things, further documents, communications, and information regarding: (1) Syntel's spoliation and preservation efforts; (2) the NAS drive; (3) the 15 downloaded manuals; (4) all of Syntel's "Platform Management Tools," including any code, automation scripts, and test cases; (5) any code, automation scripts, or test cases acquired from TriZetto; and (6) any document that contains information derived directly or indirectly from TriZetto.

12. On June 8 and 9, 2016, I conferred with Syntel's attorney to see if Syntel would oppose to the instant motion. On June 13, 2016, Syntel's counsel responded that Syntel would oppose the motion.

13. Attached hereto as Exhibit 1 is a true and correct copy of a September 18, 2014 email thread with the subject line "RE: TriZetto Consulting Tower Case Studies," which Syntel produced on February 10, 2016 bearing the Bates numbers SYNT00103979–80. Syntel designated Exhibit 1 as CONFIDENTIAL pursuant to the Protective Order filed in this case (Dkt. No. 99 ("Protective Order")).

14. Attached hereto as Exhibit 2 is a true and correct copy of a January 2015 email thread with the subject line "RE: Facets documents required from Trizetto Customer Exchange," which Syntel produced on February 10, 2016 bearing the Bates numbers SYNT00147988–92. Syntel designated Exhibit 2 as CONFIDENTIAL - FOR OUTSIDE COUNSEL ONLY pursuant to the Protective Order.

15. Attached hereto as Exhibit 3 is a true and correct copy of a March 25, 2015 email thread with the subject line "RE: Send me the list of exact T$Z manuals that you need," which Syntel produced on February 10, 2016 bearing the Bates numbers SYNT00147203–05. Syntel designated Exhibit 3 as CONFIDENTIAL pursuant to the Protective Order.

16. Attached hereto as Exhibit 4 is a true and correct copy of an email thread with the subject line "FW: Best Practices in ICD-10 Configuration," which Syntel produced on February 10, 2016 bearing the Bates numbers SYNT00146556–57. Syntel designated Exhibit 4 as CONFIDENTIAL pursuant to the Protective Order.

17. Attached hereto as Exhibit 5 is a true and correct copy of a document entitled "UHG One Pager Script," which Syntel produced on December 31, 2015 bearing Bates numbers

SYNT00048955–56.  Syntel designated Exhibit 5 as CONFIDENTIAL - FOR OUTSIDE COUNSEL ONLY pursuant to the Protective Order.

18. Attached hereto as Exhibit 6 is a true and correct copy of excerpts from an October 28, 2014 presentation entitled "Syntel Overview for UnitedHealth Group Leadership Team," which Syntel produced on December 31, 2015 bearing Bates numbers SYNT00067343–68.  Syntel designated Exhibit 6 as CONFIDENTIAL - FOR OUTSIDE COUNSEL ONLY pursuant to the Protective Order.

19. Attached hereto as Exhibit 7 is a true and correct copy of excerpts from a September 14, 2014 document entitled "Syntel Response For: UnitedHealth Group Facets Upgrade," which Syntel produced on December 31, 2015 bearing Bates numbers SYNT000073997–4079.  Syntel designated Exhibit 7 as CONFIDENTIAL - FOR OUTSIDE COUNSEL ONLY pursuant to the Protective Order.

20. Attached hereto as Exhibit 8 is a true and correct copy of a March 25, 2015 presentation entitled "C&S Growth On Facets CSP," which Syntel produced on February 10, 2016 bearing Bates numbers SYNT00146416–64.  Syntel designated Exhibit 8 as CONFIDENTIAL - FOR OUTSIDE COUNSEL ONLY pursuant to the Protective Order.

21. Attached hereto as Exhibit 9 is a true and correct copy of a Syntel brochure entitled "Providing Greater Business Impact to Healthcare Product Services at Lower Costs," which is currently available on Syntel's website at the URL http://www.syntelinc.com/sites/default/files/synt_hcls_product_management_for_payers.pdf.

22. Attached hereto as Exhibit 10 is a true and correct copy of a September 16, 2014 email with the subject line "TriZetto Tools Information," and its attached Excel spreadsheet entitled "Trizetto Tools Information.xlsx," which Syntel produced on November 13, 2015

bearing Bates numbers SYNT00004169–70.  Syntel designated Exhibit 10 as CONFIDENTIAL pursuant to the Protective Order.

23. Attached hereto as Exhibit 11 is a true and correct copy of a March 28, 2015 email thread with the subject line "RE: Delete my mesg," which Syntel produced on February 10, 2016 bearing Bates number SYNT00139663. Syntel designated Exhibit 11 as CONFIDENTIAL pursuant to the Protective Order.

24. Attached hereto as Exhibit 12 is a true and correct copy of an April 2016 email thread between counsel Defendants' and Syntel's respective counsel with the subject line "RE: Syntel Sterling Best Shores Mauritius Limited v. The Trizetto Group, Inc., Case No. 1:15-cv-00211-LGS-RLE."

I declare on penalty of perjury that the foregoing is true and correct.

Executed:  June 13, 2016
Chicago, Illinois                           /s/  Gianni Cutri
                                            Gianni Cutri