UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SYNTEL STERLING BEST SHORES MAURITIUS
LIMITED, and SYNTEL, INC.,

                Plaintiffs and Counterclaim-
                Defendants ,

                -against-

THE TRIZETTO GROUP, INC.
and COGNIZANT TECHNOLOGY SOLUTIONS CORP.,

                Defendants and Counterclaimants.

1:15-cv-00211 (LGS) (RLE)

## SYNTEL STERLING BEST SHORES MAURITIUS LIMITED & SYNTEL, INC.'S ANSWER TO AMENDED COUNTERCLAIMS

Pursuant to Rule 15(a)(3) of the Federal Rules of Civil Procedure, Plaintiffs and Counter-Defendants Syntel Sterling Best Shores Mauritius Limited ("Syntel Mauritius") and Syntel, Inc., (together "Syntel" or "Plaintiffs" or "Counterclaim Defendants"), by and through their undersigned counsel, file this Answer to Defendant-Counterclaimants' First Amended Counterclaims.

## NATURE OF CLAIMS AND COUNTER CLAIMS

1.      With respect to Paragraph 1 of the Amended Counterclaims, the MSA speaks for itself and Plaintiffs refer to it for its complete terms.  Plaintiffs deny the remaining allegations in Paragraph 1.

2.      With respect to Paragraph 2 of the Amended Counterclaims, Plaintiffs admit that Cognizant acquired TriZetto on November 20, 2014, and that Syntel Mauritius later terminated the MSA. The remaining allegations of Paragraph 2 assert conclusions of law for which no

response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 2.

3.      Plaintiffs deny the allegations contained in Paragraph 3.

4.      Plaintiffs state that Paragraph 4 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 4.

5.      Plaintiffs state that Paragraph 5 of the Amended Counterclaims asserts conclusions of law for which no response is required.

6.      Plaintiffs state that Paragraph 6 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 6.

7.      Plaintiffs state that Paragraph 7 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 7.

8.      Plaintiffs state that Paragraph 8 of the Amended Counterclaims asserts conclusions of law for which no response is required.

9.      Paragraphs 9-36 of the Counterclaims constitute Defendants' Answer to Plaintiffs' Complaint and do not require a response.

## DEFENDANTS' AFFIRMATIVE DEFENSES

Plaintiffs deny that any such defenses apply to Plaintiffs' claims in this case.

4827-0221-5738.5

## PARTIES

37.     With respect to Paragraph 37 of the Amended Counterclaims, Plaintiffs admit that TriZetto is a Delaware Corporation with its principal place of business in Colorado.[1]

38.     With respect to Paragraph 38 of the Amended Counterclaims, Plaintiffs admit that Cognizant is a Delaware company with its principal place of business in New Jersey.

39.     With respect to Paragraph 39 of the Amended Counterclaims, Plaintiffs admit that Syntel is a technology company. Plaintiffs also admit that Syntel Mauritius is an affiliate of Syntel and a Mauritius corporation with its principal place of business in Mauritius.

## JURISDICTION AND VENUE

40.     With respect to Paragraph 40 of the Amended Counterclaims, Plaintiffs admit that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338.

41.     With respect to Paragraph 41 of the Amended Counterclaims, Plaintiffs admit that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331.

42.     With respect to Paragraph 42 of the Amended Counterclaims, Plaintiffs admit that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1367.

43.     With respect to Paragraph 43 of the Amended Counterclaims, Plaintiffs admit that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

44.     With respect to Paragraph 44 of the Amended Counterclaims, Plaintiffs admit that venue is proper pursuant to 28 U.S.C. § 1391.

45.     With respect to Paragraph 45 of the Amended Counterclaims, Plaintiffs admit that this Court has personal jurisdiction over Syntel.

---

[1] Paragraphs 9 through 36 are comprised of Defendants' Answer to Plaintiffs' Amended Complaint and as such do not require a response.

## GENERAL ALLEGATIONS

46.     With respect to Paragraph 46 of the Amended Counterclaims, Plaintiffs admit that TriZetto offers various software products that it develops for and licenses to its clients. Plaintiffs lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 46, and therefore deny the same.

47.     With respect to Paragraph 47 of the Amended Counterclaims, Plaintiffs admit that Facets is a software product geared toward health plan administration. Plaintiffs lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 47, and therefore deny the same.

48.     With respect to Paragraph 48 of the Amended Counterclaims, Plaintiffs lack knowledge or information sufficient to form a response to the allegations, and therefore deny the same.

