

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/30/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYNTEL STERLING BEST SHORES MAURITIUS LTD. and SYNTEL, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. NO. 15-00211 (LGS) (RLE) ) |
| THE TRIZETTO GROUP, INC. and COGNIZANT TECHNOLOGY SOLUTIONS CORP., | ) ) ) ) |
| Defendants. | ) ) |

[PROPOSED] ORDER FOR FORENSIC EXAMINATION
OF PLAINTIFFS' DIGITAL ELECTRONIC DEVICES AND FILES

Having considered the parties' joint discovery letters dated November 22, 2016, and December 9, 2016, the evidence and arguments annexed thereto, and the arguments presented by both parties' counsel on November 29, 2016 and December 16, 2016, the Court hereby grants Defendants' request for a forensic examination of Plaintiffs' digital electronic devices and files and orders as follows:

**Examiner Selection**.  The Court hereby appoints Samuel Rubin, of the firm Stroz Friedberg, as forensic examiner ("Examiner").

**1.**  **Cooperation**.  Upon the Court's actual or constructive approval of the Examiner, the Examiner shall be permitted to conduct an examination as described in Paragraph 3 of this Order (the "Examination"), which will require the full cooperation of such personnel to support the identification, preservation, and forensic collection information potentially relevant to the Examination.  Plaintiffs shall, to the fullest extent possible, ensure the cooperation of relevant personnel at Plaintiffs' business, as well as Plaintiffs' parent, subsidiary, affiliated, and related companies, and relevant third-party vendors (collectively, "Syntel") so that the Examination may be completed within sixty (60) days of the date of this Order.

**2.**  **Scope of Examination**.  The Examination shall include (1) Syntel's digital electronic devices, files, data, images, and computer systems, in Syntel's possession, custody, or control and belonging to the custodians specifically identified in section 2(a) and 2(b) below together with non-custodial sources where documents sought in sections 2(a) and 2(b) below may reside; (2) the creation of duplicate forensic copies of the same (the collected ESI and forensic images are collectively referred to herein as the "Forensic Images"); and (3) forensic analysis of the Forensic Images for the purposes of determining:

a. The likelihood of the existence, deletion, or destruction of documents, data, emails, or information by Vipul Dekhtawala, Vijaya Yellamraju, Krishna Subramanian, and Ankur Chadha, relating to the email produced at Bates no. SYNT00147963.

b. For each of the custodians listed on the attached Exhibit A, for each of the documents identified in TZCG-00000095–173, the downloading of such document from TriZetto's Customer Exchange server, the dissemination of such document within Syntel and to third-parties, and the likelihood of deletion, or destruction of such document by Syntel

c. To the extent the Examiner identifies the existence, deletion, or destruction of documents, data, emails, or information, the volume and nature thereof and any such deletion or destruction and the extent to which some or all of these materials may be recovered.

The Examination may include interviews with relevant personnel needed for the Examiner to carry out the Examination required by this Order. The interviews shall not be recorded or transcribed. The interviews may be conducted telephonically. Counsel for either party, at their option, can attend the interviews, including by telephone.

3. **Independent Examination**. The Examiner shall be permitted to search, review, and analyze data or information on the Forensic Images in their entirety, including active files, data fragments, log files, application data, and unallocated or deleted space, and other artifacts that can lead to an understanding of content and historical use. Neither party shall have control over the analysis performed. The parties and their counsel shall not have the right to be present during such analysis. Except as provided in section 2, above, there shall be no *ex parte* communications with the Examiner by any party or its counsel and all email communications

3

with the Examiner shall cc each party's outside counsel. Each party may, at its option, provide the Examiner with appropriate background or information relevant to the forensic analysis so long as such background or information is provided in writing and contemporaneously to the opposing party.

