UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Syntel Sterling Best Shores Mauritius Limited et al.,

                                Plaintiffs,

-against-

The Trizetto Group, Inc. et al.,

                                Defendants.

1:15-cv-00211 (LGS) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court are three discovery motions: (1) a motion by Defendants/Counterclaim Plaintiffs, The TriZetto Group ("TriZetto") and Cognizant Technology Solutions Corp. ("Cognizant," and, collectively, "Defendants"), compelling Plaintiff/Counterclaim Defendants, Syntel Best Shores Mauritius Limited and Syntel, Inc. (collectively, "Syntel") to provide a Rule 30(b)(6) witness or witnesses as to certain topics;[1] (2) Plaintiffs' motion to compel electronic production concerning source code, damages information and information about confidential safeguards;[2] and (3) Defendants' motion for a declaration regarding Syntel's Platform Management Tools.[3]

---

[1] *See* Letter-Motion dated January 16, 2018 from Mr. Cutri (ECF No. 317); Letter in opposition dated January 19, 2018 from Ms. Sekel (ECF No. 316); Letter reply dated January 22, 2018 from Mr. Cutri (ECF No. 320). Certain correspondence discussed herein were redacted and the Court authorized that the original, unredacted versions be filed under seal. The parties are directed to make such filings under seal.

[2] *See* Letter-Motion dated January 16, 2018 from Ms. Sekel (ECF No. 307); Letter in opposition dated January 19, 2018 from Mr. Cutri (ECF No. 319); Letter reply dated January 22, 2018 from Ms. Sekel (ECF No. 309).

[3] *See* Letter-Motion dated January 18, 2018 from Mr. Cutri (ECF No. 318); Letter in opposition dated January 23, 2018 from Ms. Sekel (ECF No. 311); Letter reply dated January 29, 2018 from Mr. Cutri (ECF No. 321); Letter dated January 29, 2018 from Ms. Sekel (ECF No. 322).

Oral argument on all three motions was held on January 26, 2018 via telephone.

## BACKGROUND

Syntel asserted claims in this action against Defendants alleging breach of contract, intentional interference with contractual relations and misappropriation of confidential information. (ECF Nos. 1, 39.) Defendants asserted counterclaims against Syntel, alleging breach of contract, breach of implied covenant of good faith and fair dealing, misappropriation of confidential information, misappropriation of trade secrets, unfair competition, tortious interference with prospective business relations and copyright infringement. (ECF Nos. 21, 50, 215.) The claims and counterclaims relate to a Master Services Agreement ("MSA") entered into between Syntel and TriZetto pursuant to which Syntel was to assist TriZetto with software development, consulting and other projects. This action arose after Cognizant, a Syntel competitor, acquired TriZetto and Syntel exercised its option to terminate the MSA. *See Syntel Sterling Best Shores Mauritius Limited v. The Trizetto Group, Inc.*, 15-CV-211 (LGS) (RLE), 2016 WL 5338550, at *1 (S.D.N.Y. Sep. 23, 2016).

## DISCUSSION

The scope of discovery in the federal courts is quite broad. *See Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, No. 16-3637-CV, 2018 WL 542338, at *7 (2d Cir. Jan. 25, 2018) (recognizing the "extremely broad" discovery permitted by the Federal Rules of Civil Procedure). Under Federal Rule of Civil Procedure 26, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

2

"Although not unlimited, relevance, for the purpose of discovery, is an extremely broad concept." *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15CIV7488CMJCF, 2017 WL 4700367, at *2 (S.D.N.Y. Oct. 19, 2017) (internal quotation and citation omitted). As for proportionality, Rule 26 tasks the Court to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). On the whole, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

I.  **Defendants' Motion for a Rule 30(b)(6) Deposition is Granted in Part and Denied in Part**

On or about January 2, 2018, Defendants served a Notice of Videotaped Deposition on Syntel, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, calling for a witness or witnesses to testify on behalf of Syntel regarding certain topics. (30(b)(6)Notice, Defs.' Jan. 16, 2018 Letter-Motion Ex. B, ECF No. 317-2 ("30(b)(6) Notice"), at 6.) Syntel objected to providing a witness as to Topics 1 to 5, which generally relate to (1) Syntel's collection and production of documents, including, in particular, documents from Ankur Chadha; (2) Syntel's document preservation efforts; and (3) the unavailability of certain of Syntel's computers. (*Id.* at 6-7.) Syntel claims that no further inquiry regarding these topics is necessary or appropriate because sufficient discovery has already taken place, including through a comprehensive forensic examination, and argues that Defendants' requests are seeking to circumvent prior discovery

orders in this case and "double check" Syntel's counsel's work. (Pls.' Jan. 19, 2018 Letter in Opp., ECF No. 316, at 1-3.)

