# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

|  | 300 North LaSalle | |
|---|---|---|
|  | Chicago, IL 60654 | |
| Gianni Cutri | | |
| To Call Writer Directly: | (312) 862-2000 | Facsimile: |
| (312) 862-3372 | | (312) 862-2200 |
| gianni.cutri@kirkland.com | www.kirkland.com | |

May 22, 2018

Honorable Stewart D. Aaron
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    Syntel v. TriZetto (No. 15-cv-0211)

Dear Judge Aaron:

We represent the defendants and counterclaim-plaintiffs in the above-referenced matter ("Defendants").    Defendants submit this letter requesting that this Court order Syntel to immediately produce documents found on the devices of Mr. Ankur Chadha.

Pursuant to Your Honor's Individual Practice Rule II.A, I hereby certify that counsel of record has complied with the meet and confer requirement as to the issues raised in this letter.  The required conference was conducted on April 27, 2018 via telephonic conference.  Gianni Cutri and Jared Barcenas participated for Defendants; Norman Ankers and Rob Weisbein participated for Syntel.  *See* Ex. 1 (4/29/18 Email from J. Barcenas to R. Weisbein) at 7.  No resolution could be reached for the reasons described in this letter, and discussions have conclusively ended in an impasse.

# KIRKLAND & ELLIS LLP

Hon. Stewart D. Aaron
May 22, 2018
Page 2

### I.      Syntel Has Improperly Resisted Discovery Into TriZetto Materials on Mr. Chadha's Computers For Almost Three Years

Judge Ellis ordered search terms to be used in this case almost three years ago.  Dkt. 112.  Thereafter, Syntel attempted to remove "TriZetto," "TZ," and "Cognizant" from the search term protocol.  Dkt. 120 at 1.  Judge Ellis denied this request, Dkt. 124, and Judge Schofield affirmed that denial.  Dkt. 143.  Thereafter, in June 2016, Judge Ellis ordered Syntel to produce "any documents or information derived directly or indirectly from TriZetto and which contain the words 'confidential,' 'proprietary' or any similar confidentiality legend, or which are attached to other documents or communications referencing the confidential or proprietary nature of TriZetto's information."  *See* Ex. 2 (5/12/16 Joint Ltr.) at 30; Dkt. 166 at 2:8-3:17.  Judge Schofield again affirmed this order over Syntel's objection.  Dkt. 187.  In reviewing the documents dislodged by these Court orders, it became clear that Ankur Chadha was a central player in this case.  Unlike other Syntel employees, Mr. Chadha never worked at TriZetto.  Instead, he was, in essence, a business development employee who helped Syntel try to expand its business in the space in which TriZetto and Syntel compete.  Ex. 3 (Chadha Dep. Excerpt) at 53:4-54:22 (discussing leading the Product Consulting Team, which "did broad support on sales and marketing pursuits on healthcare products practice").  Thus, it was surprising to see emails showing that Mr. Chadha directly coordinated the collection and transmission of TriZetto's materials.  *See e.g.*, Ex. 4 (SYNT00147203) at 205 ███████████████████████████████████ Ex. 5 (SYNT00086663) ███████████.  Later, the forensic examiner obtained Mr. Chadha's laptops and emails and searched them to see whether a specific subset of TriZetto materials (*i.e.*, manuals and other TriZetto documents that had been downloaded by other Syntel employees from TriZetto's Customer Exchange in a flurry of activity just after Syntel learned that TriZetto would be acquired by Syntel's biggest competitor, Cognizant) were found there.  Incredibly, ███████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████  Instead, he simply took them and used them without TriZetto's permission.  Notably, Syntel itself had not produced the vast majority of these emails and documents from Mr. Chadha, despite their obvious relevance.

Following this discovery, Defendants requested that Syntel run the parties' agreed search terms across Mr. Chadha's devices and produce all documents that hit on those search terms.  Syntel refused, insisting that it would review all of the hits and would provide any responsive documents.  Based on that representation, Judge Ellis agreed that Syntel could first filter the documents for responsiveness: "they need to be screened and I have no reason to doubt that Ms. Sekel won't do that and won't do what needs to be done after they've run the search terms."  Dkt. 290 at 49:12–15.

# KIRKLAND & ELLIS LLP

Hon. Stewart D. Aaron
May 22, 2018
Page 3

But this Court's faith in Syntel appears to have been misplaced as Syntel did not comply with Judge Ellis' order. Instead, after weeks of delay, Syntel produced exactly one additional email from Mr. Chadha's computer. Dkt. 317 at 3. Defendants were understandably skeptical of this outcome and sought to further understand Syntel's efforts at discovery. But Syntel instead embarked on yet another campaign to block inquiry into its conduct. First, Syntel refused to provide a 30(b)(6) witness on the number of hits on Mr. Chadha's computer, insisting that information was not discoverable. Ex. 9 (1/22/18 Ltr. from A. Sekel to Judge Aaron). The Court rejected Syntel's argument and ordered Syntel to provide a knowledgeable witness on this topic. Dkt. 324 at 8. Syntel refused to do so, and instead presented Mr. Chadha to offer testimony on the Court-ordered topic without giving him any factual information, insisting, without basis, that the Court's order compelling such factual information was wrong. Dkt. 378 at 3. During briefing on a further motion to re-compel this testimony, Syntel again insisted that "there is no additional testimony that Mr. Chadha or anyone within Syntel can provide on" the topic. *Id.* The Court again rejected Syntel's argument, finding that Syntel had "not complied with the January 30, 2018 Order," and noting that "the history in this case shows that some skepticism regarding the thoroughness of Syntel's document production is warranted." Dkt. 383 at 2–3. The Court ordered Syntel to provide the number of search term hits for Mr. Chadha's devices. Dkt. 383 at 3–4.

