

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

August 10, 2018

**BY ECF**
Honorable Stewart D. Aaron
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re: *Syntel et al. v. TriZetto et al.*, Case No. 15 Civ. 211

Dear Judge Aaron:

  We write on behalf of Plaintiffs/Counterclaim Defendants Syntel Sterling Best Shores Mauritius Ltd. and Syntel, Inc. ("Syntel") in response to Defendants' letter, dated August 7, 2018, which seeks an *in camera* review of certain documents listed on Syntel's privilege logs, dated July 2 and July 19, as well as the production of certain other privileged documents reflected on the logs. As explained more fully below, Defendants' application should be denied because the documents reflected on Syntel's logs are, in fact, privileged pursuant to the applicable federal law and Your Honor's June 18, 2018 Order (Dkt. No. 405). And Defendants have proffered nothing more than unsubstantiated speculation in support of their requests. Moreover, Defendants' application is squarely at odds with the express terms of the Protective Order – which treats as presumptively privileged "any correspondence sent exclusively between in-house attorneys acting as counsel and outside counsel" and "information generated after the time the Litigation was commenced." Dkt. No. 99 at ¶26.[1]

**Defendants' Category 1: Syntel has withheld only those attachments that are privileged.**

  Defendants seek an *in camera* review of 148 privileged attachments to privileged emails. Contrary to Defendants' assertion – which Syntel repeatedly refuted during the parties' meet-and-confer – Syntel did not withhold attachments on the grounds that "any attachment to a privileged e-mail is itself privileged." Far from it, Syntel withheld email attachments where such documents are work product attachment[s] to communications with counsel providing material at counsel's request and reflecting attorney work product and legal advice provided by counsel. As confirmed in the very case cited by Defendants, when evaluating an attachment for privilege, a party "can consider the contents of the parent e-mail and need not view the attachment as an entirely distinct and independent document," and when an attachment is "communicated in confidence to an attorney in connection with the seeking or receipt of legal advice," it may be deemed privileged. *See Durling v. Papa John's International, Inc.*, 2018 WL 557915, at *8 (S.D.N.Y. 2018). Syntel evaluated each attachment reflected on the privilege logs and withheld those documents that met this criteria. Attachments that

---

[1] Pursuant to Paragraph 26 of the Protective Order, Syntel was under an obligation to log fewer than 80 documents in its recent productions. Notwithstanding this, Syntel *voluntarily* logged all privileged documents. Accordingly, Defendants' application improperly challenges the status of documents that are presumptively protected pursuant to the Protective Order in this matter.

| | | | | |
|---|---|---|---|---|
| BOSTON | JACKSONVILLE | MILWAUKEE | SAN DIEGO | TALLAHASSEE |
| BRUSSELS | LOS ANGELES | NEW YORK | SAN FRANCISCO | TAMPA |
| CHICAGO | MADISON | ORLANDO | SHANGHAI | TOKYO |
| DETROIT | MIAMI | SACRAMENTO | SILICON VALLEY | WASHINGTON, D.C. |

4823-6409-0735.3

did not meet this standard were produced. Thus, no *in camera* review of these attachments is warranted.

**Defendants' Category 2 – Syntel has withheld only email chains that are entirely privileged.**

Defendants seek the production of 129 email chains which Defendants claim are not privileged because no attorney is present on the top-most email. Contrary to Defendants' wholesale misstatement of Syntel's position, Syntel does not now and has never maintained that "because an email chain at some point involved a lawyer, it [is] privileged." Rather, as Syntel explained during the parties' August 7 meet-and-confer, pursuant to the Protective Order, only the senders and recipients of the top email in an email chain are reflected on the logs. Thus, while it may appear that counsel is not involved in the at-issue email communication, in all cases, an attorney was present on the communication. (On this issue, Syntel offered to provide Defendants revised log entries that would include the names of all attorneys on the email chain. Defendants rejected this offer.) More to the point, as this Court previously has confirmed, emails between non-attorneys may be withheld as privileged where such communications reflect the legal advice or work product *of counsel*. *See* June 18, 2018 Hearing Tr. at 39:1-3 (excerpt attached as Exhibit A). In preparing its logs, Syntel evaluated each email in an email chain to ensure that all non-privileged emails were produced, even if those emails appeared in a chain that at some point included counsel. On the other hand, where a communication between non-attorneys in an email chain reflected legal advice or attorney work product, the email – appropriately – was withheld and logged. Syntel, therefore, has complied fully with the law and the Court's direction regarding emails between non-attorneys.

