USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/2/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Syntel Sterling Best Shores Mauritius Limited et al.,

                          Plaintiffs,

-against-

The Trizetto Group, Inc. et al.,

                          Defendants.

1:15-cv-00211 (LGS) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a Letter-Motion (ECF No. 460) by Defendants/Counterclaim Plaintiffs, The TriZetto Group ("TriZetto") and Cognizant Technology Solutions Corp. ("Cognizant" and, collectively, "Defendants") to compel Plaintiff Syntel, Inc. ("Syntel") to produce documents regarding the acquisition of Syntel by Atos SE ("Atos"). For the following reasons, Defendants' Letter-Motion is DENIED.

**BACKGROUND**

**I.    Factual Background**[1]

TriZetto develops and licenses software products in the healthcare industry. TriZetto also provides consulting services, including a unit that customizes and integrates its own software into clients' existing systems. Syntel and TriZetto were parties to a Master Services Agreement ("MSA") in which Syntel promised to supply TriZetto with appropriately qualified technical personnel to assist with software development, consulting and other customer projects. The MSA

---

[1] This section is derived from an earlier Opinion and Order by me. *See Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, No. 15-CV-00211 (LGS) (SDA), 2018 WL 4489286, at *2 (S.D.N.Y. Sept. 19, 2018).

included a clause prohibiting each party from using the other's "Confidential Information" for its own benefit. The MSA also contemplated that, in the event that one of Syntel's competitors, including Cognizant, acquired TriZetto, Syntel could elect to terminate the MSA, as long as Syntel continued to provide "Termination Assistance Services" for up to two years.

On September 15, 2014, Cognizant announced that it would acquire TriZetto. Syntel issued a notice of termination on November 20, 2014, which took effect on February 18, 2015. On January 12, 2015, Syntel filed this lawsuit, alleging claims for breach of contract, intentional interference with contractual relations and misappropriation of confidential information. Defendants then filed Counterclaims against Syntel, alleging, *inter alia*, breach of contract, breach of implied covenant of good faith and fair dealing, misappropriation of confidential information, misappropriation of trade secrets, unfair competition, tortious interference with prospective business relations and copyright infringement. In their Counterclaims, Defendants alleged, among other things, that after issuing the notice of termination, Syntel misappropriated TriZetto's confidential information.

II. **Discovery Dispute**

On May 29, 2015, Defendants served two requests for production that are relevant to the instant dispute. First, they sought "[a]ll documents provided by, or reflecting information obtained from or related to, Cognizant or TriZetto that were shared or will be shared with any potential acquirer of, or party to a merger with, [Syntel]." (Def. Third Set of RFPs, ECF No. 460-6, at 5.) Second, they sought "[a]ll confidentiality agreements, or other similar non-disclosure agreements, Syntel has entered with any potential acquirer of, or party to a merger with,

[Syntel]." (*Id*.)[2] Syntel timely served objections to these two requests, including on relevance grounds. (Pls.' Resps. & Objs., ECF No. 463-1, at 5.) Defendants thereafter never challenged these objections. (10/24/18 Pl. Letter Resp., ECF No. 463, at 2.)

Fact discovery in this case closed on March 7, 2018, with some limited exeptions. (*See* ECF No. 383.) On July 22, 2018, it was publicly reported that Atos would acquire Syntel. (10/16/18 Letter-Motion, Ex. 4, ECF 460-4.) On September 20, 2018, Defendants first requested that Syntel produce documents related to the Atos acquisition. (10/16/18 Letter-Motion at 2.) After a series of communications, Syntel refused to produce any documents, and Defendants' instant Letter-Motion followed. (*Id*. at 2-4.) Syntel filed its response on October 24, 2018 (ECF No. 463), and Defendants filed their reply on October 25, 2018. (ECF No. 464.) Oral argument was held by telephone on November 1, 2018.

**DISCUSSION**

**I.     Legal Standards**

A party may serve on any other party a request to produce documents within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). The responding party then must produce the requested documents "or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). If a party fails to make a disclosure required by Rule 26(a), or makes an incomplete disclosure, any other party may move to compel disclosure. Fed. R. Civ. P. 37(a). "Though Rule 37 does not establish time limits for such a motion, a party seeking to file a motion to compel after discovery has closed must . . . establish good cause." *Gucci Am., Inc. v.*

---

[2] Defendants also invoked in their Letter-Motion another of their document requests (regarding "all documents and communications that relate to the allegations of the Complaint) (10/16/18 Letter-Motion, ECF No. 460, at 2), but the Court does not find that request germane.

3

*Guess?*, Inc., 790 F. Supp. 2d 136, 139 (S.D.N.Y. 2011) (citing *Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir.1991)).

"Motions to compel, pursuant to Rule 37, are left to the sound discretion of the court." *See Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, No. 15-md-02631 (CM) (SDA), 2018 WL 4941773, at *2 (S.D.N.Y. Oct. 12, 2018) (citations omitted). Moreover, "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).

II. **Application**

In its discretion, the Court finds that no additional document production is warranted. Fact discovery in this case occurred over a period in excess of three years, which is long enough. *See In re NCAA Ath. Grant-In-Aid Cap Antitrust Litig.*, No. 14-md-02541 (CW) (NC), 2018 U.S. Dist. LEXIS 24240, at *22 (N.D. Cal. Jan. 3, 2018) ("At some point, all good things must come to an end."); *see also Serrano-Perez v. FMC Corp.*, 985 F.2d 625, 627-28 (1st Cir. 1993) ("[d]iscovery deadlines are necessary for the proper management of cases.") (citation omitted).

Putting aside Defendants' delay in raising the issue, the Court finds that the marginal utility of the documents requested, if any, is outweighed by the burdens and delays that would be imposed. Thus, the discovery sought is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Furthermore, if the Court were to allow this additional fact discovery, "it is a slippery bobsled slope into additional . . . discovery requests by both sides." *See In re NCAA*, 2018 U.S. Dist. LEXIS 24240, at *22.

Discovery deadlines exist for a reason. They bring closure and eliminate additional burden and expense. In the circumstances presented, the Court will not reopen fact discovery for purposes of document production relating to the Atos acquisition.

## **CONCLUSION**

For the foregoing reasons, Defendants' Letter-Motion is DENIED.

**SO ORDERED.**

DATED:    New York, New York
         November 1, 2018

_____
STEWART D. AARON
United States Magistrate Judge