UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SYNTEL STERLING BEST SHORES
MAURITIUS LIMITED, ET AL.,
                               Plaintiffs,           15 Civ. 211 (LGS)

               -against-                           ORDER

THE TRIZETTO GROUP, ET AL.,
                               Defendants.
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, by letters dated August 31, 2020, Plaintiffs Syntel Inc. and Syntel Sterling Best Shores Mauritius Ltd. ("Syntel") and Defendants The TriZetto Group Inc. and Cognizant Technology Solutions Corp. requested certain redactions to their respective pretrial memoranda of law.  (Dkt. No. 639, 644);

       WHEREAS, by Order dated September 1, 2020, the parties were directed to file letters requesting any additional proposed redactions to pretrial memoranda of law and were directed to jointly file all future requests for proposed redactions. (Dkt. No. 651);

       WHEREAS, by letters dated September 4, 2020, Syntel and Defendants requested certain redactions to the pretrial memoranda of law.  (Dkt. Nos. 654, 655);

       WHEREAS, by letters dated September 8, 2020, Syntel and Defendants filed letters requesting to file their joint requests for certain redactions to their respective responses to the pretrial memoranda of law by September 10, 2020, (Dkt. No. 657, 658).  It is hereby

       **ORDERED** the parties' redaction requests at Dkt. Nos. 639, 644, 654 and 655 are GRANTED in part.  Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also*

*Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). The proposed redactions, except for the following, are narrowly tailored to prevent unauthorized dissemination of sensitive business information:

- Defendants' proposed redactions to damages figures in their pretrial memorandum of law at Dkt. No. 640 on pages 11, 13, 15, 17, 18, 19, 21, 24 and 25.

It is further

**ORDERED** that by **September 11, 2020**, Defendants shall re-file a public redacted version of their pretrial memorandum of law that does not redact the damages figures on the pages provided above. It is further

**ORDERED** that by **September 11, 2020**, Defendants shall file the public redacted version of Syntel's pretrial memorandum of law, including the redactions as proposed in Dkt. No. 656. The parties are reminded that per Individual Rule I.D.3, requests for redactions must be accompanied by both the sealed document with the proposed redactions highlighted and a publicly-filed document with the proposed redactions. It is further

**ORDERED** that the parties' requests at Dkt. Nos. 657 and 658 to file their joint sealing requests to their respective responses to the pretrial memoranda of law are GRANTED. The parties shall file the requests by **September 10, 2020**. For future submissions, joint sealing requests, with the proposed public and sealed versions, must be made on the same date the filings are due.

The Clerk of Court is respectfully directed to close Dkt. Nos. 639, 644, 655, 657 and 658.

Dated: September 9, 2020
    New York, New York

2

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE