UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYNTEL STERLING BEST SHORES MAURITIUS LIMITED, and SYNTEL, INC., <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> THE TRIZETTO GROUP, INC. and COGNIZANT TECHNOLOGY SOLUTIONS CORP., <br><br> Defendants and Counterclaim-Plaintiffs. | 1:15-CV-00211 (LGS) (SDA) <br><br> Hon. Lorna G. Schofield |

**MEMORANDUM OF LAW IN SUPPORT OF TRIZETTO'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE UNTIMELY EXPERT OPINIONS OF SYNTEL EXPERT DANIEL ROFFMAN CONTRAVENING COURT'S PRECLUSION ORDER**

Defendants/Counterclaim-Plaintiffs The TriZetto Group, Inc. and Cognizant Technology Solutions Corp. (together "TriZetto") respectfully move to preclude Plaintiffs/Counterclaim-Defendants Syntel Sterling Best Shores Mauritius Limited ("Syntel Mauritius"), and Syntel, Inc. (collectively "Syntel") from introducing opinions offered by their expert Daniel Roffman after the close of expert discovery because they (1) violate Federal Rule of Civil Procedure 26(a) ("Rule 26(a)"); and (2) are prohibited by the Court's preclusion order, Dkt. 276.

## I.     FACTUAL BACKGROUND

TriZetto asserts that Syntel misappropriated its trade secrets, including thousands of its Facets test cases and hundreds of its automation scripts. Syntel advertises that it has a "[r]epository with 3,000+ FACETS test cases and 500+ automation scripts." *E.g.*, Dkt. 527, Ex. 44 at 2; Dkt. 527, Ex. 47 at 2. Yet, though Syntel claimed it independently developed the test cases and automation scripts it advertises, it refused to provide discovery into the contents of this repository and its alleged independent development. TriZetto moved to compel discovery into those matters, which the Court granted. Dkt. 187. Despite having been ordered to do so, Syntel nevertheless initially produced only 29 test cases (instead of 3000) and no automation scripts (instead of 500), representing it had no automation scripts or additional test cases. Dkt. 369 at 6:14-20.

As the Court explained after considering these facts, Syntel's production was made "only after making multiple contradictory and possibly false representations to the Court as to whether Syntel then or ever possessed a so-called repository of such material." *Id.* at 6:10-14. Based on this misconduct, the Court precluded Syntel "from offering or presenting any evidence that it did not misappropriate and unlawfully copy Defendants' FACETS Test Cases and Automation Scripts," or "from offering or presenting any evidence that it independently developed any of the Platform Management Tools at issue in this case." Dkt. 276.

1

On December 7, 2018, the date on which the parties' rebuttal expert reports were due (Dkt. 481), Syntel served the Rebuttal Expert Report of Daniel E. Roffman. Ex. 1. When Mr. Roffman prepared his report, he had access to TriZetto's production of test cases and automation scripts. *Compare* Ex. 2 ¶¶ 76, 78 *with* Ex. 1 ¶ 5, Ex. 1 at 27, 77.[1] Nevertheless, the Rebuttal Expert Report contains no opinions about either test cases or automation scripts. *See* Ex. 1 ¶ 12. In fact, at his deposition during expert discovery, Mr. Roffman explained he did not know what test cases or automation scripts were, much less have opinions about them. *See* Ex. 3 at 96:24-97:20, 161:21-162:13. Expert discovery closed a week later. Dkt. 484.

Nearly five months after expert discovery closed, TriZetto moved for summary judgment that Syntel misappropriated TriZetto's trade secrets associated with its test cases and automation scripts. Dkt. 520. Syntel opposed and filed a supporting declaration from Mr. Roffman, which for the first time expressed opinions about test cases and automation scripts. Ex. 4, Ex. 5. In Mr. Roffman's declaration, he suggests Syntel did not misappropriate test cases or automation scripts, opining for the first time that none of the test cases and automation scripts identified by TriZetto match the handful of test cases and automation scripts Syntel belatedly produced on the eve of the Court ordered forensic examination. Ex. 5 ¶¶ 2, 7-23. In connection with its motion for summary judgment, TriZetto moved to strike Mr. Roffman's opinions because (a) they were untimely and TriZetto was not able to depose Mr. Roffman about them because they were not provided during expert discovery, and (b) they violated the Court's preclusion order. Dkt. 588 at 1, 6; *see also* Dkt. 536. Because he did not consider the declaration in recommending denial of TriZetto's motion for summary judgment, the Magistrate Judge denied the motion to strike as moot. Dkt. 588 at 11.

