UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYNTEL STERLING BEST SHORES MAURITIUS LIMITED, and SYNTEL, INC., <br><br>        Plaintiffs and Counterclaim-Defendants, <br><br>        v. <br><br> THE TRIZETTO GROUP, INC. and COGNIZANT TECHNOLOGY SOLUTIONS CORP., <br><br>        Defendants and Counterclaim-Plaintiffs. | 1:15-CV-00211 (LGS) (SDA) <br><br> Hon. Lorna G. Schofield |

## AMENDED JOINT FINAL PRETRIAL ORDER

Pursuant to the Court's September 17, 2020 Order (ECF No. 682), the Court's March 26, 2020 Scheduling Order (ECF No. 609), the Court's July 1, 2020 Amended Scheduling Order (ECF No. 634), the Court's August 4, 2020 Second Amended Scheduling Order (ECF No. 638), and Section IV.B.2  of the Court's Individual Rules and  Procedures for Civil Cases, Plaintiffs/Counterclaim-Defendants Syntel Sterling Best Shores Mauritius ("Syntel Mauritius") and Syntel, Inc. (collectively, "Plaintiffs" or "Syntel") and Defendants/Counterclaim-Plaintiffs The TriZetto Group, Inc. ("TriZetto") and Cognizant Technology Solutions Corp. ("Cognizant") (collectively, "Defendants") in the above-captioned action submit this proposed Amended Joint Final Pretrial Order to the Court.

### A.  FULL CAPTION OF THE ACTION

The full caption of this action is set forth above.

### B.  APPEARANCES

The names, law firms, addresses, telephone numbers, and email addresses of trial counsel are as follows:

For Plaintiffs/Counterclaim-Defendants:

Nicholas Groombridge
Jaren Janghorbani
Crystal Lohmann Parker
Cecilia G. Copperman
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
ngroombridge@paulweiss.com
jjanghorbani@paulweiss.com
clohmannparker@paulweiss.com
ccopperman@paulweiss.com

J. Steven Baughman
Melissa Alpert
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, D.C. 20006-1047
(202) 223-7340
sbaughman@paulweiss.com
malpert@paulweiss.com

Todd C. Norbitz
Robert S. Weisbein
Anne B. Sekel
Nicole M. Marschean
Patrick J. Rodriguez
Foley & Lardner, LLP
90 Park Avenue
New York, NY 10016
(212) 682-7474
tnorbitz@foley.com
asekel@foley.com
rweisbein@foley.com
nmarschean@foley.com
prodriguez@foley.com

Norman C. Ankers
Foley & Lardner LLP
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
(313) 234-7100
nankers@foley.com

Ryan C. Watkins
Foley & Lardner LLP
1000 Louisiana Street, Suite 2000
Houston, TX 77002
(713) 276-5003
rwatkins@foley.com

Emily A. Beer
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602
(813) 225-4102
ebeer@foley.com

For Defendants/Counterclaim-Plaintiffs:

Gianni Cutri
Adam M. Kaufmann
Kyle M. Kantarek
Jake Rambeau
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone (312)-862-2000
gianni.cutri@kirkland.com
adam.kaufmann@kirkland.com
kyle.kantarek@kirkland.com
jake.rambeau@kirkland.com

Michael W. De Vries
Justin Singh
Benjamin A. Herbert
Drew Morrill
Gavin W. Moler
Kirkland & Ellis LLP
555 South Flower Street, 37th Floor
Los Angeles, CA 90071
Telephone (213) 680-8400
michael.devries@kirkland.com
justin.singh@kirkland.com
benjamin.herbert@kirkland.com
drew.morrill@kirkland.com
gavin.moler@kirkland.com

Adam R. Alper
Kirkland & Ellis LLP
555 California Street

San Francisco, CA 94104
Telephone (415) 439-1400
aalper@kirkland.com

Patricia A. Carson
Leslie M. Schmidt
Joshua L. Simmons
Ryan Kane
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
Telephone (212) 446-4800
patricia.carson@kirkland.com
leslie.schmidt@kirkland.com
joshua.simmons@kirkland.com
ryan.kane@kirkland.com

## C.   SUBJECT MATTER JURISDICTION

### 1.   Plaintiffs/Counterclaim-Defendants' Claims

This Court has federal question jurisdiction over Syntel's claims for breach of contract, tortious interference with a contractual relationship, and misappropriation of confidential information pursuant to 28 U.S.C. § 1332, as this is a civil action between diverse parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### 2.   Defendants/Counterclaim-Plaintiffs' Claims

This Court has federal question jurisdiction over TriZetto's trade secret misappropriation claims arising under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 *et seq.*, pursuant to 28 U.S.C. § 1331.

This Court has federal question jurisdiction over TriZetto's copyright infringement claims arising under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, pursuant to 28 U.S.C. §§ 1331 and 1338.

This Court has diversity jurisdiction over Defendants' remaining claims pursuant to 28 U.S.C. § 1332, as this is a civil action between diverse parties (as addressed above in Section C.1)

and the amount in controversy exceeds $75,000, exclusive of interest and costs.  This Court also has supplemental jurisdiction over Defendants' remaining claims pursuant to 28 U.S.C. § 1367. TriZetto's state law trade secret misappropriation claims arise out of the same facts and circumstances as TriZetto's claims under the federal Defend Trade Secrets Act.  Defendants' other state law claims arise substantially out of the same facts and circumstances as TriZetto's claims under the federal Defend Trade Secrets Act and the Copyright Act of 1976.

## D.    SUMMARY OF CLAIMS AND DEFENSES

### 1.    Plaintiffs/Counterclaim-Defendants' Claims

Syntel's asserted claims that remain to be tried are:

1.    Syntel Mauritius's claim against TriZetto for breach of Section 19.01 ("confidentiality" provision) of the Master Services Agreement, as amended ("MSA") (Count I of Syntel's Amended Complaint, ECF No. 39);

2.    Syntel Mauritius's claim against TriZetto for breach of Section 23.02 ("transition rebates" provision) of the MSA (Count I of Syntel's Amended Complaint, ECF No. 39);

3.    Syntel Mauritius and Syntel, Inc.'s claims against TriZetto for intentional interference with contractual relations as to five employees of Syntel, Inc. (Count II of Syntel's Amended Complaint, ECF No. 39);

4.    Syntel Mauritius and Syntel, Inc.'s claims against Cognizant for intentional interference with the MSA (Count III of Syntel's Amended Complaint, ECF No. 39);

5.    Syntel Mauritius and Syntel, Inc.'s claims against Cognizant for intentional interference with contractual relations as to five employees of Syntel, Inc. (Count III of Syntel's Amended Complaint, ECF No. 39); and

5

6.     Syntel Mauritius's claims against TriZetto and Cognizant for misappropriation of confidential information (Count IV of Syntel's Amended Complaint, ECF No. 39)

Syntel's claims that were previously asserted that are not to be tried based on the Court's summary judgment ruling (Amended Opinion & Order, ECF No. 621) are:

1. Syntel Mauritius's claim against TriZetto for breach of Section 25.03 ("non-solicitation" provision) of the MSA (Count I of Syntel's Amended Complaint, ECF No. 39);

2. Syntel Mauritius and Syntel, Inc.'s claims against TriZetto for intentional interference with contractual relations as to employees whose employment contracts are governed by India law and as to one individual whose employment contract was not produced (Count II of Syntel's Amended Complaint, ECF No. 39); and

3. Syntel Mauritius and Syntel, Inc.'s claims against Cognizant for intentional interference with contractual relations as to employees whose employment contracts are governed by India law and as to one individual whose employment contract was not produced (Count III of Syntel's Amended Complaint, ECF No. 39).

