```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SYNTEL STERLING BEST SHORES                                 :
MAURITIUS LIMITED, et al.,                                  :
                                                            :      15 Civ. 211 (LGS)
        Plaintiffs/Counterclaim-Defendants,                 :
                                                            :           ORDER
                -against-                                   :   (Plaintiffs' MIL 3 & 4)
                                                            :
THE TRIZETTO GROUP., et al.,                                :
                                                            :
        Defendants/Counterclaim-Plaintiffs.                 :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiffs/Counterclaim-Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") move *in limine,* pursuant to Federal Rules of Evidence 401, 402 and 403, to preclude Defendants/Counterclaim-Plaintiffs The TriZetto Group, Inc. and Cognizant Technology Solutions Corp. ("Defendants"), (1) from making reference to discovery proceedings, disputes, orders and sanctions (Dkt. No. 689, Syntel's MIL #3), and (2) from offering evidence regarding the existence or content of the Preclusion Order (Dkt. No. 276) and related materials (Dkt. No. 694, Syntel's MIL #4).

The parties shall not reference at trial discovery disputes or the Court's discovery orders. Evidence of the disputes and orders, including the Preclusion Order, have little if any probative value and could unfairly prejudice the jury against Syntel by suggesting that the Court views Syntel in a negative light, or confuse the jury by suggesting that the precluded evidence is being hidden from them. *See* Fed. R. Evid. 401, 402, 403.

In contrast, evidence of the events underlying the disputes and orders -- such as Syntel's failure to produce evidence of its alleged theft leading to the Preclusion Order (although not the

Preclusion Order itself), as well as Syntel's attempts to conceal its actions -- are not precluded. Such evidence, which does not implicate the Court, is highly relevant to Defendants' claims, particularly counterclaims of trade secret misappropriation.  The probative value of such evidence outweighs any danger of unfair prejudice.  *See* Fed. R. Evid. 401, 402, 403.  The evidence is damning and thus prejudicial because it tends to prove Defendants' claims and bears negatively on the credibility of certain Syntel witnesses.  But nothing is unfair about the prejudice, such as misleading the jury or playing to its emotions.  *See United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011) (for evidence to be unfairly prejudicial under Rule 403 it must "tend[] to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." (internal quotation marks omitted)).

      For these reasons, it is ORDERED that Syntel's motions *in limine* Nos. 3 and 4 are GRANTED in part and DENIED in part.  The parties shall not reference at trial discovery disputes or the Court's discovery orders; however evidence of the events underlying the disputes and orders are not precluded.

      The Clerk of Court is respectfully directed to close the motions at Docket Nos. 689 and 694.

Dated: September 30, 2020
      New York, New York

                                               LORNA G. SCHOFIELD
                                       UNITED STATES DISTRICT JUDGE