```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SYNTEL STERLING BEST SHORES                                 :
MAURITIUS LIMITED, et al.,                                  :
                                                            :       15 Civ. 211 (LGS)
        Plaintiffs/Counterclaim-Defendants,                 :
                                                            :           ORDER
        -against-                                           :   (Plaintiffs' MIL 5, 6 & 7)
                                                            :
THE TRIZETTO GROUP., et al.,                                :
                                                            :
        Defendants/Counterclaim-Plaintiffs.                 :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiffs/Counterclaim-Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") move *in limine*, pursuant to Federal Rules of Evidence 401, 402, 403, 701 and 702, (a) to preclude Defendants/Counterclaim-Plaintiffs The TriZetto Group, Inc. ("TriZetto") and Cognizant Technology Solutions Corp. (together with TriZetto, "Defendants") from introducing as evidence, or from otherwise making any reference to (1) the Forensic Report of Samuel S. Rubin and related materials/information (Dkt. No. 733, Syntel's MIL #5); (2) the non-TriZetto material identified in the Forensic report, *i.e.*, with respect to the so-called "Copying Issue" -- that Syntel's computers, email accounts and servers purportedly contained approximately 2,000 files responsive to the search request of which 963 did not come from TriZetto (Dkt. No. 736, Syntel's MIL #6) and (b) to preclude Samuel S. Rubin from testifying at trial (Dkt. No. 739, Syntel's MIL #7).

The parties shall not reference at trial any Court order, including the January 30, 2017, Order for the Forensic Examination (Dkt. No. 243). Evidence of such orders have little if any

probative value and could unfairly prejudice the jury against Syntel by suggesting that the Court views Syntel in a negative light.  *See* Fed. R. Evid. 401, 402, 403.

Testimony about the Forensic Examination and its results is not excluded, including testimony from Samuel S. Rubin, who conducted the examination; and evidence and argument related to the "Copying Issue."  The evidence, which does not implicate the Court, is highly relevant to Defendants' claims, particularly counterclaims of trade secret misappropriation.  The probative value of such evidence outweighs any danger of unfair prejudice.  *See* Fed. R. Evid. 401, 402, 403.  The evidence is damning and thus prejudicial because it tends to prove Defendants' claims and bears negatively on the credibility of certain Syntel witnesses.  But nothing is unfair about the prejudice, such as misleading the jury or playing to its emotions.  *See United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011) (for evidence to be unfairly prejudicial under Rule 403 it must "tend[] to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." (internal quotation marks omitted))

Syntel's argument that the Forensic Report and related testimony should be excluded based on Rules 701 and 702 is unpersuasive because this evidence is not expert opinion or testimony, but instead is factual.  Mr. Rubin may testify about the facts of his examination and findings, including the procedures he used to conduct the examination, the TriZetto documents he located on Syntel's computers, the locations where the files were found, and when the documents were downloaded, saved and disseminated by Syntel.  Like all witnesses, he is subject to cross-examination, including concerning his methodology, findings or any other pertinent matter.

The Forensic Report itself is not excluded on the basis of Rules 401, 402, 403, 701 and 702 for the reasons stated above. Whether the written report is excludable as hearsay or admissible as a business record under Rule 803(6) depends on whether Defendants can lay the necessary foundation.

The Court will consider any proposed written jury instruction submitted by a party in connection with the Forensic Examination.

For these reasons, it is ORDERED that Syntel's motions *in limine* Nos 5, 6 and 7 relating to the Forensic Examination are DENIED, except that the issue of the admissibility of the written Forensic Report is RESERVED.

The Clerk of Court is respectfully directed to close the motions at Docket Nos. 733, 736, 739.

Dated: September 30, 2020
      New York, New York

                                                                          LORNA G. SCHOFIELD
                                                        UNITED STATES DISTRICT JUDGE