```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SYNTEL STERLING BEST SHORES                                 :
MAURITIUS LIMITED, et al.,                                  :
                                                            :           15 Civ. 211 (LGS)
         Plaintiffs/Counterclaim-Defendants,                :
                                                            :                 ORDER
                     -against-                              :           (Plaintiffs' MIL 8)
                                                            :
THE TRIZETTO GROUP., et al.,                                :
                                                            :
         Defendants/Counterclaim-Plaintiffs.                :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiffs/Counterclaim-Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") move *in limine* (Dkt. No. 742) to exclude Defendants/Counterclaim-Plaintiffs The TriZetto Group, Inc. ("TriZetto") and Cognizant Technology Solutions Corp. (together with TriZetto, "Defendants"), from offering "improper testimony, argument and references to Defendants' purported repository of test cases and automation scripts not produced in discovery," pursuant to Federal Rules of Evidence 401 and 403.

Syntel seeks to preclude evidence and argument relating to Defendants' asserted repository of "3000+ test cases and 500 automation scripts" when Defendants produced only 927 test cases and 814 automation scripts. That Defendants purport to have had 3000+ test cases and 500 automation scripts, and that Syntel advertises a repository of the same size and scope, is relevant circumstantial evidence that Syntel misappropriated Defendants' trade secrets. *See* Fed. R. Evid. 401. Syntel argues that the evidence is prejudicial because it is inaccurate. The motion essentially asks the Court to make a factual finding that Defendants did not have the claimed

repository and instead had only what was produced.  This is a factual inference that can be argued to the jury.  It is not a basis to preclude evidence.  *See* Fed. R. Evid. 403.

For these reasons, it is ORDERED that Syntel's motion *in limine* No. 8 is DENIED. Defendants may proffer evidence and argument about TriZetto's purported repository of test cases and automation scripts.

The Clerk of Court is respectfully directed to close the motion at Docket No. 742.

Dated: September 30, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

2