UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SYNTEL STERLING BEST SHORES                                 :
MAURITIUS LIMITED, et al.,                                  :
                                                            :           15 Civ. 211 (LGS)
          Plaintiffs/Counterclaim-Defendants,               :
                                                            :               ORDER
                    -against-                               :       (Plaintiffs' MIL 10)
                                                            :
THE TRIZETTO GROUP., et al.,                                :
                                                            :
          Defendants/Counterclaim-Plaintiffs.               :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       Plaintiffs/Counterclaim-Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") move *in limine* (Dkt. No. 702) to preclude Defendants/Counterclaim-Plaintiffs The TriZetto Group, Inc. ("TriZetto") and Cognizant Technology Solutions Corp. (together with TriZetto, "Defendants"), from introducing certain evidence relating to Transition Rebates, pursuant to the law-of-the-case doctrine and Federal Rules of Evidence 401, 402 and 403.

       First, Syntel seeks to preclude evidence and argument that the 2012 amendment to the Master Services Agreement ("MSA") relieved TriZetto of its obligation to reimburse Syntel for Transition Rebates TriZetto already received. This issue is moot as Defendants agree not to present this evidence or argument.

       Second, Syntel also seeks to preclude evidence and argument related to its claim that TriZetto breached the transition rebates provision of the MSA by failing to reimburse Transition Rebates received from Syntel up until the adoption of the MSA amendment, specifically evidence that TriZetto would rely on to rebut Syntel's claim that Syntel performed under the

MSA, that Syntel provided TriZetto with transition rebates when Exhibit 3 to the MSA was in effect, and the amount of damages.  These issues were left open after summary judgment.  *See* Dkt. 588 at 50 (denying Syntel's motion for summary judgment on this claim).  They are directly relevant to elements of Syntel's breach of contract claim.  Syntel's assertion that this evidence and argument are prejudicial because the issues were decided by the Court on summary judgment is incorrect.

For these reasons, it is ORDERED that Syntel's motion *in limine* No. 10 is DENIED. Defendants may introduce evidence and argument disputing TriZetto's liability to reimburse Syntel Mauritius for certain Transition Rebates pursuant to the MSA.

The Clerk of Court is respectfully directed to close the motion at Docket No. 702.

Dated: September 30, 2020
    New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE