UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SYNTEL STERLING BEST SHORES                                 :
MAURITIUS LIMITED, et al.,                                  :     15 Civ. 211 (LGS)
                                                            :
                            Plaintiffs,                     :     ORDER
                                                            :     (Plaintiffs' MIL 13)
              -against-                                     :
                                                            :
THE TRIZETTO GROUP, INC. at al.,                            :
                                                            :
                            Defendants.                     :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       Plaintiffs/Counterclaim Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") move to exclude the testimony of Chuck Sanders regarding (i) whether the Data Dictionary tool is subsumed within Facets 5.10, (ii) whether the Data Dictionary tool is a derivative work based on Facets 5.10 and shares protectable elements therein, and (iii) the functionality of the Data Dictionary tool and whether or not Syntel's D-2 Data Dictionary is substantially similar thereto (Dkt. No. 748), pursuant to Federal Rule of Evidence 602.

       Rule 602 provides:

> A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony.

Fed. R. Evid. 602. Here, as a 30(b)(6) witness, Mr. Sanders has knowledge of (i) whether the Data Dictionary tool is subsumed within Facets 5.10, (ii) whether the Data Dictionary tool is a derivative work based on Facets 5.10 and shares protectable elements therein, and (iii) the functionality of the Data Dictionary tool and whether or not Syntel's D-2 Data Dictionary is substantially similar thereto, based on review of relevant TriZetto documents. *See* Dkt. 608 at 9;

*see also Gucci Am., Inc. v. Ashley Reed Trading, Inc.*, No. 00 Civ. 6041, 2003 WL 22327162, at *3 (S.D.N.Y. Oct. 10, 2003) (a 30(b)(6) witness may "testify on the corporation's behalf," and "need not have personal knowledge on a given subject, so long as [he can] convey the information known to the corporation").  Further, Mr. Sanders also has personal knowledge of, and as illustrated during his deposition (*see* Dkt. No. 750-2), can testify in detail as to Facets and the Data Dictionary, based on his years of working with that software at TriZetto.  (Dkt. No. 541 ¶¶ 1-2, 8-17).

In addition, on summary judgment, this Court permitted Defendants to rely on the 30(b)(6) testimony of Mr. Sanders, despite Syntel's arguments that Mr. Sanders lacked personal knowledge to testify about the relationship between Data Dictionary and Facets because he is not an engineer and did not compare the programming code in the two products.  (Dkt. No. 608 at 9).  The Court found that "[a]s a 30(b)(6) witness, Mr. Sanders testified . . . that his statements were based on his personal review of relevant TriZetto documents.  He is informed about the types of products TriZetto offers, even if he did not engineer them himself, as the Vice President of Corporate Development and Strategic Alliances."  (Dkt. No. 608 at 9).  Syntel has not shown any "intervening change in law, availability of new evidence, or '[] need to correct a clear error or prevent manifest injustice,'" *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009), that would warrant disrupting the law of the case.  *See also Id*. at 99 (explaining that the "law of the case doctrine commands that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case'") (internal citation omitted); *accord Dentsply Sirona, Inc. v. Dental Brands for Less LLC*, No. 15 Civ. 8775, 2020 WL 4038343, at *3 (S.D.N.Y. July 17, 2020) (following the law of the case and explaining that the "law-of-the-case doctrine is 'driven by considerations of fairness to the parties, judicial economy,

and the societal interest in finality.'" (internal citation omitted)).

For these reasons, it is **ORDERED** that Syntel's motion to exclude the testimony of Mr. Sanders is **DENIED**.  Mr. Sanders may testify as to (i) whether the Data Dictionary tool is subsumed within Facets 5.10, (ii) whether the Data Dictionary tool is a derivative work based on Facets 5.10 and shares protectable elements therein, and (iii) the functionality of the Data Dictionary tool and whether or not Syntel's D-2 Data Dictionary is substantially similar thereto.

The Clerk of Court is respectfully directed to close Docket No. 748.

Dated: September 30, 2020
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

3