UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SYNTEL STERLING BEST SHORES
MAURITIUS LIMITED, et al.,  :  15 Civ. 211 (LGS)
                            :
                Plaintiffs, :  ORDER
                            :  (Plaintiffs' MIL 14)
        -against-           :
                            :
THE TRIZETTO GROUP, INC. at al., :
                            :
                Defendants. :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiffs/Counterclaim Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") move to exclude the testimony of Thomas Britven and the offering of any documentary evidence regarding TriZetto's alleged reasonable royalty damages that arose from Syntel's infringing acts that occurred prior to September 30, 2013, (Dkt. No. 714), pursuant to 17 U.S.C. § 507(b). It is hereby

**ORDERED** that the motion to exclude the testimony of Thomas Britven and the offering of any documentary evidence regarding TriZetto's alleged reasonable royalty damages that arose from Syntel's infringing acts that occurred prior to September 30, 2013, is **DENIED**. Mr. Britven may testify, and Defendants may offer documentary evidence as to TriZetto's alleged reasonable royalty damages that arose on or after February 23, 2012.

Second Circuit courts permit parties to look to the fair market value of the reasonable license fee to which the copyright holder was deprived, as a proxy for actual damages. *On Davis v. The Gap, Inc.*, 246 F.3d 152, 165 (2d Cir. 2001) ("If a copier of protected work, instead of obtaining permission and paying the fee, proceeds without permission and without compensating the owner, it seems entirely reasonable to conclude that the owner has suffered damages to the

extent of the infringer's taking without paying what the owner was legally entitled to exact a fee for.  We can see no reason why, as an abstract matter, the statutory term 'actual damages' should not cover the owner's failure to obtain the market value of the fee the owner was entitled to charge for such use"); *accord Cuffaro v. Fashionisto LLC*, No. 19 Civ. 7265, 2020 WL 5077449, at *3 (S.D.N.Y. July 9, 2020).  Specifically, courts look to "not what the owner would have charged, but rather what is the fair market value."  *On Davis*, 256 F.3d at 166; *see also Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970) (providing a series of factors for calculating a reasonable royalty to which "a prudent licensee who wished to obtain a license but was not so compelled" and a "prudent [rights holder], who wished to grant a license but was not so compelled," would agree).

Damages for copyright infringement -- regardless of whether they are calculated as a reasonable royalty -- are available only for infringing acts occurring "three years back from the time of suit"; "[n]o recovery may be had for infringement in earlier years," and "[p]rofits made in those years remain the [the infringing party's] to keep."  *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 677 (2014) (citing 17 U.S.C. § 507(b)).  This is true even though the Second Circuit applies the discovery rule to determine when a copyright infringement claim accrues, and looks to when "the copyright holder discovers, or with due diligence should have discovered, the infringement."  *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014) (citing *Merchant v. Levy*, 92 F.3d 51, 56 (2d Cir. 1996) and *Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992)).  Under the discovery rule, a plaintiff can file a timely infringement claim for an infringing act that occurred more than three years ago, but for which the statute of limitations did not begin to accrue until later when the copyright holder "with due diligence should have discovered the infringement."  *Id*.  The Second Circuit recently explained that "[d]espite not

2

passing on the propriety of the discovery rule in *Petrella*, the Supreme Court explicitly delimited damages to the three years prior to the commencement of a copyright infringement action . . . . Consequently, *Petrella* and *Psihoyos* counsel that [courts within the Second Circuit] must apply the discover[y] rule to determine when a copyright infringement claim accrues, but a three-year lookback period from the time a suit is filed to determine the extent of the relief available." *Sohm v. Scholastic, Inc.*, 959 F.3d 39, 51-52 (2d Cir. 2020).

Accordingly, while Defendants may seek a reasonable royalty as a proxy for actual damages, *On Davis*, 246 F.3d at 165-67, they are prohibited from seeking damages for infringing acts that occurred more than three years prior to filing their original answer and counterclaims on February 23, 2015, (Dkt. No. 21), *Sohm*, 959 F.3d at 51-52.  While Defendants initially included their claims of copyright infringement in their amended answer and counterclaims (Dkt. No. 215), the claims relate back to Defendants' original answer and counterclaims (Dkt. No. 21), which included allegations of theft of confidential information to offer competitive products and services after Defendant was acquired by Cognizant.  *See* Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out  -- or attempted to be set out -- in the original pleading.").  The copyright infringement claims relate to the same works that Defendants, in their original answer and counterclaims (Dkt. No. 21), alleged Plaintiffs stole, including two internal presentations and the Data Dictionary software.  As a result, Defendants' copyright infringement claims relate to the same conduct and occurrence from which Defendants' original counterclaims arose, and Defendants may seek damages for infringing acts dating back to February 23, 2012.

Defendants are not seeking to recover damages for acts of infringement occurring earlier

3

than February 23, 2012.  Instead, Defendants seek to admit testimony from Mr. Britven and documents regarding events that occurred prior to three years before filing the answer and counterclaims, to support their calculation of the fair market value of the reasonable license fee of which they were allegedly deprived, during the three-year period for which Defendants are eligible to collect actual damages.  The testimony of Mr. Britven and supporting documents regarding TriZetto's alleged reasonable royalty damages are therefore admissible.

      The Clerk of Court is directed to close the motion at Dkt. No. 714.

Dated:  September 30, 2020
       New York, New York

                                          **LORNA G. SCHOFIELD**
                                          **UNITED STATES DISTRICT JUDGE**