UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SYNTEL STERLING BEST SHORES
MAURITIUS LIMITED, et al.,

        Plaintiffs/Counterclaim-Defendants,

-against-

THE TRIZETTO GROUP., et al.,

        Defendants/Counterclaim-Plaintiffs.
------------------------------------------------------------X

15 Civ. 211 (LGS)

ORDER
(Plaintiffs' MIL 16)

LORNA G. SCHOFIELD, District Judge:

      Plaintiffs/Counterclaim-Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") move *in limine* (Dkt. No. 754) to exclude Defendants/Counterclaim-Plaintiffs The Trizetto Group, Inc. ("TriZetto") and Cognizant Technology Solutions Corp. (together, "Defendants") from introducing any evidence that Facets constitutes a protectable trade secret, pursuant to Federal Rules of Evidence 401, 402 and 403.

      Syntel's motion is denied because whether Facets constitutes a protectable trade secret is an issue for the jury to resolve; it is the jury's task to determine whether a trade secret exists and of what it consists. *See, e.g.*, *Chevron U.S.A., Inc. v. Roxen Serv., Inc.*, 813 F.2d 26, 29 (2d Cir. 1987) ("The existence, *vel non*, of a trade secret usually is treated as a question of fact."). The Court declines to litigate the merits of whether Defendants adequately specified TriZetto's trade secrets through a motion *in limine* on the eve of trial, but notes -- as Defendants' opposing memorandum of law explains -- that TriZetto has previously claimed that the relevant versions of Facets constituted a protectable trade secret and Syntel has never moved to compel TriZetto to provide a more specific description.

Regarding Syntel's argument that depositing a portion of Facets source code with the Copyright Office vitiated trade secret protection, this too can be addressed by the jury when it considers whether the source code was kept secret; it is not a pure legal issue.  This argument could have been raised on summary judgment but can now be raised at trial.  *See, e.g.*, *Broadspring, Inc. v. Congoo, LLC*, No. 13 Civ. 1866, 2014 WL 7392905, at *8 (S.D.N.Y. Dec. 29, 2014).

For these reasons, it is ORDERED that Syntel's motion *in limine* No. 16 is DENIED. Defendants may introduce evidence relating to whether Facets constitutes a protectable trade secret.

The Clerk of Court is respectfully directed to close the motion at Docket No. 754.

Dated: September 30, 2020
      New York, New York

                                              LORNA G. SCHOFIELD
                                       UNITED STATES DISTRICT JUDGE