```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SYNTEL STERLING BEST SHORES                                 :
MAURITIUS LIMITED, et al.,                                  :
                                                            :    15 Civ. 211 (LGS)
           Plaintiffs/Counterclaim-Defendants,              :
                                                            :         ORDER
           -against-                                        :    (Plaintiffs' MIL 11)
                                                            :
THE TRIZETTO GROUP., et al.,                                :
                                                            :
           Defendants/Counterclaim-Plaintiffs.              :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiffs/Counterclaim-Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") move *in limine* (Dkt. No. 744) to preclude the Facets documentation Defendants/Counterclaim-Plaintiffs The TriZetto Group, Inc. and Cognizant Technology Solutions Corp. ("Defendants") relied on in opposition to Syntel's summary judgment motion regarding the Data Dictionary because it does not constitute business records under Federal Rule of Evidence 803(6).

Syntel seeks to preclude two documents, the "Facets Data Dictionary Guide" and "Facets 5.01 Physical Package Document" on the ground that they are hearsay and not subject to the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6).

Syntel has not shown that the documents are hearsay -- an out-of-court statement offered for the truth of the matter asserted -- as neither party expressly states whether any statement in the documents is expected to be offered for the truth of that statement. If the documents are hearsay requiring an exception to the hearsay rule to be admitted, the Court previously found on summary judgment that the two documents were admissible as business records, as Syntel

admits.  *See* Dkt. No. 608 at 8-9.  The finding of admissibility is thus binding as "law of the case."  Syntel challenges that finding as "contrary to controlling law."

No later than **October 6, 2020**, Defendants shall file either (a) a certification pursuant to Rule 803(6)(D) to provide the business record foundation for the admissibility of the two documents if they are to be used for the truth of the matter asserted in the documents, or (b) a letter explaining why such certification is unnecessary.

For these reasons, it is **ORDERED** that Syntel's motion *in limine* No. 11 as to the admissibility of the "Facets Data Dictionary Guide" and the "Facets 5.01 Physical Package Document" is **RESERVED**.

Dated: September 30, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**