```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SYNTEL STERLING BEST SHORES                                 :
MAURITIUS LIMITED, et al.,                                  :
                                                            :         15 Civ. 211 (LGS)
        Plaintiffs/Counterclaim-Defendants,                 :
                                                            :              ORDER
                    -against-                               :         (Defendants' MIL 1)
                                                            :
THE TRIZETTO GROUP, et al.,                                 :
                                                            :
        Defendants/Counterclaim-Plaintiffs.                 :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Defendants/Counterclaim-Plaintiffs The TriZetto Group, Inc. and Cognizant Technology Solutions Corp. (collectively, "TriZetto") move *in limine* (Dkt. No. 687) to realign parties and order of proof to promote orderly and efficient trial process.

Defendants seek to realign parties and order of proof for purposes of efficiency and because realignment of parties and order of proof will facilitate the effective determination of truth. *See* Fed. R. Evid. 611(a)(1). Plaintiffs/Counterclaim Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") consent to and join in the relief sought in the motion pending confirmation of the following:

- witnesses will be called once;

- the order of questioning for witnesses called during TriZetto's case who are also to be called by Syntel be will be as follows: (a) direct examination by TriZetto, (b) cross-examination by Syntel on the subject matter of TriZetto's direct, as well as any direct examination by Syntel as part of Syntel's case-in-chief, (c) re-direct by TriZetto on the subject of its original direct, and cross-examination by TriZetto

>  on the subject matter of any direct by Syntel, and (d) re-direct by Syntel on the subject matter of any direct by Syntel.

This procedure of calling and questioning witnesses is correct, except that the Court may preclude or limit re-direct testimony.

The trial court has "the broadest sort of discretion in controlling the order of proof at trial." *Huddleston v. United States*, 485 U.S. 681, 690 (1988); *see* Fed. R. Evid. 611.  The burden of proof in this case has not shifted completely, as all parties have surviving claims. *Compare Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 291 (2d Cir. 1999) (explaining that the district court realigned the parties for trial, because [the plaintiff] had "'the burden of proof on the only remaining substantive issue,' namely, whether use of the . . . marks on shoes would infringe upon the [plaintiff's] mark").  However, the presentation of the evidence will be clearest to the jury if TriZetto presented first and Syntel second, given the number and nature of TriZetto's claims.  For example, without re-ordering the parties' presentations of proof, TriZetto would likely need to elicit testimony beyond the scope of direct for witnesses called in Syntel's case-in-chief.  This could cause juror confusion and prejudice and also impede the effective determination of truth.  *See* Fed. R. Evid. 611(a)(1).

For these reasons, it is ORDERED that TriZetto's motion *in limine* No. 1 is GRANTED.

The Clerk of Court is respectfully directed to close the motion at Docket No. 687.

Dated: September 30, 2020
　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　LORNA G. SCHOFIELD
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE