```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SYNTEL STERLING BEST SHORES                                 :
MAURITIUS LIMITED, et al.,                                  :
                                                            :        15 Civ. 211 (LGS)
            Plaintiffs/Counterclaim-Defendants,             :
                                                            :             ORDER
                        -against-                           :      (Defendants' MIL 2)
                                                            :
THE TRIZETTO GROUP, et al.,                                 :
                                                            :
            Defendants/Counterclaim-Plaintiffs.             :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Defendants/Counterclaim-Plaintiffs The TriZetto Group, Inc. and Cognizant Technology Solutions Corp. (together, "TriZetto") move *in limine* (Dkt. No. 692) to exclude Plaintiffs/Counterclaim-Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") from introducing untimely expert opinions of Daniel Roffman because they (1) violate Federal Rule of Civil Procedure Rule 26(a) and (2) contravene this Court's Preclusion Order (Dkt. No. 276).

Syntel is precluded from introducing expert opinions of Daniel Roffman set forth in his Declaration in Opposition to Defendants' Motion for Summary Judgment ("Roffman Declaration") (Dkt. No. 809), as they contravene the Preclusion Order. The Court precluded Syntel "from offering or presenting any evidence that it did not misappropriate and unlawfully copy Defendants' FACETS Test Cases and Automation Scripts," or "from offering or presenting any evidence that it independently developed any of the Platform Management Tools at issue in this case." (Dkt. No. 276). Syntel seeks to introduce Mr. Roffman's expert opinions provided in the Roffman Declaration because they "specifically address[] Defendants' failure to identify and

produce in discovery the test cases and automation scripts it contends are trade secrets misappropriated by Syntel." The Roffman Declaration purports to evidence such failure based on Mr. Roffman's analysis of "whether the test cases and automation scripts found on a hard drive produced by Defendants in connection with their motion for summary judgment were the same or similar to certain test cases and automation scripts produced by Syntel." This is evidence that bears on whether Syntel misappropriated and unlawfully copied the test cases and automation scripts that TriZetto contends are trade secrets, which is prohibited by the Preclusion Order.

Syntel argues that Mr. Roffman's expert opinions are outside the scope of the Preclusion Order, because the Preclusion Order does not operate as a directed verdict on TriZetto's misappropriation claim or relieve TriZetto of its burden to prove its misappropriation claim. That TriZetto is not relieved of its burden to prove its misappropriation claim does not mean the Preclusion Order included a carve-out for Syntel to offer affirmative evidence to argue that TriZetto has not established its misappropriation claim. Rather, Syntel may cross-examine TriZetto on its evidence and argue that TriZetto's evidence does not show misappropriation.

Relatedly, Syntel also argues that the purpose of the Preclusion Order was to limit Syntel from relying on its *own* belated and deficient production as evidence that Syntel did not possess Facets test cases or automation scripts. Syntel contends that Mr. Roffman's opinions do not fall within the purpose of the order, because they address what is and is not in *TriZetto's* production. This argument is unpersuasive. The Roffman Declaration compared both Syntel's and Trizetto's productions "for the purpose of determining whether the test cases and automation scripts . . . were the same or similar." Syntel is thus relying on its own belated and deficient production by seeking to introduce this expert opinion, which is what the Preclusion Order sought to prevent.

Syntel explains that Mr. Roffman's opinions concerning test cases and automation scripts are necessary, because TriZetto cannot claim trade secret protection over test cases and automation scripts that were not produced in discovery, and argues that these opinions will "facilitate" the jury's determination of whether TriZetto has carried its burden. As stated above, there are other means by which Syntel may show that TriZetto has not carried its burden that would not be in violation of the Preclusion Order.

Because Mr. Roffman's opinions concerning test cases and automation scripts are precluded for contravening the Preclusion Order, TriZetto's alternative argument that they should be precluded on the basis of Rule 26(a) is not reached.

For these reasons, it is ORDERED that TriZetto's motion *in limine* No. 2 is GRANTED. Syntel is precluded from introducing opinions offered by Mr. Roffman concerning test cases and automation scripts as set forth in the Roffman Declaration.

The Clerk of Court is respectfully directed to close the motion at Docket No. 692.

Dated: September 30, 2020
      New York, New York

                                               **LORNA G. SCHOFIELD**
                                          **UNITED STATES DISTRICT JUDGE**