UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
SYNTEL STERLING BEST SHORES                    :
MAURITIUS LIMITED, et al.,                     :
:                        15 Civ. 211 (LGS)
Plaintiffs/Counterclaim-Defendants,  :
:                            ORDER
-against-                       :                 (Defendants' MIL 7)
:
THE TRIZETTO GROUP, et al.,                     :
:
Defendants/Counterclaim-Plaintiffs.  :
-----------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Defendants/Counterclaim-Plaintiffs The TriZetto Group, Inc. ("TriZetto") and Cognizant

Technology Solutions Corp. ("Cognizant," and together with "TriZetto," "Defendants") move *in*

*limine* (Dkt. No. 717) to preclude Plaintiffs/Counterclaim-Defendants Syntel Sterling Best

Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") from introducing evidence,

testimony, or argument about the existence or terms of the non-solicitation provision (the "Non-

Solicitation Provision") of the 2010 Master Services Agreement ("MSA"), or suggesting that

TriZetto breached, or that Cognizant induced TriZetto to breach, the Non-Solicitation Provision.

Syntel is precluded from introducing evidence, testimony, or argument about the meaning

or terms of the Non-Solicitation Provision, or introducing evidence or argument that TriZetto

breached, or that Cognizant induced TriZetto to breach, the Non-Solicitation Provision.

Defendants' motion for summary judgment was granted on Syntel's claims that TriZetto

breached the Non-Solicitation Provision and that Cognizant induced TriZetto to breach that

provision.

Syntel is not otherwise precluded from introducing evidence concerning the Non-

Solicitation Provision, as it is relevant to Syntel's misappropriation claim that TriZetto provided

Syntel employee information to Cognizant.  Such evidence is relevant to Syntel's theory that TriZetto misappropriated Syntel employee information because TriZetto executives believed they could not directly hire Syntel's employees, regardless of whether the provision actually restricted TriZetto.  To exclude all evidence about the existence of the Non-Solicitation Provision would prevent Syntel from demonstrating its theory regarding the motives and actions of Defendants in support of Syntel's misappropriation claim.

The probative value of such evidence is not substantially outweighed by prejudice, jury confusion or wasting time.  To the extent Syntel makes a legally improper argument, that can be remedied with curative or clarifying instructions to the jury.  The jury can be instructed that the Non-Solicitation Provision did not prohibit Defendants from hiring Syntel employees and that the Court has already found that Defendants did not violate that provision of the MSA.  The Court will consider any such proposed jury instruction submitted by a party.  For the same reasons that the evidence is probative, the introduction of such evidence, as relevant to TriZetto's misappropriation claims, does not constitute an undue waste of time.

For these reasons, it is ORDERED that Defendants' motion *in limine* No. 7 is GRANTED in part and DENIED in part.  Syntel is precluded from introducing evidence, testimony, or argument about the meaning or terms of the Non-Solicitation Provision, or introducing evidence or argument that TriZetto breached, or that Cognizant induced TriZetto to breach, the Non-Solicitation Provision.  Syntel is not otherwise precluded from introducing evidence concerning the Non-Solicitation Provision.

The Clerk of Court is respectfully directed to close the motion at Docket No. 717.

Dated: September 30, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2