UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SYNTEL STERLING BEST SHORES            :
MAURITIUS LIMITED, et al.,             :
                                       :         15 Civ. 211 (LGS)
    Plaintiffs/Counterclaim-Defendants,  :
                                       :              ORDER
               -against-            :         (Defendants' MIL 8)
                                       :
THE TRIZETTO GROUP, et al.,            :
                                       :
    Defendants/Counterclaim-Plaintiffs.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      Defendants/Counterclaim-Plaintiffs The TriZetto Group, Inc. ("TriZetto") and Cognizant Technology Solutions Corp. ("Cognizant," together with Trizetto, "Defendants") move *in limine* (Dkt. No. 720) to preclude Plaintiffs/Counterclaim-Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") from offering evidence regarding Project Koala.

      Syntel is not precluded from introducing evidence regarding Project Koala, a process by which TriZetto replaced Syntel employees with non-Syntel employees between March 2014 and February 2015.  This evidence is relevant to Defendants' asserted damages for its breach of contract counterclaim, alleging that Syntel breached the Master Service Agreement's staffing provisions for failure to adequately staff projects in late 2014 and 2015, and to Syntel's affirmative defense that Defendants failed to mitigate their damages.  The evidence is also relevant to any argument by TriZetto that it had no intention of ending its relationship with Syntel.  Project Koala relates to TriZetto's own staffing decisions regarding Syntel employees during a time period that overlaps with Syntel's alleged failure to provide adequate staffing following Cognizant's acquisition of TriZetto.  Syntel represents that this evidence will show

that TriZetto anticipated and intended for significant changes in Syntel staffing, bearing on the extent of damages based on Syntel's alleged failure to provide adequate staffing, and will also rebut any argument by TriZetto that it had no intention of ending the relationship given the existing plan to replace Syntel staff.  Defendants argue that Project Koala cannot be relevant to Syntel's staffing after Cognizant's acquisition because Project Koala began seven months before the acquisition, replaced Syntel staffers so that TriZetto could not accuse Syntel of removing those staffers and was a good faith effort to prevent Syntel from pulling resources.  These arguments can be made before the jury.  Furthermore, that the Court dismissed Syntel's breach of contract claim based on the non-solicitation provision -- the claim for which Syntel initially sought evidence related to Project Koala -- does not bear on the relevance of this evidence for other purposes.

The probative value of such evidence outweighs any danger of undue prejudice or confusion.  *See* Fed. R. Evid. 401, 403.  Defendants argue that risk of prejudice and confusion is high if the jury draws improper conclusions regarding Project Koala, namely that Project Koala was an effort to poach employees from Syntel.  Any introduction of evidence related to Project Koala is limited to addressing Defendants' asserted damages for breach of contract and for rebuttal regarding TriZetto's assertion that TriZetto intended to continue a relationship with Syntel.  Any unintended prejudice or confusion can be remedied with curative or clarifying instructions to the jury.  The Court will consider any such proposed jury instruction submitted by a party.

For these reasons, it is ORDERED that Defendants' motion *in limine* No. 8 is DENIED. Syntel may introduce evidence relating to Project Koala.

The Clerk of Court is respectfully directed to close the motion at Docket No. 720.

Dated: September 30, 2020
     New York, New York

2

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE