UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                          :
SYNTEL STERLING BEST SHORES                               :
MAURITIUS LIMITED, et al.,                                :            15 Civ. 211 (LGS)
                                                          :
                                       Plaintiffs,        :                 ORDER
                                                          :          (Plaintiffs' MIL 2)
                    -against-                             :
                                                          :
THE TRIZETTO GROUP, et al.,                               :
                                                          :
                                       Defendants.        :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        Plaintiffs/Counterclaim Defendants Syntel Sterling Best Shores Mauritius Limited and

Syntel, Inc. (together, "Syntel") move to exclude the opinions and the expert testimony of Dr.

Bryan P. Bergeron (Dkt. No. 730), pursuant to Federal Rules of Evidence 403 and 702 and

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

        Rule 702 governs the admissibility of expert testimony.  The rule provides that a qualified

expert may testify if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the
> trier of fact to understand the evidence or to determine a fact in issue; (b) the
> testimony is based on sufficient facts or data; (c) the testimony is the product of
> reliable principles and methods; and (d) the expert has reliably applied the
> principles and methods to the facts of the case.

Fed. R. Evid. 702.  Courts play a "gatekeeping" role within the Rule 702 framework and are

required to ensure that the "expert's testimony both rests on a reliable foundation and is relevant

to the task at hand."  *Daubert*, 509 U.S. 579 at 597; *accord Kumho Tire Co. v. Carmichael*, 526

U.S. 137, 147-49 (1999); *In re Pfizer Inc. Sec. Litig*., 819 F.3d 642, 658 (2d Cir. 2016).  The

Court's inquiry under Rule 702 includes a review of whether (1) the expert is qualified, (2) the

data and methodology on which the expert relied is reliable and (3) the testimony would be

helpful to the trier of fact.  *See, e.g., Daubert*, 509 U.S. at 597; *Nimely v. City of New York*, 414

F.3d 381, 396-97 (2d Cir. 2005).  Trial judges have "broad discretion" to determine the

admissibility of expert testimony, and "[v]igorous cross-examination, presentation of contrary

evidence, and careful instruction on the burden of proof are the traditional and appropriate means

of attacking shaky but admissible evidence." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303

F.3d 256, 267 (2d Cir. 2002) (quoting *Daubert*, 509 U.S. at 596).  Expert testimony cannot,

however, "usurp either the role of the trial judge in instructing the jury as to the applicable law or

the role of the jury in applying that law to the facts before it." *United States v. Blizerian*, 926

F.2d 1285, 1294 (2d Cir. 1991); *accord United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir.

1999).

1.  **Testimony as to Legal Conclusions Including Whether Syntel Has Misappropriated Trade Secrets or Infringed Copyrights is Excluded**

In his opening report, Dr. Bergeron indicates that he was asked "to provide an

independent analysis regarding whether TriZetto's confidential and proprietary information

constitutes trade secrets and whether those trade secrets and confidential information were used

by [Syntel]," (Dkt. No. 732-1 ¶ 2), and separately, "to examine TriZetto's copyrighted software

and other works and determine if the works are infringed by [Syntel]" (Dkt. No. 732-1 ¶ 3).

While, as discussed below, Dr. Bergeron may, based on his industry experience, provide

testimony on whether TriZetto's confidential and proprietary information constitutes trade

secrets, and whether Syntel used the trade secrets at issue, Dr. Bergeron may not offer testimony

as to legal conclusions, including whether Syntel misappropriated TriZetto's trade secrets, and

whether Syntel infringed TriZetto's copyrighted works.  Stating ultimate legal conclusions as to

misappropriation and infringement would usurp the role of the jury.  *See Blizerian*, 926 F.2d at

1294; *accord Snyder v. Wells Fargo Bank, N.A.*, No. Civ. 4496, 2012 WL 4876938, at *5

(S.D.N.Y. Oct. 15, 2012).

Further, Dr. Bergeron may not offer testimony on the issue of whether Syntel copied the "Best Practices in ICD-10 Configuration" presentation or the "Facets Roadmap Review" presentation.  With respect to these two presentations, Dr. Bergeron merely states a legal conclusion as to whether copying has occurred, based on a review of emails and presentations that the jury can conduct.  The probative value of this testimony does not outweigh the danger of unfair prejudice, and it is accordingly, excluded.  *See* Fed. R. Evid. 401, 402, 403.

## 2.   Testimony as to What Constitutes a Trade Secret

Dr. Bergeron is qualified to and may provide testimony on (1) whether TriZetto's confidential and proprietary information constitutes trade secrets, (2) whether those trade secrets and confidential information were used by Counterclaim Defendants, and (3) the similarities between Syntel's source code and TriZetto's Data Dictionary.

Dr. Bergeron is a medical doctor who studied computer science at Harvard University and has specific expertise in medical informatics, which combines information science, computer science and healthcare.  (Dkt. No. 732-1 ¶¶ 14-15).  He has developed medical informatics software, and has experience writing source code, customizing software and drafting technical user manuals to support software.  (Dkt. No. 732-1 ¶¶ 18-37).  Further, through his consulting work, Dr. Bergeron has analyzed his client's confidential information and dealt with trade secrets, confidential information and copyrighted material.  (Dkt. No. 732-1 ¶¶ 18-37).  As a basis for his conclusions as to what constitutes a trade secret, Dr. Bergeron relies on his extensive experience and his review of the source code at issue, as well as pleadings, motions, parties' declarations, discovery responses, hearing transcripts and deposition transcripts and exhibits.  (Dkt. No. 732-1, Ex. 2; Dkt. 732-2, Ex. 1).  This foundation and methodology is sufficiently reliable to permit admission of Dr. Bergeron's testimony with respect to what constitutes a trade secret.  *See, e.g.,*

*Snyder*, 2012 WL 4876938 at *3 (finding that extensive industry experience could serve as a "sufficiently reliable foundation" for expert testimony on issues related to industry norms); *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 44-45 (2d Cir. 1999) (illustrating that understanding what information is readily available to participants in the industry can play a role in the determination of what constitutes a trade secret -- "any formula, pattern, device or compilation of information which is used in one's business, and which gives [the owner] an opportunity to obtain an advantage over competitors who do not know or use it") (internal citations omitted); *accord Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d Cir. 2009).

Dr. Bergeron can offer a technical, industry-based perspective that will help the jury understand what constitutes a trade secret and the degree to which Syntel used any trade secrets. The probative value of such evidence outweighs any danger of unfair prejudice.  *See* Fed. R. Evid. 401, 402, 403.  In addition, while Dr. Bergeron may not opine as to the legal issue of whether Syntel copied the Data Dictionary, he may opine as to the similarities between Syntel's source code and the Data Dictionary.  Dr. Bergeron's testimony on this issue is likely to aid a jury in its assessment of whether Syntel's source code is substantially similar to the Data Dictionary, and the probative value of Dr. Bergeron's testimony, outweighs any prejudicial effect.  *See* Fed. R. Evid. 401, 402, 403.  Syntel will have an opportunity to challenge Dr. Bergeron's testimony through cross examination.

For these reasons, it is ORDERED that Syntel's motion GRANTED in part.  In sum, Dr.

Bergeron may provide testimony on:

1.  whether TriZetto's confidential and proprietary information constitutes trade secrets;

2.  whether Syntel used TriZetto's confidential and proprietary information; and

3.  whether Syntel's source code is similar to the Data Dictionary.


The Clerk of Court is respectfully directed to close the motion at Dkt. No. 730.


Dated: September 30, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE