UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                          :
SYNTEL STERLING BEST SHORES                               :
MAURITIUS LIMITED, et al.,                                :
                                                          :          15 Civ. 211 (LGS)
            Plaintiffs/Counterclaim-Defendants,           :
                                                          :             ORDER
                  -against-                               :        (Plaintiffs' MIL 1)
                                                          :
THE TRIZETTO GROUP, et al.,                               :
                                                          :
            Defendants/Counterclaim-Plaintiffs.           :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Plaintiffs/Counterclaim-Defendants Syntel Sterling Best Shores Mauritius Limited and

Syntel, Inc. (together, "Syntel") move *in limine* (Dkt. No. 727) to exclude expert testimony of

Thomas Britven, pursuant to Federal Rules of Evidence 403 and 702 and *Daubert v. Merrell*

*Dow Pharm., Inc.*, 509 U.S. 579 (1993).

Syntel seeks to exclude testimony of Thomas Britven regarding damages, because the

opinion lacks "legal or empirical basis" and presents damages that are prejudicial.  The

application is denied in part and granted in part.  Except for Mr. Britven's opinion on costs

incurred as a result of Syntel's alleged breach of contract, his damages calculations, the facts and

assumptions underlying his calculations and his explanation of the meaning of his calculations

will assist the jury in understanding the evidence.

Rule 702 governs the admissibility of expert testimony.  The rule provides that a

qualified expert may testify if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the
> trier of fact to understand the evidence or to determine a fact in issue; (b) the
> testimony is based on sufficient facts or data; (c) the testimony is the product of

> reliable principles and methods; and (d) the expert has reliably applied the
> principles and methods to the facts of the case.

Fed. R. Evid. 702.  Courts play a "gatekeeping" role within the Rule 702 framework and are

required to ensure that the "expert's testimony both rests on a reliable foundation and is relevant

to the task at hand."  *Daubert*, 509 U.S. at 597; *accord Kumho Tire Co. v. Carmichael*, 526 U.S.

137, 147-49 (1999); *In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 658 (2d Cir. 2016).  The Court's

inquiry under Rule 702 includes a review of whether (1) the expert is qualified, (2) the data and

methodology on which the expert relied is reliable and (3) the testimony would be helpful to the

trier of fact.  *See, e.g., Daubert*, 509 U.S. at 597; *Nimely v. City of New York*, 414 F.3d 381, 396-

97 (2d Cir. 2005).  Trial judges have "broad discretion" to determine the admissibility of expert

testimony, and "[v]igorous cross-examination, presentation of contrary evidence, and careful

instruction on the burden of proof are the traditional and appropriate means of attacking shaky

but admissible evidence."  *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d

Cir. 2002) (quoting *Daubert*, 509 U.S. at 596).  Expert testimony cannot, however, "usurp either

the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in

applying that law to the facts before it."  *United States v. Blizerian*, 926 F.2d 1285, 1294 (2d Cir.

1991); *accord United States v. Lumpkin*, 192 F.3d 280, 289 (2d Cir. 1999).

      As an initial matter, Mr. Britven may not testify or provide any opinions stating ultimate

legal conclusions, which would usurp the role of the jury.  *See Blizerian*, 926 F.2d at 1294;

*accord Snyder v. Wells Fargo Bank, N.A.*, No. Civ. 4496, 2012 WL 4876938, at *5 (S.D.N.Y.

Oct. 15, 2012).  Additionally, Mr. Britven will not be allowed to provide any opinion on what he

believes or assumes the law to be.  *See Bilzerian*, 926 F.2d at 1294; *accord Royal Park Invs.*

*SA/NV v. U.S. Bank Natl. Assn.*, 324 F. Supp. 3d 387, 394 (S.D.N.Y. 2018).

Syntel first challenges Mr. Britven's damages opinion on the basis that the law does not recognize the availability of avoided costs damages for trade secret misappropriation.  First, the federal Defend Trade Secrets Act ("DTSA") provides for "damages for any unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss."  *See* 18 U.S.C. §§ 1836(b)(3)(B)(II).  Syntel has not cited any contrary law holding that avoided costs cannot be considered for such damages.  As potential unjust enrichment damages -- which measures the benefit to the defendant and not loss to the plaintiff -- Defendants are correct that it is of no import that Syntel did not "develop a competing platform" with the trade secrets it stole or that TriZetto uses and licenses the Facets software.  Mr. Britven's avoided cost calculation is thus relevant where such damages are at least available as unjust enrichment damages for the DTSA claim.

