UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SYNTEL STERLING BEST SHORES                                 :
MAURITIUS LIMITED, et al.,                                  :
                                                            :    15 Civ. 211 (LGS)
         Plaintiffs/Counterclaim-Defendants,                :
                                                            :         ORDER
                        -against-                           :    (Defendants' MIL 6)
                                                            :
THE TRIZETTO GROUP, et al.,                                 :
                                                            :
         Defendants/Counterclaim-Plaintiffs.                :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Defendants/Counterclaim-Plaintiffs The TriZetto Group, Inc. ("TriZetto") and Cognizant Technology Solutions Corp. (collectively, "Defendants") move *in limine* (Dkt. No. 710) to preclude Plaintiffs/Counterclaim-Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") from introducing its own termination letter as purported evidence of its claims;

      WHEREAS, by Order dated September 30, 2020, Syntel was provided the opportunity to file a certification pursuant to Federal Rule of Evidence 803(6)(D) to provide the foundation for the admissibility of any document(s) showing the amount of transition rebates TriZetto received;

      WHEREAS, on October 6, 2020, Syntel filed the Supplemental Declaration of Daniel Moore and the Declaration of Anil Agrawal (Dkt. Nos. 858, 859);

      WHEREAS, based on the foundation recently laid by Syntel, the termination letter and its appendix appear to be admissible as business records pursuant to Rule 803(6)(D), and the information about the amount of transition rebates received appears to be reliably determined. The Second Circuit has a strong preference for resolution of disputes on their merits rather than

on the basis of a procedural shortcoming, and the exclusion of otherwise relevant evidence based on technicalities is generally unfavored.  *See Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 47 (2d Cir. 2015) (citing *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)). It is hereby

**ORDERED** that since the foundational witness Mr. Agrawal has never previously been deposed, Defendants may (but need not) take Mr. Agrawal's deposition -- not to exceed three hours -- prior to **October 16, 2020**, and shall file any objections to admissibility by **October 16, 2020, at noon**.

Dated: October 8, 2020
    New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

2