```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SYNTEL STERLING BEST SHORES                                 :
MAURITIUS LIMITED, et al.,                                  :
                                                            :   15 Civ. 211 (LGS)
            Plaintiffs/Counterclaim-Defendants,             :
                                                            :   ORDER
                        -against-                           :
                                                            :
THE TRIZETTO GROUP, et al.,                                 :
                                                            :
            Defendants/Counterclaim-Plaintiffs.             :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by Order dated October 7, 2020, Defendants/Counterclaim-Plaintiffs The TriZetto Group, Inc. and Cognizant Technology Solutions Corp. (together, "Defendants") and Plaintiffs/Counterclaim-Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") were directed to provide proposed preliminary jury instructions regarding their affirmative defenses (Dkt. No. 861);

WHEREAS, by letter dated October 8, 2020, Defendants provided proposed instructions but requested in the first instance that the parties' equitable defenses be tried through a bench trial (Dkt. No. 866);

WHEREAS, by letter dated October 9, 2020, Syntel opposed Defendants' request to bifurcate trial (Dkt. No. 869);

WHEREAS, by Order dated September 30, 2020, Syntel's motion in *limine* seeking to preclude Mr. Britven's expert testimony was granted in part and denied in part. The Court held that Mr. Britven's avoided costs calculations were sufficiently reliable and relevant to Defendants' federal Defend Trade Secrets Act claim to be heard by the jury and left open the

question of whether -- if the Court determined that avoided cost damages were available in equity for the New York law claim -- the jury "may" enter an advisory verdict on avoided costs for the New York law claim (Dkt. No. 843).  It is hereby

**ORDERED** that Defendants' request for a bench trial on the equitable defenses is **DENIED** for substantially the reasons stated in Syntel's October 9, 2020, letter.  Syntel's affirmative defenses of equitable estoppel and waiver will be heard and determined by the jury.  The parties' joint proposed jury instructions and verdict forms show that Defendants agreed Syntel's affirmative defenses would be decided by a jury.  As for Defendants' affirmative defenses, the proof appears to overlap with the claims to be tried.  The parties shall meet and confer to determine whether Defendants' defenses should be decided by the Court or by the jury, and shall apprise the Court of the outcome of discussions by **October 13, 2020**.  All of the evidence relevant to both parties' affirmative defenses shall be presented to the jury and seem to be overlapping with the parties' claims in any event.  In no case will there be a separate proceeding to adjudicate any equitable defenses or claims.  Regardless of whether the parties agree on whether the affirmative defenses are to be ultimately decided by the Court or jury, Defendants shall provide jury instructions for the affirmative defenses they intend to put forth by **October 13, 2020**.  It is further

**ORDERED** that by **October 13, 2020**, Syntel and Defendants shall file respective letters, not to exceed three (3) pages, stating their positions on whether damages for avoided costs are available in equity for the New York trade secret misappropriation claim, and if not, what if any impact such a ruling would have on the evidence to be presented at trial.

Dated: October 9, 2020
     New York, New York

                                      LORNA G. SCHOFIELD
                              UNITED STATES DISTRICT JUDGE