UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
SYNTEL STERLING BEST SHORES                                  :
MAURITIUS LIMITED, et al.,                                   :
                                                             :     15 Civ. 211 (LGS)
        Plaintiffs/Counterclaim-Defendants,                  :
                                                             :     ORDER
                -against-                                 :
                                                             :
THE TRIZETTO GROUP, et al.,                                  :
                                                             :
        Defendants/Counterclaim-Plaintiffs.                 :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, per the Order dated October 9, 2020, Defendants/Counterclaim-Plaintiffs The TriZetto Group, Inc. and Cognizant Technology Solutions Corp. (together, "TriZetto") and Plaintiffs/Counterclaim-Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") filed submissions on their respective positions as to whether damages for avoided costs are available in equity for the New York trade secret misappropriation claim, and if not, what if any impact such a ruling would have on the evidence to be presented at trial. It is hereby

      **ORDERED** that the Order dated September 30, 2020, granting in part and denying in part Syntel's motion in *limine* seeking to preclude Mr. Britven's expert testimony is supplemented and modified as follows.  The Court has determined that avoided cost damages are not available for the New York trade secret misappropriation claim under *E.J. Brooks Co. v. Cambridge Sec. Seals*, 31 N.Y.3d 441 (2018).  Although the *E.J. Brooks* dissent questioned whether the majority's holding was limited to whether avoided cost damages are available as legal damages, regardless of their availability in equity, the opinion did not include any limiting

language and addressed the certified question of "[w]hether, under New York law, a plaintiff asserting claims of misappropriation of a trade secret . . . can recover damages that are measured by the costs the defendant avoided due to its unlawful activity." *Id*. at 444.  Accordingly, Mr. Britven may testify about avoided cost damages only to the extent relevant to the DTSA claim, and shall not testify about such damages to the extent exclusively relevant to the New York misappropriation of trade secrets claim.  The jury will not be asked for an advisory verdict on avoided costs for the New York claim.

     Syntel's arguments that avoided cost evidence should not be presented to the jury even on the DTSA claim are rejected.  First, the argument is beyond the scope of the Court's Order (Dkt. No. 870) that the parties address the availability of avoided costs damages on the New York misappropriation claim.  Second, the argument appears to be a motion to reconsider the Court's ruling on Plaintiff's motion in *limine* to exclude the Mr. Britven's testimony, without identifying or satisfying the requirements for such a motion.  *See Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (stating that "[a] motion for reconsideration should be granted only when [a party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (Internal quotation marks omitted)).  Third, Mr. Britven's testimony on avoided costs is sufficiently reliable and relevant to be heard by the jury.  His expert opinion is the result of the application of a reliable methodology to the facts of the case, and is relevant for TriZetto's damages on the DTSA claim.  The testimony's probative value outweighs any prejudicial effect, as the testimony is prejudicial only if one accepts Syntel's argument that his avoided cost calculation is overstated and therefore incorrect.  That is a matter of reasonable dispute and proper for the jury to decide.  "Vigorous cross-examination, presentation of contrary

evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Amorgianos v. National R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993)).

TriZetto's argument that deciding now whether avoided costs damages are available on the New York claim would risk confusing the jury is also unpersuasive. To the contrary, ruling on this issue now will clarify for the jury what damages are available on what claims and, specifically, that avoided costs damages are available only on the DTSA claim and not its New York counterpart. It is further

**ORDERED** that regarding the draft final jury charge referred to in the joint letter at Dkt. No. 877, the parties shall provide any revised jointly proposed damages instructions by **October 16, 2020**. As to any remaining instructions, the parties shall use the substantive excerpt of the preliminary charge as the base document, add any instructions that the parties believe will be *necessary* in light of the evidence in redline and submit those instructions by **October 19, 2020**. By **October 19, 2020**, the parties shall also provide any revised jointly proposed verdict form. The parties are reminded that these submissions should be "joint" and shall attempt to resolve all objections.

Dated: October 15, 2020
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

3