```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
SYNTEL STERLING BEST SHORES                                  :
MAURITIUS LIMITED, et al.,                                   :
                                                             :      15 Civ. 211 (LGS)
          Plaintiffs/Counterclaim-Defendants,                :
                                                             :      ORDER
                      -against-                              :
                                                             :
THE TRIZETTO GROUP., et al.,                                 :
                                                             :
          Defendants/Counterclaim-Plaintiffs.                :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the parties have filed several motions to seal in connection with their (1) pre-trial motions in limine ("MIL") (Dkt. Nos. 686, 726, 780, 805, 848, 854, 889), (2) a filing made during trial (Dkt. No. 917), (3) trial exhibits (Dkt. No. 936) and (4) post-trial motions (Dkt. No. 962).  For the reasons below, the motions to seal are GRANTED in part and DENIED in part without prejudice to renewal.

WHEREAS, Syntel seeks to seal and/or redact information regarding its clients, including proprietary marketing and business information, details relating to its hiring and personnel decisions, customer identification information and specific project information, and business emails that include information regarding its clients, as well as other proprietary marketing and business information.  TriZetto seeks to seal and/or redact information regarding its trade secrets, technical documentation, current and prospective financial data regarding certain customer projects, information regarding its project proposals to potential customers, including technical, staffing, and financial information relating to specific Facets software projects, its contracts with its customers and business partners, its financial information used as

part of its expert's damages analysis, and information related to business practices, policies strategy and risk assessments.

WHEREAS, "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," and is not absolute. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted). To determine whether to seal or redact a document, courts in this Circuit apply a three-part test and (i) determine whether the documents in question are "judicial documents;" (ii) assess the weight of the common law presumption of access to the materials; and (iii) balance competing considerations against the presumption of access. *See id.* at 119-20. "[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978).

WHEREAS, in addition to the common law right of access, it is well established that the public and the press have a "qualified First Amendment right . . . to access certain judicial documents." *Lugosch*, 435 F.3d at 120. The common law presumption is different from the protections afforded by the First Amendment. *See Newsday LLC v. County of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) ("Because of these differences between the common law right and the First Amendment right, it is necessary to keep the two standards conceptually distinct."); *Lugosch*, 435 F.3d at 124 ("[T]he common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment. . . ."). First Amendment protections apply to documents (1) that "have historically been open to the press and general public" and where "public access plays a significant positive role in the functioning of the particular process in question" or (2) that "are derived from or [are] a necessary corollary of the

capacity to attend the relevant proceedings." *Lugosch*, 435 F.3d at 120 (quotation marks omitted). Under the more rigorous First Amendment framework, sealing "may be justified only with specific, on-the-record findings that [it] is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019) (quotation marks omitted).

WHEREAS, documents may be sealed if "'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosch*, 435 F.3d at 124. The parties do not dispute that the documents at issue are "judicial documents," for which there is a common law presumption of access. Thus, the remaining issues are (1) the weight of presumption of access -- including whether the strong First Amendment protection is applicable --- and (2) whether the redaction and sealing requests are narrowly tailored to serve the relevant interests overcoming that presumption. Neither party in its applications to seal has explicitly applied the more rigorous First Amendment framework. With respect to the documents for which First Amendment protection applies, the Court need not analyze whether "higher values" overcome the First Amendment protection, as the parties have failed to make a sufficient showing to overcome the common law presumption of access.

WHEREAS, the Court's rulings on the applications are presented below and governed by the following principles. First, with respect to the common law analysis, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 119. "[T]he presumption of public access in filings submitted in connection with discovery disputes or motions in *limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions

3

such as motions for dismissal or summary judgment." *Brown*, 929 F.3d at 50.  Materials submitted in connection with non-dispositive motions are subject to a substantial presumption of public access.  *See id.* at 53.  Documentary exhibits and trial testimony are *strongly* presumed to be public, since they are a direct part of the process of adjudication.  *See United States v. Amodeo*, 71 F.3d 1049 (2d Cir. 1995) ("the public has an 'especially strong' right of access to evidence introduced in trials.").

Second, the "mere fact that document was marked 'confidential' during discovery does not establish that sealing is required." *See Lugosch*, 435 F.3d at 126; *Republic of Turkey v. Christie's Inc.*, 425 F. Supp. 3d 204, 221 (S.D.N.Y. 2019) (quoting *Aioi Nissay Dowa Ins. Co. v. ProSight Specialty Mgmt. Co., Inc.*, 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012)) ("the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access.").  To the extent a party's justification for sealing is based on a confidentiality order, the party has not met its burden.

Third, for many of the parties' justifications asserting that disclosure of certain business information would result in competitive harm, it is unclear based on the provided reasoning and review of the relevant documents why disclosure would be harmful, including that the information in some documents is stale.  Negative publicity is insufficient "as a basis for overcoming the strong presumption of public access to [the allegedly prejudicial] items." *Centauri Shipping Ltd. v. W. Bulk Carriers* KS, 528 F. Supp. 2d 197, 205 (S.D.N.Y. 2007); *see also Lugosch*, 435 F.3d at 123 n. 5 (quoting *Brown & Williamson Tobacco v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)) ("[T]he natural desire of parties to shield prejudicial information contained in judicial records from competitors and the public . . . cannot be accommodated by the courts without seriously undermining the tradition of an open judicial system.").  "[V]ague

and unspecified business concerns," like "'confidential and related business interactions' that 'could be used by corporate competitors in a detrimental manner,'" are "'[b]road, general, and conclusory [allegations] . . . insufficient' to justify sealing." *Next Caller Inc. v. Martire*, 368 F. Supp. 3d 663, 667 (S.D.N.Y. 2019) (quoting *Newsday*, 730 F.3d at 165); *Lytle v. JPMorgan Chase*, 810 F.Supp.2d 616, 630 (S.D.N.Y. 2011) (stating that, to justify sealing business information, a party must "make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test" (internal quotation marks omitted)).

Fourth, redactions are approved only if narrowly tailored to the interest that justifies the redaction.  *See Lugosch*, 435 F.3d at 120.  To the extent the parties request to seal entire documents, their justifications are often insufficient to seal the documents in their entirety.  It is hereby

## I. Applications Regarding Pre-Trial Filings

**ORDERED** that the parties' pending applications to seal with respect to pre-trial filings are GRANTED in part and DENIED in part as reflected below.

### a. September 21, 2020, Application Regarding TriZetto's MILs (Dkt. No. 686)[1]

#### i. TriZetto's Requests

| Relevant Filing | Docket Number | Ruling |
| --- | --- | --- |
| TriZetto's MIL 1 | Dkt. No. 688 | GRANTED.  The document includes information regarding TriZetto's clients; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |

---

[1] The order of these rulings tracks the requests in the applications.  This is why for some applications, TriZetto's requests come first, and in others Syntel's do.  This is also why the docket numbers below are not always in numerical order.

| | | |
|---|---|---|
| TriZetto's MIL 2 | Dkt. Nos. 696-2, 696-4 | GRANTED.  The document includes revealing details or otherwise confidential and proprietary information regarding TriZetto's trade secrets; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
| TriZetto's MIL 3 | Dkt. No. 701-1 | GRANTED.  The document includes revealing details or otherwise confidential and proprietary information regarding TriZetto's trade secrets; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
| TriZetto's MIL 4 | Dkt. No. 706-2 | GRANTED.  The document contains sensitive customer contract information; the proposed redactions are narrowly tailored to protect against competitive harm and avoid unauthorized dissemination of confidential information, which outweighs the presumption of access accorded to filings regarding MILs. |
| TriZetto's MIL 4 | Dkt. No. 706-5 | GRANTED.  The document includes revealing details or otherwise confidential and proprietary information regarding TriZetto's trade secrets; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
| TriZetto's MIL 7 | Dkt. No. 719-1, 719-2, 719-3, 719-4 | GRANTED.  The documents contain sensitive staffing and hiring practice information; the proposed redactions are narrowly tailored to protect against competitive harm and unauthorized dissemination of confidential information, which outweighs the presumption of access accorded to filings regarding MILs. |
| TriZetto's MIL 8 | Dkt. Nos. 722-1, 722-2, 722-3, 722-4, 722-5, 722-6, 722-7, 722-8, 722-9, 722-10 | GRANTED.  The documents contain sensitive staffing and hiring practice information; the proposed redactions are narrowly tailored to protect against competitive harm and unauthorized dissemination of confidential information, which outweighs the presumption of access accorded to filings regarding MILs. |

ii. **Syntel's Requests**

| Relevant Filing | Docket Number | Ruling |
|---|---|---|
| TriZetto's MIL 1 | Dkt. No. 690-1 | GRANTED.  The document contains information on the receipt of transition rebates and associated costs that Syntel alleges would cause competitive harm; the proposed redactions are narrowly tailored to protect against such harm, which outweighs the presumption of access accorded to filings regarding MILs. |

| TriZetto's MIL 2 | Dkt. No. 696-1, 696-3 | DENIED.  Justifications are insufficient to support sealing entire documents. |
| TriZetto's MIL 2 | Dkt. No. 696-4 | GRANTED.  The document includes names of and information regarding Syntel's clients; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
| TriZetto's MIL 2 | Dkt. No. 696-5 | GRANTED.  The documents include proprietary and confidential information; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
| TriZetto's MIL 3 | Dkt. No. 699 | GRANTED.  The documents include proprietary and confidential information; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
| TriZetto's MIL 3 | Dkt. No. 701-1 | DENIED.  Justification is insufficient to support sealing entire document. |
| TriZetto's MIL 4 | Dkt. Nos. 705, 706-1, 706-2, 706-3, 706-4 | DENIED.  Justifications are insufficient to support sealing entire documents. |
| TriZetto's MIL 4 | Dkt. No. 706-5 | GRANTED.  The documents include proprietary and confidential information; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
| TriZetto's MIL 5 | Dkt. No. 708, 709-2, 709-4 | DENIED.  Justifications are insufficient to support sealing entire documents. |
| TriZetto's MIL 6 | Dkt. No. 711 | DENIED.  Justification is insufficient. |
| TriZetto's MIL 6 | Dkt. Nos. 715-1, 715-2, 715-3, 715-4, 715-7, 715-8 | GRANTED.  The documents include proprietary marketing and business information; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
| TriZetto's MIL 6 | Dkt. Nos. 715-9, 715-10 | DENIED.  Justifications are insufficient to support sealing entire documents. |

### b. September 21, 2020, Application (Dkt. No. 726) Regarding Syntel's MILs

#### i. Syntel's Requests

| Relevant Filing | Docket Number | Ruling |
|---|---|---|
| Syntel's MIL 1 | Dkt. Nos. 729-1, 729-2, 729-3 | DENIED.  Justifications are insufficient to support sealing entire documents. |

| Syntel's MIL 2 | Dkt. Nos. 732-1, 732-2, 731-3 | DENIED.  Justifications are insufficient to support sealing entire documents. |
| Syntel's MIL 5 | Dkt. Nos. 734, 735-1, 735-2, 735-3, 735-4, 735-5, 735-6, 735-7, 735-8, 735-9, 735-10, 735-11, 735-12, 735-13, 735-14, 735-15, 735-16 | DENIED.  Justifications are insufficient to support sealing entire documents. |
| Syntel's MIL 6 | Dkt. Nos. 737, 738-1, 738-2, 738-3, 738-4, 738-5, 738-6, 738-7, 738-8, 738-9, 738-10, 738-11, 738-12, 738-13, 738-14 | DENIED.  Justifications are insufficient to support sealing entire documents. |
| Syntel's MIL 7 | Dkt. Nos. 740, 741-1, 741-2, 741-3 | DENIED.  Justifications are insufficient to support sealing entire documents. |

### i. TriZetto's Requests

| Relevant Filing | Docket Number | Ruling |
| --- | --- | --- |
| Syntel's MIL 5 | Dkt. Nos. 735-3, 735-11, 735-12, 735-13, 735-14 | DENIED.  Justifications are insufficient to support sealing entire documents. |
| Syntel's MIL 6 | Dkt. Nos. 738-2, 738-3, 738-11, 738-12, 738-13, 738-14 | DENIED.  Justifications are insufficient to support sealing entire documents. |
| Syntel's MIL 13 | Dkt. No. 749 | GRANTED.  The document includes revealing details or otherwise confidential and proprietary information regarding TriZetto's trade secrets; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
| Syntel's MIL 13 | Dkt. No. 750-1 | DENIED.  Justification does not apply to document, as the deposition transcript does not disclose trade secrets or detailed internal information. |
| Syntel's MIL 2 | Dkt. No. 731, 732-1, 732-3 | GRANTED.  The document includes revealing details or otherwise confidential and proprietary information regarding TriZetto's trade secrets; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |

| Syntel's MIL 1 | Dkt. No. 728 | GRANTED.  The document includes revealing details or otherwise confidential and proprietary information regarding TriZetto's trade secrets; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
| --- | --- | --- |
| Syntel's MIL 1 | Dkt. No. 729-1 | DENIED.  The exhibit does not appear to reflect any proposed redactions, and TriZetto has not identified on what pages the redactions appear. |
| Syntel's MIL 1 | Dkt. Nos. 729-2, 729-3 | GRANTED.  The documents contain confidential TriZetto financial information regarding the development of TriZetto trade secrets; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access afforded to filings regarding MILs. |
| Syntel's MIL 1 | Dkt. No. 729-4 | GRANTED.  This document contains financial and value-related information of TriZetto's business; sealing is necessary to protect against competitive harm, which outweighs the presumption of access afforded to filings regarding MILs. |

b. **September 28, 2020, Application to Seal Regarding TriZetto's Responses to Syntel's MILs (Dkt. No. 780)**

i. **TriZetto's Requests**

| **Relevant Filing** | **Docket Number** | **Ruling** |
| --- | --- | --- |
| Syntel's MIL 1 | Dkt. No. 782-1 | GRANTED.  The document contains confidential TriZetto financial information regarding the development of TriZetto trade secrets; sealing is necessary to protect against competitive harm, which outweighs the presumption of access afforded to filings regarding MILs. |
| Syntel's MIL 8 | Dkt. Nos. 786, 787-1, 787-2 | GRANTED.  The document includes revealing details or otherwise confidential and proprietary information regarding TriZetto's trade secrets; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to regarding MILs. |
| Syntel's MIL 11 | Dkt. Nos. 791-1, 791-2 | GRANTED.  The document includes information relating to TriZetto's confidential and proprietary software and trade secrets; sealing is necessary to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |

| Syntel's MIL 12 | Dkt. Nos. 793-1, 793-2 | GRANTED.  The document includes information relating to TriZetto's confidential and proprietary software and trade secrets; sealing is necessary to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
| Syntel's MIL 13 | Dkt. Nos. 795-1, 795-2 | GRANTED.  The document includes information relating to TriZetto's confidential and proprietary software and trade secrets; sealing is necessary to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
| Syntel's MIL 15 | Dkt. Nos. 799-2, 799-3 | GRANTED.  The document includes revealing details or otherwise confidential and proprietary information regarding TriZetto's trade secrets or information security; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
| Syntel's MIL 16 | Dkt. No. 800 | GRANTED.  The document includes revealing details regarding TriZetto's trade secrets; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |

### ii.  Syntel's Requests

| Relevant Filing | Docket Number | Ruling |
| --- | --- | --- |
| Syntel's MIL 3 | Dkt. No. 785-1 | DENIED.  Justification is insufficient to support sealing entire document. |
| Syntel's MIL 4 | Dkt. Nos. 801, 802-1, 802-2, 802-3, 802-4, 802-5, 802-6 | DENIED.  Justifications are insufficient to support proposed redactions and/or sealing entire documents. |
| Syntel's MIL 5 | Dkt. Nos. 804, 806-1, 806-2, 806-3, 806-4, 806-5 | DENIED.  Justifications are insufficient to support sealing entire documents.  Moreover, requests were made to seal exhibits that do not exist. |
| Syntel's MIL 6 | Dkt. Nos. 807, 810-1, 810-2, 810-3, 810-4 | DENIED.  Justifications are insufficient to support sealing entire documents. |
| Syntel's MIL 7 | Dkt. Nos. 811, 814-1, 814-2, 814-3 | DENIED.  Justifications are insufficient to support sealing entire documents. |
| Syntel's MIL 15 | Dkt. Nos. 798, 799-1, 799-2, 799- | GRANTED.  These documents include proprietary marketing and business information; the proposed redactions are/or sealing requests are narrowly tailored |

10

| | 3, 799-4, 799-5, 799-6 | to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
|---|---|---|

### c. September 28, 2020, Application to Seal Regarding Syntel's Responses to TriZetto's MILs (Dkt. No. 805)

#### i. Syntel's Requests

| Relevant Filing | Docket Number | Ruling |
|---|---|---|
| TriZetto's MIL 2 | Dkt. No. 809 | DENIED. The justification is insufficient to support the proposed redactions. |
| TriZetto's MIL 4 | Dkt. Nos. 813, 814-1, 814-2 | DENIED. Justifications are insufficient to support sealing entire documents. |
| TriZetto's MIL 5 | Dkt. Nos. 816, 817-1, 817-2, 817-3 | DENIED. Justifications are insufficient to support sealing entire documents. |
| TriZetto's MIL 6 | Dkt. No. 818 | DENIED. The justification is insufficient to support the proposed redactions. |

#### ii. TriZetto's Requests

| Relevant Filing | Docket Number | Ruling |
|---|---|---|
| TriZetto's MIL 3 | Dkt. No. 812 | GRANTED. The document includes revealing details regarding TriZetto's trade secrets; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
| TriZetto's MIL 7 | Dkt. No. 819 | GRANTED. The document contains information revealing details related to TriZetto hiring and personnel decisions; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
| TriZetto's MIL 8 | Dkt. No. 822, 823-2, 823-3, 823-4, 823-5, 823-6, 823-7, 823-8, 823-9, 823-10 | GRANTED. The document contains information revealing details related to TriZetto hiring and personnel decisions; the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |
| TriZetto's MIL 8 | Dkt. No. 823-1 | DENIED. Justification is insufficient to support sealing entire document. |

11

d.  **October 5, 2020, Application to Seal Regarding TriZetto's Reply in support of its MIL 5 (Dkt. No. 848)**

   i.  **Syntel's Request**

| Relevant Filing | Docket Number | Ruling |
| --- | --- | --- |
| TriZetto's MIL 5 | Dkt. Nos. 849, 850-1 | DENIED.  Justification is insufficient to support sealing entire document. |
| TriZetto's MIL 5 | Dkt. Nos. 850-2, 850-3, 850-4, 850-5 | GRANTED.  Documents include confidential contractual, accounting and financial information regarding Syntel's client relationships and business processes, among other proprietary information; the proposed sealing is necessary to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |

e.  **October 6, 2020, Application to Seal Regarding Declarations of Anil Agrawal and Daniel Moore (Dkt. No. 854)**

| Relevant Filing | Docket Number | Ruling |
| --- | --- | --- |
| Declarations of Anil Agrawal and Daniel Moore Filed by Syntel In Response to the Court's Order on TriZetto's MIL 6 at Dkt. No. 838 | Dkt. No. 856, 856-1, 856-2, 856-3; Dkt. No. 857, 857-1, 857-2, 857-3, 857-4, 857-5, 857-6, 857-7, 857-8, 857-9, 857-10 | GRANTED.  Documents include confidential contractual, accounting and financial information regarding Syntel's client relationships and business processes, among other proprietary information.  Documents also include TriZetto proprietary business information.  The proposed sealing is necessary to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |

f.  **October 16, 2020, Application to Seal Regarding TriZetto's Letter Maintaining Objections to Syntel's Transition Rebates Evidence (Dkt. No. 889)**

| Relevant Filing | Docket Number | Ruling |
| --- | --- | --- |
| Letter re: Objections to Transition Rebates Evidence | Dkt. Nos. 890, 890-1 | GRANTED.  Documents include confidential contractual, accounting and financial information regarding Syntel's client relationships and business processes, among other proprietary information; the proposed redactions and/or sealing is narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to filings regarding MILs. |

## II.     Application Filed During Trial

**ORDERED** that the October 24, 2020, application to seal the Declaration of Jesse Stevenson and its accompanying exhibits filed in opposition to TriZetto's request to incorporate certain language into the jury instruction on misappropriation and in support of TriZetto's request to admit in evidence materials used during the October 21 cross-examination of Dr. Bergeron (Dkt. No. 917) is DENIED.  TriZetto's justifications for redacting and/or sealing Dkt. Nos. 918-1, 918-2, 918-3 and 918-4 are insufficient.  With respect to the request to redact the Declaration of Jesse Stevenson at Dkt. No. 918-1, it is unclear how the redacted portions reveal confidential and proprietary information regarding trade secrets, as they describe Google searches.  With respect to the requests to seal the exhibits at Dkt. Nos. 918-2, 918-3 and 918-4, TriZetto's justifications merely state that the exhibit "appears" to reveal details relating to TriZetto trade secrets and has not met its burden in demonstrating that sealing is warranted.

## III.    Application Regarding Trial Exhibits

**ORDERED** that the parties' November 4, 2020, application to seal trial exhibits (Dkt. No. 936) is DENIED.  The parties have not met their burden of demonstrating that sealing is warranted because (1) the justifications lack articulated reasoning particular to *each* exhibit and instead assert broad, conclusory allegations of harm without describing what is in each trial exhibit and (2) the justifications do not apply to the exhibit, *i.e.*, the information does not appear to be confidential information, publication of which would cause competitive harm.  Moreover, while certain justifications assert that the Court has previously approved sealing the exhibits, the parties do not address the First Amendment presumption of access or the strong common law presumption of access applicable to evidence introduced at trial.

### IV. Application Regarding Post-Trial Filing

**ORDERED** that Syntel's January 5, 2021, application to redact certain portions of exhibits to TriZetto's Opposition to Syntel's motion for judgment as a matter of law, a new trial, or remittitur and motion for permanent injunction and pre- and post-judgment interest is DENIED. Syntel asserts that the proposed redactions are narrowly tailored to prevent disclosure of Syntel's confidential and proprietary information, including information regarding Syntel clients and detailed financial information for specific projects, which if disseminated to unauthorized third parties would cause competitive harm. Syntel again does not provide articulated reasoning and instead asserts a broad, conclusory allegation of harm insufficient to meet its burden.

### V. Conclusion

**ORDERED** that the foregoing denials are without prejudice to renewal. The parties shall consider carefully the principles stated above to determine whether to renew any requests to seal. The Court anticipates that any renewed requests to seal will be substantially fewer and narrower. To the extent the parties seek to renew any request to seal, they shall do so by **May 11, 2021**.

**ORDERED** that the parties shall consolidate their renewed requests to seal any *pretrial* filings in a single joint filing and in a format similar to the parties' previous applications (*e.g.*, Dkt. No. 686). All renewed requests to seal shall comply with Individual Rule I.D.3, except that no hard copies shall be delivered to Chambers per the Emergency Individual Rules. For all renewed requests, the parties shall provide specific justifications particular to *each* document, and to the extent necessary particular redactions, and attach or "electronically relate" to the application the relevant documents under seal with the proposed redactions tailored to the information sought to be sealed. The parties shall bear in mind the above rulings and provide

justifications that apply the applicable legal standards (*e.g.*, the parties shall state why the document is a judicial document and state whether the First Amendment presumption of access applies). The Court will not entertain any applications to seal entire documents unless such request is accompanied by a justification demonstrating why all of the information in the document warrants sealing.

**ORDERED** that to the extent the parties seek to renew their applications to seal or redact trial exhibits, they shall also file a proposed joint sealing order, which articulates as to each exhibit, and to the extent necessary particular redactions, in a non-conclusory fashion, what the exhibit is, why sealing the exhibit is necessary to preserve higher values and how the sealing order is narrowly tailored to achieve that aim.

**ORDERED** that within **two weeks** of the Court's ruling on any renewed application, the parties shall file in an orderly fashion the public versions of the filings currently under seal, consistent with the Court's rulings. The documents shall reflect the redactions approved above or upon the renewed application. If the Court has approved sealing an entire document, the public version of that document shall be a single page stating that the document is filed under seal.

The Clerk of Court is respectfully directed to close Dkt. Nos. 686, 726, 780, 805, 848, 854, 889, 917, 936 and 962.

Dated: April 20, 2021
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

15