UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYNTEL STERLING BEST SHORES MAURITIUS LIMITED, and SYNTEL, INC.,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>v.<br><br>THE TRIZETTO GROUP, INC. and COGNIZANT TECHNOLOGY SOLUTIONS CORP.,<br><br>Defendants and Counterclaim-Plaintiffs. | 1:15-CV-00211 (LGS) (SDA)<br><br>Hon. Lorna G. Schofield |

**PERMANENT INJUNCTION ORDER**

Based on the jury's finding that Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (collectively "Syntel") misappropriated The TriZetto Group, Inc. and Cognizant Technology Solutions Corp. (collectively "TriZetto") trade secrets and infringed TriZetto's copyrights, this Court finds:

1. TriZetto has succeeded on the merits of its claims against Syntel.

2. TriZetto has suffered and will continue to suffer the following irreparable harms caused by Syntel's ongoing trade secret misappropriation and copyright infringement absent permanent injunctive relief:

    a. Harm to TriZetto's business through Syntel's ongoing use, duplication, dissemination, and advertisement of products containing or incorporating and service claiming the benefit of TriZetto's Trade Secret Information and/or Copyrighted Works (including without limitation source code or object code), especially in view of Syntel's demonstrated unwillingness to cease misappropriating and infringing absent an injunction from the Court;
    b. Harm to TriZetto's business through ongoing and future lost sales of products and services, and lost market share; and
    c. Harm to TriZetto's reputation as an innovator and the value of TriZetto's intellectual property.

3. Syntel will suffer no undue hardship or harm as a result of granting TriZetto's Motion, as Syntel will still be able to continue with legitimate business activities.

4. The harm to TriZetto substantially outweighs any potential harm to Syntel, and the public interest weighs in favor of protecting trade secrets and copyrights by permanently enjoining Syntel.

5. For purposes of this injunction, the term "TriZetto's Trade Secret Information" means any confidential information copied or derived from, in whole or in part, TriZetto's 104 trade secrets at issue in this case concerning Facets, including confidential technical documentation, source code, and source code libraries. This also includes information found in Syntel technical documentation, source code, and source code libraries that are copied or derived from such TriZetto trade secrets. The 104 trade secrets at issue in this case are listed here by name:

    1. Facets
    2. DDBLD
    3. Upgrade Framework
    4. Facets Data Dictionary
    5. Accounting User Guide
    6. Accumulator Batch Import and Export Subsystem Guide
    7. Application Support User Guide
    8. Audit Archive Guide
    9. Authorization Evaluation Criteria
    10. Batch Contention Matrix
    11. Billing User Guide
    12. Capitation/Risk Allocation User Guide
    13. CDH Account Management Guide
    14. CDH Adapter Administration Guide
    15. CDH Adapter Installation and Upgrade Guide

16. CDH Adapter Reference Guide

17. Claims Processing User Guide

18. Claims Reference User Guide

19. Clinical Editing Procedure Listing

20. Clinical Editing Resource Guide

21. Commission User Guide

22. Conversion Guide

23. Customer Service User Guide

24. Data Dictionary Guide

25. Data Models Guide

26. Database Changes (spreadsheet)

27. Database Maps – prior releases

28. DBA Notes (spreadsheet)

29. Dental Claims User Guide

30. Dental Plan User Guide

31. Disability User Guide

32. EDI 270/271 Subsystem Guide

33. EDI 276/277 Version Subsystem Guide

34. EDI 278 Version Subsystem Guide

35. EDI 820 + 820 HIX Subsystem Guide

36. EDI 834 Inbound Version Subsystem Guide

37. EDI 834 Outbound Version Subsystem Guide

38. EDI 835 Version Subsystem Guide

39. EDI 837 Inbound Version Subsystem Guide

40. EDI 837 Outbound Version Subsystem Guide

41. Electronic Claims Guide

42. Extensibility Guide

43. Facets Accumulator Synchronization Guide

44. Facets CES Adapter Guide

45. Facets Change Package Enhancements

46. Facets ClaimCheck Adapter Guide

47. Facets ClaimsXten Adapter Guide

48. Facets Release Notes

49. Facets TCS Integration Guide

50. Facets TriZetto Elements Guide (formerly Facets TMS Guide)

51. Facets/MACESS Interface Guide

52. Getting Started Guide

53. Guided Benefit Configuration User Guide

54. HIPAA Privacy User Guide

55. Installation Guide

56. Integration Services Library (ISL) Developers Guide

57. Letters Guide

58. Medical Plan Models User Guide

59. Medical Plan Reference User Guide

60. Medical Plan Resource User Guide

61. Medical Provider Agreement & Pricing Profile User Guides

62. Medicare Guide

63. Membership Maintenance Subsystem Guide

64. NetworX Broadcasting

65. NetworX Calculation Bean Training

66. NetworX Calculations and Qualifiers

67. NetworX Pricer System Administration

68. NetworX Qualifier Bean Training

69. NetworX System Administration

70. ORM - Archive

71. ORM - Billing

72. ORM - Capitation

73. ORM - CDH

74. ORM - Claims

75. ORM - Directory

76. ORM - Disability

77. ORM - EDI

78. ORM - HIPAA Privacy

79. ORM - Intro

80. ORM - Medicare

81. ORM - Member

82. ORM - Privacy

83. ORM - Provider

84. ORM - System

85. ORM - Tax

86. ORM - TriZetto Medicare Solutions

87. ORM - Utilization Management

88. ORM - Vision

89. Provider Batch Import Subsystem Guide

90. Provider User Guide

91. Reporting Guide

92. Services Guides (ISL)

93. Subscriber ID Conversion Guide

94. Subscriber/Member User Guide

95. System Administration User Guide

96. System Reference Manual

97. TriZetto Upgrade Framework Guide

98. Utilization Management Import Subsystem Guide

99. Utilization Management Processing User Guide

100. Utilization Management Reference User Guide

101. Workflow User Guide

102. Facets Test Cases

103. Facets Automation Scripts

104. Facets Custom Code Impact Tool

6. For purposes of this injunction, the term "TriZetto's Copyrighted Works" means any computer program created by TriZetto for use, in whole or in part, in its Facets product or related products and services supporting customer implementation or use of Facets that was adjudicated at trial in this matter, or not colorably different.

**IT IS on this 17th day of May, 2021 hereby ORDERED as follows:**

**I. Permanent Injunction on Sales, Distribution, and Disclosure.**

Syntel and Atos-Syntel Inc., their officers, agents, servants, employees, distributors and resellers of any type, and all those persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, are permanently enjoined from performing any of the following actions:

(1) possessing, accessing, reviewing, using, or disclosing TriZetto's Trade Secret Information, in whole or in part, anywhere in the world;

(2) making, offering to sell, selling, or otherwise distributing anywhere in the world any product substantially derived from TriZetto's Trade Secret Information;

(3) advertising, promoting, offering to sell, selling, or otherwise providing services anywhere in the world using or claiming the benefit of TriZetto's Trade Secret Information; and

(4) reproducing, distributing, making available, or creating derivative works based on, in whole or in part, from TriZetto's Copyrighted Works anywhere in the world.

Notwithstanding the foregoing:

1. Pursuant to the Third Party Access Agreement entered into on May 3, 2013 between TriZetto Corporation and Syntel Inc. (which was admitted at trial as exhibit PTX-838), and for as long as and to the extent Syntel, Inc. or any parent, subsidiary, affiliate of, or entity that is wholly owned or controlled by any entity constituting Syntel, Inc. (collectively, "Syntel, Inc." in this paragraph only) have rights under such Third Party Access Agreement, Syntel, Inc. may possess, access, review, and use TriZetto's Trade Secret Information and may reproduce, make available to CDPHP, or create derivative works based on, in whole or in part, from TriZetto's Copyrighted Works, to the extent such materials are provided by CDPHP, and solely for the purpose of performing the following services for CDPHP: (i) system integration services to install or implement materials

CDPHP has licensed from TriZetto; (ii) integration of software or data with any of such licensed materials; (iii) development of reports to be run off data stored in the databases within any of such licensed materials; and (iv) other development and maintenance services related to such licensed materials, provided that such TriZetto Trade Secret Information and TriZetto Copyrighted Works shall be treated for this purpose as "TriZetto Confidential Information" and "TriZetto IP" obtained by Syntel, Inc. from TriZetto pursuant to the Master Services Agreement dated June 30, 2012, as amended, between TriZetto and Syntel's affiliate Syntel Sterling Best Shores Mauritius Limited.

2. Pursuant to the January 3, 2008 Master Software License and Services Agreement between TriZetto and Blue Shield of California and the amendments thereto (the "TriZetto-BSC Agreement"), and the September 21, 2015 Application Development and Maintenance Services Agreement between Syntel, Inc. and Blue Shield of California and the amendments thereto (the "Syntel-BSC Agreement"), and for as long as and to the extent Atos Syntel, Inc. or its affiliates and subcontractors approved by Blue Shield of California under the Syntel-BSC Agreement (collectively, "Atos Syntel, Inc." in this paragraph only) have rights under such TriZetto-BSC Agreement and Syntel-BSC Agreement, Atos Syntel, Inc. may possess, review, access and use TriZetto's Trade Secret Information and TriZetto's Copyrighted Works to the extent such materials were provided to Syntel, Inc. or are provided to Atos Syntel, Inc. by Blue Shield of California, and solely in connection with providing services to Blue Shield of California pursuant to the Syntel-BSC Agreement.

## II. Removal and Quarantine of TriZetto Trade Secret Information and Copyrighted Works.

Syntel, their officers, agents, servants, employees, distributors and resellers of any type, and attorneys, and all those persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, shall undertake the following steps to remove from their possession and quarantine any TriZetto Trade Secret Information or Copyrighted Works, *see* 18 U.S.C. § 1836(3)(A)(ii); 17 U.S.C. § 502(a):

(1) Syntel will engage an e-discovery vendor to assist with the identification, collection, and removal of any TriZetto Trade Secret Information and Copyrighted Works, while also preserving all data in connection with Syntel's obligations in pending litigations in the U.S. and other countries.

(2) Syntel will inspect the following data sources in its possession:

  a. Any database or document management systems in use at Syntel;

  b. The mailboxes contained in Syntel's corporate email servers for all current custodians in this litigation, as well as each Syntel employee who is currently advertising, selling, or providing Facets-related services to customers;

  c. Syntel computers, laptops, hard drives, and other storage media (including USB drives, network-based storage drives) belonging to all current custodians in this litigation, as well as each Syntel employee who is currently advertising, selling, or providing Facets-related services to customers; and

  d. Paper files belonging to all current custodians in this litigation, as well as each Syntel employee who is currently advertising, selling, or providing Facets-related services to customers.

(3) Prior to inspection and removal of any TriZetto Trade Secret Information and Copyrighted Works, and in order to satisfy Syntel's discovery obligations and the litigation holds in place in this and other litigations, the e-discovery vendor will create and preserve a copy of each of the data sources listed above (hereinafter "Preserved Files"). The Preserved Files shall be maintained by the e-discovery vendor, and any TriZetto Trade Secret Information and Copyrighted Works contained therein shall only be accessible by Syntel's outside counsel (including experts, vendors, etc.) in connection with pending or future litigation between

TriZetto and Syntel without express written permission by the Court, obtained after providing notice to TriZetto. In addition, notwithstanding any other aspect of this Order, Syntel's outside counsel (including experts, vendors, and other permitted entities or individuals retained thereby solely for purpose of litigation) in any pending litigation may retain the files they have until those litigations are concluded, consistent with the protective orders and other law and regulations applicable in those cases.

(4) Syntel will remove from its possession and quarantine the following:

    a. TriZetto's Trade Secret Information and TriZetto's Copyrighted Works (including source code libraries) that TriZetto contends were improperly acquired by Syntel. Syntel will provide to TriZetto a copy of all such documents and source code. Syntel may retain any TriZetto-branded documents properly in its possession, provided those documents are specifically identified in writing to TriZetto.

    b. All other documents or source code (including source code libraries) in Syntel's possession that contain, in whole or in part, information copied from TriZetto's Trade Secret Information and TriZetto's Copyrighted Works, or that Syntel's counsel, in connection with Syntel's technical experts, can reasonably determine, based on the evidence submitted at trial, was derived from TriZetto's Trade Secret Information or TriZetto's Copyrighted Works.

(5) The documents and source code identified and removed pursuant to Section II(4) above shall be quarantined by the e-discovery vendor, consistent with Section II(3) above.

(6) Syntel shall complete the identification, collection, and quarantine of TriZetto Trade Secret Information and Copyrighted Works within ninety (90) days of the date of this Order. In the event Syntel is unable to comply in that time frame, Syntel may make application to the Court for a modification of this Order, or for other relief. The Court acknowledges that the circumstances of the coronavirus epidemic may require additional time, including because counsel may not be able to travel to India during the prescribed time frame, and will accommodate reasonable requests for additional time for reasons related to the epidemic or otherwise.

### III. **TriZetto Audit Rights To Ensure Compliance with Injunction Order**

TriZetto may conduct audits of Syntel, their officers, agents, servants, employees, distributors and resellers of any type, and attorneys, and all those persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, to ensure compliance with this Order, as follows:

(1) TriZetto may audit, through audits conducted by an independent third party, and in compliance the Protective Order in this case, the following data sources in Syntel's possession:

   a. Any database or document management systems in use at Syntel, including but not limited to databases containing Syntel's source code;

   b. The mailboxes contained in Syntel's corporate email servers for all current custodians in this litigation, as well as each Syntel employee who is currently advertising, selling, or providing Facets-related services to customers;

   c. Syntel computers, laptops, hard drives, and other storage media (including USB drives, network-based storage drives) belonging to all current custodians in this litigation, as well as each Syntel employee who is currently advertising, selling, or providing Facets-related services to customers; and

   d. Paper files belonging to all current custodians in this litigation, as well as each Syntel employee who is currently advertising, selling, or providing Facets-related services to customers.

(2) The findings of such audits will be available only to TriZetto's outside attorneys, the independent third party auditor, the Court, and Syntel and its attorneys.

(3) If the auditor finds that Syntel may not be in compliance with the terms of this Order, the auditor shall provide written notice and a copy of his findings to Syntel and one of TriZetto's in-house attorneys to permit TriZetto to understand the reason(s) and extent of Syntel's non-compliance.

(4) The audits may be conducted a maximum of twice per calendar year, during the course of normal business hours, and upon electronic or written notice of at least five business days to Syntel. The parties will use good faith efforts to conduct the audit in a manner least disruptive to Syntel's normal business activities.

**SO ORDERED** on this 18th day of May, 2021,

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**