UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYNTEL STERLING BEST SHORES MAURITIUS LIMITED, and SYNTEL, INC., <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> THE TRIZETTO GROUP, INC. and COGNIZANT TECHNOLOGY SOLUTIONS CORP., <br><br> Defendants and Counterclaim-Plaintiffs. | 1:15-CV-00211 (LGS) (SDA) <br><br> Hon. Lorna G. Schofield |

# **FINAL JUDGMENT**

A jury trial commenced in the above-captioned case on October 19, 2020, and on October 27, 2020, the jury reached and returned its unanimous verdict finding:

1. Plaintiffs and Counterclaim-Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (collectively, "Syntel") misappropriated one or more of TriZetto's trade secrets in violation of the Defend Trade Secrets Act ("DTSA"); Syntel misappropriated one or more of TriZetto's trade secrets in violation of New York law; and Syntel infringed one or more of TriZetto's copyrights.

2. TriZetto should be awarded $284,855,192 for Syntel's misappropriation of TriZetto's trade secrets under the DTSA; $142,427,596 for Syntel's misappropriation of TriZetto's trade secrets under New York law; $59,100,000 for Syntel's infringement of TriZetto's copyrights; that the total amount of compensatory damages TriZetto is entitled to receive is $284,855,192; and that TriZetto was entitled to punitive damages in the amount of $569,710,384.

3. Syntel did not prove its affirmative defenses of laches, waiver, estoppel, or unclean hands.

4. TriZetto proved its defense of unclean hands.

5. TriZetto did not breach the Master Services Agreement; TriZetto and Cognizant did not misappropriate Syntel Mauritius's confidential information; TriZetto and Cognizant did not intentionally interfere with Syntel Inc.'s contractual relations

On April 20, 2021, the Court entered an Opinion and Order, denying Syntel's motion for

judgment as a matter of law under Rule 50(b), or in the alternative, a new trial or remittitur under Rule 59, except its request for a new trial or remittitur on punitive damages. Pursuant to the Court's Opinion and Order, TriZetto agreed to remittitur and accepted a reduced punitive damages award of $284,855,192. The Court also granted TriZetto's motion for permanent injunction and post-judgment interest, and denied TriZetto's motion for pre-judgment interest. TriZetto's Rule 50(a) motion was denied as moot. Per the parties' agreement, any motion for attorney's fees will be filed and briefed following entry of a final judgment on appeal.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the jury's unanimous verdict and the Court's ruling on post-trial motions, the Court hereby ORDERS and ENTERS JUDGMENT as follows:

1. Syntel engaged in trade secret misappropriation in violation of the DTSA.
2. Syntel engaged in trade secret misappropriation in violation of New York law.
3. Syntel engaged in copyright infringement.
4. TriZetto did not breach the Master Services Agreement.
5. TriZetto and Cognizant did not misappropriate Syntel Mauritius's confidential information.
6. TriZetto and Cognizant did not intentionally interfere with Syntel Inc.'s contractual relations.
7. TriZetto is awarded $284,855,192 in compensatory damages and $284,855,192 in punitive damages.
8. TriZetto is awarded post-judgment interest on the entire award of $569,710,384 pursuant to 28 U.S.C. § 1961.
9. A permanent injunction shall be entered concurrently with this Judgment.

Dated: May 18, 2021
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**