UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYNTEL STERLING BEST SHORES MAURITIUS LIMITED and SYNTEL, INC., | 1:15-CV-00211 (LGS) (SDA) |
| Plaintiffs and Counterclaim-Defendants, | Hon. Lorna G. Schofield |
| v. | |
| THE TRIZETTO GROUP, INC. and COGNIZANT TECHNOLOGY SOLUTIONS CORP., | |
| Defendants and Counterclaim-Plaintiffs. | |

**MEMORANDUM IN SUPPORT OF ORDER TO SHOW CAUSE FOR APPROVAL OF SUPERSEDEAS BOND UNDER FEDERAL RULE OF CIVIL PROCEDURE 62(b) AND TO STAY EXECUTION OF JUDGMENT**

Plaintiffs/Counterclaim-Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (collectively, "Syntel") hereby submit this memorandum of law in support of their motion for approval of a supersedeas bond in the form attached to Syntel's motion as Exhibit 1, pursuant to Federal Rule of Civil Procedure 62(b) and to stay execution of judgment.

## BACKGROUND

On May 18, 2021, the United States District Court for the Southern District of New York entered a Final Judgment in favor of Defendants/Counterclaim-Plaintiffs The TriZetto Group, Inc. and Cognizant Technology Solutions Corp. (collectively, "TriZetto") ("the Judgment"). (D.I. 994.)  The Court had previously denied TriZetto's motion for prejudgment interest and granted TriZetto's motion for post-judgment interest.  (D.I. 977.)  The Judgment provides that TriZetto is awarded the total sum of $569,710,384, comprised of:

(a) $284,855,192 in compensatory damages; and

(b) $284,855,192 in punitive damages

(D.I. 994 at 2.)  The Judgment further provides that TriZetto is awarded post-judgment interest on the award of $569,710,384 pursuant to 28 U.S.C. § 1961.  (*Id*.)

On May 26, 2021 Syntel timely filed a notice of appeal of the Judgment.  (D.I. 995.)

## ARGUMENT

### The Proposed Supersedeas Bond Should Be Approved and a Stay Should Be Entered Pursuant to Federal Rule of Civil Procedure 62(b)

Pursuant to Rule 62(b), a party that has appealed a judgment may obtain a stay of execution by posting a supersedeas bond.  Fed. R. Civ. P. 62(b); *Gulino* v. *Bd. of Educ. of City Sch. Dist. of City of New York*, No. 96-CV-8414 (KMW), 2019 WL 2454094, at *1 (S.D.N.Y. June 12, 2019).  Rule 62(b) provides that the "stay takes effect when the court approves the bond."  Fed. R. Civ. P. 62(b).

Local Civil Rule 65.1.1(b) provides, in relevant part, that:

> (b) Except as otherwise provided by law, every bond, undertaking or stipulation must be secured by: . . . (2) the undertaking or guaranty of a corporate surety holding a certificate of authority from the Secretary of the Treasury . . .

Local Civil Rule 65.1.1(b).

Pursuant to Rule 62(b) and Local Civil Rule 65.1.1(b), Syntel respectfully requests the Court's approval of a supersedeas bond in the form attached as Exhibit 1.[1]  The proposed bond is issued by Philadelphia Indemnity Insurance Company, XL Specialty Insurance Company and XL Reinsurance America, Inc., Nationwide Mutual Insurance Company, Swiss Reinsurance America

---

[1]  Due to the ongoing pandemic, the signature on the bond of Atos-Syntel representative Damien Catoir, located in France, is an electronic signature.  To the extent directed by the Court, Syntel can arrange to provide a further counterpart with a physical signature from Mr. Catoir.

Corporation and Westport Insurance Corporation, and Markel Insurance Company, which are corporate sureties holding certificates of authority from the Secretary of the Treasury as required under Local Civil Rule 65.1.1(b).  *See List of Certified Companies*, Department of the Treasury (May 4, 2021), https://fiscal.treasury.gov/surety-bonds/list-certified-companies.html (last visited May 26, 2021).  The obligations of each of these sureties under the proposed bond are in the amounts, respectively, of $154,091,803.68, $68,485,246.08, $102,727,869.12, $159,798,907.52, $11,414,207.68, and $74,192,349.92, and this collectively represents the amount of the judgment ($569,710,384), plus $1,000,000 (the "Additional Amount").  The statutory rate applicable for post-judgment interest under 28 U.S.C. § 1961 is the "rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment," and interest is to be compounded annually.  28 U.S.C. § 1961(a)-(b) (footnote omitted).  The weekly average 1-year maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the May 18, 2021 judgment (*i.e.*, on May 14, 2021) is 0.05%.[2]  The Additional Amount of $1,000,000 exceeds (by more than 16%) the amount of interest that would accrue at this rate (compounded annually) even if a decision on appeal were not to issue for three years – almost ***triple*** the current median pendency in the Second Circuit *see* U.S. Courts, *Federal Court Management Statistics* (https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_appsumary1231.2020.pdf)

---

[2] *See*  Board of Governors of the Federal Reserve System*, Selected Interest Rates – H.15* (Jan. 3, 2017), https://www.federalreserve.gov/releases/h15/h15_technical_qa.htm ("The weekly and monthly averages are the average of all non-missing values during the given time period. …[Y]ou can access them from the Data Download Program (DDP)…. Alternatively, you can access the average rates from the St. Louis Federal Reserve Bank's FRED database") (last visited May 26, 2021); Board of Governors of the Federal Reserve System *Data Download Program* (May 26, 2021), https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H15 (last visited May 26, 2021) (weekly average of 0.05% for May 14, 2021);  Fred Economic Data, *Selected Interest Rates Instruments, Yields in percent per annum: weekly* (May 14, 2021), https://fred.stlouisfed.org/release/tables?rid=18&eid=290&od= (same) (last visited May 26, 2021).

(last visited May 26, 2021) (median of 12.6 months from notice of appeal to disposition for year ending December 31, 2020).  Thus, Syntel respectfully submits that the total amount of the supersedeas bond ($570,710,384) provides more than adequate security in the event that the appeal is not successful.

Syntel respectfully requests expedited review and disposition of the instant Motion so that execution on the judgment may immediately be stayed pending appeal[3] pursuant to Fed. R. Civ. P. 62(b).

**CONCLUSION**

For the foregoing reasons, Syntel respectfully requests that this Honorable Court approve the proposed supersedeas bond in the form attached to Syntel's motion and stay execution of judgment pursuant to Fed. R. Civ. P. 62(b).

Dated: May 26, 2021
New York, New York

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: */s/ Nicholas Groombridge*
    Jaren Janghorbani
    Nicholas Groombridge
    Kripa Raman
    Crystal Parker
    Joshua D. Reich
    Cecilia Copperman
    1285 Avenue of the Americas
    New York, NY 10019-6064
    Tel: (212) 373-3000
    Fax: (212) 757-3990
    Emails:  ngroombridge@paulweiss.com
          jjanghorbani@paulweiss.com
          kraman@paulweiss.com

---

[3]  Pursuant to Fed. R. Civ. P. 62(a), an automatic 30 day stay is now in place.

5

cparker@paulweiss.com
jreich@paulweiss.com
ccopperman@paulweiss.com

J. Steven Baughman
2001 K Street, NW
Washington, DC 20006-1047
Tel: (202) 223-7340
Fax: (202) 403-3740
Email: sbaughman@paulweiss.com


*Attorneys for Plaintiffs and Counterclaim-*
*Defendants Syntel Sterling Best Shores*
*Mauritius Limited and Syntel, Inc.*