# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Syntel Sterling Best Shores Mauritius Limited, and Syntel, Inc. – Plaintiffs/Counterclaim-Defendants<br><br>-against-<br><br>The TriZetto Group, Inc., and Cognizant Technology Solutions Corp. – Defendants/Counterclaim-Plaintiffs | )<br>)<br>)<br>) Case Number: 1:15-cv-00211 (LGS)<br>) (SDA)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUPERSEDEAS BOND

We, Syntel Sterling Best Shores Mauritius Limited (nka Syntel Holding Mauritius Limited) and Syntel, Inc. (nka Syntel LLC), as principals ("Principals"), and Philadelphia Indemnity Insurance Company, XL Specialty Insurance Company and XL Reinsurance America, Inc., Nationwide Mutual Insurance Company, Swiss Reinsurance America Corporation and Westport Insurance Corporation, and Markel Insurance Company, as sureties ("Sureties"), are held and firmly bound unto The TriZetto Group, Inc. and Cognizant Technology Solutions Corp. (collectively, "Obligee") in the sum of Five Hundred and Seventy Million, Seven Hundred and Ten Thousand, Three Hundred and Eighty-Four and no/100 Dollars ($570,710,384.00) for the payment of which we bind ourselves, our heirs, successors, and assigns, severally subject to the terms and conditions set forth below.

The CONDITION OF THIS OBLIGATION is such that: the above-named Principals will file an appeal to the United States Court of Appeals for the Second Circuit (the "Appeal") to review the order(s) entered in the above case and the judgment entered in the above case on May 18, 2021 [Dkt. 994] (collectively with the orders, the "Judgment").

NOW THEREFORE, the condition of this obligation is such that if the Principals prosecute their appeal to full and final effect, and the Principals shall satisfy any money judgment in full, including, if allowed by law, costs, interest, and damages for the delay if said Judgment is affirmed, or shall satisfy in full such judgment as reduced, modified, or amended, including, if allowed by law, costs, interest, and damages as adjudged and awarded, then this obligation shall be null and void; otherwise to remain in full force and effect subject to the following terms and conditions:

1.      The maximum amount of liability and corresponding percentage of liability for each Surety shall be limited to the following amounts:

Philadelphia Indemnity Insurance Company, One Bala Plaza, Suite 100, Bala Cynwyd, PA 19004-1403: One Hundred and Fifty-Four Million, Ninety-One Thousand, Eight Hundred and Three and 68/100 Dollars ($154,091,803.68) – (27%)

XL Specialty Insurance Company and XL Reinsurance America, Inc., 70 Seaview Avenue, Stamford, CT   06902: Sixty-Eight Million, Four Hundred and Eighty-Five Thousand, Two Hundred and Forty-Six and 08/100 Dollars ($68,485,246.08) – (12%)

Nationwide Mutual Insurance Company, 1100 Locust Street, Dept. 2006 Des Moines, IA 50391: One Hundred and Two Million, Seven Hundred and Twenty-Seven Thousand, Eight Hundred and Sixty-Nine and 12/100 Dollars ($102,727,869.12) – (18%)

Swiss Reinsurance America Corporation, 175 King Street, Armonk, NY 10504:  One Hundred Fifty Nine Million Seven Hundred Ninety Eight Thousand Nine Hundred Seven and 52/100 Dollars ($159,798,907.52) – (28%).

Westport Insurance Corporation, 1200 Main Street, Suite 800, Kansas City, MO 64105: Eleven Million Four Hundred Fourteen Thousand Two Hundred and Seven and 68/100 Dollars ($11,414,207.68) - (2%)

Markel Insurance Company, 4521 Highwoods Parkway, Glen Allen, VA 23060: Seventy-Four Million, One Hundred and Ninety-Two Thousand, Three Hundred and Forty-Nine and 92/100 Dollars ($74,192,349.92) – (13%).

2.      It is expressly provided that the obligation of the Sureties hereunder shall be several and not joint, and no Surety shall be responsible in an amount greater than its respective maximum amount and percentage of liability as set forth above in Paragraph 1.  In no event shall the total obligation of any Surety hereunder exceed its respective maximum amount and percentage of liability as set forth above in Paragraph 1, regardless of the number of years this Supersedeas Bond is in force.

3.      No Surety's liability shall be increased or affected hereunder in any way whatsoever as a result of the performance or non-performance by any other Surety of such other Surety's obligation under this Supersedeas Bond.

4.      Any claim for payment by the Obligee, or any of them, arising under this Supersedeas Bond shall be allocated to the percentage of each Surety's limit of liability relative to the aggregate amount of this Supersedeas Bond.  If, for example, the amount of the Amended Judgments shall be reduced on appeal by fifty percent (50%), each Surety's maximum liability shall be reduced by fifty percent (50%), although each Surety's percentage of liability with respect to such amended amount of the Amended Judgments shall remain unchanged.

5.      If payment is required to be made under this Supersedeas Bond by the Sureties to the Obligee, or any of them, such payment shall be made, provided that (a) Principals have not fully satisfied their respective obligations under the Judgment within thirty (30) days following the affirmance, modification, or dismissal of the Appeal, and (b) the Obligee or their counsel shall have notified the Sureties, Principals, and their respective counsel, in writing, that the Principals have failed to make such payment to the Obligee, in which event the Sureties shall have thirty (30) days from the receipt of that notice to issue payment.

6.    This Supersedeas Bond may be executed in any number of counterparts, and by the different parties hereto on separate counterparts, each of which counterpart shall be an original but all of which shall together constitute one and the same instrument.

Dated: May 21, 2021

PRINCIPALS/PLAINTIFFS/COUNTERCLAIM-DEFENDANTS

Syntel Sterling Best Shores Mauritius Limited (nka Syntel Holding Mauritius Limited), and Syntel, Inc. (nka Syntel LLC)

By:_____

Its Duly Authorized Officer and Representative
Damien Catoir, Attorney-in-Fact

Philadelphia Indemnity Insurance Company                    PB00438200014

By:_____
Joshua Sanford , Attorney-in-Fact

XL Specialty Insurance Company and XL Reinsurance America, Inc.        US00109713SU21A

By:_____
Joshua Sanford , Attorney-in-Fact

Nationwide Mutual Insurance Company                    SNN4001828

By:_____
Joshua Sanford , Attorney-in-Fact

Markel Insurance Company                    4445345

By:_____
Joshua Sanford , Attorney-in-Fact

Swiss Reinsurance America Corporation and Westport Insurance Corporation       2310309

By: _Yasmen Patel_____
Yasmin Patel, Attorney-in-Fact

**Power of Attorney**

KNOW ALL MEN BY THESE PRESENTS THAT:

Nationwide Mutual Insurance Company, an Ohio corporation

hereinafter referred to severally as the "Company" and collectively as "the Companies" does hereby make, constitute and appoint:

AIZA ANDERSON, AIMEE R PERONDINE, DANIELLE D JOHNSON, DONNA M PLANETA, JOSHUA SANFORD, MICHELLE ANNE MCMAHON

each in their individual capacity, its true and lawful attorney-in-fact, with full power and authority to sign, seal, and execute on its behalf any and all bonds and undertakings, and other obligatory instruments of similar nature, in penalties not exceeding the sum of

## UNLIMITED

and to bind the Company thereby, as fully and to the same extent as if such instruments were signed by the duly authorized officers of the Company; and all acts of said Attorney pursuant to the authority given are hereby ratified and confirmed.

This power of attorney is made and executed pursuant to and by authority of the following resolution duly adopted by the board of directors of the Company:

"RESOLVED, that the president, or any vice president be, and each hereby is, authorized and empowered to appoint attorneys-in-fact of the Company, and to authorize them to execute and deliver on behalf of the Company any and all bonds, forms, applications, memorandums, undertakings, recognizances, transfers, contracts of indemnity, policies, contracts guaranteeing the fidelity of persons holding positions of public or private trust, and other writings obligatory in nature that the business of the Company may require; and to modify or revoke, with or without cause, any such appointment or authority; provided, however, that the authority granted hereby shall in no way limit the authority of other duly authorized agents to sign and countersign any of said documents on behalf of the Company."

"RESOLVED FURTHER, that such attorneys-in-fact shall have full power and authority to execute and deliver any and all such documents and to bind the Company subject to the terms and limitations of the power of attorney issued to them, and to affix the seal of the Company thereto; provided, however, that said seal shall not be necessary for the validity of any such documents."

This power of attorney is signed and sealed under and by the following bylaws duly adopted by the board of directors of the Company.

Execution of Instruments. Any vice president, any assistant secretary or any assistant treasurer shall have the power and authority to sign or attest all approved documents, instruments, contracts, or other papers in connection with the operation of the business of the company in addition to the chairman of the board, the chief executive officer, president, treasurer or secretary; provided, however, the signature of any of them may be printed, engraved, or stamped on any approved document, contract, instrument, or other papers of the Company.

IN WITNESS WHEREOF, the Company has caused this instrument to be sealed and duly attested by the signature of its officer the 27th day of February, 2019.

Antonio C. Albanese, **Vice President** of Nationwide Mutual Insurance Company

### ACKNOWLEDGMENT



STATE OF NEW YORK, COUNTY OF NEW YORK: ss
On this 27th day of February, 2019, before me came the above-named officer for the Company aforesaid, to me personally known to be the officer described in and who executed the preceding instrument, and he acknowledged the execution of the same, and being by me duly sworn, deposes and says, that he is the officer of the Company aforesaid, that the seal affixed hereto is the corporate seal of said Company, and the said corporate seal and his signature were duly affixed and subscribed to said instrument by the authority and direction of said Company.

Suzanne C. Delio
Notary Public, State of New York
No. 02DE6126649
Qualified in Westchester County
Commission Expires September 16, 2021

Notary Public
My Commission Expires
September 16, 2021

### CERTIFICATE

I, Laura B. Guy, Assistant Secretary of the Company, do hereby certify that the foregoing is a full, true and correct copy of the original power of attorney issued by the Company; that the resolution included therein is a true and correct transcript from the minutes of the meetings of the boards of directors and the same has not been revoked or amended in any manner; that said Antonio C. Albanese was on the date of the execution of the foregoing power of attorney the duly elected officer of the Company, and the corporate seal and his signature as officer were duly affixed and subscribed to the said instrument by the authority of said board of directors; and the foregoing power of attorney is still in full force and effect.

IN WITNESS WHEREOF, I have hereunto subscribed my name as Assistant Secretary, and affixed the corporate seal of said Company this 21st day of May, 2021.

Assistant Secretary

BDJ 1(02-19)00

**PHILADELPHIA INDEMNITY INSURANCE COMPANY**
One Bala Plaza, Suite 100
Bala Cynwyd, PA 19004-0950

**Power of Attorney**

KNOW ALL PERSONS BY THESE PRESENTS: That **PHILADELPHIA INDEMNITY INSURANCE COMPANY** (the Company), a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, does hereby constitute and appoint *Donna M. Planeta, Joshua Sanford, Aimee R. Perondine, Danielle D. Johnson and Michelle Anne McMahon of Willis of Connecticut, LLC* its true and lawful Attorney-in-fact with full authority to execute on its behalf bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, issued in the course of its business and to bind the Company thereby, in an amount not to exceed *$50,000,000.00*

This Power of Attorney is granted and is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of PHILADELPHIA INDEMNITY INSURANCE COMPANY on the 14th of November, 2016.

|  |  |
|---|---|
| **RESOLVED:** | That the Board of Directors hereby authorizes the President or any Vice President of the Company: (1) Appoint Attorney(s) in Fact and authorize the Attorney(s) in Fact to execute on behalf of the Company bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and to attach the seal of the Company thereto; and (2) to remove, at any time, any such Attorney-in-Fact and revoke the authority given. And, be it |
| **FURTHER RESOLVED:** | That the signatures of such officers and the seal of the Company may be affixed to any such Power of Attorney or certificate relating thereto by facsimile, and any such Power of Attorney so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached. |

IN TESTIMONY WHEREOF, PHILADELPHIA INDEMNITY INSURANCE COMPANY HAS CAUSED THIS INSTRUMENT TO BE SIGNED AND ITS CORPORATE SEALTO BE AFFIXED BY ITS AUTHORIZED OFFICE THIS 27TH DAY OF OCTOBER, 2017.



(Seal)

Robert D. O'Leary Jr., President & CEO
Philadelphia Indemnity Insurance Company

On this 27th day of October, 2017, before me came the individual who executed the preceding instrument, to me personally known, and being by me duly sworn said that he is the therein described and authorized officer of the **PHILADELPHIA INDEMNITY INSURANCE COMPANY**; that the seal affixed to said instrument is the Corporate seal of said Company; that the said Corporate Seal and his signature were duly affixed.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Morgan Knapp, Notary Public
Lower Merion Twp., Montgomery County
My Commission Expires Sept. 25, 2021
MEMBER PENNSYLVANIA ASSOCIATION OF NOTARIES

(Notary Seal)

Notary Public: _Morgan Knapp_

residing at: _Bala Cynwyd, PA_

My commission expires: _September 25, 2021_

I, Edward Sayago, Corporate Secretary of PHILADELPHIA INDEMNITY INSURANCE COMPANY, do hereby certify that the foregoing resolution of the Board of Directors and the Power of Attorney issued pursuant thereto on the 27th day of October, 2017 are true and correct and are still in full force and effect. I do further certify that Robert D. O'Leary Jr., who executed the Power of Attorney as President, was on the date of execution of the attached Power of Attorney the duly elected President of PHILADELPHIA INDEMNITY INSURANCE COMPANY.

In Testimony Whereof I have subscribed my name and affixed the facsimile seal of each Company this _21st_ day of _May_, 2021 .



Edward Sayago, Corporate Secretary
**PHILADELPHIA INDEMNITY INSURANCE COMPANY**

JocuSign Envelope ID: 8B893FE8-82F3-4E93-B02A-75DE0B88FC85

XL Specialty Insurance Company
XL Reinsurance America Inc.

THIS IS NOT A BOND NUMBER
LIMITED POWER OF ATTORNEY
XL 1613162

**AXA**

KNOW ALL MEN BY THESE PRESENTS: That    XL Specialty Insurance Company, a Delaware insurance companies with offices located at 505 Eagleview Blvd., Exton, PA 19341, and XL Reinsurance America Inc., a New York insurance company with offices located at 70 Seaview Avenue, Stamford, CT 06902, , do hereby nominate, constitute, and appoint:

*Joshua Sanford, Michelle Anne McMahon, Aimee Perondine, Nicholas Turecamo, Janee Wright, Alexis Apostolidis, Brendan Fletcher, Cassandra Baez, Jacqueline Susco, Kathryn Pryor, Rebecca Josephson, Eric Strba, Bryan Caneschi*

each its true and lawful Attorney(s)-in-fact to make, execute, attest, seal and deliver for and on its behalf, as surety, and as its act and deed, where required, any and all bonds and undertakings in the nature thereof, , for the penal sum of no one of which is in any event to exceed $100,000,000.00.

Such bonds and undertakings, when duly executed by the aforesaid Attorney (s) - in - Fact shall be binding upon each said Company as fully and to the same extent as if such bonds and undertakings were signed by the President and Secretary of the Company and sealed with its corporate seal.

The Power of Attorney is granted and is signed by facsimile under and by the authority of the following Resolutions adopted by the Board of Directors of each of the Companies on the 26th day of July 2017.

RESOLVED, that Gary Kaplan, Daniel Riordan, Maria Duhart, Gregory Boal and Kevin Mirsch are hereby appointed by the Board as authorized to make, execute, seal and deliver for and on behalf of the Company, any and all bonds, undertakings, contracts or obligations in surety or co-surety with others and that the Secretary or any Assistant Secretary of the Company be and that each of them hereby is authorized to attest the execution of any such bonds, undertakings, contracts or obligations in surety or co-surety and attach thereto the corporate seal of the Company.

RESOLVED, FURTHER, that Gary Kaplan, Daniel Riordan, Maria Duhart, Gregory Boal and Kevin Mirsch each is hereby authorized to execute powers of attorney qualifying the attorney named in the given power of attorney to execute, on behalf of the Company, bonds and undertakings in surety or co-surety with others, and that the Secretary or any Assistant Secretary of the Company be, and that each of them is hereby authorized to attest the execution of any such power of attorney, and to attach thereto the corporate seal of the Company.

RESOLVED, FURTHER, that the signature of such officers named in the preceding resolutions and the corporate seal of the Company may be affixed to such powers of attorney or to any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be thereafter valid and binding upon the Company with respect to any bond, undertaking, contract or obligation in surety or co-surety with others to which it is attached.

IN WITNESS WHEREOF, the XL SPECIALTY INSURANCE COMPANY has caused its corporate seal to be hereunto affixed, and these presents to be signed by its duly authorized officers this March 23rd, 2021.

**XL SPECIALTY INSURANCE COMPANY**

by:    _____

Gregory Boal, VICE PRESIDENT

STATE OF PENNSYLVANIA
COUNTY OF CHESTER

Attest:    _____

Kevin M. Mirsch, ASSISTANT SECRETARY

On this 23rd day of March, 2021, before me personally came Gregory Boal to me known, who, being duly sworn, did depose and say: that he is Vice President of XL SPECIALTY INSURANCE COMPANY, described in and which executed the above instrument; that he knows the seals of said Companies; that the seals affixed to the aforesaid instrument is such corporate seals and were affixed thereto by order and authority of the Boards of Directors of said Companies; and that he executed the said instrument by like order.

Commonwealth of Pennsylvania - Notary Seal
S. Grace Freed-Brown, Notary Public
Chester County
My commission expires March 5, 2022
Commission number 1322812
Member, Pennsylvania Association of Notaries

_____
S. Grace Freed-Brown, NOTARY PUBLIC

SB0042

Page 1 of 2

STATE OF PENNSYLVANIA
COUNTY OF CHESTER

I, Kevin M. Mirsch, Assistant Secretary of XL SPECIALTY INSURANCE COMPANY, a corporation of the State of Delaware, do hereby certify that the above and forgoing is a full, true and correct copy of a Power of Attorney issued by said Companies, and that I have compared same with the original and that it is a correct transcript therefrom and of the whole of the original and that the said Power of Attorney is still in full force and effect and has not been revoked.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation, at the City of Exton, this 21st day of MAY 2021.



Kevin M. Mirsch, ASSISTANT SECRETARY

IN WITNESS WHEREOF, XL REINSURANCE AMERICA INC. has caused its corporate seal to be hereunto affixed, and these presents to be signed by its duly authorized officers this 23rd day of March, 2021.

XL REINSURANCE AMERICA INC.

by:

Gregory Boal, VICE PRESIDENT

Attest:

Kevin M. Mirsch, ASSISTANT SECRETARY

STATE OF PENNSYLVANIA
COUNTY OF CHESTER

On this 23rd day of March, 2021, before me personally came Gregory Boal to me known, who, being duly sworn, did depose and say: that he is Vice President of XL REINSURANCE AMERICA INC., described in and which executed the above instrument; that he knows the seal of said Corporation; that the seal affixed to the aforesaid instrument is such corporate seal and was affixed thereto by order and authority of the Board of Directors of said Corporation, and that he executed the said instrument by like order.

Commonwealth of Pennsylvania - Notary Seal
S. Grace Freed-Brown, Notary Public
Chester County
My commission expires March 5, 2022
Commission number 1322812
Member, Pennsylvania Association of Notaries

S. Grace Freed-Brown, NOTARY PUBLIC

STATE OF PENNSYLVANIA
COUNTY OF CHESTER

I, Kevin M. Mirsch, Assistant Secretary of XL REINSURANCE AMERICA INC. a corporation of the State of New York, do hereby certify that the person who executed this Power of Attorney, with the rights, respectively of XL REINSURANCE AMERICA INC., do hereby certify that the above and forgoing is a full, true and correct copy of a Power of Attorney issued by said Corporation, and that I have compared same with the original and that it is a correct transcript therefrom and of the whole original and that the said Power of Attorney is still in full force and effect and has not been revoked.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said Corporation, at the City of Exton, this 21st day of MAY 2021.



Kevin M. Mirsch, ASSISTANT SECRETARY

This Power of Attorney may not be used to execute any bond with an inception date after 3/23/2023

SB0042                                              Page 2 of 2

POA #: 4445345

# Markel Insurance Company
## LIMITED POWER OF ATTORNEY

**Know All Men by These Presents,** That MARKEL INSURANCE COMPANY (the "Company"), a corporation duly organized and existing under the laws of the State of Illinois, and having its principal administrative office in Glen Allen, Virginia, does by these presents make, constitute and appoint

Joshua Sanford

its true and lawful Attorney-in-fact, with full power and authority hereby conferred in its name, place and stead, to execute, acknowledge and deliver any and all bonds, recognizances, undertakings of other instruments or contracts of suretyship to include waivers to the conditions of contracts and consents of surety for, providing the bond penalty does not exceed

**Principal:** Syntel Sterling Best Shores Mauritius Limited (nka Syntel Holding Mauritius Limited) and Syntel, Inc. (nka Syntel LLC)

**Obligee:** The TriZetto Group, Inc. and Cognizant Technology Solutions Corp. (collectively)

**Amounts:** $ Eighty Two Million Two Hundred Nine Thousand Two Hundred Eight Dollars ($82,209,208.00)

and to bind the Company thereby as fully and to the same extent as if such bond were signed by the President, sealed with the corporate seal of the Company and duly attested by its Secretary, hereby ratifying and confirming all that the said Attorney-in-Fact may do in the premises. Said appointment is made under and by authority of the following resolution of the Board of Directors of Markel Insurance Company:

RESOLVED, that the President, any Senior Vice President, Vice President, Assistant Vice President, Secretary, Assistant Secretary or Assistant Treasurer shall be and is hereby vested with full power and authority to appoint any one or more suitable persons as Attorney(s)-in-Fact to represent and act for on behalf of the Company, subject to the following provisions:

Attorney-in-Fact may be given full power and authority for and in the name of and on behalf of the Company, to execute, acknowledge and deliver, any and all bonds, recognizances, contracts, agreements or indemnity and other conditional or obligatory undertakings and any and all notices and documents canceling or terminating the Company's liability thereunder, and any such instruments so executed by any such Attorney-in-Fact shall be binding upon the Company as if signed by the President and sealed and effected by the Secretary.

FURTHER RESOLVED, that the signature of any authorized officer and seal of the Company heretofore or hereafter affixed to any power of attorney or any certificate relating thereto by facsimile, and any power of attorney or certificate bearing facsimile signature or facsimile seal shall be valid and binding upon the Company with respect to any bond or undertaking to which it is attached.

**In Witness Whereof,** MARKEL INSURANCE COMPANY has caused these presents to be signed by its Senior Vice President, and its corporate seal to be hereto affixed this 9th day of September, 2019.

Commonwealth of Virginia

Henrico County

MARKEL INSURANCE COMPANY

By: _____
Robin Russo, Senior Vice President

On this 9th day of September, 2019 before me personally came Robin Russo, to me known, who being by me duly sworn, did depose and say that he resides in Henrico County, Virginia, the he is Senior Vice President of MARKEL INSURANCE COMPANY, the company described in and which executed the above instrument; that he knows the seal of said Company; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said Company; and that he signed his name thereto by like order.

By: _____
Donna Donavant, Notary Public
My commission expires 1/31/2023

MY COMMISSION NUMBER 7083968

I, Richard R. Grinnan, Vice President and Secretary of MARKEL INSURANCE COMPANY, do hereby certify that the above and foregoing is true and correct copy of a Power of Attorney, executed by said Company, which is still in full force and effect and, furthermore, the resolutions of the Board of Directors, set out in the Power of Attorney are in full force and effect.

Given under my hand and the seal of said Company at Glen Allen, Virginia this 21st day of May, 20 21.

By: _____
Richard R. Grinnan,
Vice President and Secretary

Any instrument issued in excess of the penalty stated above is totally void and without any validity.
For verification of the authority of this Power you may call (713) 812-0800 on any business day between 8:30 AM and 5:00 PM CST.

## Power of Attorney

Know all Men by these Presents: That **Swiss Reinsurance America Corporation**, a Corporation organized under the laws of the State of New York, having its principal office at 175 King Street, Armonk, New York, pursuant to the following By-Law, which was adopted by the Stockholders of the said Corporation on May 2, 1978, and amended September 10, 1990, and amended and restated as of January 30, 2006, and further amended and restated as of September 10, 2009,  and amended December 28, 2009, to wit:

Article VI, Section 6.1. Execution of Instruments. Except as otherwise stated in these ByLaws or as from time to time determined by resolution of the Board of Directors, the Chairman of the Board, the Chief Executive Officer, the President, the Chief Financial Officer or any Managing Director may enter into any contract or execute and deliver any instrument in the name and on behalf of the Corporation, including but not limited to: (i) all bonds, deeds, leases, mortgages, assignments, releases, contracts, agreements or other obligations; (ii) appointments of agents to accept service of process; and (iii) appointments of attorneys in fact to do and perform all acts delegated to such attorneys to do and perform in accordance with the power of attorney by which such appointment shall be made.

does hereby nominate, constitute and appoint **Erik Janssens, Launa Redenbach and Yasmin Patel, all of Schaumburg, Illinois, each in his or her individual capacity**, as its true and lawful attorneys-in-fact, to make, execute, seal and deliver for and on its behalf, and as its act and deed:  any and all bonds, undertakings, Miller Act Reinsurance Certificates or obligations in co-suretyship with

**Westport Insurance Corporation**

whether or not there are other co-sureties, wherein the co-surety participation of **Swiss Reinsurance America Corporation** does not exceed  -------- Four Hundred, Fifty Million Dollars------ ($450,000,000) and reserving to itself full power of substitution and revocation.

The execution of such contracts in pursuance of these presents shall be binding upon said Corporation, as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the Corporation at its office in Armonk, New York, in their own proper persons.

This Power of Attorney shall expire and all authority hereunder shall terminate without notice at midnight (Standard Time where said Attorney(s)-in-Fact is authorized to act) December 31, 2021.

**In Witness Whereof, Swiss Reinsurance America Corporation** has caused its corporate seal to be hereunto affixed and these presents to be signed by its Managing Director this 17th day of May in the year 2021.

**Swiss Reinsurance America Corporation**

By _____
Gregory Schiffer
Managing Director

Attest: _____
Elissa Kenny
Assistant Secretary

STATE OF NEW YORK
COUNTY OF WESTCHESTER }   ss.

On this 17th day of May, 2021, before the subscriber, a Notary Public of the State of New York, duly commissioned and qualified, came

Gregory Schiffer – Managing Director

of **Swiss Reinsurance America Corporation**, to me personally known to be the individual and officer described in, and who executed the preceding instrument, and he acknowledged the execution of the same, and, being by me duly sworn, deposed and said, that he is the officer of the Corporation aforesaid, and that the seal affixed to the preceding instrument is the corporate seal of said Corporation, and the said corporate seal and his signature as officer were duly affixed and subscribed to the said instrument by the authority and direction of the said Corporation, and that By-Law Article VI, Section  6.1 adopted by the Stockholders of said Corporation, referred to in the preceding instrument, is now in force.

**IN TESTIMONY WHEREOF**, I have hereunto set my hand and affixed my official seal at the Village of Armonk, State of New York, the day and year first above written.

My Commission expires 10/7/22

Notary Public   Lisa M. Tambascio
Notary Public, State of New York
No. 01-TA5066946
Qualified in Westchester County
Commission Expires Oct. 7, 2022

STATE OF NEW YORK
COUNTY OF WESTCHESTER    ss. }

I, Julie Pollack, Senior Vice President of **Swiss Reinsurance America Corporation**, a corporation of the State of New York, do hereby certify that the above and foregoing is a full, true and correct copy of a Power of Attorney issued by said **Swiss Reinsurance America Corporation**, and that I have compared same with the original and that is a correct transcript therefrom and the whole of the original.  Said Power of Attorney is still in force and effect and has not been revoked.  I do further certify that Gregory Schiffer is duly authorized to sign said Power of Attorney in accordance with the By-Laws of the Corporation.

**IN WITNESS WHEREOF**, I have hereunder set my hand and affixed the seal of said Corporation, at the Village of Armonk, State of New York, this 17th day of May, 2021.

By _____
Senior Vice President

No.  2021-03                        Certified Copy

**POWER OF ATTORNEY**
*(External Authority)*

I, **Rakesh Khanna**, acting in my capacity of Company CEO of the Companies listed below ("Companies"), hereby delegate to **Damien Catoir, Group Deputy General Counsel**, without authority to sub-delegate, the authority to sign contracts and all other legal documents with respect to the matter specified below on behalf of the Companies:

Companies:

Syntel LLC (f/k/a Syntel, Inc.)
Atos Syntel Inc.
Syntel Holding (Mauritius) Ltd (f/k/a Syntel Sterling Best Shores Mauritius Ltd)

Matters:

Issuance of supersedeas bond in the Cognizant-TriZetto litigation

Date and place:    _____April 10 2021_____,**India**

Signature:

DocuSigned by:

_____
F1404B94C5164A7...
Rakesh Khanna, CEO

*Attachment A to Power of Attorney*                    *As of January 1, 2021*

I, **Damien Catoir, Group Deputy General Counsel**, hereby confirm that I have read and understood the document ASM-BMS-P012 entitled "Delegation of Authority Policy" (policy "AP12"). I have noticed that this policy, as well as the other procedures it refers to such as Rainbow (altogether, the "Authorization Rules") may be amended from time to time. Accordingly, I hereby confirm that I will abide by the provisions of the Authorization Rules, and the limited power of external signature, delegated by the present Power of Attorney.

I confirm that I have understood that I am not authorized to sub-delegate the authority I have received from the Authorization Rules.

I also confirm I have been informed that I could be held personally liable in case of breach of the Authorization Rules and/or of the present Power of Attorney.

The present Power of Attorney shall terminate and replace, upon its signature, any Power of Attorney granted previously with respect to this matter.

Date and place:    **Date:** April 12, 2021 , **Bezons, France**

Read and approved by:

Signature:    DocuSigned by:

Damien Catoir

69A307D7E82F4BD...

**Damien Catoir**
**Group Deputy General Counsel**