UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                            :
SYNTEL STERLING BEST SHORES                                 :
MAURITIUS LIMITED, et al.,                                  :
                                                            :          15 Civ. 211 (LGS)
            Plaintiffs/Counterclaim-Defendants,             :
                                                            :                 ORDER
                     -against-                              :
                                                            :
THE TRIZETTO GROUP., et al.,                                :
                                                            :
            Defendants/Counterclaim-Plaintiffs.             :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, the parties have filed a joint renewed motion to seal certain trial exhibits

(Dkt. No. 988).

        WHEREAS, the Order dated April 20, 2021, at docket number 976 requested that the

parties file a proposed joint sealing order in connection with their renewed request to seal trial

exhibits.  The parties did not submit a proposed joint sealing order.

        WHEREAS, admitted trial exhibits are judicial documents even if they were not

displayed in open court or relied upon by the parties in briefing because they were submitted to

the jury as part of the jury's deliberations.  *See United States v. Akhavan*, No. 20 Crim. 188, 2021

WL 1216909, at *3 (finding that the public has a common law right of access to "documents

presented to the jury").[1]  "[T]he definition of a 'judicial document' . . . extend[s] to any material

_____

[1] Although *Akhavan* was a criminal trial, the common law right of access historically applies
equally to criminal and civil trials.  *See Gannett Co., Inc., v. DePasquale*, 443 U.S. 368, 388 n.15
(1979) (recognizing that "[f]or many centuries, both civil and criminal trials have traditionally
been open to the public").

presented in a public session of court relevant to the performance of the judicial function and useful in the judicial process." *Mirlis v. Greer*, 952 F.3d 51, 60 (2d Cir. 2020).

WHEREAS, the First Amendment right of access applies to trial exhibits.  To determine whether the First Amendment right of access attaches to a document, the Second Circuit "applie[s] an 'experience and logic' test, examining '(a) whether the documents have historically been open to the press and general public (experience) and (b) whether public access plays a significant positive role in the functioning of the particular process in question (logic).'" *Mirlis* 952 F.3d at 58 n.5 (quoting *United States v. Erie Cty*, 763 F.3d 235, 239 (2d Cir. 2014)).  For at least forty years, the Second Circuit has found "a presumption in favor of public inspection and copying of any item entered into evidence at a public session of a trial." *In re Application of Nat'l Broad. Co., Inc.*, 635 F.2d 945, 952 (2d Cir. 1980).  Public access to evidence submitted to a jury comports with "the logic of democratic monitoring of judicial processes." *Erie Cty.*, 763 F.3d at 243.  Both experience and logic support finding that the First Amendment right of access attaches to trial exhibits. *See Akhavan*, 2021 WL 1216909, at *3 (finding that the "public holds a qualified First Amendment right of access to [trial exhibits] because they are derived from . . . the relevant proceedings" (internal quotation marks omitted)).  It is hereby

**ORDERED** that the parties shall submit a proposed joint sealing order related to their request to seal trial exhibits in accordance with the foregoing findings by **June 25, 2021**.  The proposed order shall substantively follow the format of the Order dated April 20, 2021, at docket number 976.  Proposed findings for each document shall be set forth in a chart with two columns, one listing the relevant trial exhibit number and the other including the proposed ruling.  The parties' requests shall be sorted between Syntel's requests, TriZetto's requests and joint

requests so that no document appears in the proposed ruling more than once.  The parties shall

file the proposed order on the public docket and submit it via e-mail in Microsoft Word format to

the Court.

Dated:  June 11, 2021
         New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE