UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
SYNTEL STERLING BEST SHORES                     :
MAURITIUS LTD., et al.,                                      :
                                     Plaintiffs,      :         15 Civ. 211 (LGS)
                                                 :
                    -against-                              :         ORDER
                                                 :
THE TRIZETTO GROUP, INC., et al.,             :
                                  Defendants.   :
                                                 :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, Counterclaim Plaintiffs The TriZetto Group, Inc. and Cognizant Technology Solutions Corporation (together, "TriZetto"), move for a new trial on the issue of compensatory damages. TriZetto's motion argues (1) that it is within the Court's discretion to grant a new trial, (2) that TriZetto did not waive its right to seek a new trial and (3) that a new trial is warranted because the decision in *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 68 F.4th 792 (2d Cir. 2023) ("*Syntel*"), changed the law regarding available theories of damages and, given the liability finding in TriZetto's favor and prior vacatur of the compensatory damages awards, the current zero-dollar compensatory damages award is unjust. TriZetto also requests certain additional discovery should a new trial be granted.

       WHEREAS, Counterclaim Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") oppose the motion.

       WHEREAS, in the original trial, the jury returned a verdict for TriZetto on all counts. The jury found that Syntel had misappropriated TriZetto's trade secrets, violating both the federal Defend Trade Secrets Act ("DTSA") and New York law, and had infringed TriZetto's copyrights. To compensate for Syntel's misappropriation, the jury found that TriZetto had suffered damages of $284,855,192 in avoided development costs under the DTSA and half that amount,

$142,427,596, as a reasonable royalty under New York law. The jury also found that TriZetto had suffered damages of $59,100,000 as a reasonable royalty for Syntel's copyright infringement. To avoid duplicative damages, the jury awarded TriZetto $284,855,192 in compensatory damages, plus double that amount, $569,710,384, for punitive damages, for a total of $854,565,576. Although TriZetto presented the jury with evidence of its lost profits, it did not argue them as a basis for an award to avoid duplicative damages. Consequently, the jury was not asked to determine, nor did it determine, whether or in what amount TriZetto may be entitled to lost profit damages.

WHEREAS, after trial, the punitive damages award, which was based on either or both of the DTSA claim and the New York claim, was remitted to $284,855,192 on account of the "large compensatory damages award" and "Syntel's reprehensible but not egregious conduct." TriZetto did not object to remittitur. TriZetto's application for a permanent injunction was granted, and Syntel was enjoined from using any of the trade secrets going forward.

WHEREAS, on appeal to the Second Circuit, Syntel challenged both the liability finding and the damages award under the DTSA. The court affirmed Syntel's liability but vacated the damages award. *Syntel*, 68 F.4th 792 at 800, 807. The Second Circuit held that avoided costs are not available under the DTSA as a matter of law in a case like this one where Syntel's misappropriation did not injure TriZetto beyond its $8.5 million in lost profits. *Id.* at 807-14. The Second Circuit had never previously addressed avoided costs as a theory of damages under the DTSA, and no appellate court had previously adopted the Second Circuit's view of DTSA damages. *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, No. 15 Civ. 211, 2021 WL 1553926, at *6-7 (S.D.N.Y. Apr. 20, 2021) (rejecting Syntel's post-trial challenge to

2

the damages award), *aff'd in part, vacated in part, remanded sub nom. Syntel Sterling Best Shores Mauritius Ltd. v. The TriZetto Grp., Inc.*, 68 F.4th 792 (2d Cir. 2023).

WHEREAS, the Second Circuit remanded the case "to address the propriety of the two jury awards that were based on TriZetto's damages theory of awarding a reasonable royalty: (1) the $142,427,596 New York trade secret misappropriation award and (2) the $59,100,000 copyright infringement award." *Syntel*, 68 F.4th at 814. The mandate instructs that the case is not remanded for the Court "to determine if TriZetto is entitled to lost profit damages under § 1836(b)(3)(B)(i)(I) of the DTSA" because the verdict form "did not ask the jury to determine if (and to what amount) TriZetto was entitled to lost profit damages" and "[b]ecause TriZetto d[id] not argue on appeal that it is entitled to its lost profits . . . ." *Id.* at 814-15.

WHEREAS, on remand, the jury's award of $142,427,596 in reasonable royalty damages on the New York trade secret misappropriation claim was vacated because the amount bore no reasonable relation to the actual harm TriZetto had suffered. *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, No. 15 Civ. 211, 2024 WL 1116090, at *3 (S.D.N.Y. Mar. 13, 2024). The $59,100,000 in reasonable royalty damages awarded on the Copyright Act claim was vacated on the same basis and because it was supported by insufficient evidence. *Id.* at *4. TriZetto's motion for $14,548,992.98 in attorneys' fees was granted. *Id.* Entry of judgment was stayed to allow the parties to file any follow-on motions. *Id.* at *8.

WHEREAS, under Rule 59(a), a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). In general, "[a] trial court should not grant a motion for a new trial unless it is convinced that the jury reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Ali v.*

3

*Kipp*, 891 F.3d 59, 64 (2d Cir. 2018).[1]  District courts may grant this relief "for substantial reasons," including "manifest error of law or mistake of fact." *Ball v. Interoceanica Corp.*, 71 F.3d 73, 76 (2d Cir. 1995); *accord Smalls v. N.Y.C. Emps.' Ret. Sys.*, No. 18 Civ. 5428, 2021 WL 1292734, at *2 (S.D.N.Y. Apr. 7, 2021), *aff'd*, No. 21-1214, 2022 WL 728670 (2d Cir. Mar. 11, 2022).  "A new trial should not therefore be granted simply because the losing party thinks it may do better given another opportunity." *LiButti v. United States*, 178 F.3d 114, 119 (2d Cir. 1999); *accord Rinaldi v. SCA La Goutte, D'Or,* No. 16 Civ. 1901, 2022 WL 17370031, at *8 (S.D.N.Y. Dec. 2, 2022).  A new trial also may be appropriate where a change in the law has occurred.  *See, e.g.*, *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 229, 236 (E.D.N.Y. 2014) (collecting cases); *LiButti*, 178 F.3d at 119 (stating that an "intervening change in controlling law" can be an appropriate basis for granting a new trial under Rule 59, although an amended judgment is often the preferred correction); *Elsevier Inc. v. Grossmann*, No. 12 Civ. 5121, 2017 WL 1843298, at *6 (S.D.N.Y. May 8, 2017) (granting a new trial for plaintiffs to present evidence under a different standard after an intervening change in law).

WHEREAS, at trial, TriZetto relied in good faith on a theory of damages that it believed was available under relevant law.  Syntel itself presented expert testimony on the amount of damages TriZetto had suffered under each of the three theories of damages.  The Second Circuit left undisturbed the jury's liability finding that Syntel misappropriated TriZetto's trade secrets and that TriZetto was harmed as a result.  *Syntel*, 68 F.4th at 811.  The jury awarded TriZetto the largest amount of compensatory damages offered by TriZetto's expert, plus substantial punitive

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

damages, resulting in a total award exceeding $850 million. The jury expressed its clear view about the harm to TriZetto and the maliciousness of Syntel's conduct. Penalizing TriZetto with no compensatory damages for relying on a colorable theory in an unclear area of law would be a serious injustice and disrespect the jury's view.

WHEREAS, Syntel argues that granting a new trial would violate the appellate court's mandate. This is incorrect. The Second Circuit stated, "Because TriZetto does not argue on appeal that it is entitled to its lost profits if we vacate the avoided costs award, we do not instruct the district court to consider the issue on remand." *Id.* at 815. The issue of lost profits was not before the appellate court because the judgment on appeal did not include any finding on lost profits. "[A]t trial, TriZetto took the view that awarding lost profits and avoided costs would constitute 'double counting' under the DTSA; [therefore] the verdict form . . . did not ask the jury to determine . . . lost profit damages." *Id.* at 814-15. The Second Circuit did not address, much less foreclose, seeking a jury verdict on that issue.

WHEREAS, Syntel argues that a new trial would be inappropriate because TriZetto's error caused the need for a new trial, and TriZetto should not be rewarded with a second bite at the apple. Syntel relatedly argues that the Second Circuit did not change the relevant law and that TriZetto could have presented alternative damages theories at trial but chose not to do so. These arguments are unpersuasive. TriZetto's original presentation relied on a fair understanding of the available damages theories, which later was determined to be an error of law. This is not a situation where a losing party merely is unsatisfied with the outcome or thinks it could have prevailed on a different theory. At trial, the jury, the parties and the trial court all relied on an

5

incorrect understanding of the law, which lead to the jury's now-vacated verdict. A new trial on damages is warranted based on a "manifest error of law." *Ball*, 71 F.3d at 76.

WHEREAS, TriZetto seeks to reopen discovery to obtain evidence it argues was unavailable or that it had not foreseen to be relevant. TriZetto does not include specific requests or categories of evidence, but instead states that it seeks Syntel's financial information from after the close of discovery through the issuance of the injunction and materials related to theories that arose during expert discovery. It is hereby

**ORDERED** that TriZetto's motion for a new trial on compensatory damages is **GRANTED**. It is further

**ORDERED** that, by **October 30, 2024**, TriZetto shall file a letter stating specifically what limited additional discovery TriZetto would seek if discovery were reopened (e.g., what specific document demands, what interrogatories), why that discovery is proportional given the late stage of the case and why that discovery was not sought earlier. By **November 6, 2024**, Syntel shall file a letter in response. By **November 6, 2024**, the parties shall meet and confer and file a joint letter proposal regarding the new trial, including the parties' proposed outline of the matters to be presented at trial, including what stipulations and witnesses are contemplated.

Dated: October 23, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE