UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SYNTEL STERLING BEST SHORES
MAURITIUS LTD., et al.,
:
: Plaintiffs,
:
-against-
:
THE TRIZETTO GROUP, INC., et al.,
: Defendants.
-------------------------------------------------------------X

15 Civ. 211 (LGS)

ORDER

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the Counterclaim Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") move to seal various documents filed in connection with the motion of Counterclaim Plaintiffs The TriZetto Group, Inc. and Cognizant Technology Solutions Corporation (together, "TriZetto") for a new trial and for additional discovery. Specifically, Syntel moves to redact portions of one exhibit showing Syntel's detailed financial information filed in connection with TriZetto's motion for a new trial and portions of one exhibit likewise showing Syntel's detailed financial information filed in connection with TriZetto's motion for additional discovery. TriZetto takes no position on the motions to seal.

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, and the confidentiality of sensitive commercial information, *see Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, the documents at issue here are judicial documents. They are both exhibits filed in support of non-dispositive motions. These documents are "relevant to the performance of the judicial function and useful in the judicial process." *See Lugosch*, 435 F.3d at 119. Documents submitted in connection with motions are judicial documents because they "call upon the court to exercise its Article III powers." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

WHEREAS, "[m]aterials submitted in connection with, and relevant to . . . non-dispositive motions are subject to a lesser -- but still substantial -- presumption of public access." *Brown*, 929 F.3d at 53. While motions for a new trial and for additional discovery, as a practical matter, may be important to the resolution of the case, they are not dispositive and do not

2

"determin[e] litigants' substantive rights -- conduct at the heart of Article III . . . ." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

      WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).  The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values . . . ." *Lugosch*, 435 F.3d at 120.  "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify sealing." *Syntel*, 2021 WL 1541385, at *2.

      WHEREAS, Syntel seeks limited redactions to each document at issue.  Syntel's letters state that the proposed redactions concern confidential business and financial information, and a review of the proposed redactions confirms that representation.  Previous requests to seal similar information in this case have been granted.

      WHEREAS, as described in prior sealing orders in this case, the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to these filings.  Syntel's motions to seal propose limited redactions to specific information within the documents.  It is hereby

**ORDERED** that the sealing motions at Dkt. Nos. 1141 and 1156 are **GRANTED**.

The Clerk of Court is respectfully directed to terminate the motions at Dkt. Nos. 1141 and 1156 and to unseal the materials filed under seal at Dkt. Nos. 1143, 1144 Exhibits 1-3, 1157 and 1158 Exhibits 1, 3 and 4.  For clarity, Dkt. Nos. 1144-4 and 1158-2 shall remain under seal.

Dated: February 10, 2025
       New York, New York

                                              _____
                                              **LORNA G. SCHOFIELD**
                                              **UNITED STATES DISTRICT JUDGE**