# KIRKLAND & ELLIS LLP

Gianni Cutri, P.C.
To Call Writer Directly:
+1 312 862 3372
gianni.cutri@kirkland.com

333 West Wolf Point Plaza
Chicago, IL 60654
United States

+1 312-862-2000

www.kirkland.com

Facsimile:
+1 312-862-2200

April 16, 2025

> Syntel shall file any motion to seal by **April 24, 2025**. So Ordered.
>
> Date: April 17, 2025
> New York, New York
>
> *[signature]*
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Honorable Lorna G. Schofield
U.S. District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

Re:   *Syntel Sterling Best Shores Mauritius Ltd. v. The TriZetto Grp., Inc.*,
      No. 1:15-cv-00211-LGS-SDA (S.D.N.Y.)

Dear Judge Schofield:

   Pursuant to the Your Honor's Individual Rule I.D.3, Defendants The TriZetto Group Inc. and Cognizant Technology Solutions Corp. (collectively, "TriZetto") submit this letter requesting permission to file TriZetto's Opposition to Syntel's Motion to Bar Under the Seventh Amendment ("TriZetto's Opposition") and Exhibits 1–12 to the accompanying Declaration of Gianni Cutri ("Exhibits") under seal.

TriZetto acknowledges that the public generally has an interest in judicial proceedings and that under the common law there is a "presumption of access" to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The Second Circuit applies a three step framework to assess whether that presumption applies. *First*, the Court "must … conclude that the documents at issue are indeed judicial documents." *Id*. (emphasis added). Judicial documents are those that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* (citation omitted). *Second*, the Court "must determine the weight of that presumption" based on the "value of such information to those monitoring the federal courts." *Id*. "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (citation omitted). Third, "after determining the weight of the presumption of access, the court must 'balance competing considerations against it." *Id*. at 120.

Courts consider many factors in in assessing the third step. For example, courts consider "the extent of the closure or sealing sought; the potential damage to [the Parties] from disclosure; the

**KIRKLAND & ELLIS LLP**

Page 2

significance of the public interest at stake; the extent to which [the Parties] intend to prove [their] case by relying on documents [they] seek to withhold from public scrutiny; [and] whether the particular matter is integral or tangential to the adjudication." *See Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07-cv-2014, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008). Moreover, "[t]he interest in protecting business information that might harm a litigant's competitive standing has, at a minimum, been recognized by the Supreme Court as potentially sufficient to defeat the common law presumption." *Id.*

With respect to TriZetto's Opposition and Exhibit 3, TriZetto respectfully submits that there is "good cause" to depart from the presumption of access because there is a clearly defined and serious injury that could result from the disclosure of this information. TriZetto respectfully requests permission to seal these documents (TriZetto's Opposition in its redacted form, and Exhibit 3 in its entirety) because they contain highly confidential and proprietary information that the jury found to be TriZetto's trade secrets, the disclosure of which would expose TriZetto's confidential and proprietary trade secret information to unauthorized third parties and competitors and provide them with a competitive advantage. Exhibit 3 also contains information Syntel Sterling Best Shores Mauritius Ltd. And Syntel, Inc. (collectively, "Syntel") marked as confidential, such as for example, Syntel's revenue information and internal documents. TriZetto takes no position on whether Syntel's information should be sealed, but nonetheless respectfully submits this letter to allow Syntel two business days to submit its motion to seek to seal the information.

With respect to Exhibits 1, 2, and 4–12, TriZetto does not have a confidentiality interest in the information contained within these documents. The Exhibits contain information Syntel marked as confidential, such as for example, Syntel's revenue information and internal documents. TriZetto takes no position on whether the information should be sealed, but nonetheless respectfully submits this letter to allow Syntel two business days to submit its motion to seek to seal the information.

* * *

                Sincerely,

                */s/ Gianni Cutri*

                Gianni Cutri

cc: Counsel for Syntel