UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SYNTEL STERLING BEST SHORES MAURITIUS LIMITED, and SYNTEL, INC., <br><br> Plaintiffs and Counterclaim-Defendants, <br><br> v. <br><br> THE TRIZETTO GROUP, INC. and COGNIZANT TECHNOLOGY SOLUTIONS CORP., <br><br> Defendants and Counterclaim-Plaintiffs. | 1:15-CV-00211 (LGS) (SDA) <br><br> Hon. Lorna G. Schofield |

**SYNTEL'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1:
MOTION TO EXCLUDE THOMAS W. BRITVEN'S
<u>THEORY OF PRICE EROSION</u>**

Syntel respectfully requests that this Court exclude the price erosion damages opinion of Thomas W. Britven.

Mr. Britven's report introduces new price erosion damages never before seen in this years-long matter.  Under that newly constructed theory, Mr. Britven contends ███████████████████████████████████████████████████████████████

██████████████████████ His self-described ██████████ analysis goes something like this:  First, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Ex. 1, Britven Opening Report ¶ 211.  Second, ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ ██████ Id., ¶¶ 214–16.  Third, █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Id., ¶¶ 211–24.  Finally, ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Id., ¶¶ 220–24.

This analysis—which curiously results in damages only $1 million shy of Mr. Britven's prior avoided development costs calculation the Second Circuit concluded was

1

2

unlawful—is inherently unreliable for any one of the following four independently sufficient reasons:

**Failure to Assess But-For Causation.** To prove price erosion, TriZetto must "show that 'but for' infringement, [TriZetto] would have sold its [services] at higher prices." *Crystal Semiconductor Corp.* v. *TriTech Microelectronics Intern., Inc.*, 246 F.3d 1336, 1357 (Fed. Cir. 2001). To do so, a price erosion analysis must (1) use an appropriate "benchmark" against which to measure erosion, and (2) account for price elasticity—i.e., the reduced demand that would have resulted from higher prices. *Id*. The analysis must also determine that any purported "erosion" is *caused by* the misappropriation. *See generally id.* Mr. Britven does not reliably analyze these crucial considerations.

In particular, Mr. Britven's so-called ███████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███ Ex. 1, ¶¶ 218, 221–23. ███████████████████████

███████████████████████████████████████ Put differently, Mr.

2

Britven is effectively saying, "Syntel misappropriated Facets trade secrets, TriZetto lowered prices across the board for all customers whether or not they used Facets, and therefore Syntel is responsible and liable for the percentage of revenues that someone told me is Facets-related." That is not a methodology; it is pure *ipse dixit*. This conspicuous failure to conduct *any* analysis is unsurprising given that such an analysis would show, as the Second Circuit found, there is "no proof that *Syntel's misappropriation* diminished the value of [TriZetto's] trade secrets" including because TriZetto was *already* "routinely grant[ing] permission to use TriZetto's trade secrets, often for free," for use in servicing. D.I. 1093 at 32 (emphasis added).

***Application of an Inapposite Benchmark.*** Mr. Britven's entire price erosion analysis also rests on an inapposite benchmark: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 2, 380:23–381:14. Further, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*, 381:15–382:1. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*, 386:1–387:3. And, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*, 384:25–385:10. Mr. Britven, in other words, has made all this up solely for this case.

When explaining why he nonetheless used ▮▮▮ here, all Mr. Britven could muster is that he believed it was appropriate because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3

███  Ex. 3, Britven Reply Report, ¶ 63 n.243; Ex. 4, UHG-TriZetto Agreement, TZCG-00238612, at -721; Ex. 1, ¶ 126 n.325; Ex. 5, 2013 TriZetto Rate Card, TZCG-00207512.  None of those professed, after-the-fact "reasons" can substitute for a generally accepted methodology or economics-based analysis; they are just a hodgepodge of random "facts" that are either unsubstantiated or irrelevant (or both). Mr. Britven should not be permitted to introduce *sui generis* theories that, as he conceded or at least could not contradict, have zero support in economic theory and have never before been applied in this context.

***Lack of Price Elasticity Evidence.***  Mr. Britven's ███



See *Polaroid Corp.* v. *Eastman Kodak Co.*, 1990 WL 324105, at *34 (D. Mass. Oct. 12, 1990) (rejecting price erosion premised on CPI comparison where effect of demand on prices had not been factored in).  "A credible economic analysis ... must also present evidence of the (presumably reduced) amount of product the [plaintiff] would have sold at the higher price." *Crystal Semiconductor*, 246 F.3d at 1357.  Mr. Britven unequivocally admitted that he has ███ Ex. 2, at 400:11–17 ███

***Reliance on Unfounded and Unsupported Assumption.***  Another foundational problem in Mr. Britven's analysis is that it is based on a critical, but totally unsupported,

4

assumption: 

Ex. 1, ¶ 218, n.543; Ex. 2, 334:4–10, 352:5–7. Ex. 2, 325:21–326:12. Id., 328:7–329:9. Id., 331:7–332:2, 334:4–10, 351:22–352:21.[1] While an expert can rely on an assumption, the assumption relied on here—which is a linchpin of his erosion analysis—is patently unreliable, thereby rendering his entire analysis unreliable.

In sum, Mr. Britven attempts to introduce a plainly unreliable price erosion analysis based on improper methodology using speculative data that utterly fails to account for but-for causation. Syntel respectfully requests that Mr. Britven's price erosion theory be excluded from trial.

---

[1] Ex. 3, Britven Reply Report, ¶ 60 & n.227 (citing SYNT00068196 at 3). Ex. 2, 338:17–339:5, 336:20–337:9.

Dated: April 21, 2025  
New York, New York

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: */s/ Crystal L. Parker*  
Jaren Janghorbani  
Gregory F. Laufer  
Crystal L. Parker  
Emily A. Vance  
Tiana Voegelin  
1285 Avenue of the Americas  
New York, NY 10019  
Telephone: (212) 373-3000  
Facsimile: (212) 757-3990  
Email: jjanghorbani@paulweiss.com  
Email: glaufer@paulweiss.com  
Email: cparker@paulweiss.com  
Email: evance@paulweiss.com  
Email: tvoegelin@paulweiss.com

*Attorneys for Plaintiffs and Counterclaim-Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc.*

## Word Count Certification

  Pursuant to this Court's Individual Rules and Procedures for Civil Cases (revised March 18, 2025), I hereby certify that the foregoing Memorandum complies with the Court's 1,500 word limit, set forth in Section III.B.1 of the Rules, for memoranda in support of or in opposition to motions *in limine*.

By:
/s/ Crystal L. Parker
Crystal L. Parker
