UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
SYNTEL STERLING BEST SHORES                                   :
MAURITIUS LIMITED, et al.,                                    :
                                              Plaintiffs,     :     15 Civ. 211 (LGS)
                                                              :
                           -against-                          :     **ORDER**
                                                              :
THE TRIZETTO GROUP, INC., et al.,                             :
                                              Defendants.     :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

   WHEREAS, on April 21, 2025, Counterclaim-Plaintiffs The TriZetto Group, Inc. and Cognizant Technology Solutions Corp. (together, "TriZetto") filed three motions in limine ("MILs").  The motions are resolved as follows.  All references to Rules are to the Federal Rules of Evidence.

   **TriZetto's First MIL** (Dkt. No. 1333).  TriZetto's motion to preclude Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (collectively, "Syntel") from offering any evidence, argument, or suggestion that TriZetto is "anti-competitive," harming the marketplace or offer evidence, argument or suggestion that TriZetto's actions have or will have a deleterious effect on the healthcare insurance marketplace is **GRANTED** under Rules 402 and 403.  While Syntel argues that it should be "entitled to probe . . . the extent to which TriZetto's objective in this litigation is to snuff out a competitor . . . and not, as alleged, to redress a cognizable injury," evidence, argument or suggestion about TriZetto's motive in pursuing this litigation is barred because it is irrelevant to the issue of TriZetto's compensatory damages.  However, Syntel may introduce evidence regarding the existence of marketplace competition as it relates to pricing, pursuant to the parties' joint stipulation at Dkt. No. 1291 that the parties are not precluded from

"making arguments regarding the Parties' market share, market dominance, or other similar arguments regarding market position and bargaining power."

**TriZetto's Second MIL** (Dkt. No. 1337). TriZetto's motion to preclude Syntel from offering evidence, argument, or suggestion that:

(1) TriZetto's expert, Mr. Britven, as suggested at his deposition, is unfit to testify is **GRANTED** as improper and serving no legitimate purpose at trial.

(2) Mr. Britven's opinions in the prior trial were "thrown out" or found "illicit," "unlawful" or unreliable, or referencing prior rulings in this case regarding Mr. Britven's prior unjust-enrichment opinions is **DENIED** as moot based on Syntel's representation that it "does not intend to raise any such [prior] rulings" in this case.

(3) Mr. Britven's damages opinions are new and were not raised in the first trial is **GRANTED** in part and **DENIED** in part under Rule 403. Syntel may elicit that Mr. Britven previously calculated TriZetto's lost profits to be approximately $8.5 million, and may impeach him with inconsistent lost sales *calculations* in a prior report, but may not elicit evidence or argument about his prior versus current damages *theories* or *approaches*, such as the price erosion theory. The purpose of this trial is for the jury to determine the correct amount of TriZetto's compensatory damages applying legally permissible theories after the change or clarification in the law. Allowing evidence or argument about prior theories and approaches will cause juror confusion and likely lead the jury to speculate about why and when there were prior theories or approaches. Syntel may not cross-examine Mr. Britven about his prior damages theories and approaches or the "late-breaking" nature of his current damages theory

and approach. Relatedly, Syntel may not elicit Mr. Britven's previous reasonable royalty calculation as it was based entirely on avoided costs.

**TriZetto's Third MIL** (Dkt. No. 1341). TriZetto's motion to preclude Syntel from arguing or suggesting that the Second Circuit or this Court already decided the appropriate amount of compensatory damages TriZetto is owed for Syntel's misappropriation and infringement is **GRANTED** under Rule 403. The parties are precluded from referencing procedural matters of any nature, including the fact of a prior trial and appeal, any prior judicial statement ruling or finding, the prior jury verdict (except for its liability determinations as reflected on the verdict form), the award of compensatory and punitive damages, any motion practice, discovery, discovery sanctions and the like. Such evidence will likely confuse the jury and risks unfair prejudice to both parties depending on the procedural matter referenced.

The Clerk of Court is respectfully directed to enter on the docket as summary disposition of these motions the following: It is **ORDERED** that:

(i) TriZetto's MIL No. 1 (Dkt. No. 1333) to preclude Syntel from offering any evidence, argument or suggestion that TriZetto is "anti-competitive," harming the marketplace or offer evidence, argument or suggestion that TriZetto's actions have or will have a deleterious effect on the healthcare insurance marketplace is **GRANTED**;

(ii) TriZetto's MIL No. 2 (Dkt. No. 1337) to preclude Syntel from offering evidence, argument, or suggestion that:

a. TriZetto's expert, Mr. Britven, as suggested at his deposition, is unfit to testify is **GRANTED**;

3

b. Mr. Britven's opinions in the prior trial were "thrown out" or found "illicit," "unlawful" or unreliable, or referencing prior rulings in this case regarding Mr. Britven's prior unjust-enrichment opinions is **DENIED** as moot;

c. Mr. Britven's damages opinions are new and were not raised in the first trial is **GRANTED** in part and **DENIED** in part. Syntel may elicit that Mr. Britven previously calculated TriZetto's lost profits to be approximately $8.5 million, and may impeach him with inconsistent lost sales *calculations* in a prior report, but may not elicit evidence or argument about his prior versus current damages *theories* or *approaches*, such as the price erosion theory. Syntel may not elicit Mr. Britven's previous reasonably royalty calculation as it was based entirely on avoided costs.

(iii) TriZetto's MIL No. 3 (Dkt. No. 1341) to preclude Syntel from arguing or suggesting that the Second Circuit or this Court already decided the appropriate amount of compensatory damages TriZetto is owed for Syntel's misappropriation and infringement is **GRANTED**. The parties are precluded from referencing procedural matters of any nature, except the jury's liability verdict.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 1333, 1337 and 1341.

Dated: June 2, 2025
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

4