UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
SYNTEL STERLING BEST SHORES
MAURITIUS LIMITED, et al.,
                              Plaintiffs,                    15 Civ. 211 (LGS)

        -against-                                **ORDER**

THE TRIZETTO GROUP, INC. et al.,
                              Defendants.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, Syntel seeks reconsideration of the June 3, 2025, Order (the "Order"), which denied Syntel's motion in limine No. 1 to exclude the price erosion damages opinion of TriZetto's expert, Thomas W. Britven (the "Britven Opinion"). In relevant part, the Britven Opinion relied on the four-factor test announced in *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978) to demonstrate causation.

      WHEREAS, "[t]he major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024).[1] "[T]he standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*,

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, emphases, footnotes and citations are omitted, and all alterations are adopted.

684 F.3d 36, 52 (2d Cir. 2012); *accord Williams v. MTA Bus Co.*, 44 F.4th 115, 136 n.17 (2d Cir. 2022).  "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued."  *Banister v. Davis*, 590 U.S. 504, 508 (2020).

WHEREAS, Syntel argues that the Order committed clear error because no evidence supports that Syntel and TriZetto competed in a two-supplier market, rendering the Britven Opinion's reliance on the *Panduit* test improper and the Britven Opinion on price erosion inadmissible.

WHEREAS, notwithstanding the Order's reference to a two-supplier market, the Britven price erosion opinion is admissible.  The Britven Opinion's factual assumptions about the nature of the market in which TriZetto competed "go to the weight, not the admissibility, of the testimony."  *Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 254 (2d Cir. 2021).  The *Panduit* test's second factor considers the "absence of *acceptable* noninfringing substitutes."  575 F.2d at 1156 (emphasis added).  While TriZetto may have identified certain companies as its competitors, those competitors' products may "lack[] the advantages of [Facets]" and thus "can hardly be termed a substitute acceptable to the customer who wants those advantages."  *Id.* at 1162 (finding *Panduit's* second factor satisfied despite the existence of multiple competitors due to the patented product's unique advantages); *accord Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1285 (Fed. Cir. 2017).  The existence of such competitors in the general servicing market does not preclude TriZetto from showing that it competed in a de facto two-supplier market as to customers who prefer Facets's features and whose business was lost to Syntel.  *See Mentor Graphics*, 851 F.3d at 1285-86 ("The second [*Panduit*] factor . . . considers demand for particular limitations or features of the [product] . . . on a customer-by-customer basis," i.e., whether a "given purchaser would have found acceptable and bought" "a

noninfringing alternative . . . to the patented feature"); *see also Roton Barrier, Inc. v. Stanley Works*, 79 F.3d 1112, 1120 (Fed. Cir. 1996) (permitting price erosion damages "[t]hough there were others in the market" because their products were inferior).  It is hereby

> **ORDERED** that Syntel's motion to reconsider is **DENIED**.

Dated: June 9, 2025
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**