UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SYNTEL STERLING BEST SHORES
MAURITIUS LTD. et al.,
                               Plaintiffs,                  15 Civ. 211 (LGS)

            -against-                                 ORDER

THE TRIZETTO GROUP et al.,
                               Defendants.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by letter dated June 16, 2025, (Dkt. 1527), the parties made proposals regarding the scope of the allowable use of Mr. Britven's lost profits opinions leading up to, and at, the prior trial. It is hereby

**ORDERED** that the parties shall file a stipulation to be "so ordered" by the Court reflecting their proposed three paragraphs and resolving the parties' disputed language as follows:

Paragraph 1 -- exclude both parties' proposed additions.

Paragraph 2 -- include TriZetto's proposed language.

Paragraph 3 -- include only TriZetto's proposed language.

The parties may include any reservation of rights in footnotes.

**ORDERED** that demonstrative aids from the prior trial may not be used for any purpose in the upcoming trial because they are similar in appearance to those to be used in the upcoming trial and are likely to cause the jury to speculate about the circumstances of their creation and prior use.

**ORDERED** that the decision of Mr. Britven's and/or TriZetto's counsel to present to the first jury Scenario 2 rather than Scenario 1, as described in Dkt. 1527, shall not be referenced or used in any way at the upcoming trial. Presenting the damages jury with only limited testimony about this decision would necessarily be cryptic and raise questions of why and in what circumstances the decision and the presentation were made. Leaving these questions unanswered would confuse the jury, invite its speculation and be unfair to TriZetto. Answering these questions would reveal Mr. Britven's prior avoided-costs damages opinion, confuse the jury and be unfair to Syntel.

A pertinent issue at the upcoming damages trial is whether Mr. Britven's current opinion about lost profits is correct and reliable. His previous lost profit calculations, methodology and conclusions are probative of that issue. TriZetto's decision about what and how to present his prior opinion to the first jury is less probative and very likely to result in jury confusion and speculation. To the extent Mr. Briven's prior trial testimony reflected some arguable infirmity with Scenario 1 relevant to his current opinion, Syntel may inquire about the substance of Scenario 1. Both parties may inquire about both scenarios and their relation to each other. Neither party may inquire about trial presentation and strategy however referenced.

**ORDERED** that evidence about avoided costs may not be introduced except to the extent previously permitted, and evidence about Syntel's prior discovery misconduct may not be introduced.

**ORDERED** that TriZetto's objection to PDX 5.60 to 5.70 as currently drafted is sustained.

Dated: June 22, 2025
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**