UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SYNTEL STERLING BEST SHORES                                 :
MAURITIUS LIMITED, and SYNTEL, INC.,                        :
                                                            :
          Plaintiffs and Counterclaim Defendants,           :
                                                            :          15 Civ. 211 (LGS)
          -against-                                         :
                                                            :          <u>ORDER</u>
THE TRIZETTO GROUP, INC. and                                :
COGNIZANT TECHNOLOGY SOLUTIONS                              :
CORP.,                                                       :
                                                            :
          Defendants and Counterclaim Plaintiffs.           :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

        WHEREAS, Counterclaim Defendants Syntel Sterling Best Shores Mauritius Limited and

Syntel, Inc. (together, "Syntel") and Counterclaim Plaintiffs Cognizant TriZetto Software Group,

Inc. and Cognizant Technology Solutions Corp. (collectively, "TriZetto") move to seal various

documents filed in connection with the parties' motion in limine ("MILs") and the jury trial.

        WHEREAS, the motions are generally decided as follows:

- The proposed sealing of entire exhibits is generally denied without prejudice to
  renewal, except exhibits for which specific redactions would apply to virtually all
  of the document..

- Proposed redactions of portions of exhibits are generally granted.

- Proposed redactions by one party to another party's documents are generally
  denied as superseded by any motion to seal by the other party.  Where the other
  party did not file any superseding motion to seal, these proposed redactions are
  generally denied.

WHEREAS, a three-part inquiry determines whether to seal a document.  *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1]  The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120.  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017).  Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, "the privacy interests of innocent third parties," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Ayrton Cap. LLC v. Bitdeer Techs. Grp.*, No. 24 Civ. 5160, 2025 WL 1745680, at *2 (S.D.N.Y. June 24, 2025).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

WHEREAS, the documents at issue here are judicial documents.  They fall into three broad categories: (1) the parties' submissions on MILs, oppositions to the other side's MILs and Syntel's motion to reconsider this Court's order on Syntel's MIL No. 1; (2) the parties' memoranda of law on the Seventh Amendment issue; and (3) the parties' proposals, objections and letters regarding the June 2025 jury trial.

WHEREAS, "[m]aterials submitted in connection with, and relevant to, discovery motions, motions *in limine*, and other non-dispositive motions are subject to a lesser -- but still substantial -- presumption of public access." *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019); *accord Ayrton Cap. LLC*, 2025 WL 1745680, at *2.  While MILs, the Seventh Amendment briefing and trial-related submissions, as a practical matter, may be important to the resolution of the case, they are not dispositive and do not "determin[e] litigants' substantive rights -- conduct at the heart of Article III . . . ." *Amodeo*, 71 F.3d at 1049.

WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).  The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values . . . ." *Lugosch*, 435 F.3d at 120.  "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify sealing." *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, No. 15 Civ. 211, 2025 WL 444873, at *2 (S.D.N.Y. Feb. 10, 2025).

**MILs**

It is hereby **ORDERED** that Syntel's motion at Dkt. 1236 to seal its memorandum of law in support of its MIL No. 1 and Exhibits 1-5 to the Declaration of Crystal Parker is **DENIED** as superseded by TriZetto's motion to seal at Dkt. 1352, which is **GRANTED**.  The proposed redactions in TriZetto's motion are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  By **November 21, 2025**, Syntel shall refile the documents according to TriZetto's proposed redactions at Dkt. 1353 on the public docket.  The unredacted versions of the documents are filed at Dkts. 1240 and 1241.  It is further

**ORDERED** that Syntel's motion at Dkt. 1242 to seal its memorandum of law in support of its MIL No. 2 and Exhibits 1, 2, 5, 6 and 7 to the Declaration of Crystal Parker is **DENIED**. Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations.  It is further

**ORDERED** that Syntel's motion at Dkt. 1248 to seal its memorandum of law in support of its MIL No. 3 and Exhibits 1-4 to the Declaration of Crystal Parker is granted in part and denied in part.  The motion is **GRANTED** as to Syntel's memorandum of law and Exhibit 1.  The proposed redactions in Syntel's motion are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  The motion is **DENIED** as to Exhibits 2-4 as superseded by TriZetto's motion to seal at Dkt. 1354, which is **GRANTED**. The proposed redactions in TriZetto's motion are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  By **November 21, 2025**, Syntel shall refile the documents according to TriZetto's proposed redactions at Dkt. 1355 on the public docket.  The unredacted versions of the documents are filed at Dkts. 1252 and 1253. It is further

4

**ORDERED** that Syntel's motion at Dkt. 1254 to seal its memorandum of law in support of its MIL No. 4 and Exhibits 1, 2, 3 and 5 to the Declaration of Crystal Parker is **DENIED** as superseded by TriZetto's motion to seal at Dkt. 1356, which is **GRANTED**. The proposed redactions in TriZetto's motion are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents. The proposed sealing of Exhibits 2 and 3 in their entirety is warranted as the exhibits contain confidential technical and business information, and the balancing of interests weighs in favor of sealing the exhibits. By **November 21, 2025**, Syntel shall refile the documents according to TriZetto's proposed redactions at Dkt. 1357 on the public docket. The unredacted versions of the documents are filed at Dkts. 1258 and 1259. It is further

**ORDERED** that Syntel's motion at Dkt. 1260 to seal its memorandum of law in support of its MIL No. 5 and Exhibits 1 and 2 to the Declaration of Crystal Parker is **DENIED** as superseded by TriZetto's motion to seal at Dkt. 1358, which is **GRANTED**. The proposed redactions in TriZetto's motion are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents. By **November 21, 2025**, Syntel shall refile the documents according to TriZetto's proposed redactions at Dkt. 1359 on the public docket. The unredacted versions of the documents are filed at Dkts. 1264 and 1265. It is further

**ORDERED** that Syntel's motion at Dkt. 1266 to seal its memorandum of law in support of its MIL No. 6 and Exhibits 1 and 2 to the Declaration of Crystal Parker is **DENIED** as superseded by TriZetto's motion to seal at Dkt. 1360, which is **GRANTED**. The proposed redactions in TriZetto's motion are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents. By **November 21, 2025**, Syntel

shall refile the documents according to TriZetto's proposed redactions at Dkt. 1361 on the public

docket.  The unredacted versions of the documents are filed at Dkts. 1270 and 1271.  It is further

  **ORDERED** that Syntel's motion at Dkt. 1272 to seal Exhibits 1 and 2 to the Declaration

of Crystal Parker in support of Syntel's MIL No. 7 is **DENIED**.  Confidential designations are

not dispositive of whether the public's right of access to judicial documents overcomes

competing considerations.  It is further

  **ORDERED** that Syntel's motion at Dkt. 1326 to seal its memorandum of law in support

of its MIL No. 8 and Exhibits 2 and 3 to the Declaration of Crystal Parker is **DENIED** as

superseded by TriZetto's motion to seal at Dkt. 1362, which is **GRANTED**.  The proposed

redactions in TriZetto's motion are narrowly tailored to protect against competitive harm, which

outweighs the presumption of access accorded to the documents.  By **November 21, 2025**, Syntel

shall refile the documents according to TriZetto's proposed redactions at Dkt. 1363 on the public

docket.  The unredacted versions of the documents are filed at Dkts. 1330 and 1331.  It is further

  **ORDERED** that Syntel's motion at Dkt. 1277 to seal its memorandum of law in support

of its MIL No. 9 and Exhibit 1 to the Declaration of Crystal Parker is **DENIED** as superseded by

TriZetto's motion to seal at Dkt. 1364, which is **GRANTED**.  The proposed redactions to Exhibit

1 in TriZetto's motion are narrowly tailored to protect against competitive harm, which

outweighs the presumption of access accorded to the documents.  By **November 21, 2025**, Syntel

shall refile the exhibit according to TriZetto's proposed redactions at Dkt. 1365 on the public

docket.  The unredacted version of the exhibit is filed at Dkt. 1282-1.  It is further

  **ORDERED** that Syntel's motion at Dkt. 1283 to seal its memorandum of law in support

of its MIL No. 10 and Exhibits 1-3 to the Declaration of Crystal Parker is **DENIED** as

superseded by TriZetto's motion to seal at Dkt. 1366, which is **GRANTED**.  The proposed

redactions to the memorandum of law and Exhibit 2 in TriZetto's motion are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents. By **November 21, 2025**, Syntel shall refile the documents according to TriZetto's proposed redactions at Dkt. 1367 on the public docket. The unredacted versions of the documents are filed at Dkts. 1287 and 1289. It is further

ORDERED that Syntel's motion at Dkt. 1290 to seal Exhibits 1 and 2 to the Declaration of Crystal Parker in support of Syntel's MIL No. 11 is **DENIED**. Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations. It is further

ORDERED that Syntel's motion at Dkt. 1296 to seal its memorandum of law in support of its MIL No. 12 and Exhibits 1-7 to the Declaration of Crystal Parker is granted in part and denied in part. The motion is **GRANTED** as to Syntel's memorandum of law and Exhibit 3. The proposed redactions in Syntel's motion are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents. The motion is **DENIED** as to Exhibits 1, 2 and 4-7 as superseded by TriZetto's motion to seal at Dkt. 1368, which is **GRANTED**. The proposed redactions to the memorandum of law and Exhibits 3 and 5 in TriZetto's motion are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents. By **November 21, 2025**, Syntel shall refile the documents according to TriZetto's proposed redactions at Dkt. 1369 on the public docket. The unredacted versions of the documents are filed at Dkts. 1300 and 1301. It is further

ORDERED that Syntel's motion at Dkt. 1302 to seal Exhibits 1-5 to the Declaration of Crystal Parker in support of Syntel's MIL No. 13 is **DENIED** as superseded by TriZetto's motion to seal at Dkt. 1370, which is **GRANTED**. The proposed redactions in TriZetto's motion are

narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  By **November 21, 2025**, Syntel shall refile the documents according to TriZetto's proposed redactions at Dkt. 1371 on the public docket.  The unredacted version of the documents is filed at Dkt. 1306.  It is further

      **ORDERED** that Syntel's motion at Dkt. 1307 to seal its memorandum of law in support of its MIL No. 14 and Exhibits 1-4 to the Declaration of Crystal Parker is **DENIED** as superseded by TriZetto's motion to seal at Dkt. 1372, which is **GRANTED**.  The proposed redactions to Exhibits 2 and 4 in TriZetto's motion are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  By **November 21, 2025**, Syntel shall refile the documents according to TriZetto's proposed redactions at Dkt. 1373 on the public docket.  The unredacted versions of the documents are filed at Dkts. 1312-2 and 1312-4.  It is further

      **ORDERED** that Syntel's motion at Dkt. 1313 to seal its memorandum of law in support of its MIL No. 15 and Exhibits 1-3 to the Declaration of Crystal Parker is granted in part and denied in part.  The motion is **GRANTED** as to Exhibit 2.  The proposed redactions in Syntel's motion are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  The motion is **DENIED** as to Syntel's memorandum of law and Exhibits 1 and 3 as superseded by TriZetto's motion to seal at Dkt. 1374, which is **GRANTED**.  The proposed redactions in TriZetto's motion are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  By **November 21, 2025**, Syntel shall refile the documents according to TriZetto's proposed redactions at Dkt. 1375 on the public docket.  The unredacted versions of the documents are filed at Dkts. 1317 and 1318.  It is further

8

**ORDERED** that Syntel's motion at Dkt. 1319 to seal Exhibits 3 and 4 to the Declaration of Crystal Parker is **DENIED**.  Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations.  It is further

**ORDERED** that TriZetto's motion at Dkt. 1332 to seal its memorandum of law in support of its MIL Nos. 1-3 and their underlying exhibits is granted in part and denied in part.

- TriZetto MIL No. 1 and Exhibits 1-3: The motion is **GRANTED** as to TriZetto's memorandum of law in support of its MIL No. 1 and Exhibits 2 and 3.  The proposed redactions to TriZetto's memorandum of law are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents. The proposed sealing of the exhibits in their entirety is warranted as the exhibits contain confidential technical and business information, and the balancing of interests weighs in favor of sealing the exhibits.  The motion is **DENIED** as to Exhibit 1.  Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations.

- TriZetto's MIL No. 2 and Exhibits 2, 3 and 5: The motion is **GRANTED** as to TriZetto's memorandum of law in support of its MIL No. 2 and Exhibits 3 and 5.  The proposed redactions to TriZetto's memorandum of law and Exhibit 5 are narrowly tailored to protect against competitive and personal harm, which outweighs the presumption of access accorded to the documents.  The proposed sealing of Exhibit 3 in its entirety is warranted as the exhibit contains confidential technical and business information, and the balancing of interests weighs in favor of sealing the exhibit.  The motion is **DENIED** as to Exhibit 2.  Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations.

- <u>TriZetto's MIL No. 3 and Exhibits 2-7</u>: The motion is **GRANTED** as to TriZetto's memorandum of law in support of its MIL No. 3 and Exhibits 2, 3 and 7. The proposed redactions of Exhibits 2 and 3 are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents. The proposed sealing of Exhibit 7 in its entirety is warranted as the exhibit contains confidential technical and business information, and the balancing of interests weighs in favor of sealing the exhibit. The motion is **DENIED** as to Exhibits 4-6 as superseded by Syntel's motion to seal at Dkt. 1345, which is **DENIED** without prejudice to renewal. The proposed sealing of the entire exhibits is overly broad and not narrowly tailored to protect against competitive harm. By **November 21, 2025**, Syntel may file any renewed motion to seal or redact the exhibits, with the basis to support each request to seal or redact. It is further

ORDERED that Syntel's motion at Dkt. 1379 to seal its opposition to TriZetto's MIL No. 1 and Exhibits 1-3 to the Declaration of Crystal Parker is **DENIED** as superseded by TriZetto's motion to seal at Dkt. 1449, which is **GRANTED**. The proposed redactions in TriZetto's motion are narrowly tailored to protect against competitive and personal harm, which outweighs the presumption of access accorded to the documents. By **November 21, 2025**, Syntel shall refile the documents according to TriZetto's proposed redactions at Dkt. 1450 on the public docket. The unredacted versions of the documents are filed at Dkts. 1382 and 1383. It is further

ORDERED that Syntel's motion at Dkt. 1384 to seal its opposition to TriZetto's MIL No. 2 and Exhibit 1 to the Declaration of Crystal Parker is **DENIED** as superseded by TriZetto's motion to seal at Dkt. 1451, which is **GRANTED**. The proposed redactions in TriZetto's motion are narrowly tailored to protect against competitive and personal harm, which outweighs the

presumption of access accorded to the documents.  The proposed sealing of Exhibit 1 in its entirety is warranted as the exhibit contains confidential technical and business information, and the balancing of interests weighs in favor of sealing the exhibit.  By **November 21, 2025**, Syntel shall refile the memorandum according to TriZetto's proposed redactions at Dkt. 1452 on the public docket.  The unredacted versions of the documents are filed at Dkts. 1387 and 1388.  It is further

ORDERED that Syntel's motion at Dkt. 1389 to seal its opposition to TriZetto's MIL No. 3 is **DENIED** as superseded by TriZetto's motion to seal at Dkt. 1453, which is **GRANTED**. The proposed redactions in TriZetto's motion are narrowly tailored to protect against competitive and personal harm, which outweighs the presumption of access accorded to the document.  By **November 21, 2025**, Syntel shall refile the document according to TriZetto's proposed redactions at Dkt. 1454 on the public docket.  The unredacted version of the document is filed at Dkt. 1391. It is further

ORDERED that Syntel's motion at Dkt. 1283 to seal its memorandum of law in support of its MIL No. 10 and Exhibits 1-3 to the Declaration of Crystal Parker is **DENIED** as superseded by TriZetto's motion to seal at Dkt. 1366, which is **GRANTED**.  The proposed redactions in TriZetto's motion are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  By **November 21, 2025**, Syntel shall refile the documents according to TriZetto's proposed redactions at Dkt. 1367 on the public docket.  The unredacted versions of the documents are filed at Dkts. 1287 and 1289.  It is further

ORDERED that TriZetto's motion at Dkt. 1392 to seal its opposition to Syntel's MIL No. 3 and Exhibits A-F to the Declaration of Gianni Cutri is granted in part and denied in part.  The motion is **GRANTED** as to TriZetto's opposition.  The proposed redactions in TriZetto's motion

are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents. The motion is **DENIED** without prejudice to renewal as to Exhibits A-F. The proposed sealing of the entire excerpts of expert reports and deposition testimony is overly broad and not narrowly tailored to protect against competitive harm. Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations. By **November 21, 2025**, TriZetto may file any renewed motion to seal or redact Exhibits A-F, with the basis to support each request to seal or redact. It is further

   **ORDERED** that TriZetto's motion at Dkt. 1401 to seal its opposition to Syntel's MIL No. 14 and Exhibits A-E to the Declaration of Gianni Cutri is granted in part and denied in part. The motion is **GRANTED** as to TriZetto's opposition and Exhibit A. The proposed redactions in TriZetto's motion are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents. Exhibit A contains confidential technical and business information, and the balancing of interests weighs in favor of sealing the exhibit. The motion is **DENIED** without prejudice to renewal as to Exhibits B-E. The proposed sealing of the entire excerpts of expert reports and deposition testimony is overly broad and not narrowly tailored to protect against competitive harm. Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations. By **November 21, 2025**, TriZetto and Syntel may file any renewed motion to seal or redact Exhibits B-E, with the basis to support each request to seal or redact. It is further

   **ORDERED** that TriZetto's motion at Dkt. 1414 to seal its opposition to Syntel's MIL No. 15 and Exhibits A-L to the Declaration of Gianni Cutri is granted in part and denied in part. The motion is **GRANTED** as to TriZetto's opposition. The proposed redactions in TriZetto's motion

are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to this document.  The motion is **DENIED** without prejudice to renewal as to Exhibits A-E.  TriZetto's proposed sealing of the entire excerpts of expert reports is overly broad and not narrowly tailored to protect against competitive harm.  The motion is **DENIED** as to Exhibits F-L as superseded by Syntel's motion to seal at Dkt. 1448, which is **GRANTED.**  The proposed sealing of Exhibits H, I and J in their entirety is warranted as the exhibits contain confidential technical and business information, and the balancing of interests weighs in favor of sealing the exhibits.  By **November 21, 2025**, TriZetto and Syntel may file any renewed motion to seal or redact Exhibits A-E.  It is further

     **ORDERED** that TriZetto's motion at Dkt. 1418 to seal Exhibits A, B and F to the Declaration of Gianni Cutri in support of TriZetto's opposition to Syntel's MIL No. 17 is **GRANTED**.  The exhibits contain confidential technical and business information, and the balancing of interests weighs in favor of sealing the exhibits.

     **ORDERED** that TriZetto's motion at Dkt. 1422 to seal its opposition to Syntel's MIL No. 1 and Exhibits A, B, C, D, F, G and H to the Declaration of Gianni Cutri is **DENIED** in part as to Exhibit D and G and otherwise **DENIED** without prejudice to renewal.  Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations.  The proposed sealing of the entire excerpts of expert reports and deposition testimony is overly broad and not narrowly tailored to protect against competitive harm.  By **November 21, 2025**, TriZetto may file any renewed motion to seal or redact its opposition and Exhibits A, B, C, F and H, with the basis to support each request to seal or redact.  It is further

**ORDERED** that TriZetto's motion at Dkt. 1426 to seal its opposition to Syntel's MIL No. 2 and Exhibits A, B and C to the Declaration of Gianni Cutri is **DENIED** in part as to the opposition and otherwise **DENIED** without prejudice to renewal as to the exhibits. Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations. The proposed sealing of the entire excerpts of the expert reports is overly broad and not narrowly tailored to protect against competitive harm. By **November 21, 2025**, TriZetto may file any renewed motion to seal or redact Exhibits A, B and C, with the basis to support each request to seal or redact. It is further

**ORDERED** that TriZetto's motion at Dkt. 1435 to seal its opposition to Syntel's MIL No. 4 and Exhibits A and B the Declaration of Gianni Cutri is **DENIED**. Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations. It is further

**ORDERED** that TriZetto's motion at Dkt. 1439 to seal its opposition to Syntel's MIL No. 5 and Exhibits A, B, D, E and F to the Declaration of Gianni Cutri is **DENIED** without prejudice to renewal. The proposed sealing of the entire excerpts of expert reports and deposition testimony is overly broad and not narrowly tailored to protect against competitive harm. By **November 21, 2025**, TriZetto may file any renewed motion to seal or redact its opposition and Exhibits A, B, D, E and F, with the basis to support each request to seal or redact. It is further

**ORDERED** that TriZetto's motion at Dkt. 1430 to seal its opposition to Syntel's MIL No. 6 and Exhibits A, B and D to the Declaration of Gianni Cutri is **DENIED** in part as to Exhibits A and D and otherwise **DENIED** without prejudice to renewal as to the opposition and Exhibit B. Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations. The proposed sealing of the entire excerpt of

14

the expert report is overly broad and not narrowly tailored to protect against competitive harm.

By **November 21, 2025**, TriZetto may file any renewed motion to seal or redact the opposition

and Exhibit B, with the basis to support each request to seal or redact.  It is further

     **ORDERED** that TriZetto's motion at Dkt. 1405 to seal its opposition to Syntel's MIL No.

7 and Exhibits A and B to the Declaration of Gianni Cutri is **DENIED** as superseded by Syntel's

motion to seal at Dkt. 1448 addressing TriZetto's opposition, which is **GRANTED** as to Exhibit

A.  The proposed sealing of Exhibit A in its entirety is warranted as the exhibit contains

confidential technical and business information, and the balancing of interests weighs in favor of

sealing the exhibit.  The unredacted version of Exhibit A is filed at Dkt. 1408-1.  It is further

     **ORDERED** that TriZetto's motion at Dkt. 1396 to seal its opposition to Syntel's MIL No.

8 and Exhibit B to the Declaration of Gianni Cutri is **GRANTED** in part as to Exhibit B and

**DENIED** in part as to the opposition.  Confidential designations are not dispositive of whether

the public's right of access to judicial documents overcomes competing considerations.  It is

further

     **ORDERED** that TriZetto's motion at Dkt. 1409 to seal its opposition to Syntel's MIL No.

9 and Exhibit A to the Declaration of Gianni Cutri is **GRANTED** in part as to the opposition and

**DENIED** in part as to Exhibit A.  The proposed sealing of the entire excerpt of the expert report

is overly broad and not narrowly tailored to protect against competitive harm.  By **November 21,**

**2025**, TriZetto may file any renewed motion to seal or redact Exhibit A, with the basis to support

each request to seal or redact.  It is further

     **ORDERED** that TriZetto's motion at Dkt. 1444 to seal its opposition to Syntel's MIL No.

12 and Exhibits A and B to the Declaration of Gianni Cutri is **GRANTED** in part as to the

opposition and **DENIED** without prejudice to renewal as to Exhibits A and B.  The proposed

sealing of the entire expert report and deposition testimony excerpts is overly broad and not narrowly tailored to protect against competitive harm.  By **November 21, 2025**, TriZetto and Syntel may file any renewed motion to seal or redact Exhibits A and B, with the basis to support each request to seal or redact.  It is further

ORDERED that Syntel's motion at Dkt. 1498 to seal its memorandum of law in support of its motion to reconsider this Court's order on Syntel's MIL No. 1 and Exhibits 1, 2 and 3 to the Declaration of Gregory Laufer is **DENIED** as superseded by TriZetto's motion to seal at Dkt. 1520, which is **DENIED** without prejudice to renewal.  TriZetto's request at Dkt. 1519 for an extension to file its motion to seal is **GRANTED** *nunc pro tunc*.  The proposed sealing of the entire excerpts of expert report and deposition testimony is overly broad and not narrowly tailored to protect against competitive harm.  By **November 21, 2025**, TriZetto may file any renewed motion to seal or redact the memorandum of law and Exhibits 1, 2 and 3, with the basis to support each request to seal or redact.

### *Seventh Amendment Briefing*

It is hereby **ORDERED** that Syntel's motion at Dkt. 1346 to seal its reply memorandum of law addressing the Seventh Amendment issue and Exhibits A, B, F, I and J to the Declaration of Jaren Janghorbani is **DENIED** as superseded by TriZetto's motion to seal at Dkt. 1376, which is **GRANTED**.  The proposed sealing of Exhibits I and J in their entirety are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  The unredacted versions of Exhibits I and J are filed at Dkts. 1351-4 and 1351-5.  It is further

ORDERED that TriZetto's motion at Dkt. 1459 to seal Exhibits 2-7 to its sur-reply addressing the Seventh Amendment issue is **DENIED** as superseded by Syntel's motion to seal at

Dkt. 1464, which is **GRANTED**.  The proposed sealing of Exhibits 2, 3, 4 and 5 are narrowly

tailored to protect confidential third-party information, which outweighs the presumption of

access accorded to the documents.  The unredacted versions of Exhibits 2, 3, 4 and 5 are filed at

Dkts. 1461-1, 1461-2, 1461-3 and 1461-4.

### *Trial-Related Filings*

It is hereby **ORDERED** that Syntel's motion at Dkt. 1466 to seal its pre-trial

memorandum of law and Exhibits 2 and 4-12 to the Declaration of Crystal Parker is granted in

part and denied in part.  The motion is **GRANTED** as to the pre-trial memorandum of law and

Exhibits 4, 6, 11 and 12 because the proposed sealings of those exhibits in their entirety are

narrowly tailored to protect against competitive harm, which outweighs the presumption of access

accorded to the documents.  The motion is **DENIED** as to Exhibits 2, 5 and 7-9 as superseded by

TriZetto's motion to seal at Dkt. 1482, which is **GRANTED**.  The proposed redactions in

TriZetto's motion are narrowly tailored to protect against competitive and personal harm, which

outweighs the presumption of access accorded to the documents.  By **November 21, 2025**, Syntel

shall refile the documents according to TriZetto's proposed redactions at Dkt. 1483 on the public

docket.  The unredacted versions of the documents are filed at Dkt. 1470.  It is further

**ORDERED** that TriZetto's motion at Dkt. 1525 to seal the parties' joint letter regarding

lost profits, and Exhibits A, B and C to the Declaration of Gianni Cutri is **GRANTED** as to the

joint letter and **DENIED** without prejudice to renewal as to the exhibits.  The proposed sealing of

the entire excerpts of the expert report and demonstrative is overly broad and not narrowly

tailored to protect against competitive harm.  By **November 21, 2025**, TriZetto may file any

renewed motion to seal or redact the exhibits, with the basis to support each request to seal or

redact.  It is further

**ORDERED** that TriZetto's motion at Dkt. 1473 to seal Exhibits A-E filed in connection with the parties' case-specific final requests to charge before closings is granted in part and denied in part.  The motion is **GRANTED** as to Exhibits B, D and E.  The proposed sealing of the exhibits in their entirety is warranted as the exhibits contain confidential technical and business information, and the balancing of interests weighs in favor of sealing the exhibits.  The motion is **DENIED** as to Exhibits A and C.  Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations. It is further

**ORDERED** that TriZetto's motion at Dkt. 1477 to seal Exhibits A-E filed in connection with the parties' case-specific preliminary requests to charge before openings is granted in part and denied in part.  The motion is **GRANTED** as to Exhibits B, D and E.  The proposed sealing of the exhibits in their entirety is warranted as the exhibits contain confidential technical and business information, and the balancing of interests weighs in favor of sealing the exhibits.  The motion is **DENIED** as to Exhibits A and C.  Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations. It is further

**ORDERED** that TriZetto's motion at Dkt. 1485 to seal its response to Syntel's pre-trial memorandum of law and Exhibits 3, 5, 6, 8, 10, 11, 14-18 and 20 to the Declaration of Gianni Cutri is granted in part and denied in part.  The motion is **GRANTED** as to TriZetto's response and Exhibits 3, 5, 6, 8, 18 and 20.  The proposed sealing of the exhibits in their entirety is warranted as the exhibits contain confidential technical and business information, and the balancing of interests weighs in favor of sealing the exhibits.  The motion is **DENIED** as to Exhibits 10 and 14-17 as superseded by Syntel's motion to seal at Dkt. 1490, which is **DENIED**

without prejudice to renewal.  The proposed sealing of the entire exhibits is overly broad and not narrowly tailored to protect against competitive harm.  The motions are **DENIED** without prejudice to renewal as to Exhibit 11 because the proposed sealing of the entire excerpt of the expert report is overly broad and not narrowly tailored to protect against competitive harm.  By **November 21, 2025**, TriZetto may file any renewed motion to seal or redact the exhibits, with the basis to support each request to seal or redact.  It is further

 **ORDERED** that TriZetto's motion at Dkt. 1511 to seal its letter regarding categories of objections to Syntel's trial demonstratives and Exhibit 1 filed in connection with the letter is granted in part and denied in part.  The motion is **GRANTED** as to the letter because the proposed redactions in the letter are narrowly tailored to protect against competitive and personal harm, which outweighs the presumption of access accorded to the document.  The motion is **DENIED** as to Exhibit 1.  Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations.  It is further

 **ORDERED** that TriZetto's motion at Dkt. 1522 to seal the parties' joint letter regarding remaining objections from Syntel's exhibit list objection letter and the parties' demonstratives objection letters and Exhibits A-C filed in connection with the letter is **GRANTED**.  The proposed redactions in the letter are narrowly tailored to protect against competitive and personal harm, which outweighs the presumption of access accorded to the documents.  The proposed sealing of the exhibits in their entirety is warranted as the exhibits contain confidential technical and business information, and the balancing of interests weighs in favor of sealing the exhibits.  It is further

**ORDERED** that Syntel's motion at Dkt. 1530 to seal its letter responding to TriZetto's June 11, 2025, letter is **DENIED**. Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations. It is further

**ORDERED** that Syntel's motion at Dkt. 1562 to redact its letter on additional voir dire questions and to seal the associated exhibits is **GRANTED**. The proposed redaction of the letter and sealing of the exhibits are narrowly tailored to protect privacy interests of the third parties discussed therein. The unredacted versions of the documents are filed at Dkt. 1563.

The Clerk of Court is respectfully directed to close the motions at Dkts. 1236, 1242, 1248, 1254, 1260, 1266, 1272, 1277, 1283, 1290, 1296, 1302, 1307, 1313, 1319, 1326, 1332, 1345 1346, 1352, 1356, 1358, 1360, 1362, 1364, 1366, 1370, 1372, 1374, 1376, 1379, 1384, 1389, 1392, 1396, 1401, 1405, 1409, 1414, 1422, 1426, 1430, 1435, 1439, 1444, 1459, 1448, 1451, 1449, 1453, 1464, 1466, 1482, 1473, 1477, 1485, 1498, 1511, 1519, 1520, 1522, 1525, 1530 and 1562.

The Clerk of Court is respectfully directed to lift the seal on Dkts. 1246, 1247, 1247-1, 1247-2, 1247-3, 1247-4, 1247-5, 1276, 1276-1, 1276-2, 1281, 1289-1, 1289-3, 1295, 1295-1, 1295-2, 1301-1, 1301-2, 1301-5, 1301-7, 1301-8, 1311, 1312-1, 1312-3, 1323, 1323-1, 1323-2, 1336-1, 1340-1, 1347, 1351-1, 1351-2, 1351-3, 1383-3, 1399 (but not 1399-1), 1408 (but not 1408-1), 1408-2, 1417-6, 1417-7, 1417-11, 1417-12, 1425-4, 1425-6, 1429 (but none of the exhibits), 1433-1, 1433-3, 1438, 1438-1, 1438-2, 1461 (but none of the exhibits except for 1461-5 and 1461-6), 1461-5, 1461-6, 1476-1, 1476-3, 1480-1, 1480-3, 1513-1 and 1531.

All other documents shall remain under seal at this time. For clarity, Dkts. 1289, 1289-2, 1301, 1301-3, 1301-4, 1301-6, 1312-1, 1312-4, 1336, 1336-2, 1336-3, 1340, 1340-2, 1340-3, 1349-4, 1349-5, 1351-4, 1351-5, 1383-1, 1382-2, 1399-1, 1408-1, 1417, 1417-1, 1417-2, 1417-3,

1417-4, 1417-5, 1417-8, 1417-9, 1417-10, 1425, 1425-1, 1425-2, 1425-3, 1425-5, 1425-7, 1429-1, 1429-2, 1429-3, 1433, 1433-2, 1442, 1442-1, 1442-2, 1442-3, 1442-4, 1442-5, 1461-1, 1461-2, 1461-3, 1461-4, 1476, 1476-2, 1476-4, 1476-5, 1480, 1480-2, 1480-4, 1480-5, 1513 and 1527-4 shall remain under seal notwithstanding that the seal is lifted on related documents.

Dated: November 6, 2025
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**