UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                          :
SYNTEL STERLING BEST SHORES                               :
MAURITIUS LIMITED, and SYNTEL, INC.,                      :
                                                          :
     Plaintiffs and Counterclaim Defendants,              :
                                                          :          15 Civ. 211 (LGS)
              -against-                                    :
                                                          :          ORDER
THE TRIZETTO GROUP, INC. and                              :
COGNIZANT TECHNOLOGY SOLUTIONS                            :
CORP.,                                                     :
                                                          :
     Defendants and Counterclaim Plaintiffs.              :
                                                          :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

     WHEREAS, Counterclaim Defendants Syntel Sterling Best Shores Mauritius Limited

and Syntel, Inc. (together, "Syntel") and Counterclaim Plaintiffs Cognizant TriZetto Software

Group, Inc. and Cognizant Technology Solutions Corp. (collectively, "TriZetto") move to seal

various documents filed in connection with the parties' pre-trial filings, the jury trial and post-

trial motions.

     WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v.

Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of

Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is

"a judicial document subject to the [presumed] right of public access," meaning that the

document is "relevant to the performance of the judicial function and useful in the judicial

process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and
citations are omitted, and all alterations are adopted.

determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, "the privacy interests of innocent third parties," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Ayrton Cap. LLC v. Bitdeer Techs. Grp.*, No. 24 Civ. 5160, 2025 WL 1745680, at *2 (S.D.N.Y. June 24, 2025).

WHEREAS, the documents at issue here are judicial documents. They fall into three broad categories: (1) the parties' pre-trial filings, including Motions in Limine and the parties' proposals, objections and letters regarding the June 2025 jury trial; (2) trial exhibits and (3) the parties' post-trial filings, including Syntel's Rule 50 and 59 motions and TriZetto's Motion for Attorneys' Fees, Pre- and Post-Judgment Interest and Costs. These documents are all "relevant to the performance of the judicial function and useful in the judicial process." *Abelar v. Inter. Bus. Machs. Corp. (In re IBM Arb. Agreement Litig.)*, 76 F.4th 74, 85 (2d Cir. 2023).

WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values." *Lugosch*, 435 F.3d at 120. "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify sealing." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, No. 15 Civ. 211, 2025 WL 444873, at *2 (S.D.N.Y. Feb. 10, 2025).

**Pre-Trial Filings**

WHEREAS, with respect to the parties' pre-trial filings, "[m]aterials submitted in connection with, and relevant to, discovery motions, motions *in limine*, and other non-dispositive motions are subject to a lesser -- but still substantial -- presumption of public access." *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019); *accord Ayrton Cap. LLC*, 2025 WL 1745680, at *2. While MILs, the Seventh Amendment briefing and trial-related submissions, as a practical matter, may be important to the resolution of the case, they are not dispositive and do not "determin[e] litigants' substantive rights -- conduct at the heart of Article III." *Amodeo*, 71 F.3d at 1049.

WHEREAS, in an Order dated November 6, 2025, certain of the parties' motions to seal entire documents relating to pre-trial filings were denied without prejudice to renewal. *See generally Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, No. 15 Civ. 211, 2025 WL 3122785 (S.D.N.Y. Nov. 6, 2025). The parties filed renewed requests to seal these

documents, proposing redactions in lieu of sealing the documents in their entirety.  The Order

entered December 2, 2025, directed the parties to review the requested redactions for consistency

across documents.  The parties' renewed motions to seal pre-trial filings are addressed here.  It is

hereby

ORDERED that TriZetto's motion at Dkt. 1229 to seal its memorandum of law opposing

Syntel's motion to bar and Exhibits 1-12 to the Declaration of Gianni Cutri is **GRANTED** as to

the memorandum of law.  The proposed redactions to the memorandum of law are narrowly

tailored to protect against competitive harm, which outweighs the presumption of access

accorded to the documents.  The motion is **DENIED** without prejudice to renewal as to Exhibit

3.  The proposed sealing of the entire excerpt of the expert report is overly broad and not

narrowly tailored to protect against competitive harm.  The motion is otherwise **DENIED** as

superseded by Syntel's motion at Dkt. 1233 to seal exhibits 5, 6 and 8-10, which is **DENIED**

without prejudice to renewal.  The proposed sealing of the entire exhibits is overly broad and not

narrowly tailored to protect against competitive harm.  By **April 3, 2026**, the parties may file any

renewed motion to seal Exhibits 3, 5, 6 and 8-10, with the basis to support each request to seal or

redact.  It is further

ORDERED that the parties' joint renewed motion at Dkt. 1650 to seal pretrial filings is

**DENIED** as superseded by the renewed motion at Dkt. 1661, which is **GRANTED**.  The

proposed redactions to the exhibits are narrowly tailored to protect against competitive harm,

which outweighs the presumption of access accorded to the documents.  By **April 3, 2026**, the

appropriate party shall file the documents according to the proposed redactions on the public

docket.  It is further

**ORDERED** that TriZetto's renewed motion at Dkt. 1653 to seal pretrial filings is **GRANTED** as to Exhibits 1, 3, 5-7, 9-11, 13-14 and 16-18 to Dkt. 1654.  The proposed redactions to the exhibits are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  The motion is otherwise **DENIED** as superseded by TriZetto's renewed motion at Dkt. 1664 to seal Exhibits 2, 4, 8, 12 and 15 to Dkt. 1654, which is **GRANTED**.  The proposed redactions to the exhibits are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  By **April 3, 2026**, the appropriate party shall file the documents according to the proposed redactions on the public docket. It is further

**ORDERED** that Syntel's renewed motion at Dkt. 1656 to seal pretrial filings is **GRANTED** as to Exhibits 1, 2, 4, 6 and 7 to Dkt. 1657.  The motion is otherwise **DENIED** as superseded by Syntel's renewed motion at Dkt. 1659 to seal Exhibits 3 and 5, which is **GRANTED**.  The proposed redactions to the exhibits are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  By **April 3, 2026**, the appropriate party shall file the documents according to the proposed redactions on the public docket.

**Trial Exhibits**

WHEREAS, with respect to trial exhibits, such documents are judicial documents even if they were not published at trial or relied upon by the parties in post-trial briefing because they are a part of the trial record admitted into evidence and submitted to the jury for consideration during the jury's deliberations. *See United States v. Akhavan*, 532 F. Supp. 3d 181, 186 (S.D.N.Y. 2021).  "[J]udicial documents include 'any item entered into evidence at a public

session of trial, excluding only those items entered under seal.'" *Mirlis v. Greer*, 952 F.3d 51, 60 (2d Cir. 2020) (quoting *Application of CBS, Inc.*, 828 F.2d 958, 959 (2d Cir. 1987)).  It is hereby

**ORDERED** that Syntel's application to seal the exhibits listed on Appendix 1 to the parties' joint motion to seal trial exhibits, Dkt. 1596-1, is **GRANTED**.  These exhibits are confidential statements of work between Syntel and a third party containing both Syntel's and third parties' confidential information.  Sealing of the entire exhibits is justified to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  It is further

**ORDERED** that Syntel's application to seal DTX-1424 is **GRANTED**.  This exhibit contains Syntel's confidential source code materials.  Sealing of the entire exhibit is justified to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  It is further

**ORDERED** that Syntel's application to redact the following exhibits is **GRANTED**: DTX-0015, DTX-0078, DTX-2858/PTX-2386, DTX-2862, DTX-2906, DTX-2909, DTX-2915, DTX-2931/PTX-2400, DTX-2945, DTX-3185, DTX-3368 and DTX-3872-A.  These exhibits contain Syntel's and third parties' confidential technical and financial information.  The proposed redactions to the exhibits are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  It is further

**ORDERED** that TriZetto's application to seal the exhibits listed on Appendices A and B to the parties' joint motion to seal trial exhibits, Dkts. 1596-2 and 1596-3, is **GRANTED**.  These exhibits consist of or contain TriZetto's trade secrets.  Sealing of the entire exhibits is justified to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  It is further

**ORDERED** that TriZetto's application to seal DTX-0096 is **GRANTED**.  The document contains confidential information regarding technical documentation relating to Facets.  Sealing of the entire exhibit is justified to protect against competitive harm, which outweighs the presumption of access accorded to the document.  It is further

**ORDERED** that TriZetto's application to seal the following exhibits is **GRANTED**: DTX-1236, DTX-3442, DTX-3567, DTX-3579, DTX-3580, DTX-3581, DTX-3582, DTX-3583, DTX-3584, DTX-3585, DTX-3586, DTX-3587, DTX-3588, DTX-3589, DTX-3590, DTX-3892, PTX-2931 and PTX-2938.  These exhibits contain TriZetto's confidential financial information. Sealing of the entire exhibits is justified to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  It is further

**ORDERED** that TriZetto's application to redact the following exhibits is **GRANTED**: PTX-2759 and PTX-2761.  The portions of these exhibits proposed to be redacted contain TriZetto's confidential business and financial information.  The proposed redactions to the exhibits are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  It is further

**ORDERED** that TriZetto's application to redact the following exhibits is **GRANTED**: DTX-0524, DTX-3480, DTX-3573, DTX-3577 and DTX-3578.  These exhibits are proposal documents TriZetto submitted to third parties, which contain TriZetto and third parties' confidential technical information.  The proposed redactions to the exhibits are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents.  It is further

**ORDERED** that TriZetto's application to redact the following exhibits is **GRANTED**: DTX-3467, DTX-3472 and PTX-2944.  These exhibits are contractual documents between

7

TriZetto and third parties containing TriZetto's confidential information.  The proposed

redactions to the exhibits are narrowly tailored to protect against competitive harm, which

outweighs the presumption of access accorded to the documents.  It is further

ORDERED that TriZetto's application to seal the exhibits listed on Appendix C to the

parties' joint motion to seal trial exhibits, Dkts. 1596-4, is GRANTED.  These exhibits are Third

Party Access Agreements and/or Non-Disclosure Agreements relating to Facets.  Sealing of the

entire exhibits, other than PTX-2804 (addressed below), is justified to protect against

competitive harm, which outweighs the presumption of access accorded to the documents.  It is

further

ORDERED that TriZetto's application to redact PTX-2804 is GRANTED.  This exhibit

is an agreement between TriZetto and a third party containing both TriZetto's and the third

party's confidential information, one page of which was displayed and discussed at trial.  The

proposed redactions to the exhibit are narrowly tailored to protect against competitive harm,

which outweighs the presumption of access accorded to the document.  It is further

ORDERED that TriZetto's application to seal the following exhibits is GRANTED:

DTX-3874A, DTX-3876A, DTX-3877A.  These exhibits are tables prepared by TriZetto's

damages expert containing TriZetto's confidential financial information.  Sealing of the entire

exhibits is justified to protect against competitive harm, which outweighs the presumption of

access accorded to the documents.  It is further

ORDERED that TriZetto's application to redact DTX-3872A is GRANTED.  This

exhibit is a table prepared by TriZetto's damages expert containing TriZetto's confidential

financial information.  The proposed redactions to the exhibit are narrowly tailored to protect

8

against competitive harm, which outweighs the presumption of access accorded to the document. It is further

ORDERED that the Trial Exhibits shall be treated as sealed in accordance with this Order. It is the parties' responsibility to maintain the trial exhibits.

**Post-Trial Filings**

It is hereby **ORDERED** that TriZetto's motion at Dkt. 1582 to seal its opposition to Syntel's Renewed Motion to Alter or Amend Judgment and Exhibit 4 to the Declaration of Gianni Cutri is **DENIED**. Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing considerations. It is further

ORDERED that Syntel's motion at Dkt. 1598 to seal Exhibits 4 and 5 to the Declaration of Jaren Janghorbani filed in connection with Syntel's Motion for Judgment as a Matter of Law is **DENIED** as superseded by TriZetto's motion at Dkt. 1608 to seal Exhibit 5, which is **GRANTED**. The proposed redactions to the exhibit are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents. It is further

ORDERED that TriZetto's motion at Dkt. 1602 to seal the memorandum of law in support of its Motion for Attorneys' Fees, Pre- and Post-Judgment Interest and Costs and Exhibits 1-4 and 10 to the Declaration of Gianni Cutri is **GRANTED** as to the redaction on page 14 of the memorandum of law and Exhibit 1. The proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents. The motion is **DENIED** as to the redactions on pages 12 and 25 of the memorandum of law and as to Exhibits 2, 3, 4 and 10. Confidential designations are not dispositive of whether the public's right of access to judicial documents overcomes competing

9

considerations.  By **April 3, 2026**, TriZetto shall file the memorandum of law on the public document omitting the proposed redactions on pages 12 and 25.  It is further

ORDERED that Syntel's motion at Dkt. 1613 to seal the opposition to TriZetto's Motion for Attorneys' Fees, Pre- and Post-Judgment Interest and Costs and Exhibits 3 through 6 of the Declaration of Jaren Janghorbani is **DENIED** as superseded by TriZetto's motion at Dkt. 1618 to seal the memorandum of law and exhibits, which is **GRANTED**.  The proposed redactions to the exhibit are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents.

The Clerk of Court is respectfully directed to lift the seal on Dkts. 1230-1, 1230-2, 1230-3, 1230-5, 1230-8, 1230-12, 1230-13, 1584, 1584-1, 1584-2, 1601 (but not 1601-2), 1601-1, 1605-1, 1605-3, 1605-4, 1605-5, 1605-6, 1651 (but none of the exhibits), 1654 (but none of the exhibits), 1657 (but none of the exhibits) 1660 (but none of the exhibits), 1662 (but none of the exhibits) and 1665 (but none of the exhibits).

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 1229, 1582, 1596, 1598, 1602, 1613, 1618, 1650, 1653, 1656, 1659, 1661 and 1664.

Dated: March 19, 2026
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

10