UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                :

SYNTEL STERLING BEST SHORES        :
MAURITIUS LTD., and SYNTEL, INC.,    :
                                :

      Plaintiffs and Counterclaim Defendants,  :

                     :               15 Civ. 211 (LGS)
          -against-             :

                     :        **OPINION & ORDER**
THE TRIZETTO GROUP, INC. and       :
COGNIZANT TECHNOLOGY SOLUTIONS  :
CORP.,                       :

      Defendants and Counterclaim Plaintiffs.  :
                     :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      TriZetto Group, Inc. and Cognizant Technology Solutions Corporation (together, "TriZetto") seek attorneys' fees, costs and pre- and post-judgment interest following pre-trial proceedings and a jury trial on damages held in June 2025 (the "Damages Trial" and, when referring to the jury, the "Damages Jury").  That trial followed a previous trial and jury's finding that Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") had misappropriated TriZetto's trade secrets in violation of New York law and the Defend Trade Secrets Act of 2016 (the "DTSA") and infringed TriZetto's copyrights in violation of the Copyright Act.  Even though the first jury rendered a verdict on both liability and damages, for ease of reference here, the first trial and first jury are referred to as the "Liability Trial" and the "Liability Jury," respectively.  Familiarity with the factual background and procedural posture of this case is assumed.  A summary of both can be found in a separate opinion issued today addressing Syntel's post-trial motions.

      For the reasons below, TriZetto's motion is granted in part.  TriZetto is awarded attorneys' fees, pre-judgment interest and post-judgment interest and costs.

## I.      Attorneys' Fees

TriZetto is awarded $12,395,484.50 in attorneys' fees for work performed from January 1, 2023, to June 30, 2025.  This is a 30% reduction from the requested amount of $17,707,835.

### A.  Applicable Law

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *accord Nwosuocha v. Glover*, No. 21 Civ. 4047, 2025 WL 560846, at *3 (S.D.N.Y. Feb. 20, 2025), *aff'd*, No. 25-647, 2026 WL 468746 (2d Cir. Feb. 19, 2026).  Under federal law, the district court has "considerable discretion in determining what constitutes reasonable attorney's fees."[1]  *Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101, 105 (2d Cir. 2022).  To determine the appropriate attorneys' fees award, courts calculate the "lodestar," which "is derived by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."  *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120, 126 (2d Cir. 2023).  "[T]he essential goal in shifting fees is to do rough justice, not to achieve auditing perfection."  *Kyros L. P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 547 (2d Cir. 2023).  A district court may "exercise its discretion and use a percentage deduction as a practical means of trimming fat" from a fee application.  *Marion S. Mishkin L. Off. v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014).

### B.  Discussion

#### 1.  Entitlement to Fees

TriZetto seeks attorneys' fees under the DTSA and the Copyright Act.  The DTSA permits an award of "reasonable attorney's fees to the prevailing party" if "the trade secret was

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

willfully and maliciously misappropriated." 18 U.S.C. § 1836(b)(3)(D). TriZetto is entitled to attorneys' fees under the DTSA. TriZetto was the "prevailing party" on its DTSA claim against Syntel, and the Liability Jury found that Syntel willfully and maliciously appropriated TriZetto's trade secrets. *Id.*; *see Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, No. 15 Civ. 211, 2024 WL 1116090, at *4 (S.D.N.Y. Mar. 13, 2024) (explaining willful and malicious finding). It is unnecessary to reach TriZetto's entitlement to fees under the Copyright Act.

Syntel argues that TriZetto is not a prevailing party because the Damages Jury awarded TriZetto approximately one-third of the maximum amount of damages TriZetto had requested. This argument is unpersuasive. A party's eligibility for fees "depends on the ultimate outcome of the litigation"; a party is not required to prevail on all claims. *Gierlinger v. Gleason*, 160 F.3d 858, 880 (2d Cir. 1998); *see Raja v. Burns*, 43 F.4th 80, 88 (2d Cir. 2022) ("[A] fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."). TriZetto not only prevailed on all of its claims presented at the Liability Trial but also prevailed at the Damages Trial in receiving an award of nearly $70 million in compensatory damages.

### 2. Calculation of Fees

TriZetto seeks $17,707,835 in attorneys' fees for 10,759.5 hours[2] of work performed from January 1, 2023, to June 30, 2025, a period of two-and-a-half years. TriZetto was previously awarded $14,548,992.98 for approximately 21,000 hours billed over the first seven years of litigating this case, which included protracted discovery, cross-motions for summary judgment,

---

[2] TriZetto originally requested compensation for 10,839.7 hours, but in reply, removed the time entries on rows 157, 161, 381, 441, 442, 964, 1144, 1773, 1787, 1889, 2099, 2268 and 2270 of the submitted timesheets from the total request. After these deductions, which total 80.2 hours, the revised figure is 10,759.5 hours.

the Liability Trial and almost all work performed relating to the Second Circuit appeal. *See Syntel*, 2024 WL 1116090, at *8.

### a. Reasonable Hourly Rate

TriZetto seeks fees based on a blended hourly rate of approximately $1,645 -- calculated by dividing the total fee request by the total number of hours billed. TriZetto's fee request is reduced by 30% to account for the relatively high proportion of senior attorneys on TriZetto's team, reflected in the relatively high blended hourly rate.

A reasonable hourly rate is "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009); *accord Viahart, LLC v. Creative Kids Online, LLC*, No. 20 Civ. 9943, 2025 WL 2806561, at *4 (S.D.N.Y. Oct. 1, 2025). The rate must be "in line with prevailing rates in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." *McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006); *Hemant Patel, M.D., P.C. v. Bandikatla*, No. 18 Civ. 10227, 2024 WL 1509238, at *11 (S.D.N.Y. Apr. 5, 2024), *aff'd*, No. 24-1071, 2025 WL 3264679 (2d Cir. Nov. 24, 2025). A court should consider the factors laid out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to help determine "what rate a paying client would be willing to pay." *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019).

The *Johnson* factors include: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed

4

by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Id.* at 228. A court need not make specific findings as to each factor as long as all are considered. *See, e.g.*, *R.G. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 6851, 2019 WL 4735050, at *2 (S.D.N.Y. Sept. 26, 2019).

All of the *Johnson* factors have been considered. The hourly rates here range from $785 for junior attorneys to $2,465 to lead attorneys. These are reasonable rates given the rates typically charged for similar services by lawyers of comparable skill, expertise and reputation in this market. Kirkland & Ellis is ranked among the best law firms for intellectual property litigation. The litigation involved complex questions of intellectual property law, and the amount of work over the fee period was substantial, including additional discovery, briefing an attempted interlocutory appeal, nearly 600 additional docket entries, and the Damages Trial. In addition, TriZetto has paid or agreed to pay these rates to Kirkland & Ellis. "[F]or prevailing parties with private counsel, the actual billing arrangement is a significant, though not necessarily controlling, factor in determining what fee is reasonable." *Crescent Publ'g Grp., Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001); *accord Kyros*, 78 F.4th at 549.

Although TriZetto's rates are reasonable in the context of the case, TriZetto's staffing was too heavily weighted with more expensive billers, which merits a 30% reduction to the requested fee award. Courts may reduce fee awards due to senior attorneys performing work that could have been performed by more junior, less expensive attorneys. *See, e.g.*, *Macalou v. First Unum Life Ins. Co.*, No. 22 Civ. 10439, 2025 WL 2463624, at *6 (S.D.N.Y. Aug. 27, 2025); *Zero*

*Carbon Holdings, LLC v. Aspiration Partners, Inc.*, No. 23 Civ. 5262, 2024 WL 3409278, at *10 (S.D.N.Y. July 15, 2024).

TriZetto seeks fees for a "core group" of fifteen lawyers of which twelve are partners. Specifically, six are share partners, each with fourteen or more years of legal experience. Six are income partners, with seven to ten years of legal experience (two of whom were associates at the beginning of the fee period). Only three associates, with six or fewer years of legal experience, were in the core group. Given the work performed, this staffing is top-heavy, meaning that more expensive senior lawyers performed some work that more junior lawyers could have accomplished. As Syntel points out, partners billed in the low hundreds of hours for drafting or revising demonstrative aids and scores of hours for working on TriZetto's own exhibit list. To the extent some work may have been unnecessary or inefficient, the cost of that work was higher because of the seniority of the team.

The ratio between senior and junior attorneys is significantly higher for the present fee application as compared to the prior application. TriZetto was previously awarded fees for a "core group" consisting of six share partners, six income partners and nine associates. TriZetto now seeks fees for a team with the same number of share partners and income partners, but six fewer associates. This discrepancy in staffing ratio is unwarranted. The post-remand proceedings were not more complex than the pre-remand proceedings, Syntel's liability had already been established, discovery was more limited, damages experts had already been retained, potential damages theories had already been identified and the four-day Damages Trial was shorter than the six-day Liability Trial. A 30% reduction is appropriate to account for TriZetto's staffing.

### b.  Reasonable Hours Billed

TriZetto seeks compensation for 10,759.5 hours of work performed.  No further reduction is applied to the number of hours TriZetto billed, both because TriZetto has already voluntarily reduced its fee request and because the reduction applied to the hourly rate adequately accounts for any inefficiencies that may have resulted from overstaffing.

"[A]ny attorney who applies for court-ordered compensation in this Circuit must document the application with contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done."  *Marion S. Mishkin L. Off.*, 767 F.3d at 148; *accord Teradek LLC v. Shenzhen Hollyland Tech Co.*, No. 20 Civ. 9170, 2025 WL 3227344, at *3 (S.D.N.Y. Nov. 19, 2025).  Before including time entries in the lodestar, a court must make "a conscientious and detailed inquiry" into the hours for which a party seeks reimbursement.  *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997); *City of Almaty v. Ablyazov*, No. 15 Civ. 5345, 2025 WL 3628061, at *2 (S.D.N.Y. Dec. 15, 2025).  A court must "provide a concise but clear explanation of its reasons for the fee award."  *Hensley*, 461 U.S. at 437; *accord In re Petrobras Sec. Litig.*, 828 F. App'x 754, 759 (2d Cir. 2020) (summary order) (noting that *Hensley* does not require "a line-by-line accounting of every cost included or excluded from the fee award").  The court need not determine "whether attorney hours were necessary to the relief obtained" but simply whether, "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992); *accord Harrington v. Kaushan Media Corp.*, No. 23 Civ. 3213, 2023 WL 8880311, at *6

(S.D.N.Y. Nov. 21, 2023).  Nonetheless, the court may exclude hours that are "excessive, redundant, or otherwise unnecessary." *H.C.*, 71 F.4th at 126.

TriZetto seeks fees for the "core group" of fifteen attorneys who worked on this matter, excluding charges from nineteen other attorneys, all paralegals and all administrative staff. TriZetto also excludes time entries from attorneys who attended depositions but did not take or defend the deposition and from attorneys who attended hearings but did not argue, and capped daily hours for billing attorneys.

Syntel makes several objections to TriZetto's entries.  None is persuasive in light of the percentage cut applied herein.  First, Syntel argues that TriZetto's time entries are impermissibly vague, including because 535 of the entries include the word "REDACTED."  This argument is unavailing because the vast majority of TriZetto's time entries -- including many of those that are partially redacted -- are appropriately detailed and permit the Court to confirm that the hours expended were reasonable.

Second, Syntel argues that TriZetto impermissibly block billed.  This argument is unpersuasive because almost all of TriZetto's time entries specify the amount of time spent on each task, which allows the Court to ascertain whether the amount of time spent on individual tasks was reasonable.

Third and fourth, Syntel argues that TriZetto overstaffed its team and failed to delegate work to more junior, less expensive attorneys.  These arguments are accounted for in the deduction described above.  Also, TriZetto voluntarily removed some time entries that Syntel argues were administrative.

Despite the reduction to TriZetto's requested fee award, TriZetto's compensation for attorneys' fees remains substantial -- totaling nearly $27 million for approximately nine-and-a-

8

half years of active litigation, including two trials.  That substantial compensation is appropriate given the complexity of the litigation and TriZetto's success in securing a nearly $70 million compensatory damages verdict, punitive damages and injunctive relief.

## II.    Pre-Judgment Interest

TriZetto seeks an award of pre-judgment interest.  Pre-judgment interest is mandatory in this case under New York law and is awarded at a rate of 9% per annum, to accrue on the total amount of compensatory damages beginning on January 9, 2018.

### A.  Applicable Law

New York law applies to TriZetto's request for pre-judgment interest.  State substantive law determines the award of pre-judgment interest on a state law claim.  *See Adrian v. Town of Yorktown*, 620 F.3d 104, 107 (2d Cir. 2010) (per curiam); *Betts v. Sixty Lower E. Side, LLC*, No. 20 Civ. 4772, 2025 WL 2172215, at *1 (S.D.N.Y. July 31, 2025).  Although the Liability Jury found Syntel liable on all three causes of action, to avoid double counting and as reflected on the verdict form, the Damages Jury awarded TriZetto the damages associated with the state law claim for trade secret misappropriation under New York law.  Consequently, New York law applies to the jury's award.

Syntel's argument that federal law applies is unpersuasive.  Syntel relies on the principle that federal pre-judgment interest law applies when a damages award is based on both state and federal law and "no distinction is drawn" between the two.  *Thomas v. iStar Fin., Inc.*, 652 F.3d 141, 150 (2d Cir. 2011) (per curiam).  Syntel argues that this principle applies here because the award is based on violations of both New York and federal law.  This argument is unavailing because of the clear distinction between damages on the state and federal claims.

The jury found that TriZetto was entitled to a different amount of damages on each cause of action, and those findings were based on different theories of damages. For example, the jury found almost $70 million in damages when asked, "Under New York law, what is the dollar amount of lost profits damages (including lost sales and/or price erosion damages) TriZetto is entitled to receive from Syntel for trade secret misappropriation, from January 1, 2012, to May 17, 2021?" In contrast, the jury found almost $60 million in damages on the DTSA claim based on a reasonable royalty theory of damages for a time period that was four years shorter. Because the jury distinguished between TriZetto's damages available under each claim, and the jury based the amount awarded on the New York trade secret claim, state law controls. *See, e.g.*, *Newman v. ASA Coll., Inc.*, 754 F. Supp. 3d 521, 544 (S.D.N.Y. 2024) (holding that state pre-judgment interest law applies when the plaintiff is entitled to relief in different amounts under the Fair Labor Standards Act and New York Labor Law).

This case is unlike Syntel's cited cases, in which the plaintiffs "prevailed on both [federal and state claims] in the same amount." *Liberty Media Corp. v. Vivendi Universal, S.A.*, No. 03 Civ. 2175, 2013 WL 105776, at *3 (S.D.N.Y. Jan. 9, 2013); *see id.* at *3-4 (holding that federal pre-judgment interest applies to award under rule 10b-5 and breach of state warranty law); *Tse v. New York Univ.*, No. 10 Civ. 7207, 2016 WL 10907062, at *30, *35 (S.D.N.Y. Aug. 29, 2016) (applying federal pre-judgment interest for damages awarded under both ADA and analogous New York law). New York law applies to TriZetto's request for pre-judgment interest.

**B. Discussion**

**1. Availability of Interest**

TriZetto is awarded pre-judgment interest. New York law mandates pre-judgment interest on damages for trade secret misappropriation. *See* CPLR § 5001(a) ("Interest shall be recovered

upon a sum awarded because of . . . an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property."); *United Realty Advisors, LP v. Verschleiser*, No. 14 Civ. 5903, 2022 WL 17250107, at *1 (S.D.N.Y. Nov. 25, 2022) (collecting cases holding that "claims for misappropriation of trade secrets under New York law fall within the scope of" CPLR § 5001), *aff'd*, No. 22-3235, 2024 WL 4380274 (2d Cir. Oct. 3, 2024).  Exceptions exist in a "small set of cases," including where the plaintiff "has otherwise been made whole . . . or where interest would amount to a windfall to the nonbreaching party."  *IHG Harlem I LLC v. 406 Manhattan LLC*, 203 N.Y.S.3d 543, 546 (1st Dep't), *leave to appeal denied*, 236 N.E.3d 1278 (N.Y. 2024); *see E.J. Brooks Co.* v. *Cambridge Sec. Seals*, 858 F.3d 744, 751 (2d Cir. 2017) (stating that "some New York courts appear to have forged an exception to mandatory prejudgment interest to prevent windfalls in favor of plaintiffs" and certifying question to New York Court of Appeals), *certified question answered on other grounds*, 105 N.E.3d 301 (N.Y. 2018).  TriZetto has not sought pre-judgment interest on the punitive damages awarded.

Contrary to Syntel's argument otherwise, this case does not merit a departure from New York's general rule requiring pre-judgment interest.  The jury found that TriZetto lost profits in the amount of $69,977,813 because of Syntel's misappropriation between January 1, 2012, and May 17, 2021, as reflected on the verdict form.  Had Syntel not misappropriated the trade secrets, TriZetto would have had the benefit of these profits years before the entry of final judgment. Pre-judgment interest on the compensatory damages award would not amount to a "windfall," but instead serves to make TriZetto whole.  *IHG Harlem I*, 203 N.Y.S.3d at 546.

### 2.  Calculation of Interest

Under New York law, pre-judgment interest accrues "at the rate of nine per centum per annum."  CPLR § 5004(a).  Before a jury verdict, "[w]here such damages were incurred at

11

various times, interest shall be computed upon each item from the date [damages were] incurred or upon all of the damages from a single reasonable intermediate date." *Id.* § 5001(b).  Post-verdict pre-judgment interest "shall be recovered upon the total sum awarded . . . from the date the verdict was rendered . . . to the date of entry of final judgment." *Id.* § 5002.  Both parties propose, in the event New York law applies, that pre-verdict pre-judgment interest accrue on the total amount "from a single reasonable intermediate date," so pre-judgment interest accrues at a 9% per annum rate from that date through the entry of judgment.

Under the circumstances of this case, the "single reasonable intermediate date" for the purpose of pre-verdict pre-judgment interest is the midpoint of when damages were incurred, giving due weight to the fact that a greater portion of TriZetto's claimed damages (based on the damages theories that TriZetto presented to the jury) were incurred later in the damages period.[3] In consideration of that fact, the reasonable midpoint of the damages period is January 9, 2018, which is based on a weighted average of TriZetto's claimed damages over the damages period.[4]

The temporal midpoint of the misappropriation period (which TriZetto proposes) would overcompensate TriZetto by awarding interest on damages before a significant majority of the damages were actually incurred.  TriZetto cites *Espinosa v. Abraham Refrigeration Corp.*, No. 18 Civ. 8855, 2019 WL 2725539 (S.D.N.Y. July 1, 2019), which is inapposite because it was a wage-and-hour action, and, unlike here, damages accrued relatively consistently throughout the damages period.  *Id.* at *7.

---

[3] *See* September 11, 2025, Declaration of John C. Jarosz, Dkt. 1617-4, ¶¶ 29-31 & fig. 3.
[4] *See id.*

12

In sum:  consistent with New York law, pre-judgment interest is awarded at the rate of 9% per annum, on the total amount of compensatory damages, accruing from January 9, 2018, to the date of entry of judgment.

### III.   CONCLUSION

For the reasons stated, TriZetto's motion for attorneys' fees, costs and pre- and post-judgment interest is **GRANTED** in part.  Attorneys' fees are awarded in the amount of $12,395,484.50.  Pre-judgment interest is awarded under New York law at a rate of 9% per annum on the total amount of compensatory damages, accruing on and after January 9, 2018, until the date of entry of judgment.  Post-judgment interest, which is mandatory for any money judgment recovered in a federal civil case, is awarded at the statutory rate, accruing from the date of judgment until the date of payment.  *See* 28 U.S.C. § 1961.  TriZetto is awarded costs as the prevailing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  It is further

**ORDERED** that, by **April 10, 2026**, TriZetto shall file a bill of costs.  It is further

**ORDERED** that the parties shall confer regarding a proposed form of judgment consistent with the Orders entered in this case, which TriZetto shall file by **April 10, 2026**.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 1603.

Dated: March 27, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

13