UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                 :

SYNTEL STERLING BEST SHORES       :
MAURITIUS LIMITED, and SYNTEL, INC.,  :
                                 :

    Plaintiffs and Counterclaim Defendants,  :

                                 :          15 Civ. 211 (LGS)
          -against-                :
                                 :            ORDER
THE TRIZETTO GROUP, INC. and       :
COGNIZANT TECHNOLOGY SOLUTIONS  :
CORP.,                            :
                                 :

    Defendants and Counterclaim Plaintiffs.  :

                                 :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Counterclaim Defendants Syntel Sterling Best Shores Mauritius Limited and Syntel, Inc. (together, "Syntel") and Counterclaim Plaintiffs Cognizant TriZetto Software Group, Inc. and Cognizant Technology Solutions Corp. (collectively, "TriZetto") move to seal documents filed in connection with TriZetto's Opposition to Syntel's Seventh Amendment Motion to Bar. The parties previously moved to seal Exhibits 3, 5, 6, 8, 9 and 10 in their entirety, which was denied without prejudice to renewal. The parties now move to redact limited portions of these exhibits.

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial

process." *Lugosch*, 435 F.3d at 119.[1]  The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id.*  The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."  *Id.* at 120.  In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access."  *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017).  Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, "the privacy interests of innocent third parties," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995), and the confidentiality of sensitive commercial information, *see Ayrton Cap. LLC v. Bitdeer Techs. Grp.*, No. 24 Civ. 5160, 2025 WL 1745680, at *2 (S.D.N.Y. June 24, 2025).

WHEREAS, the documents at issue here are judicial documents.  "Materials submitted in connection with, and relevant to, discovery motions, motions *in limine*, and other non-dispositive motions are subject to a lesser -- but still substantial -- presumption of public access."  *Brown v. Maxwell*, 929 F.3d 41, 53 (2d Cir. 2019); *accord Ayrton Cap. LLC*, 2025 WL 1745680, at *2.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

While materials submitted in connection with the Seventh Amendment briefing, as a practical matter, may be important to the resolution of the case, they are not dispositive and do not "determin[e] litigants' substantive rights -- conduct at the heart of Article III." *Amodeo*, 71 F.3d at 1049.

WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values." *Lugosch*, 435 F.3d at 120. "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify sealing." *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, No. 15 Civ. 211, 2025 WL 444873, at *2 (S.D.N.Y. Feb. 10, 2025).

It is hereby **ORDERED** that the parties' joint motion at Dkt. 1682 to redact portions of Exhibit 3 to TriZetto's opposition is **GRANTED**. Exhibit 3 is the Opening Report of TriZetto's expert Dr. Stephen Wicker, which contains TriZetto's and Syntel's confidential information. The proposed redactions to the exhibit are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to the documents. By **April 13, 2026**, TriZetto shall refile the document according to the proposed redactions on the public docket. It is further

**ORDERED** that Syntel's motion at Dkt. 1684 to redact portions of Exhibits 5, 6, 8, 9 and 10 to TriZetto's opposition is **GRANTED**. These exhibits are confidential bid documents that

Syntel submitted to third parties, which contain Syntel's and third parties' confidential

information.  The proposed redactions to the exhibit are narrowly tailored to protect against

competitive harm, which outweighs the presumption of access accorded to the documents.  By

**April 14, 2026**, Syntel shall file the documents according to the proposed redactions on the

public docket.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 1682 and

1684.

Dated: April 7, 2026
    New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

4