UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                         :

SYNTEL STERLING BEST SHORES       :
MAURITIUS LIMITED and SYNTEL, INC.,  :

                         :

    Plaintiffs and Counterclaim Defendants,  :

                         :       15 Civ. 211 (LGS)

         -against-            :

                         :       ORDER

THE TRIZETTO GROUP, INC. and      :
COGNIZANT TECHNOLOGY SOLUTIONS  :
CORP.,                       :

                         :

    Defendants and Counterclaim Plaintiffs.  :

                         :

---------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, an Opinion & Order entered March 27, 2026 (the "Damages Opinion"), concluded that New York law requires remittitur of the previous punitive damages award in this case to $139,955,626. *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, No. 15 Civ. 211, 2026 WL 852567, at *13 (S.D.N.Y. Mar. 27, 2026). The Damages Opinion provided TriZetto "the option of accepting the remitted amount of $139,955,626 in punitive damages or electing a third trial in this action on the issue of punitive damages." *Id.* at *15. The Damages Opinion noted that "the Second Circuit has not addressed whether a court may unilaterally remit a punitive damages award." *Id.*[1]

WHEREAS, TriZetto now requests that judgment be entered in the remitted amount without TriZetto's accepting the remittitur. Syntel opposes. For the reasons below, judgment is entered in the remitted amount.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

WHEREAS, the Second Circuit has at least twice explicitly reserved the question of whether a court may reduce a legally excessive punitive damages award, or instead whether the court must offer the prevailing party the option between accepting the remitted amount and a new trial.  In *Thomas v. iStar Financial, Inc.*, 652 F.3d 141 (2d Cir. 2011), the Second Circuit addressed a district court's decision that a punitive damages award was unconstitutionally excessive.  *Id.* at 145-46.  The district court had offered the plaintiff a remittitur, but the parties jointly requested that the court enter judgment in the reduced amount, and the court did so.  *Id.* On appeal, the Second Circuit noted that "traditionally . . . district courts may not unilaterally reduce [jury] awards that are excessive," and that "the law of this Circuit does not appear to distinguish between compensatory and punitive damages" in this respect.  *Id.* at 146.  However, the Second Circuit did not address whether the district court could permissibly have unilaterally reduced the punitive award because the Circuit construed the parties to have stipulated that the outcome of the new trial would have been a punitive award in the remitted amount.  *Id.* at 147.

WHEREAS, in *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140 (2d Cir. 2014), the Second Circuit remanded a punitive damages award for further remittitur by the district court.  *Id.* at 168. The Second Circuit left "for another day the question of whether, if we decided that the punitive award was excessive on constitutional grounds, we could or would directly order a reduction in the punitive award rather than using the remittitur procedure," noting that such a procedure "might well be permissible."  *Id.*

WHEREAS, other circuits to address the issue have held that "a court is empowered to decide the maximum permissible amount" of punitive damages "without offering a new trial." *Saccameno v. U.S. Bank Nat'l Ass'n*, 943 F.3d 1071, 1092 (7th Cir. 2019); *see Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1062 (10th Cir. 2016); *Cortez v. Trans Union, LLC*, 617

F.3d 688, 716 (3d Cir. 2010); *Bisbal-Ramos v. City of Mayagüez*, 467 F.3d 16, 27 (1st Cir. 2006); *Ross v. Kan. City Power & Light Co.*, 293 F.3d 1041, 1049 (8th Cir. 2002); *Leatherman Tool Grp., Inc. v. Cooper Indus., Inc.*, 285 F.3d 1146, 1151 (9th Cir. 2002); *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1331 (11th Cir. 1999). Additionally, the Supreme Court has stated that "the level of punitive damages is not really a fact tried by the jury" for purposes of the Seventh Amendment. *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 437 (2001) (holding, over Seventh Amendment objections, that courts of appeals must review district courts' determinations of the constitutionality of punitive damages awards de novo).

WHEREAS, for the reasons stated in the Damages Opinion, the maximum amount of punitive damages available under New York law in this case is $139,955,626. *Syntel*, 2026 WL 852567, at *13. For substantially the reasons stated in that opinion, this amount is also the maximum permissible under the federal Constitution (although the Damages Opinion had reserved ruling on the federal constitutional question). *See id.* at *14-15. In the absence of contrary authority from the Second Circuit, and in light of the reasoning of other courts of appeals, entry of judgment in this amount is appropriate. The Court therefore exercises its discretion to reconsider the Damages Opinion, *see Olivieri v. Stifel, Nicolaus & Co.*, 112 F.4th 74, 84 (2d Cir. 2024), and enter judgment in the reduced amount.

WHEREAS, Syntel argues that TriZetto's prior arguments estop TriZetto from seeking entry of judgment without conditional remittitur. Judicial estoppel is an "equitable doctrine . . . provid[ing] that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." *United States v. Swartz Fam. Tr.*, 67 F.4th 505, 519 (2d

Cir. 2023).  "The doctrine applies if 1) a party's later position is clearly inconsistent with its earlier position; 2) the party's former position has been adopted in some way by the court in the earlier proceeding; and 3) the party asserting the two positions would derive an unfair advantage against the party seeking estoppel." *Id.*

WHEREAS, judicial estoppel does not apply because Syntel is not prejudiced by entry of judgment.  Syntel points to no prejudice resulting from entry of judgment and does not explain how entry of judgment would result in TriZetto's receiving an unfair advantage.  To the contrary, Syntel had affirmatively sought unilateral amendment of the judgment to reduce the amount of punitive damages.

WHEREAS, Syntel also argues that prejudgment interest should not accrue to the extent that entry of a final judgment is delayed by TriZetto's refusal to accept conditional remittitur. This argument is unavailing.  Prejudgment interest is mandatory under New York law in this case and serves to make TriZetto whole for damages incurred from Syntel's past violations of law.  *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, No. 15 Civ. 211, 2026 WL 850548, at *5 (S.D.N.Y. Mar. 27, 2026).  It is hereby

**ORDERED** that the previously entered judgment is amended to award TriZetto $139,955,626 in punitive damages.

The Clerk of Court is respectfully directed to close the case.

Dated: April 29, 2026
     New York, New York

                                      LORNA G. SCHOFIELD
                                     UNITED STATES DISTRICT JUDGE