49.     With respect to Paragraph 49 of the Amended Counterclaims, Plaintiffs lack knowledge or information sufficient to form a response to the allegations in Paragraph 49, and therefore deny the same

50.     Plaintiffs state that Paragraph 50 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 50, and therefore deny the same.

51.     With respect to Paragraph 51 of the Amended Counterclaims, Plaintiffs lack knowledge or information sufficient to form a response to those allegations, and therefore deny the same.

4

52.     With respect to Paragraph 52 of the Amended Counterclaims, Plaintiffs lack knowledge or information sufficient to form a response to those allegations, and therefore deny the same.

53.     With respect to Paragraph 53 of the Amended Counterclaims, Plaintiffs admit that TriZetto contracted for Syntel's services. Plaintiffs deny the remaining allegations contained in Paragraph 53.

54.     Plaintiffs state that Paragraph 54 of the Amended Counterclaims asserts conclusions of law for which no response is required.

55.     With respect to Paragraph 55 of the Amended Counterclaims, Plaintiffs admit that TriZetto and Syntel Mauritius entered into the MSA effective June 30, 2010. Plaintiffs also admit that the MSA was amended in 2012.

56.     With respect to Paragraph 56 of the Amended Counterclaims, Plaintiffs state that the MSA speaks for itself and refer to it for its complete terms.

57.     With respect to Paragraph 57 of the Amended Counterclaims, Plaintiffs state that the MSA speaks for itself and refer to it for its complete terms.

58.     With respect to Paragraph 58 of the Amended Counterclaims, Plaintiffs admit that Syntel Mauritius assigns personnel to deliver its services to TriZetto under the MSA. To the extent a response is required to the remaining allegations in Paragraph 45, Plaintiffs lack knowledge or information sufficient to form a response to those allegations, and therefore deny the same.

59.     With respect to Paragraph 59 of the Amended Counterclaims, Plaintiffs lack knowledge or information sufficient to form a response to those allegations, and therefore deny the same.

5

60.     With respect to Paragraph 60 of the Amended Counterclaims, Plaintiffs state that the MSA speaks for itself and refer to it for its complete terms.

61.     With respect to Paragraph 61 of the Amended Counterclaims, Plaintiffs admit that Syntel Mauritius staffers are a combination of "offshore" and "onshore" personnel. The remaining allegations contained in Paragraph 61 assert conclusions of law for which no response is required.

62.     Plaintiffs lack knowledge or information sufficient to form a response to the allegations in Paragraph 62 of the Amended Counterclaims, and therefore deny the same.

63.     With respect to Paragraph 63 of the Amended Counterclaims, Plaintiffs admit that on or around September 15, 2014, Cognizant and TriZetto announced that Cognizant would acquire TriZetto. As for the remaining allegations in Paragraph 63 of the Amended Counterclaims, Plaintiffs lack knowledge or information sufficient to form a response and therefore deny the same.

64.     Plaintiffs admit the allegations contained in Paragraph 64 of the Amended Counterclaims.

65.     With respect to Paragraph 65 of the Amended Counterclaims, Plaintiffs admit that Syntel Mauritius had the right to issue a termination notice under the MSA given TriZetto's acquisition by a Syntel Mauritius competitor. As for the allegations in Paragraph 65 regarding the MSA, the MSA speaks for itself and Plaintiffs refer to it for its complete terms. The remaining allegations contained in Paragraph 65 assert conclusions of law for which no response is required.

66.     Plaintiffs state that Paragraph 66 of the Amended Counterclaims assert conclusions of law for which no response is required.

67.     Plaintiffs state that Paragraph 67 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the remaining allegations contained in Paragraph 67 of the Amended Counterclaims.

68.     Plaintiffs state that Paragraph 68 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 68 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 68, and therefore deny the same.

69.     Plaintiffs state that Paragraph 69 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 69 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 69, and therefore deny the same.

70.     Plaintiffs state that Paragraph 70 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 70 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 70, and therefore deny the same.

71.     Plaintiffs state that Paragraph 71 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the remaining allegations contained in Paragraph 71 of the Amended Counterclaims.

72.     Plaintiffs state that Paragraph 72 of the Amended Counterclaims asserts conclusions of law for which no response is required. As for the allegations related to the MSA, the MSA speaks for itself and Plaintiffs refer to it for its complete terms. To the extent a

7

response is required to the remaining allegations, Plaintiffs deny the remaining allegations contained in Paragraph 72 of the Amended Counterclaims.

73.     Plaintiffs state that Paragraph 73 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs lack knowledge or information sufficient to form a response to the allegations in Paragraph 73 of the Amended Counterclaims, and therefore deny the same.

74.     Plaintiffs state that Paragraph 74 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 74.

75.     Plaintiffs lack knowledge or information sufficient to form a response to the allegations in Paragraph 75 of the Amended Counterclaims, and therefore deny the same.

76.     Plaintiffs lack knowledge or information sufficient to form a response to the allegations in Paragraph 76 of the Amended Counterclaims, and therefore deny the same.

77.     Plaintiffs state that Paragraph 77 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs lack knowledge or information sufficient to form a response to the allegations contained in Paragraph 77 and therefore deny the same.

78.     With respect to Paragraph 78 of the Amended Counterclaims, Plaintiffs admit that Syntel's website contains a list of Platform Management Tools. Plaintiffs lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 78 of the Amended Counterclaims, and therefore deny the same, but specifically deny that Plaintiffs intentionally copied or misappropriated TriZetto's intellectual property.

79.     Plaintiffs deny the allegations contained in Paragraph 72 of the Amended Counterclaims.

80.     Plaintiffs deny the allegations in Paragraph 80 of the Amended Counterclaims.

81.     Plaintiffs state that Paragraph 81 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 81 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 681, and therefore deny the same.

82.     Plaintiffs state that Paragraph 82 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 82 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 82, and therefore deny the same.

83.     Plaintiffs state that Paragraph 83 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 83 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 83, and therefore deny the same.

84.     Plaintiffs state that Paragraph 84 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 84 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 84, and therefore deny the same.

85.     Plaintiffs state that Paragraph 85 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 85 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 85, and therefore deny the same.

86.     Plaintiffs state that Paragraph 86 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 86 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 86, and therefore deny the same.

87.     Plaintiffs state that Paragraph 87 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 87 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 87, and therefore deny the same.

88.     Plaintiffs state that Paragraph 88 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 88 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 88, and therefore deny the same.

89.     Plaintiffs state that Paragraph 89 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 89 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 89, and therefore deny the same.

90.     Plaintiffs state that Paragraph 90 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 90 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 90, and therefore deny the same.

91.     Plaintiffs admit that they made a pitch to UnitedHealth Group ("UHG"). Plaintiffs state that the remaining allegations of Paragraph 91 of the Amended Counterclaims assert conclusions of law for which no response is required.

92.     Plaintiffs state that Paragraph 92 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 92 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 92, and therefore deny the same.

93.     Plaintiffs admit that Syntel won the UHG bid. As for the remaining allegations contained in Paragraph 93 of the Amended Counterclaims, Plaintiffs either deny the allegations in Paragraph 93 or lack knowledge or information sufficient to form a response to the remaining allegations, and therefore deny the same.

94.     Plaintiffs state that Paragraph 94 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 94 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 94, and therefore deny the same.

95.     Plaintiffs state that Paragraph 95 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the remaining allegations in Paragraph 95.

96.     Plaintiffs deny the allegations in Paragraph 96 of the Amended Counterclaims.

97.     Plaintiffs deny the allegations in Paragraph 97 of the Amended Counterclaims.

98.     Plaintiffs state that Paragraph 98 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 98 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 98, and therefore deny the same.

99.     Plaintiffs admit that Cognizant has hired ex-Syntel staffers to perform TriZetto-related work. With respect to the remaining allegations in Paragraph 99 of the Amended

Counterclaims, Plaintiffs state that these allegations constitute conclusions of law for which no response is required. To the extent a response is required, Plaintiffs lack knowledge or information sufficient to form a response and therefore deny the same.

100.     Plaintiffs state that Paragraph 100 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 100.

101.     Plaintiffs state that Paragraph 101 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 101.

102.     Plaintiffs state that Paragraph 102 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 102.

103.     Plaintiffs admit that Syntel published notices that certain Syntel service providers no longer represent the company to avoid any confusion in the marketplace. With respect to the remaining allegations in Paragraph 103 of the Amended Counterclaims, Plaintiffs state that these allegations assert conclusions of law for which no response is required. To the extent a response is required to the remaining allegations in Paragraph 103 of the Amended Counterclaims, Plaintiffs deny the remaining allegations.

104.     Plaintiffs state that Paragraph 104 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 104.

105.     Plaintiffs state that Paragraph 105 of the Amended Counterclaims asserts conclusions of law for which no response is required. Plaintiffs deny that they have solicited any TriZetto employees in violation of the MSA.

## COUNT I – BREACH OF CONTRACT

106.     Syntel incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 105 of the Defendants' Counterclaims as set forth above.

107.     Plaintiffs state that Paragraph 107 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 107.

108.     Plaintiffs state that Paragraph 108 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 108.

109.     Plaintiffs state that Paragraph 109 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 109.

110.     Plaintiffs state that Paragraph 110 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 110.

111.     Plaintiffs state that Paragraph 111 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 111.

112.   Plaintiffs state that Paragraph 112 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 112.

113.   Plaintiffs state that Paragraph 113 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 113.

## COUNT II – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

114.   Syntel incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 113 of the Defendants' Counterclaims as set forth above.

115.   Plaintiffs state that Paragraph 115 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 115.

116.   Plaintiffs state that Paragraph 116 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 116.

117.   Plaintiffs state that Paragraph 117 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 117.

## COUNT III – NEW YORK MISAPPROPRIATION

118.   Syntel incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 117 of the Defendants' Counterclaims as set forth above.

119.    Plaintiffs state that Paragraph 119 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 119.

120.    Plaintiffs state that Paragraph 120 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 120.

121.    Plaintiffs state that Paragraph 121 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 121 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 121, and therefore deny the same.

122.    Plaintiffs state that Paragraph 122 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 122 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 122, and therefore deny the same.

123.    Plaintiffs state that Paragraph 123 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 123 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 123, and therefore deny the same.

124.    Plaintiffs state that Paragraph 124 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required,

4827-0221-5738.5

Plaintiffs either deny the allegations in Paragraph 124 or state that the MSA speaks for itself and Plaintiffs refer to it for its complete terms.

125.    Plaintiffs state that Paragraph 125 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 125 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 125, and therefore deny the same.

126.    Plaintiffs state that Paragraph 126 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 126.

127.    Plaintiffs state that Paragraph 127 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 127.

128.    Plaintiffs state that Paragraph 128 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 128.

129.    Plaintiffs state that Paragraph 129 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 129.

## COUNT IV – FEDERAL MISAPPROPRIATION OF TRADE SECRETS

130.    Syntel incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 129 of the Defendants' Counterclaims as set forth above.

4827-0221-5738.5

131.    Plaintiffs state that Paragraph 131 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 131.

132.    Plaintiffs state that Paragraph 132 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, either deny the allegations in Paragraph 132 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 132, and therefore deny the same.

133.    Plaintiffs state that Paragraph 133 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, either deny the allegations in Paragraph 133 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 133, and therefore deny the same.

134.    Plaintiffs state that Paragraph 134 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, either deny the allegations in Paragraph 134 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 134, and therefore deny the same.

135.    Plaintiffs state that Paragraph 135 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 135 or state that the MSA speaks for itself and Plaintiffs refer to it for its complete terms.

136.    Plaintiffs state that Paragraph 136 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 136 or lack knowledge or information

sufficient to form a response to the remaining allegations in Paragraph 136, and therefore deny the same.

137.   Plaintiffs state that Paragraph 137 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 137 or state that the MSA speaks for itself and Plaintiffs refer to it for its complete terms.

138.   Plaintiffs state that Paragraph 138 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 138.

139.   Plaintiffs state that Paragraph 139 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 139.

140.   Plaintiffs state that Paragraph 140 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 140.

141.   Plaintiffs state that Paragraph 141 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 141.

142.   Plaintiffs state that Paragraph 142 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 142.

143.     Plaintiffs state that Paragraph 143 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 143.

## <u>COUNT V – UNFAIR COMPETITION</u>

144.     Syntel incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 143 of the Defendants' Counterclaims as set forth above.

145.     Plaintiffs state that Paragraph 145 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 145.

146.     Plaintiffs state that Paragraph 146 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 146.

147.     Plaintiffs state that Paragraph 147 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 147.

148.     Plaintiffs state that Paragraph 148 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 148.

149.     Plaintiffs state that Paragraph 149 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 149.

150.    Plaintiffs state that Paragraph 150 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 150.

## COUNT VI – TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

151.    Syntel incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 150 of the Defendants' Counterclaims as set forth above.

152.    Plaintiffs state that Paragraph 152 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 152.

153.    Plaintiffs state that Paragraph 153 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 153.

154.    Plaintiffs state that Paragraph 154 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 154.

155.    Plaintiffs state that Paragraph 155 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 155.

156.    Plaintiffs state that Paragraph 156 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 156.

157.    Plaintiffs state that Paragraph 157 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 157.

## COUNT VII – COPYRIGHT INFRINGEMENT

158.    Syntel incorporates by reference, as if fully set forth herein, its responses to the allegations contained in Paragraphs 1 through 157 of the Defendants' Counterclaims as set forth above.

159.    Plaintiffs state that Paragraph 159 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 159.

160.    Plaintiffs state that Paragraph 160 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 160 or lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 160, and therefore deny the same.

161.    Plaintiffs state that Paragraph 161 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs lack knowledge or information sufficient to form a response to the remaining allegations in Paragraph 161, and therefore deny the same.

162.    Plaintiffs state that Paragraph 162 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs either deny the allegations in Paragraph 162 or lack knowledge or information

sufficient to form a response to the remaining allegations in Paragraph 162, and therefore deny the same.

163.    Plaintiffs state that Paragraph 163 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 163.

164.    Plaintiffs state that Paragraph 164 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 164.

165.    Plaintiffs state that Paragraph 165 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 165.

166.    Plaintiffs state that Paragraph 166 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 166.

167.    Plaintiffs state that Paragraph 167 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 167.

168.    Plaintiffs state that Paragraph 168 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 168.

169.    Plaintiffs state that Paragraph 169 of the Amended Counterclaims asserts conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations in Paragraph 169.

## AFFIRMATIVE DEFENSES

1.      Counterclaimants have failed to meet their burdens, including their burden of pleading a claim upon which relief can be granted.

2.      Counterclaimants' claims are barred, in whole or in part, by the doctrine of unclean hands.

3.      Counterclaimants' claims are barred, in whole or in part, by the doctrine of waiver.

4.      Counterclaimants' claims are barred, in whole or in part, by the doctrine of estoppel.

5.      Counterclaimants' claims are barred, in whole or in part, by the doctrine of laches.

6.      To the extent Counterclaimants request any injunctive relief, any such claim is barred because Counterclaimants have an adequate remedy at law.

7.      Plaintiffs' actions or omissions are not the proximate cause of Counterclaimants' injuries and damages, if any.

8.      Counterclaimants' injuries or damages, if any, are the result of an intervening, superseding, or pre-existing cause or causes.

9.      Counterclaimants have failed to mitigate its damages, if any.

10.     Counterclaimants are not entitled to attorneys' fees.

11.     Counterclaimants' injuries or damages, if any, are subject to set-off by the damages Plaintiffs have suffered as a result of Counterclaimants' multiple breaches of the parties' agreement and tortious conduct.

4827-0221-5738.5

12.     Counterclaimants are precluded from recovering punitive damages that are inconsistent with the due process limitations of the constitutions of the United State and any applicable statute.

Syntel reserves the right to raise such additional affirmative defenses as become known through discovery or otherwise, and to amend these Affirmative Defenses accordingly.

## **PRAYER FOR RELIEF**

WHEREFORE, Syntel respectfully requests this Court enter a judgment in favor of Syntel and against Defendants and Counterclaimants TriZetto and Cognizant:

i.      Dismissing with prejudice Defendants' counterclaims;

ii.     Awarding Syntel the relief requested in Syntel's Amended Complaint, including awarding damages against Defendants in excess of $3,4000,000, plus interests and costs, and punitive damages in the amount of $6,135,791,000, or other such amount as may be proper and just;

iii.    Awarding Syntel attorneys' fees;

iv.     Preliminarily and permanently enjoining TriZetto from directly or indirectly soliciting and hiring Syntel personnel and disseminating confidential information of Syntel;

v.      Declaring that TriZetto is not entitled to insist upon having specific named persons from Syntel perform transition services; and

vi.     Awarding Syntel any additional relief this Court deems proper and just.

24

DATED: October 14, 2016

                                                          Respectfully Submitted,

                                                            **FOLEY & LARDNER LLP**

                                                            */s/ Yonaton Aronoff*_____
                                                            Norm Ankers (admitted *pro hoc vice*)
                                                            Yonaton Aronoff
                                                            Foley & Lardner LLP
                                                            90 Park Avenue
                                                            New York, New York 10016
                                                            Tel:  (212) 682-7474
                                                            Fax:  (212) 687-2329
                                                            yaronoff@foley.com
                                                            nankers@foley.com

                                                            *Attorneys for Plaintiffs*

4827-0221-5738.5