4. **Maintenance of Forensic Images**. The Examiner shall maintain the Forensic Images in a secure facility operated by the Examiner and, except as directed otherwise by joint stipulation of the parties or order of the Court, the Examiner shall retain custody of the Forensic Images until the litigation has come to an end (*i.e.*, the case(s) have been dismissed and after all appeals have been exhausted, assuming there are any appeals). The Examiner shall not disclose or permit any such disclosure of the contents of the Forensic Images to anyone, including the parties, their attorneys or agents, directly or indirectly, to this litigation, except as provided for herein. Prior to beginning any work, the Examiner shall execute a letter of confidentiality consistent with the provisions of this paragraph and shall provide a copy to counsel for the parties.

5. **Safeguards**. Any information or materials derived by the Examiner from its analysis of the Forensic Images that the Examiner identifies as potentially relevant to the subject matters at issue in this litigation shall be subject to the following procedures:

a. Any report or other document produced or created by the Examiner shall be marked confidential and for counsel's eyes only. Should either party seek to re-designate part or all of any such report or document, that party may seek by stipulation between the parties or move the Court for such relief.

b. As used herein, "Findings" shall mean any information or materials derived by Examiner from its analysis of the Forensic Images that Examiner wishes to produce to

4

counsel for purposes of review. Findings shall be further defined as "Content Findings" or "Non-Content Findings."

    i. Content Findings shall consist of documents or files derived from the Forensic Images, including but not limited to electronic documents and emails, whether in active or deleted recoverable form. All Content Findings shall be produced first to Syntel for review and appropriate designation pursuant to the parties' Protective Order and attorney-client or work product protections as provided for in sections 5(b) and 5(c) below.

    ii. Non-Content Findings shall consist of non-content information from the Forensic Images, including but not limited to technical or system usage information, configuration settings, metadata, directory listings of files, programs contained on the Forensic Images, and associated metadata. Non-Content Findings are derived from files and information created and maintained programmatically by the computer's operating system. Non-Content Findings can contain information about user-created files, but will not contain the content of user-created files.

    c. The Examiner's actions described herein shall not effect a waiver of any claim of attorney-client privilege or work product protection with respect to the contents of the Forensic Images or the Findings. The Parties further agree that inadvertent production of documents or information subject to any applicable privilege, does not waive such applicable privilege or protection, provided a request for return of such documents or information is made promptly upon learning of such inadvertent production.

    d. So that Plaintiffs may identify privileged documents, if any, and prepare a privilege log and/or appropriately designate documents pursuant to the Protective Order in

5

this case, Content Findings derived from Examiner's analysis of the Forensic Images shall be produced to counsel for Plaintiffs for review. Within five (5) business days of receiving any Content Findings from the Examiner, counsel for Plaintiffs shall produce to Examiner and counsel for Defendants, a privilege log which complies fully with the requirements of Federal Rule of Civil Procedure 26 (b)(5)(A), identifying those Content Findings that Plaintiffs maintain are subject to the attorney-client privilege or work product doctrine, including the claimed privilege and a complete description of the basis for the privileged claim, the date and subject matter of the documents in question and where applicable, the senders and recipients of such documents.

    e.    Examiner shall produce to counsel for Defendants all Content Findings which are not designated as privileged by Plaintiffs. In the event that Plaintiffs fail to designate any Content Findings documents as producible, or privileged, within five (5) business days of receiving Examiner's Content Findings, Examiner shall be permitted to disclose those Content Findings to counsel for Defendants. Otherwise, after receiving the privilege log, the Defendants shall promptly notify Plaintiffs of any challenges to their privilege assertions, after which the parties shall jointly and immediately request an appropriate hearing with the Court to resolve the privilege disputes. Plaintiffs shall make available to the Court, on an *in camera* basis, any documents subject to a disputed privileged claim. In connection with the hearing, each party shall have the right to submit a position paper of no more than five (5) pages to the Court with Plaintiff having the opening position paper and Defendants providing their response within five (5) business days of their receipt of Plaintiffs' opening position paper.

f. Non-Content Findings derived from the Examiner's analysis of the Forensic Images may be produced directly to counsel for Defendants without prior review by Plaintiffs or their counsel.

6. **Forensic Report**. The Examiner shall provide the parties and the Court with a forensic report as to the actions taken by the Examiner, including a detailed description personnel interviewed, each piece of digital media inspected, copied or imaged, as well as documentation of the chain of custody of the media collected (the "Forensic Report"). The Forensic Report shall provide a summary of the Examiner's findings regarding the topics identified in Paragraph 3 of this Order.

7. **Fees & Costs**. Plaintiffs and Defendants shall each pay one-half (1/2) of the Examiner's costs and fees in carrying out this Order and shall remit payment in accordance with the Examiner's standard billing practices. This paragraph is without prejudice to either party's right to seek an alternative fee arrangement in the event that the Examiner's duties are changed by the Court, or for the parties to request a fee-shifting order at a later time.

IT IS SO ORDERED this 30th day of January, 2017

Magistrate Judge Ronald L. Ellis

## Exhibit A

| | | |
|---|---|---|
| Ghazala Ameen | Vishal Myana | Prajakta Jagtap |
| Divya Anne | Priyank Nagar | Heenakausar Jakati |
| Manjushree Ashtaputre | PurushothamNagineni | Juned Kadri |
| Ramu Baru | Santhanu Nair | Amol Kalgave |
| Hiren Babariya | Sudha Natarajan | Varun Karnati |
| Bhupendra Balpande | Pankaj Pagar | Priyank Nagar |
| Nishith Bani | Sachin Parmaj | Rohit Pawar |
| Bhushan Bhalerao | Vishal Pathak | Narender Perugula |
| Mohan Bharathula | Uday Patil | Arumuga Perumal |
| Devashri Bhawasar | Rohit Pawar | Ranjit Silla |
| Chelan Chaudhary | Amit Payasi | Gaurav Singh |
| Chetan Chaudhary | Narender Peruguia | Jagdish Solanki |
| Satyendra Dalvi | Arumuga Perumal | Kaushal Tomar |
| Ash ish Dani | Sandeep Rakhonde | Deepika Vispute |
| Viral Dave | Vimalkumar Ravindranath | Ravindra Wadhal |
| Anand Debadwar | Srikanth Reddy | Vishal Wadhwani |
| Vishal Deotale | Swapnil Renuse | |
| Niranjan Deswandikar | Soumik Roy | |
| Ambika Rani Devarapu | Madhurani Salvi | |
| Samir Dharmadhikari | Gulab Shaikh | |
| Dhiraj Dhawale | Prateek Shihoorkar | |
| Geeta Dighe | GauravSingh | |
| Piyush Ghelani | Jagdish Soianki | |
| Sudeep Gorhe | Anjuiika Srivastava | |
| Pavan Gupta | Sumeet Tandon | |
| Apeksha Hampi | Balaji Thangaswamy | |
| Van ita Jagdale | Neethu Thomas | |
| Prajakta Jagtap | Rahul Thorat | |
| Heenakausar Jakati | Shailja Tiwari | |
| Vinay Jha | Kaushal Tomar | |
| Shekhar Kadam | Dee pika Vispute | |
| Juned Kadri | Vishal Wadhwani | |
| Amol Kalgave | Sandeep Yewale | |
| Himaja Kandregula | Swapnil Adhav | |
| Dilip Kannure | Ganesh Awadhane | |
| Varun Karnati | Srinivas Bandi | |
| Parimal Khose | Nivedita Chanekar | |
| Shripad Kulkarni | Anand Debadwar | |
| Anurag Kumar | Vishal Deotale | |
| Ajay Kumar | Geeta Dighe | |
| Balasaheb Kuragotgi | Piyush Ghelani | |
| Shailesh Mahamuni | Apeksha Hampi | |