Rule 30(b)(6) permits a party to depose a corporation or other organization by sending it a notice of deposition describing "with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "While Rule 30(b)(6) is not designed to be a memory contest, the deponents must be both knowledgeable about a given area and prepared to give complete and binding answers on behalf of the organization." *BlackRock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14 CIV. 10067 (KPF) (SN), 2017 WL 3610511, at *11 (S.D.N.Y. Aug. 21, 2017) (internal citation and quotation omitted). "A Rule 30(b)(6) deposition notice, like other forms of discovery, is subject to the limitations under Rule 26 of the Federal Rules of Civil Procedure." *BlackRock,* 2017 WL 3610511, at *11 (internal citation omitted).

The Court is satisfied that Topics 1 to 5 are relevant to issues in the case, including alleged spoliation. However, the Court finds in its discretion that not all of the requested discovery is proportional. First, Topics 1(b) and 1(c) seek information regarding the contents of files recovered from Mr. Chadha's devices that "hit on" the agreed-upon search terms, and the facts and circumstances regarding how and why Mr. Chadha and Syntel were in possession of these files. (30(b)(6) Notice at 6.) The Court understands that Syntel has already reviewed and produced files from these devices that are responsive to TriZetto's document requests. Here, what Defendants essentially are seeking is for Syntel to prepare a witness to testify regarding non-responsive documents. The Court finds that such testimony is not proportional to the needs of the case, particularly when Defendants can depose Mr. Chadha regarding the contents of his files. The same is true for information regarding Mr. Chadha's possession of those files, which can also be

4

obtained from Mr. Chadha himself. Thus, the Syntel 30(b)(6) witness or witnesses need not testify regarding Topics 1(b) and 1(c).

As for Topics 3 and 4, the Court hereby limits the scope to "facts and circumstances relating to" the requested topics (*i.e.*, Syntel's document collection and production and preservation efforts, respectively), as opposed to "[a]ll facts, circumstances [and] documents." (30(b)(6) Notice at 7.) Defendants may inquire at the Rule 30(b)(6) deposition about what Syntel did to collect and produce documents in this action, and to understand what Syntel did to preserve documents, including through the distribution of preservation notices. The Court is mindful that such inquiries may touch upon matters that are protected by the work product doctrine or other privilege, but is also mindful that "permitting a party to invoke work product as a blanket obstacle to a 30(b)(6) deposition" may "undermine the important utility of that device." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Fed. Prac. & Proc. Civ.* § 2103 (3d ed. 2010). Syntel may, of course, assert any valid objections on the grounds of the work product doctrine.

Finally, in Topic 5, Defendants seek information regarding the unavailability of certain computers. Syntel claims that this topic relates to a preliminary assessment that identified many computers as unavailable when, in fact, that number was significantly reduced during the course of the forensic examination. The Court finds that the information sought in Topic 5 is not proportional to the needs of the case, and hereby limits Topic 5 to the unavailability of the devices listed in ¶¶ 22(a) and (c) of the forensic examiner's report. (Forensic Report, Defs.' Jan. 16, 2018 Letter-Motion Ex. I, ECF No. 317-9, at 11.)

5

II. **Syntel's Motion to Compel Electronic Production is Granted in Part and Denied in Part**

On November 17, 2016, Syntel served discovery demands on Defendants seeking, among other things, production by Defendants of source code, damages information and information about confidential safeguards. Certain materials were produced by Defendants on April 21, 2017, along with an invitation to Syntel to review and inspect at TriZetto's office in Colorado, "TriZetto source code, documents relating to Defendants' efforts to protect and safeguard their intellectual property and confidential, proprietary information, and documents relating to damages in this case." (Pls.' Letter-Motion, Ex. 2, ECF 307-2.) Defendants assert that "certain legacy systems and data are not amenable to mass production in review platforms." (Defs.' Letter in Opp., ECF No. 319, at 3.) Defendants "offered to make a knowledgeable employee available to assist Syntel in understanding and querying any information from the [TriZetto Colorado] databases and to produce any such information." (*Id*.) Syntel has not conducted such a review and inspection, but is seeking by its motion to have Defendants "produce electronically" the "relevant and responsive material." (Pls.' Letter-Motion, ECF No. 307, at 1.)

Documents regarding Defendants' damages and Defendants' protections of their trade secrets and related material plainly are relevant and should be produced. The Court agrees with Plaintiffs that it is the responsibility of Defendants, not Plaintiffs, to search for and identify such documents. Thus, to that extent, Syntel's motion to compel electronic production of such documents, set forth in Request for Production Nos. 5, 6 and 14. (Pls.' Letter-Motion, Ex. 2, ECF 307-1, at 7-8, 14), is granted.

Syntel also seeks "electronic production" of source code-related information. The Court recognizes that this type of information can be difficult to produce in a standard electronic

6

format, as Defendants claim here. Indeed, the Federal Rules of Civil Procedure expressly envision "inspection and related activities[,]" which the Court finds is appropriate under the circumstances. Fed. R. Civ. P. 34(b)(2)(B). Thus, Syntel's motion regarding the source code-related information is denied without prejudice. If Syntel wishes to pursue further discovery regarding source code, it must inspect the source code-related information in TriZetto's office in Colorado within thirty (30) days from the date of this Order. At such inspection, Defendants are ordered to make a knowledgeable employee available to assist Syntel in understanding and querying any information from the TriZetto databases and to produce any such information. In addition, Defendants shall identify for Syntel at such inspection the source code-related information that Defendants deem to be relevant. If, after such inspection is completed, Defendants believe that further discovery regarding the source code is needed, they can renew their motion.

**III.     Defendants' Motion for Declaration Regarding Platform Management Tools is Denied**

At a hearing on June 29, 2016, Magistrate Judge Ellis granted a motion to compel by Defendants regarding Syntel's Platform Management Tools. (Tr., ECF No. 166, at 2.) Defendants now move for an Order compelling Syntel to produce a declaration from a competent witness that "answers and explains" four questions set forth on page 3 of Defendants' counsel's letter of January 18, 2018 ("January 18 Questions"). (Defs.' Jan. 18, 2018 Letter-Motion, ECF No. 318, at 3.) Syntel opposes this motion, arguing, among other things, that depositions of nine Syntel employees are scheduled in the next six weeks and that Defendants can take live testimony regarding the Platform Management Tools. (Pls.' Letter in Opp., ECF No. 311, at 2-3.)

Defendants' did not initially cite to any authority that would entitle them to such a declaration. (Defs.' Jan. 18, 2018 Letter-Motion, ECF No. 318, at 3.) In a supplemental letter

submitted after oral argument, Defendants assert that authority exists to require such a declaration from three sources: (1) the Court's inherent authority; (2) Fed. R. Civ. P. 31(a)(4) (deposition on written questions); and (3) Fed. R. Civ. P. 37(b)(2)(A) (sanctions for not obeying a discovery order). (Defs.' Jan. 29, 2018 Letter, Ex. A.)

The Court in its discretion declines to use its inherent authority to provide Defendants the relief sought, and also declines to issue sanctions. Moreover, as far as the Court is aware, Defendants have not sought to proceed by way of depositions by written questions under Fed. R. Civ. P. 31, in lieu of depositions by oral examination under Fed. R. Civ. P. 30.

As noted by Syntel, there are nine depositions of Syntel witnesses on oral examination that will take place in the next six weeks, and Defendants can seek answers to their questions during these depositions. In addition, the Court hereby grants leave to Defendants to ask the four January 18 Questions, at the Rule 30(b)(6) deposition of Syntel's witness that is referenced above. Thus, Defendants' Motion is denied.

**CONCLUSION**

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' motion to compel Syntel to provide a Rule 30(b)(6) witness or witnesses as to Topics 1 to 5 is GRANTED IN PART AND DENIED IN PART. Syntel shall provide a witness or witnesses to testify regarding Topics 1 to 5, as modified on pages 4 to 5 of this Opinion and Order. Defendants also have leave to take testimony from Syntel's witness or witnesses regarding the January 18 Questions. Syntel's Rule 30(b)(6) deposition shall be taken as soon as practicable, but no later than February 16, 2018.

2. Syntel's motion to compel electronic production concerning damages information and information about confidential safeguards is GRANTED. Syntel's motion concerning source code-related information is DENIED WITHOUT PREJUDICE. If Syntel wishes to pursue further discovery regarding source code, it must inspect the source code-related information in TriZetto's office in Colorado within thirty (30) days from the date of this Order. At such inspection, Defendants are ORDERED to make a knowledgeable employee available to assist Syntel in understanding and querying any information from the TriZetto databases and to electronically produce any such information. In addition, Defendants shall identify for Syntel at such inspection the source code-related information that Defendants deem to be relevant.
3. Defendants' motion to compel Syntel to produce a declaration is DENIED.

**SO ORDERED.**

DATED:  New York, New York
        January 30, 2018

_____
STEWART D. AARON
United States Magistrate Judge