## II.     The Large Number of Search Term Hits Undermine Syntel's Claim That It Has Produced All Relevant Documents.

This Court's skepticism about Syntel's production efforts proved prescient, as the number of search term hits on Mr. Chadha's devices is shocking. There are almost 25,000 hits for "TriZetto" and another 11,500 for the TriZetto abbreviation "TZ." The word "Facets" (which is the name of TriZetto's flagship software program at issue in this case) appears over 136,000 times. Incredibly, the phrase "Customer Exchange," which is TriZetto's name for its internal, secure network and which is the name of the network that Syntel's witnesses improperly downloaded hundreds of documents appears ***over 400 times***.

Defendants immediately asked Syntel for an explanation of why seemingly hundreds (if not thousands) of documents had not been provided. *See* Ex. 1 (4/29/18 Email from J. Barcenas to R. Weisbein) at 6–8. Syntel has never answered this question, first delaying providing its response, only to ultimately sidestep the inquiry. Ex. 1 (4/29/18 Email from R. Weisbein to J. Barcenas) at 4–5 (R. Weisbein claiming that "Anne will respond in due course") and 1 (A. Sekel responding that "we have been considering the issues raised in your email" and that "[w]e also intend to address the portion of your email regarding the search term hits"). Syntel later suggested that some of these hits were from previously-produced Chadha documents, but that only raised more questions. As the attached chart shows, the number of hits on Mr. Chadha's computers vastly outnumbers the number of hits on the Chadha-produced documents. *See* Ex. 7 (5/10/18 Email from A. Kaufmann to A. Sekel) at 7. Twelve days ago, on May 10, Defendants wrote to Syntel pointing out this discrepancy and requesting that Syntel produce a subset of the documents in

# KIRKLAND & ELLIS LLP

Hon. Stewart D. Aaron
May 22, 2018
Page 4

question.  *See Id*.  In that time, Syntel has filibustered, insisting that Syntel would "review Defendants' request and respond in a timely manner" (May 11), that it was "evaluating Defendants' request and will respond as soon as it can" (May 14), and that "Syntel is in the process of evaluating Defendants' demands and we are working in good faith to provide a response – which we will do as soon as we are able" (May 21).  Ex. 7 (email chain) at 3–6.  To date, Syntel has never explained how it could be that Syntel has produced less than 7.25% of documents from Mr. Chadha's devices that include "TriZetto," (a party Mr. Chadha was never formally associated with), and has produced less than 30% of documents that include "customer exchange" (the name of the system where tens of thousands of TriZetto documents are found and ███████████████████████████████████████████████████████████ ███ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████

Worse, Syntel refused to answer a fundamental question concerning its compliance with this Court's order.  Specifically, Judge Ellis ordered Syntel to produce "any documents or information derived directly or indirectly from TriZetto and which contain the words 'confidential,' 'proprietary' or any similar confidentiality legend, or which are attached to other documents or communications referencing the confidential or proprietary nature of TriZetto's information."  *See* Ex. 2 (5/12/16 Joint Ltr.) at 30; Dkt. 166 at 2:8–3:17.  Defendants asked Syntel directly whether any of the approximately 25,000 hits for "TriZetto" were on confidentially-designated documents that the Court ordered produced and, if so, whether all such documents had been produced.  Ex. 7 (4/29/18 Email from J. Barcenas to R. Weisbein) at 15–17.  Syntel has steadfastly refused to answer, raising serious questions about its compliance with the Court's order compelling this information.

## III.        Requested Relief

The Court should order Syntel to immediately produce (or log for privilege) the documents with hits on the subset of search terms that are obviously relevant to this action, including "TriZetto" and "TZ," "Customer Exchange," and "Facets."  To the extent Syntel claims that Judge Ellis already considered some aspect of this request, that argument is undercut by the myriad facts Judge Ellis did not have at his disposal when he first considered this issue in October, 2017.  For example, neither Defendants nor Judge Ellis were aware of the large number of hits on Mr. Chadha's computers (something Syntel repeatedly sought to obfuscate), nor did Syntel disclose to Judge Ellis that Mr. Chadha had not secured TriZetto's permission to utilize any documents with "TriZetto" or "TZ."  Additionally, Mr. Chadha had yet to be deposed such that Judge Ellis was not aware of Mr. Chadha's utilization of TriZetto's materials and the customer exchange system, nor had the Court expressed its view that "the history in this case shows that some skepticism regarding the thoroughness of Syntel's document production is warranted."  Dkt. 383 at 2–3.  Judge Ellis also did not have visibility to Syntel's subsequent, repeated efforts to block any inquiry into whether it complied with the Court's orders.

# KIRKLAND & ELLIS LLP

Hon. Stewart D. Aaron
May 22, 2018
Page 5

Sincerely,

/s/ Gianni Cutri
Attorney for Defendants

Enclosures
cc:  All Counsel of Record