**Defendants' Category 3 – Syntel already has provided adequate descriptions of privileged communications with counsel.**

Defendants contend that Syntel has not provided enough "meaningful detail" in its privilege log descriptions of communications with counsel. However, as reflected in the very examples that Defendants cite in their letter, Syntel has provided (i) the general subject matter of the document; (ii) information that confirms that the document is a communication with counsel; and (iii) confirmation that the communication reflects legal advice or work product of counsel. Supplying additional detail is not required under the Protective Order (which mandates only a description "sufficient to understand the subject matter of the document and the basis of the claim of privilege or immunity") (Dkt. No. 99 at ¶ 27) or warranted under the law. Indeed, Defendants cite no case which requires a more detailed description of privileged communications than that provided by Syntel in its logs. Further, providing any additional detail risks exposing the privileged material in the document itself.

**Defendants' Category 4 – Defendants improperly seek the production of non-substantive/non-responsive files embedded in privileged documents and previously produced attachments.**

Despite Syntel's repeated explanations and confirmations that the non-substantive embedded objects and files that Defendants seek are not, in fact, independent from the privileged emails in which they are embedded, Defendants persist in their efforts to obtain production of these files. As conveyed to Defendants during the August 7 meet-and-confer, non-substantive embedded objects are files (often images) such as, for example, company logos or other icons (like a Twitter or LinkedIn icon) that are often found as part of an email signature. These objects are "embedded" in the email. However, as is common during the process of producing electronic documents, these objects are "pulled out" of the emails in which they are embedded and produced as separate files. Notwithstanding this artifact of production processing, the objects remain an integral part of the emails in which they originally were

embedded. They have no meaning or relevance beyond that of the email in which they were found. Thus, it is utterly nonsensical to seek production of these files. Moreover, even if these files were treated as stand-alone documents, *their production would not be warranted here as none of them contain any search terms.*

Similarly, HTM files are not stand-alone documents. Rather, it is Syntel's understanding that HTM files are created when email servers reformat emails as they are transmitted, on occasion resulting in a single email being split into multiple files. Where such HTM files in Syntel's production contained no substantive content (for example, a file that appears to be a blank space without any text) but were part of a privileged email, Syntel logged the file as a "non-substantive HTM file[s]" that is part of a privileged document. Thus, there is no logical rationale for producing such a non-substantive HTM file separately from the privileged email of which it is a part. Furthermore, as with embedded objects, even if the Court were to deem these documents independent files, *their production would not be required since they do not contain any search terms.*

Lastly, Defendants seek the re-production of seven attachments to privileged emails that already have been produced. There simply is no basis for such a request, and it should be denied. These documents previously were produced and do not need to be produced again. Further, the instance of the document reflected on Syntel's log is protectable because it was provided at counsel's request, reflects attorney work product, and reflects legal advice provided by counsel. Thus, these attachments are properly designated as privileged. *Durling*, 2018 WL 557915, at *8 (S.D.N.Y. 2018).

**Defendants' Category 5: Syntel has produced every search term hit and logged every privileged document among those hits pursuant to the Protective Order. Thus, no further relief is warranted here.**

The parties' Protective Order states that:

> To the extent email is included and described on the privilege log, any email chain (i.e., a series of emails linked together by email responses and forwarding) that is withheld or redacted on the grounds of privilege, immunity or any similar claim may be logged as a single entry and identified by the most recent (i.e., top-most) email. The Parties shall not be required to break up an email chain and log each individual email separately. If, however, email contained within a given chain exists as a separate document, then the Parties shall log that document in accordance with this Paragraph.

Dkt. No. 99 at ¶ 27. Syntel has followed this protocol. All non-privileged documents that contain search terms were produced. Every privileged email is reflected in a privilege log entry as required by the Protective Order. As stated above, each individual email within a chain was independently evaluated for privilege to determine whether the chain should be either produced, redacted, or withheld as privileged. No documents were withheld but not logged. Any order to produce documents within this Category would, therefore, be baseless and result in no additional production.

In light of the foregoing, Syntel requests that the Court deny the relief requested by Defendants.

**FOLEY**
FOLEY & LARDNER LLP

August 10, 2018
Page 4

                                      Respectfully submitted,

                                      /s/ Anne B. Sekel

                                      Anne B. Sekel
                                      *Counsel for Syntel*

cc:      Counsel of Record