---

[1] Defendants cite to the Declaration of Bryan P. Bergeron M.D., In Support of Motion for Summary Judgment. A redacted version of this document was filed at Dkt. 524.

Accordingly, TriZetto respectfully asks the Court to preclude Mr. Roffman from testifying about his late disclosed opinions, which also violate the Court's preclusion order.

## II.   MR. ROFFMAN'S UNTIMELY OPINIONS VIOLATE RULE 26(A)

Mr. Roffman's untimely opinions violate Rule 26(a), as neither were disclosed until long after the close of expert discovery, thereby depriving TriZetto the opportunity to depose Mr. Roffman about them or respond.  *See* FRCP 26(a)(2)(D); Dkt. 480.  The law is clear: "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." F.R.C.P. 37(c)(1).  To determine whether to preclude evidence related to an untimely expert disclosure, courts consider: (1) the party's explanation for the delay; (2) the importance of the evidence; (3) the prejudice suffered by the opposing party; and (4) the possibility of a continuance.  *E.g.*, *Five Star Dev. Resort Communities, LLC v. iStar RC Paradise Valley, LLC*, No. 09 Civ. 2085 (LTS), 2012 WL 13069913, at *4-*5 (S.D.N.Y. Dec. 10, 2012) (untimely supplemental expert report and related testimony excluded, noting that the purpose of Rule 37 "is to prevent the practice of sandbagging an opposing party with new evidence."); *Arnold v. Krause, Inc.*, 232 F.R.D. 58, 67 (W.D.N.Y. 2004).  All four factors favor excluding the untimely declaration and related testimony.

*First*, Syntel has not explained why Mr. Roffman's opinions were not provided during expert discovery.  When TriZetto previously moved to strike, Syntel failed to address the untimeliness of his declaration.  *See generally* Dkt. 572; *see also* Dkt. 576 at 9.  This is not surprising: there is no excuse for the delay, as the deadline for expert discovery was moved twice, Dkt. 480; Dkt. 484, and the evidence he relied upon was available during expert discovery. *Compare* Ex. 2 ¶¶ 76, 78; Ex. 1 ¶ 5, Ex. 1 at 27, 77 *with* Ex. 5 ¶ 2.  He simply chose not to opine

3

on test cases or automation scripts in his rebuttal expert report.[2]  This factor therefore favors exclusion.  *See Five Star*, 2012 WL 13069913, at *4.

*Second*, Mr. Roffman's untimely opinions are not "important" because, as discussed below, they violate the preclusion order, making them inadmissible and, thus, irrelevant.  That Mr. Roffman chose not to include the untimely opinions in his rebuttal expert report further underscores that Syntel did not think they were important.  Thus, this factor also weighs in favor of exclusion.  *See Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 41 (S.D.N.Y. 2014) (even where expert's untimely opinion was "clearly important . . . because [the expert] has already submitted three prior reports and provided testimony through depositions, . . . I consider this factor to be, at best, neutral.").

*Finally*, the third and fourth factors likewise favor exclusion.  The prejudice to TriZetto is significant and irremediable.  TriZetto was not able to depose Mr. Roffman about his new opinions and expert discovery closed long ago. The Court has decided the parties' motions for summary judgment; the case is on the Court's October 2020 trial-ready calendar; and TriZetto already expended significant resources preparing its experts and deposing Syntel's expert witnesses.  *See Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, No. 03 Civ. 8253 (DLC), 2006 WL 44053, at *1-2 (S.D.N.Y. Jan. 9, 2006) (excluding new opinions not contained in original report because of prejudice).  Further, a continuance is not reasonably possible.  The trial date was already extended once, Dkt. 634, and further delaying this already five-year-old matter in which TriZetto seeks an injunction to stop ongoing irreparable harm will cause significant harm to TriZetto.  *See Shea v. Royal Enters., Inc.*, No. 09 Civ. 8709 (THK), 2011 WL 2436709, at *8 (S.D.N.Y. June 16, 2011)

---

[2]  For this reason, this is not a case where Mr. Roffman permissibly supplemented opinions he already rendered.  *See Five Star*, 2012 WL 13069913, at *4.

(fourth factor favored exclusion because there were "numerous extensions of the discovery deadline, [making] further delay of this two-year-old litigation [] neither deserved nor warranted . . . ."); *Five Star*, 2012 WL 13069913, at *4.

### III. THE COURT'S PRECLUSION ORDER ADDITIONALLY BARS MR. ROFFMAN'S UNTIMELY DECLARATION AND RELATED TESTIMONY

Mr. Roffman should also be precluded from testifying about his untimely opinions concerning test cases and automation scripts because those opinions violate the Court's preclusion order. In opposing TriZetto's motion for summary judgment, Syntel affirmatively relied on Mr. Roffman's supplemental declaration to argue that Syntel never used TriZetto's test cases or automation scripts. *E.g.*, Ex. 4 at 10 ("supra 4-5" that cites "CSUF . . . 9"); *see also* Ex. 5 ¶ 2. Syntel contended that his declaration "addresses the [alleged] discrepancy between TriZetto's . . . production of . . . [] test cases and automation scripts" and the alleged fact that "TriZetto specifically has [not] identified [any] as a test case and automation script ***misappropriated by Syntel***." Dkt. 550 at 3. Therefore, Syntel specifically offered Mr. Roffman's untimely opinions as supposed "evidence that [Syntel] did not misappropriate and unlawfully copy Defendants' FACETS test cases and automation scripts," precisely as the preclusion order prohibits. Dkt. 276.

In fact, this is exactly the type of evidence TriZetto feared Syntel would attempt to offer at trial after steadfastly refusing to produce its repository. Dkt. 254 at 18:21-19:5. And it is precisely the type of evidence the Court was concerned with precluding Syntel from offering. Dkt. 369 at 10:13-15. Because Syntel will offer Mr. Roffman's untimely opinions as evidence it "independently developed" and "did not misappropriate and unlawfuly copy" TriZetto's test cases and automation scripts, Syntel is precluded from offering those opinions at trial. *See* Dkt. 276.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully asks that this Court grant its motion.

5

| | |
|---|---|
| Dated: September 21, 2020 | /s/ Gianni Cutri |
| | Michael W. De Vries |
| | Justin Singh |
| | Benjamin A. Herbert |
| | Andrew Morrill |
| | Gavin Moler |
| | KIRKLAND & ELLIS LLP |
| | 555 S. Flower St. |
| | Los Angeles, CA 90071 |
| | Tel: (213) 680-8400 |
| | Fax: (213) 680-8500 |
| | michael.devries@kirkland.com |
| | justin.singh@kirkland.com |
| | benjamin.herbert@kirkland.com |
| | drew.morrill@kirkland.com |
| | gavin.moler@kirkland.com |
| | |
| | Gianni Cutri |
| | Adam M. Kaufmann |
| | Kyle Kantarek |
| | Jake Rambeau |
| | KIRKLAND & ELLIS LLP |
| | 300 N. LaSalle |
| | Chicago, IL 60654 |
| | Tel: (312) 862-2000 |
| | Fax: (312) 862-2200 |
| | gianni.cutri@kirkland.com |
| | adam.kaufmann@kirkland.com |
| | kyle.kantarek@kirkland.com |
| | jake.rambeau@kirkland.com |
| | |
| | Leslie M. Schmidt |
| | Joshua L. Simmons |
| | KIRKLAND & ELLIS LLP |
| | 601 Lexington Ave. |
| | New York, NY 10022 |
| | Tel: (212) 446-4800 |
| | Fax: (212) 446-4900 |
| | leslie.schmidt@kirkland.com |
| | joshua.simmons@kirkland.com |
| | |
| | *Attorneys for Defendants and Counterclaim-Plaintiffs The TriZetto Group, Inc. and Cognizant Technology Solutions Corp.* |