In addition to its challenges to the elements of Syntel's claims, Defendants state that their asserted affirmative defenses remaining to be tried are (Amended Answer and Counterclaims, ECF. No. 215):

1. Syntel is precluded from recovering punitive damages that are inconsistent with the due process limitations of the Constitution of the United States and any applicable statute.

2.   Syntel's claims are barred, in whole or in part, by Syntel's own inequitable conduct and unclean hands.

3.   Syntel's claims are barred, in whole or in part, by laches, equitable estoppel, ratification, waiver, or other related equitable doctrines.

Syntel's claims against Defendants are barred, in whole or in part, because Syntel lacks capacity to assert its claims against Defendants.

**2.    Defendants/Counterclaim-Plaintiffs' Claims**

Defendants' asserted claims remaining to be tried are:

1.    TriZetto's claim against Syntel Mauritius for breach of contract under New York state law (Count I of Defendants' Amended Complaint, ECF No. 215);

2.    TriZetto's claim against Syntel Mauritius and Syntel, Inc. for trade secret misappropriation under New York state law (Count III of Defendants' Amended Complaint, ECF No. 215);

3.    TriZetto's claim against Syntel Mauritius and Syntel, Inc. for trade secret misappropriation under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, (Count IV of Defendants' Amended Complaint, ECF No. 215); and

4.    TriZetto's claim against Syntel Mauritius and Syntel, Inc. for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (Count VII of Defendants' Amended Complaint, ECF No. 215).

In addition to its challenges to the elements of Defendants' claims, Syntel states that asserted affirmative defenses remaining to be tried are (Answer to Amended Complaint and Counterclaims, ECF No. 224):

1.   Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands.

2.  Defendants' claims are barred, in whole or in part, by the doctrine of waiver.

3.  Defendants' claims are barred, in whole or in part, by the doctrine of estoppel.

4.  Defendants' claims are barred, in whole or in part, by the doctrine of laches.

5.  Defendants' request for injunctive relief is barred because Defendants have adequate remedies at law.

6.  Plaintiffs' actions or omissions are not the proximate cause of Defendants' alleged injuries and damages.

7.  Defendants' injuries or damages, if any, are the result of an intervening, superseding, or pre-existing cause or causes.

8.  Defendants have failed to mitigate their alleged damages, if any.

9.  Defendants are not entitled to attorneys' fees.

10. Defendants' alleged injuries and damages are subject to set-off by the damages Plaintiffs' have suffered as a result of Defendants' alleged breaches of the MSA and allegedly tortious conduct.

11. Defendants are precluded from recovering punitive damages that are inconsistent with the due process limitations of the Constitution of the United States and any applicable statute.

**E.   TRIAL OF THE CASE**

The parties believe that the issues in dispute can be tried in 10 days. Trial is scheduled to commence on or after October 19, 2020.

The parties demand a jury trial for all issues triable at law.

**F.   CONSENT TO MAGISTRATE**

The parties do not consent to trial by a magistrate judge.

**G.   WITNESS LISTS**

1.      **For Plaintiffs/Counterclaim-Defendants**

Plaintiffs/Counterclaim Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (collectively "Syntel") identify the following witnesses whom they may call live or by deposition at trial. Pursuant to the Court's Individual Rule and Procedure for Civil Cases IV.B.2(g) Syntel provides the following list of trial witnesses it genuinely intends to call in their case-in-chief and separately provide a list identifying the witnesses that Syntel may call if the need arises. This list is not a commitment that Syntel will call any particular witness at trial, or a representation that any of the witnesses listed are available or will appear for trial. If any witness is unavailable, Syntel reserves the right to use his or her deposition testimony or to call a substitute witness. If any of the potential trial witnesses identified by Defendants/Counterclaim-Plaintiffs The TriZetto Group, Inc. ("TriZetto") and Cognizant Technology Solutions Corp. ("Cognizant") (collectively, "Defendants") fail to appear for trial, Syntel reserves the right to use their deposition testimony. Syntel reserves the right to call any witness identified as a "live" witness by designation and vice versa. Syntel's list is not an acknowledgement that any such witness may be called by Plaintiffs.

Syntel also reserves the right to call at trial in their case: (1) any witnesses identified by Defendants on their witness list live or by deposition; (2) additional witnesses to provide foundation testimony should Defendants contest the authenticity or admissibility of any materials to be proffered at trial; and (3) additional witnesses not identified herein based upon any developments that may occur leading up to and/or during the course of the trial. Syntel also may call witnesses, including persons not listed herein, in their rebuttal to Defendants' case, or for impeachment or foundational purposes. Syntel further reserves the right to amend this list after the Court rules on any motions *in limine* or to respond to issues raised by the Court's pretrial rulings. Syntel reserves all rights with respect to witnesses that would be called solely for impeachment or rebuttal.

9

Subject to and without waiver of the above objections and reservations, Syntel intends to

call the following witnesses either in person or by deposition designation:

a.     **Syntel's Will Call Trial Witness List**

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| Daniel Moore | Live | Mr. Moore will testify regarding the Syntel and TriZetto relationship. | 3-4 hours |
| Murlidhar Reddy Samala | Live | Mr. Reddy will testify regarding the Syntel and TriZetto relationship, the health care and life science business unit (including the nature of its work and the manner in which services are delivered), the damages incurred by Syntel as a result of Defendants' actions, and Syntel's performance under the MSA. | 4-5 hours |
| Manish Mehta | Live | Mr. Mehta will testify regarding the Syntel and TriZetto relationship, the health care and life science business unit (including the nature of its work and the manner in which services are delivered), and Syntel's performance under the MSA. | 4-5 hours |
| Glenn Sheets | Live | Mr. Sheets will testify regarding measurements of the economic harm suffered by Syntel as a result of TriZetto and Cognizant's alleged breach of contract and/or tortious conduct. | 1-2 hours |
| Chuck Sanders | Live | Mr. Sanders will be asked to testify regarding the Syntel and TriZetto relationship; Syntel's | 2-3 hours |

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| | | alleged copying, publication and infringement of the Data Dictionary, Best Practices in ICD-10 Configuration and FACETS Roadmap Review; the protection and enforcement of TriZetto's confidential information and copyrighted works at issue in this action; TriZetto's disclosures of Syntel's confidential information; and Cognizant's hiring of Syntel employees. | |
| Aslam Mohamed | Live | Mr. Mohamed will be asked to testify regarding TriZetto's disclosures of Syntel's confidential information to Cognizant and Cognizant's hiring of Syntel employees. | 1-2 hours |
| John Plumpe | Live | Mr. Plumpe will testify regarding rebuttal expert opinions related to Counterclaim Plaintiffs' claims for damages. | 3-4 hours |
| Daniel Roffman | Live | Mr. Roffman will testify regarding rebuttal expert opinions related to Counterclaim Plaintiffs' claims. | 2-3 hours |

b.       **Syntel's May Call Trial Witness List**

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| Chris Skojec | Live or by Deposition | If called, Mr. Skojec will be asked to testify regarding the Syntel and TriZetto | 3-4 hours |

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| | | relationship, TriZetto's disclosures of Syntel's confidential information, and Cognizant's hiring of Syntel employees. | |
| Manoj Juneja | Live | If called, Mr. Juneja will be asked to testify regarding TriZetto's disclosures of Syntel's confidential information. | 2-3 hours |
| Scott Ray | Live or by Deposition | If called, Mr. Ray will be asked to testify regarding the Syntel and TriZetto relationship, TriZetto's disclosures of Syntel's confidential information, and Cognizant's hiring of Syntel employees. | 2-3 hours |
| Anthony Westover | Live or by Deposition | If called, Mr. Westover will be asked to testify regarding the Syntel and TriZetto relationship, TriZetto's disclosures of Syntel's confidential information, and Cognizant's hiring of Syntel employees. | 2-3 hours |
| Thomas Kearns | Live or by Deposition | If called, Mr. Westover will be asked to testify regarding the Syntel and TriZetto relationship, TriZetto's disclosures of Syntel's confidential information, and Cognizant's hiring of Syntel employees. | 2-3 hours |
| Bipin Ranade | Live | Mr. Ranade will be called to testify regarding his employment by Cognizant, TriZetto's disclosures of Syntel's confidential | 2-3 hours |

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| | | information to Cognizant, and Cognizant's hiring of Syntel employees. | |
| Simona Gupta | Live | Ms. Gupta will be called to testify regarding TriZetto's disclosures of Syntel's confidential information to Cognizant and Cognizant's hiring of Syntel employees. | 2-3 hours |
| Surya Gummadi | Live | Ms. Gummadi will be asked to testify regarding TriZetto's disclosures of Syntel's confidential information to Cognizant and Cognizant's hiring of Syntel employees. | 2-3 hours |

### 2.    For Defendants/Counterclaim-Plaintiffs

Defendants identify the following witnesses whom they may call live or by deposition at trial. Pursuant to the Court's Individual Rule and Procedure for Civil Cases IV.B.2(g) Defendants provide the list of trial witnesses they genuinely intend to call in their case in chief and separately provide a list identifying the witnesses that Defendants may call if the need arises. This list is not a commitment that Defendants will call any particular witness at trial, or a representation that any of the witnesses listed are available or will appear for trial. If any witness is unavailable, Defendants reserve the right to use his or her deposition testimony or to call a substitute witness. If any of the potential trial witnesses identified by Plaintiffs fail to appear for trial, Defendants reserve the right to use their deposition testimony. Defendants reserve the right to call any witness identified as a "live" witness by designation and vice versa. Defendants' list is not an acknowledgement that any such witness may be called by Plaintiffs.

Defendants also reserve the right to call at trial in their case: (1) any witnesses identified

by Plaintiffs on their witness list live or by deposition; (2) additional witnesses to provide foundation testimony should Plaintiffs contest the authenticity or admissibility of any materials to be proffered at trial; and (3) additional witnesses not identified herein based upon any developments that may occur leading up to and/or during the course of the trial. Defendants also may call witnesses, including persons not listed herein, in their rebuttal to Plaintiffs' case, or for impeachment or foundational purposes. Defendants further reserve the right to amend this list after the Court rules on any motions *in limine* or to respond to issues raised by the Court's pretrial rulings. Defendants reserve all rights with respect to witnesses that would be called solely for impeachment or rebuttal.

Subject to and without waiver of the above objections and reservations, Defendants intend to call the following witnesses either in person or by deposition designation:

a. **Witnesses Defendants/Counterclaim-Plaintiffs Intend to Call In Their Case In Chief**

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| Charles Sanders | Live | Cognizant's acquisition of TriZetto; Cognizant and TriZetto's relationship with Syntel, including the MSA and 2012 Amendment, staffing, transition rebates, confidentiality; the market for TriZetto's services and products; the history, features, and benefits of Cognizant's TriZetto healthcare products, including a technical background of the trade secrets; TriZetto's development and use of the trade secrets; efforts TriZetto took to protect the trade secrets; description of the copyrighted works, including TriZetto's procedures for registering Facets and | 3-3.5 hours |

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| | | what that registration covers, *i.e.*, the Data Dictionary. | |
| Bryan Bergeron | Live | His background; description of technology and industry; expert opinions re the trade secrets, elements necessary to qualify as protectable trade secrets, Syntel's use of the trade secrets, and copyright; rebuttal expert opinions regarding Syntel's claims if necessary. | 4.5-6 hours |
| Thomas Britven | Live | Expert opinions regarding the calculation of damages for Cognizant and TriZetto's claims; rebuttal expert opinions regarding Syntel's claims if necessary. | 2.5-3 hours |
| Manish Mehta | Live | Syntel's business practices and relationship with its customers and TriZetto; Syntel's competitive strategies; Syntel's services and product offerings; and Syntel's use of TriZetto's trade secrets and confidential information. | 1 hour |
| Daniel Moore | Live | Syntel's business practices and relationship with TriZetto, including performance under the MSA; Syntel's competitive strategies; Syntel's services and product offerings. | 0.5-1 hour |
| Murlidhar Reddy Samala | Live | Syntel's business practices and relationship with its customers and TriZetto; Syntel's competitive strategies; Syntel's services and product offerings; and Syntel's use of TriZetto's trade secrets and confidential information. | 0.5-1 hour |
| Sandeep Sinha | Live or by deposition | Syntel's business practices and relationship with TriZetto; Syntel's competitive strategies; Syntel's services and product offerings; and Syntel's use of TriZetto's trade secrets and confidential information. | 0.5 hours |

b.      **Witnesses Defendants/Counterclaim-Plaintiffs May Call If The Need Arises**

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| Surya Gummadi | Live | Cognizant's acquisition of TriZetto, including Cognizant's interest in TriZetto; Cognizant's history, business, and the market for Cognizant's and TriZetto's services and products; the harm caused to Cognizant and TriZetto by Syntel's conduct. | 1.0-1.5 hours |
| Mike Noonan | Live | Cognizant and TriZetto's research and development in its confidential software, documentation, and other materials; the features, and benefits of Cognizant's TriZetto healthcare products. | 1 hour |
| Scott Ray | By deposition | Work TriZetto and Syntel performed under the MSA for customers; staffing under the MSA, including during the termination period. | 0.25-0.5 hours |
| Christopher Skojec | By deposition | The features, and benefits of Cognizant's TriZetto healthcare products; work TriZetto and Syntel performed under the MSA for customers; staffing under the MSA, including during the termination period; Syntel's performance under the MSA and during the termination period. | 0.25-0.5 hours |
| Anthony Westover | By deposition | Cognizant and TriZetto's research and development in its confidential software, documentation, and other materials; TriZetto's interactions with customers; TriZetto's interactions with Syntel, including the impact Syntel's removal of resources had on TriZetto; and access to TriZetto's confidential materials and steps TriZetto took to protect its confidential material. | 0.5 hours |

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| Ankur Chadha | By deposition | Syntel's business practices and relationship with its customers and TriZetto; Syntel's competitive strategies; Syntel's services and product offerings; Syntel's development of platform management tools by its PCT; and Syntel's use of TriZetto's trade secrets and confidential information. | 0.5-1 hour |
| Vipul Dekhtawala | By deposition | Syntel's business practices and relationship with its customers and TriZetto; Syntel's competitive strategies; Syntel's services and product offerings; Syntel's use of TriZetto's confidential and trade secret information. | 0.5 hours |
| Annapoorani Muthuraman | By deposition | Syntel's business practices and relationship with its customers and TriZetto; Syntel's competitive strategies; Syntel's services and product offerings; Syntel's development of platform management tools by its PCT; and Syntel's use of TriZetto's trade secrets and confidential information. | 0.25-0.5 hours |
| Alex Philip | By deposition | Syntel's preservation, or lack thereof, of information relevant to the claims and defenses in this litigation, including Defendants' counterclaims; and Syntel's compliance, or lack thereof, with its discovery obligations, the Court's forensic examination order, and the forensic examiner's requests for information. | 0.5 hours |
| Anjulika Srivastava | By deposition | Syntel's business practices and relationship with its customers and TriZetto; Syntel's competitive strategies; Syntel's services and product offerings; and Syntel's use of TriZetto's trade secrets and confidential information. | 0.5 hours |

| Witness Name | Manner of Appearance | Description of Testimony | Estimated Length of Witness's Testimony |
|---|---|---|---|
| Subodh Yadava | By deposition | Syntel's business practices and relationship with its customers and TriZetto; Syntel's competitive strategies; Syntel's services and product offerings; Syntel's use of TriZetto's confidential and trade secret information. | 0.5 hours |
| Sam Rubin | Live | The court-ordered forensic examination. | 1 hour |

## H.   DEPOSITION DESIGNATIONS

Plaintiffs' and Defendants' deposition designations, including counter-designations and objections are attached as Exhibits 1 and 2, respectively.

In conformance with the Court's directives at the September 17, 2020 conference, the parties identify the following three categories of deposition designations.

### 1.   Witnesses For Whom Deposition Designations Were Submitted But Who Will Be Called Live And Whose Designations Can Be Disregarded

Based on their current understanding of witness availability, the parties have not submitted deposition designations for witnesses who will be called live.

### 2.   Witnesses Who Will Be Called Via Deposition And Whose Designations Accordingly Must Be Ruled On

Defendants identify the following witnesses for whom they intend to play deposition designations at trial and for whom objections must be rule on: Ankur Chadha, Alex Philip, Christopher Skojec, and Anthony Westover.  In addition, if Syntel will not agree that documents associated with the following witnesses' testimony can come into evidence at trial without playing their testimony, Defendants also intend to play designations from the following witnesses: Vipul Dekhtawala, Sandeep Sinha, Anjulika Srivastava, and Subodh Yadava.

Plaintiffs do not currently identify any witnesses they intend to play designations at trial,

however, if Defendants intend to play the depositions of any witness, Plaintiffs will enter all designated and counter designated testimony to play at the same time as Defendants' designated testimony.

### 3. The Remaining Witnesses For Whom Designations Were Submitted And Who May Be Called Via Deposition

Defendants may call the following witnesses by deposition designation, including if necessary to address issues that may arise after this Amended Joint Final Pretrial Order is filed: Annapoorani Muthuraman and Scott Ray. If the testimony of the following additional witnesses need not be included in Section H.2, as set forth above, Defendants may call the following additional witnesses by deposition designation: Vipul Dekhtawala, Sandeep Sinha, Anjulika Srivastava, and Subodh Yadava. Consistent with the Court's directive at the September 17, 2020 conference, Defendants reserve the right to identify their intention to play the deposition testimony of any of the above identified witnesses on at least two business days' (48 hours excluding weekends) notice.

Plaintiffs may call the following witnesses by deposition designation, including if necessary to address issues that may arise after this Amended Joint Final Pretrial Order is filed: Anthony Westover, Chris Skojec, Scott Ray and Tom Kearns. However, if Defendants intend to play the depositions of any witness, Plaintiffs will enter all designated and counter designated testimony to play at the same time as Defendants' designated testimony.

### I. PROPOSED EXHIBITS AND DEMONSTRATIVE AIDS

Plaintiffs' and Defendants' exhibit lists, and the objections thereto, are attached as Exhibits 3 and 4, respectively. The admissions, interrogatory answers, and other written discovery that the parties intend to offer into evidence, together with objections to these materials are included on the parties' exhibit lists.

In conformance with the Court's directives at the September 17, 2020 conference, Defendants advise that they have withdrawn 75 exhibits, which are listed as "Exhibit Intentionally Omitted" on Defendants' exhibit list (attached hereto as Exhibit 4).  In addition, Defendants have identified the following additional  53 exhibits that Defendants believe are cumulative of Syntel's exhibits and can be withdrawn, although Syntel has not provided copies of its exhibits so Defendants have been unable to confirm (DTX-0001; DTX-0002; DTX-0054; DTX-0121; DTX-0156; DTX-0157; DTX-0158; DTX-0241; DTX-0243; DTX-0347; DTX-0484; DTX-0488; DTX-0489; DTX-0493; DTX-0510; DTX-0512; DTX-0515 to DTX-0520; DTX-0529; DTX-0531; DTX-0553 to DTX-0568; DTX-1199; DTX-1201; DTX-1242; DTX-1243; DTX-1245; DTX-1248; DTX-1301; DTX-1317; DTX-1317; DTX-1408; DTX-1418 to DTX-1421).  Defendants will confirm that these exhibits can be withdrawn promptly after receiving copies of Syntel's exhibits. In addition, the majority of Defendants' exhibits can be dealt with categorically at trial, including, for example, as follows:

1.  TriZetto trade secret manuals and other trade secret materials (*e.g.*, DTX-0532 to DTX-0552; DTX-0569 to DTX-1137; DTX-01453 to DTX-1509);

2.  Damages calculation spreadsheets prepared by Defendants' expert, Thomas Briven (*e.g.*, DTX-0255 to DTX-0345);

3.  TriZetto Non-Disclosure and Access Agreements (*e.g.*, DTX-0553 to DTX-0568);

4.  Defendants' and Syntel's financial reports (*e.g.*, DTX-1138, DTX-1139, DTX-1141 to DTX-1145);

5.  Spreadsheets of Employee Project and Expenditure Data (*e.g.*, DTX-1214 to DTX-1235);

6.  Photographs of Defendants' security measures (*e.g.*, DTX-1318 to DTX-1345);

7.     Source Code Laptops and hard drives containing trade secret files (*e.g.*, DTX-1346; DTX-1347; DTX-01423; DTX-1424; DTX-1425; DTX-1426);

8.     Copyright registrations and certificates of deposit (*e.g.*, DTX-1378; DTX-1379; DTX-1381; DTX-1386; DTX-1387; DTX-1395);

9.     Syntel Statements of Work (*e.g.*, DTX-1398; DTX-1399; DTX-1404 to DTX-1408; DTX-1411; DTX-1418; DTX-1419; DTX-1421; DTX-1422); and

10.    Forensic examiner's report, exhibits, appendices, and materials relied on (*e.g.*, DTX-0117; DTX-0118; DTX-0143; DTX-0245 to DTX-0429; DTX-1431 to DTX-1452).

Similarly, many of Plaintiffs' exhibits may be considered categorically as well, including, for example:

1.     Syntel employment agreements (*e.g.*, PTX-0856; PTX-0857; PTX-0858);

2.     TriZetto's executed Third Party Access Agreements and Non-Disclosure and Access Agreements (*e.g.*, PTX-1179; PTX-1180; PTX-1181);

3.     Cognizant offer of employment letters (*e.g.,* PTX-1100; PTX-1102; PTX-1103);

4.     Cognizant offer approval requests (*e.g.*, PTX-1101; PTX-1112; PTX-1117); and

5.     TriZetto-Syntel Statements of Work and Amendments (*e.g.*, PTX-0909; PTX-0910; PTX-0911).

Both parties are also mindful of the Court's September 17, 2020 Order (ECF No. 682), instructing that the parties "may file a joint letter to make more efficient the Court's adjudication of recurring issues," and, to that end, the parties are willing to work together to identify and describe those recurring issues in a subsequent joint letter, including identifying and describing categories of exhibits that may be addressed categorically at or before trial.

**J.      EXHIBITS WITH OBJECTIONS OTHER THAN AUTHENTICITY**

In conformance with the Court's directives at the September 17, 2020 conference, Defendants state that they have substantially reduced their remaining objections to Plaintiffs' exhibits, such that Defendants have no remaining objections to 1,215 of Plaintiffs' 1446 non-demonstrative exhibits.  In particular, with the understanding from that conference that Defendants need not object to the foundation for an exhibit in order to preserve the ability to object to testimony about that exhibit on foundation grounds, Defendants have withdrawn those remaining objections to Plaintiffs' exhibits.  Defendants object to only 231 of Plaintiffs' remaining exhibits, and the vast majority of these objections can be categorized and dealt with categorically as follows, although some exhibits overlap categories.

1.      Exhibits relating to Syntel's dismissed claim for breach of the non-solicitation provision of the MSA (also addressed by Defendants' Motion *in Limine* No. 7, ECF No. 718)  (*e.g.*, PTX-0007; PTX-009; PTX-0012; PTX-0013; PTX-0016; PTX-0030 to PTX-0035; PTX-0037; PTX-0041; PTX-0045 to PTX-0047; PTX-0069; PTX-0431; PTX-0453; PTX-0465; PTX-0466; PTX-0516; PTX-0676);

2.      Exhibits relating to Project Koala (also addressed by Defendants' Motion *In Limine* No. 8, ECF No. 721) (*e.g.*, PTX-0014; PTX-0018; PTX-0056; PTX-0070; PTX-0071; PTX-0245 to PTX-0247; PTX-0266 to PTX-0268; PTX-0446 to PTX-0450; PTX-0476; PTX-0498 to PTX-0504);

3.      Exhibits relating to the amount of transition rebates Syntel Mauritius alleges TriZetto should pay, which are hearsay and violate the best evidence rule (also addressed in part by Defendants' Motion *In Limine* No. 6, ECF No. 711) (*e.g.*, PTX-0199; PTX-0200; PTX-0205; PTX-0206; PTX-0685);

4.      Exhibits relating to Syntel's dismissed claims for intentional interference with contractual relations for contracts governed by India law (*e.g.*, PTX-0201 to PTX-0204; PTX-0602; PTX-0660; PTX-0742 to PTX-0750; PTX-0752; PTX-0754);

5.      Employment contracts of Syntel personnel other than the 5 individuals for whom it still has an intentional interference with contract claim (*e.g.*, PTX-0856 to PTX-0868; PTX-0871 to PTX-0908; PTX-1063 to PTX-1099);

6.      Exhibits precluded by the preclusion order, ECF No. 276  (*e.g.*, PTX-0078 to PTX-0134);

7.      Expert reports and declarations (*e.g.,* PTX-0001; PTX-0024; PTX-0853; PTX-0854);

8.      Attorney declarations (*e.g.*, PTX-0855);

9.      Exhibits that are illegible (*e.g.*, PTX-1046; PTX-1296; PTX-1354); and

10.     Defendants' discovery responses, which are not admissible in their entirety (*e.g.*, PTX-1437 to PTX-1441).

For Defendants' objections that require individual adjudication, Defendants' believe they can be resolved when, and if, necessary as part of the trial exhibit disclosure process upon two business days' notice, similar to deposition designation objections.

Similarly, many of Plaintiffs' objections may be considered categorically as well, including, for example:

1.      Forensic Examination Report, Order, and related correspondence and hearing transcripts (e.g., DTX-0117; DTX-0143; DTX-0245 –DTX-0249; DTX-1431— DTX-1431Z; DTX-1450—DTX1452);

2.      Expert schedules and excerpts of expert reports (e.g., DTX-0255—DTX-0345);

3.  Composite exhibits from documents not produced by the parties during discovery (e.g., DTX-1368, DTX-1443); and

4.  TriZetto files related to FACETS that have not been tied directly to any of Defendants' counterclaims and where no adequate connection has been established between an alleged trade secret, copyrighted material, or other protected information and the proffered exhibits (e.g., DTX-0377; DTX-0474—DTX-0481; DTX-1453—DTX-1509).

Pursuant to the Court's September 17, 2020 Order (ECF No. 682), instructing that the parties "may file a joint letter to make more efficient the Court's adjudication of recurring issues," the parties are also willing to work together to identify and describe those recurring issues in a subsequent joint letter, including by identifying and describing categories of objections that may be addressed categorically at or before trial.

*See also* Section I, above.

## K.   WRITTEN DISCOVERY RESPONSES

*See* Section I, above.

## L.   LIST OF MOTIONS *IN LIMINE*

Pursuant to the Court's Second Amended Scheduling Order (ECF No. 638) the following motions *in limine* have been filed by Plaintiffs:

1.  Plaintiffs' Motion *in Limine* No. 1 To Exclude Expert Testimony of Thomas Britven (ECF No. 728);

2.  Plaintiffs' Motion *in Limine* No. 2 To Exclude The Testimony of Bryan P. Bergeron (ECF No. 731);

3.  Plaintiffs' Motion *in Limine* No. 3 To Preclude Reference To Discovery Proceedings, Disputes, Orders, and Sanctions (ECF No. 691);

4.      Plaintiffs' Motion *in Limine* No. 4 To Preclude Defendants From Offering Evidence Regarding The Existence Or Content Of The Preclusion Order And Related Materials (ECF No. 695);

5.      Plaintiffs' Motion *in Limine* No. 5 To Preclude Defendants From Introducing As Evidence, Or From Otherwise Making Any Reference To The Forensic Report of Samuel S. Rubin And Related Materials/Information (ECF No. 734);

6.      Plaintiffs' Motion *in Limine* No. 6 To Preclude Defendants From Introducing At Trial Or From Otherwise Making Any Reference To The Non-TriZetto Material Identified In The Forensic Report (ECF No. 737);

7.      Plaintiffs' Motion *in Limine* No. 7 To Preclude Samuel S. Rubin From Testifying At Trial (ECF No. 740);

8.      Plaintiffs' Motion *in Limine* No. 8 To Exclude Improper Testimony, Argument And References To Defendants' Purported Repository Of Test Cases And Automation Scripts Not Produced In Discovery (ECF No. 743);

9.      Plaintiffs' Motion *in Limine* No. 9 To Preclude The Presentation Of Discovery Procedures And Artifacts To The Jury (ECF No. 700);

10.     Plaintiffs' Motion *in Limine* No. 10 To Preclude Certain Evidence Relating To Transition Rebates (ECF No. 704);

11.     Plaintiffs' Motion *in Limine* No. 11 To Preclude the Facets Documentation Defendants Relied On In Opposition To Syntel's Summary Judgment Motion Regarding The Data Dictionary Because It Does Not Constitute Business Records Under Fed. R. Evid. 803(6) (ECF No. 746);

12.    Plaintiffs' Motion *in Limine* No. 12 To Preclude Defendants From Offering Any Evidence Regarding Certificates Of Registration And Deposit Copies For Copyrighted Works, Other Than For Facets Version 5.10, Best Practices In ICD-10 Configuration And Facets Roadmap Review, Because They Are Irrelevant And Unduly Prejudicial Pursuant To Fed. R. Evid. 402 and 403 Respectively (ECF No. 713);

13.    Plaintiffs' Motion *in Limine* No. 13 To Preclude Chuck Sanders From Offering Testimony Relating To The Data Dictionary Generally And Whether Data Dictionary Generally And Whether The Data Dictionary Is Subsumed Within The Copyright Registration For The Facets 5.10 Software Because He Lacks Personal Knowledge As Required By Fed. R. Evid. 602 (ECF No. 749);

14.    Plaintiffs' Motion *in Limine* No. 14 To Preclude Testimony And Documentary Evidence Regarding Reasonable Royalty Damages That Accrued By Alleged Infringing Conduct Prior To September 30, 2013 (ECF No. 716);

15.    Plaintiffs' Motion *in Limine* No. 15 To Exclude Trial Testimony Of Mike Noonan (ECF No. 752); and

16.    Plaintiffs' Motion *in Limine* No. 16 To Exclude Evidence That Facets Constitutes A Protectable Trade Secret (ECF No. 755).

Pursuant to the Court's Second Amended Scheduling Order (ECF No. 638) the following motions *in limine* have been filed by Defendants:

1.    Defendants' Motion *in Limine* No. 1 To Realign Parties And Order Of Proof To Promote Orderly And Efficient Trial Process (ECF No. 688);

2.      Defendants' Motion *in Limine* No. 2 To Exclude Untimely and Expert Opinions Of Syntel Expert Daniel Roffman Contravening Court's Preclusion Order (ECF No. 693);

3.      Defendants' Motion *in Limine* No. 3 For An Adverse Inference Instruction To Address Syntel's Failure To Produce Test Cases and Automation Scripts During Discovery (ECF No. 699);

4.      Defendants' Motion *in Limine* No. 4 For An Adverse Inference Regarding Syntel's Failure To Produce Relevant Evidence To The Forensic Examiner (ECF No. 705);

5.      Defendants' Motion *in Limine* No. 5 To Preclude Syntel From Presenting Testimony On Matters Over Which Syntel Claimed Privilege During The Deposition Of Its Trial Witness Daniel Moore (ECF No. 708);

6.      Defendants' Motion *in Limine* No. 6 To Preclude Syntel From Introducing Its Own Termination Letter As Purported Evidence Of Its Claims (ECF No. 711);

7.      Defendants' Motion *in Limine* No. 7 To Exclude Evidence And Argument Regarding The Non-Solicitation Provision Of The MSA (ECF No. 718);

8.      Defendants' Motion *in Limine* No. 8 To Preclude Syntel From Offering Irrelevant Evidence Regarding Project Koala Because It Has Nothing To Do With The Claims In This Case (ECF No. 721); and

9.      Defendants' Motion *in Limine* No. 9 To Exclude Irrelevant Evidence Relating To The FCPA Investigation (ECF No. 724).

In addition, the parties state that as part of their meet and confer leading up to the parties' motion *in limine* filings, they reached the following agreements to obviate filing certain contemplated motions *in limine*:

1.      Plaintiffs agree not to present evidence or argument regarding Cognizant's content moderation work for Facebook.

2.      Plaintiffs agree not to present evidence or argument regarding the recent ransomware attack against Cognizant.

3.      Defendants have agreed that the parties will not introduce correspondence between outside counsel in this litigation and correspondence between outside counsel and the Court, specifically, DTX-0115. The parties have not reached agreement regarding the admissibility of correspondence with the forensic examiner, such as DTX-0117 or DTX-0143, nor have the parties reached agreement regarding DTX-0080.

4.      Defendants have agreed that they will not argue that Syntel spoliated evidence relating to the "Delete my mesg" email / the "Deletion Issue" investigated by the forensic examiner.  Defendants do not agree, however, that the email itself is inadmissible, and Plaintiffs have interposed objections regarding the admissibility of the email and the related correspondence.

The parties are continuing to confer in an effort to resolve other disputes addressed by the motions *in limine* where possible and will promptly inform the Court of any additional agreements in that regard.

## M.      STIPULATIONS OF UNCONTESTED FACTS

The parties stipulate to the following facts:

1.      Syntel Sterling Best Shores Mauritius Limited ("Syntel Mauritius") is a Mauritius corporation with its principal place of business in Mauritius.

2.      Syntel Sterling Best Shores Mauritius Limited is now Syntel Holding Mauritius Limited.

3.     Syntel, Inc. is a Michigan corporation with its principal place of business in Michigan.

4.     Syntel, Inc. is now Syntel LLC.

5.     Syntel, Inc. is a technology services and business services company that provides software development and platform management services to its clients.

6.     The TriZetto Group, Inc. ("TriZetto") is incorporated in Delaware with its principal place of business in Colorado.

7.     The TriZetto Group, Inc. is now Cognizant TriZetto Software Group, Inc.

8.     Cognizant Technology Solutions Corporation ("Cognizant") is incorporated in Delaware with its principal place of business in New Jersey.

9.     Cognizant Technology Solutions Corp. is a public company that provides information technology services.

10.     On September 15, 2014, Cognizant and TriZetto announced that Cognizant would acquire TriZetto.

11.     Cognizant acquired TriZetto on November 20, 2014.

12.     TriZetto is a subsidiary of Cognizant.

13.     Facets is a TriZetto software product for adjudicating and processing healthcare claims.

14.     Facets is an application used to administer health plans for healthcare providers and insurance companies that stores information related to health plan members.

15.     On June 30, 2010, TriZetto entered into a Master Services Agreement ("MSA") with Syntel Mauritius.

16. On August 17, 2012, TriZetto and Syntel Mauritius signed an MSA Amendment, which became effective July 1, 2012.

17. After 2012, pursuant to the MSA Amendment, Syntel began directly serving certain FACETS users such as Blue Shield of California ("BSC"), Capital District Physicians Health Plan ("CDPHP"), UnitedHealthcare, Inc. ("UHG"), Anthem, Excellus Health Plan, and Presbyterian Healthcare Services.

18. Syntel Mauritius gave notice of termination of the MSA on November 20, 2014, which would become effective February 18, 2015.

## N.    DAMAGES STATEMENT

### 1.    Plaintiffs/Counterclaim-Defendants' Damages Statement

#### a.    Plaintiffs' Damages on Their Claims Against Defendants[1]

1. On Syntel Mauritius's claim that TriZetto breached the provision of the MSA that required TriZetto to reimburse Syntel Mauritius for the transition rebates TriZetto received (Section 23.02(3)), Syntel Mauritius seeks $3,382,421 from TriZetto, together with prejudgment interest at the statutory rate of 9% per annum.

---

[1] Syntel reserves the right to update its damage calculations prior to trial should the need arise. Syntel also specifically reserves the right to update its damage calculations based upon Defendants' production of new damages documents produced on September 15, 2020, in support of the testimony of Defendants' damages expert, Thomas Britven.

2.      On Syntel Mauritius's claim that TriZetto breached the confidentiality provision of the MSA (Section 19.01) Syntel Mauritius seeks lost profit damages of $75,608,566.[234]

3.      On Syntel Mauritius's and Syntel, Inc.'s claim that Cognizant tortiously interfered with the MSA, Syntel Mauritius and Syntel, Inc. seek lost profit damages of $75,608,566.[567]

4.      On Syntel, Inc.'s claims that TriZetto and/or Cognizant tortiously interfered with the employment agreements of Swapnil Dilip Adhav, Atul Shirdhar Patil, Parul Kumar, Abhishek Thakur, and Ankit Shah, Syntel, Inc. seeks lost profits of $1,239,256.

5.      On Syntel Mauritius's claim that TriZetto/Cognizant misappropriated Syntel Mauritius's confidential information, Syntel Mauritius seeks lost profit damages of

---

[2] The amount of lost profits sought by Syntel Mauritius is $69,012,334 of unrealized Syntel Business Plan incremental operating income and $6,596,232 of unrealized incremental margin on Syntel projects, together with prejudgment interest at the statutory rate of 9% per annum.

[3] Syntel Mauritius's lost profit damages reflect the unrealized direct billings of the 84 employees Cognizant has admitted to hiring from Syntel ($14,793,042) [*see* TZCG-00194052] and the unrealized direct billings of the 112 impacted employees that also left Syntel in connection with TriZetto/Cognizant's actions ($12,646,532).  Syntel Mauritius's total lost profits related to the unrealized direct billings of all 196 employees is $27,439,574, and is calculated as of the date of trial and therefore Syntel Mauritius does not seek prejudgment interest associated with these amounts.

[4] The damages values included here are subject to change as updated financial information becomes available.

[5] The amount of lost profits sought by Syntel Mauritius and Syntel, Inc. is $69,012,334 of unrealized Syntel Business Plan incremental operating income and $6,596,232 of unrealized incremental margin on Syntel projects, together with prejudgment interest at the statutory rate of 9% per annum.

[6] Syntel Mauritius and Syntel Inc.'s lost profit damages reflect the unrealized direct billings of the 84 employees Cognizant has admitted to hiring from Syntel ($14,793,042) [*see* TZCG-00194052] and the unrealized direct billings of the 112 impacted employees that also left Syntel in connection with Cognizant's actions ($12,646,532).  Syntel Mauritius and Syntel Inc.'s total lost profits related to the unrealized direct billings of all 196 employees is $27,439,574, and is calculated as of the date of trial and therefore Syntel Mauritius and Syntel, Inc. do not seek prejudgment interest associated with these amounts.

[7] The damages values included here are subject to change as updated financial information becomes available.

$75,608,566.[8]  Alternatively, Syntel Mauritius seeks damages equal to the benefit

TriZetto/Cognizant received from its misappropriation of Syntel Mauritius's confidential

information of $24,179,166.[9]

6.      Syntel, Inc. and Syntel Mauritius seek punitive damages as well as attorneys' fees

and costs available at contract or law.

### b.      Damages Sought by Defendants on Their Counterclaims

7.      The proper measure of TriZetto's compensatory damages is either TriZetto's lost

profits or Syntel's profits caused by the alleged improper use of TriZetto's intellectual property.

An award of TriZetto's lost profit would render it "whole," and a disgorgement of Syntel's

profits would remove any benefit that it has gained from the alleged wrongful acts.

8.      The measure of damages or monetary relief that Syntel and Syntel Mauritius

believe appropriate, assuming a finding of liability, consists of the following components:

Count I (Breach of Contract), Count II (Breach of Implied Covenant of Good Faith and Fair
Dealing), Count V (Unfair Competition), and Count VI (Tortious Interference):

- No more than $10.7 million based on TriZetto's lost profits due to Syntel providing
  TriZetto product consulting services to six clients;[10]

- No more than $6.5 million based on TriZetto's lost profits due to Syntel providing
  TriZetto product consulting services to these same clients, but excluding CDPHP;
  and,

- No more than $4.6 million based on TriZetto's lost profits due to Syntel providing
  TriZetto product consulting services to UHG.

---

[8] *See* footnotes 1-3.

[9] The damages associated with TriZetto/Cognizant's unjust enrichment are calculated as of the
date of trial; and therefore Syntel Mauritius does not seek additional prejudgment interest
associated with this amount.

[10] The six clients are: Anthem, Inc., Blue Shield of California, Capital District Physician Health
Plan ("CDPHP"), Excellus Health Plan, Inc., Presbyterian Healthcare Services, and United
Healthcare ("UHG").

These lost profits represent the *maximum* damages, and hence the "no more than" statements, to be awarded under these claims for two reasons: 1) the damages are based on an assumption of TriZetto capturing 100% of Syntel's TriZetto product consulting services, which is overstated given the competitors providing these services in the marketplace, and 2) the damages are determined based upon TriZetto's company-wide annual profit margins, which are significantly higher than the profit margins realized by Syntel in providing its TriZetto consulting services to, for example, UHG.

Counts III and IV (Trade Secret and Confidential Information Misappropriation under New York law and the DTSA):

- No more than $10.3 million based on the profits (unjust enrichment) that Syntel realized in providing TriZetto product consulting services to the same six clients discussed above;

- No more than $3.3 million based on the profits (unjust enrichment) that Syntel realized in providing TriZetto product consulting services to these same clients, but excluding CDPHP; and

- No more than $0.82 million based on the profits (unjust enrichment) that Syntel realized in providing TriZetto product consulting services to UHG.

These measures of profit (unjust enrichment) represent the *maximum* monetary relief, and hence the "no more than" statements, to be awarded under these claims because it allocates all of Syntel's profits from providing TriZetto product consulting services. However, because of Syntel's reputation, experience, expertise, pricing and assembled workforce, as well as the use of other non-accused assets in generating its TriZetto product consulting revenues and profits, Syntel's profits attributable to the alleged wrongful acts under these claims would, in fact, be less than its total profits realized from providing its TriZetto product consulting services.

Count VII (Copyright Infringement):

- No more than $10.3 million based on the profits (unjust enrichment) that Syntel realized in providing TriZetto product consulting services to same six clients discussed above;

- No more than $3.3 million based on the profits (unjust enrichment) that Syntel realized in providing TriZetto product consulting services to these same clients, but excluding CDPHP; and

- No more than $0.82 million based on the profits (unjust enrichment) that Syntel realized in providing TriZetto product consulting services to UHG.

These measures of profit (unjust enrichment) represent the *maximum* monetary relief, and hence the "no more than" statements, to be awarded under this claim because it allocates all of Syntel's profits from providing TriZetto product consulting services. With respect to TriZetto's copyright infringement claim, the profits would be even less than those for the trade secret and confidential information misappropriation claims. This is so because Syntel's TriZetto product consulting services, which are the basis for the Count III and IV profit numbers, are broader in scope than Syntel's conduct giving rise to the copyright infringement claim and profits attributable thereto.

9.      Syntel also seeks its costs and attorneys' fees, as appropriate, under the Copyright Act and the Defends Trade Secret Act, as well as any such other and further relief as the Court deems appropriate.

## 2.      Defendants/Counterclaim-Plaintiffs' Damages Statement[11]

Defendants seek at least $291,546,302 in damages, plus prejudgment interest of at least $148,391,437 calculated at up to the statutory rate of 9% under New York law or prime under Federal law, commencing on February 23, 2015. Defendants also seek reasonable costs, expenses,

---

[11] Defendants object to Plaintiffs' disclosure of new expert damages calculations and damages theories, reflected in Plaintiffs' Trial Exhibit Nos. 1442-1446. Defendants also reserve the right to update their damages calculations should updated financial information be exchanged.

and attorneys' fees.

The damages sought by Defendants consist of the following components[12]:

Count I (Breach of Contract):

- lost profits of $8,536,522 to $22,349,898[13];

- direct damages of $2,000,000 (breach-of-contract only);

- punitive damages available at contract or law up to the amount that is reasonable and proportionate to the harm suffered by TriZetto.

Counts III and IV (Trade Secret and Confidential Information Misappropriation under New York law and the DTSA):

- unjust enrichment in the form of avoided development costs of $291,546,302;

- actual losses of $8,536,522 to $22,349,898[14];

- a reasonable royalty of $145,773,151;

- punitive damages in the amount of at least twice the amount of compensatory damages determined by the jury or up to the amount that is reasonable and proportionate to the harm suffered by TriZetto.

Count VII (Copyright Infringement):

- disgorgement of Syntel's profits on $30,298,115 in revenues;

- actual losses of $59,268,569.

With respect to Syntel's claims, TriZetto denies that Syntel suffered any damages and disputes Syntel's calculation of damages.

## O.    OTHER REQUESTED RELIEF

---

[12] As explained in the proposed jury instructions, not all the damages items listed below are additive.

[13] These lost profits numbers include calculations based on revenue projections. Defendants' reserve the right to update these numbers if and when Syntel provides updated financial data.

[14] *See* footnote above.

1. **Plaintiffs/Counterclaim-Defendants' Other Requested Relief**

Plaintiffs Syntel Mauritius and Syntel, Inc. reserve their right to seek from the Court other requested relief in advance of, during, or at the conclusion of trial.

2. **Defendants/Counterclaim-Plaintiffs' Other Requested Relief**

Consistent with its First Amended Counterclaims (ECF No. 216), Defendants request that this Court enjoin Syntel from misappropriating Defendants' confidential information and trade secrets, as well as infringing their copyrights, including by using such information or by making any further sales of products, services, or programs that incorporate such information or were created using such information. Defendants also request that they be awarded their costs, expenses, and attorneys' fees as appropriate, as well as any such other and further relief as the Court deems appropriate.

**P.    UNANIMOUS VERDICT**

The parties do not consent to less than a unanimous verdict.

Dated: September 24, 2020                          Jointly submitted,

 By: */s/ Anne B. Sekel*                                By: */s/ Gianni Cutri*

Todd C. Norbitz                                         Michael W. De Vries
Anne B. Sekel                                            Justin Singh
Robert S. Weisbein                                    Benjamin A. Herbert
Nicole M. Marschean                                 Andrew Morrill
Patrick J. Rodriguez                                  Gavin Moler
Foley & Lardner, LLP                                 KIRKLAND & ELLIS LLP
90 Park Avenue                                         555 S. Flower St.
New York, NY 10016                                 Los Angeles, CA 90071
(212) 682-7474                                         Tel: (213) 680-8400
tnorbitz@foley.com                                    Fax: (213) 680-8500
asekel@foley.com                                      Email: michael.devries@kirkland.com
rweisbein@foley.com                                          justin.singh@kirkland.com
nmarschean@foley.com                                       benjamin.herbert@kirkland.com
prodriguez@foley.com                                       drew.morrill@kirkland.com
                                                                    gavin.moler@kirkland.com

Norman C. Ankers

Foley & Lardner LLP
500 Woodward Avenue, Suite 2700
Detroit, MI 48226
(313) 234-7100
nankers@foley.com

Ryan C. Watkins
Foley & Lardner LLP
1000 Louisiana Street, Suite 2000
Houston, TX 77002
(713) 276-5003
rwatkins@foley.com

Emily A. Beer
Foley & Lardner LLP
100 North Tampa Street, Suite 2700
Tampa, FL 33602
(813) 225-4102
ebeer@foley.com

*Attorneys for Plaintiffs and Counterclaim-Defendants Syntel Sterling Best Shores Mauritius and Syntel, Inc.*

Gianni Cutri
Adam M. Kaufmann
Kyle Kantarek
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, IL 60654
Tel: (312) 862-2000
Fax: (312) 862-2200
Email: gianni.cutri@kirkland.com
          adam.kaufmann@kirkland.com
          kyle.kantarek@kirkland.com
          jake.rambeau@kirkland.com

Leslie M. Schmidt
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Ave.
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900
Email: leslie.schmidt@kirkland.com
          joshua.simmons@irkland.com

*Attorneys for Defendants and Counterclaim-Plaintiffs The Trizetto Group, Inc. And Cognizant Technology Solutions Corp.*