Under New York law, damages for trade secret misappropriation "may not be based on the infringer's avoided development costs."  *E.J. Brooks Co. v. Cambridge Sec. Seals*, 105 N.E.2d 301, 304, 311 (2018) ("Under our common law, compensatory damages must return the plaintiff, as nearly as possible, to the position it would have been in had the wrongdoing not occurred—but do no more.").  However, the dissent in *E.J. Brooks Co.* questions whether the majority opinion limited its inquiry to "whether avoided-cost damages are available at law, regardless of their availability in equity."  *See id.* at 460.  The jury may enter an advisory verdict on avoided costs under New York law.

Syntel's remaining arguments related to Mr. Britven's damages calculations for the misappropriation of trade secrets claims, including his calculation of reasonable royalties, are unpersuasive.  Syntel argues that the calculations assume Syntel misappropriated trade secrets covering all Facets-related development costs, without Mr. Britven's knowing what alleged trade

secrets were misappropriated and how they were used.  As Defendants point out, Mr. Britven's analysis did tie the scope of development costs to the alleged misappropriations by relying on the expert opinion of Dr. Bergeron as to Syntel's use of the alleged trade secrets.  Mr. Britven's report also provides, based in part on his review of the record, facts to support how Syntel used the alleged trade secrets at issue.  For this reason, Mr. Britven's analysis is distinct from his testimony excluded in *Epic Sys. Corp. v. Tata Consultancy Servs. Ltd.*, No. 14 Civ. 748, 2016 WL 1466579, at *3 (W.D. Wis. Apr. 14, 2016).  There, the district court found that there was a "complete lack of proof of any specific use of . . . confidential information."  *Id.* at *6.

Syntel's concern -- which boils down to a dispute over the extent of misappropriation -- is an issue for cross-examination at trial to be considered by the jury.  To the extent there is any potential prejudice, it can be cured by a limiting instruction to the jury to consider the opinion only if it finds that Syntel did misappropriate the alleged trade secrets as assumed in the calculations.

Syntel's arguments that Mr. Britven failed to account for technology decay and calculated a reasonable royalty as a lump-sum rather than a running loyalty do not show that his opinion was based on an unreliable application of his methodology.  Rather when deposed, Mr. Britven provided reasonable explanations for his approach to both these issues.  Syntel may seek to impeach Mr. Britven's calculations based on these alleged failures, and the jury can determine if there is sufficient evidence to warrant Defendants' claimed damages.

Syntel also seeks to preclude Mr. Britven's calculation of copyright damages.  Syntel's arguments again do not bear on whether Mr. Britven's methods for calculating damages are unreliable but rather litigate the sufficiency of evidence.  Syntel's concerns -- that Mr. Britven calculated profits based on Syntel's Facets consulting revenues without adequately tying the

profits to any infringement; that the reasonable royalty is based on an avoided costs analysis; and that the reasonable royalty assumes that Data Dictionary and related trade secrets are copyrightable -- can be challenged through cross-examination and resolved by the jury.  The contentions raised do not lead to the conclusion that the calculations are so flawed as to be unreliable.

Mr. Britven's expert opinion on costs incurred from Syntel's alleged breach of contract is excluded.  Defendants appear to concede that Mr. Britven's statement regarding this damages figure is not an opinion on damages based on any scientific, technical or other specialized analysis, stating that "Mr. Britven merely acknowledges that TriZetto determined that it suffered $2 million in damages for one aspect of Syntel's breach," and that the "analysis will be supported by fact witnesses at trial."  This "opinion" does not meet the standards of Rule 702, as it is not based on scientific, technical or other specialized knowledge.  *See* Fed. R. Evid. 702 ("If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue" an expert "may testify thereto.").

For these reasons, it is ORDERED that Syntel's motion *in limine* No. 1 is GRANTED in part and DENIED in part.  Mr. Britven's expert testimony is excluded only with respect to the asserted costs incurred for breach of contract.

The Clerk of Court is respectfully directed to close the motion at Docket No. 727.

Dated: September 30, 2020
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE